```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
                        INDIANAPOLIS DIVISION


LUCINDA COX,                         )
ANDREW COX,                          )
STEPHANIE SNYDER,                    )
                                     )
            Plaintiffs,              )
        vs.                          ) NO. 1:12-cv-01654-TWP-MJD
                                     )
SHERMAN CAPITAL LLC,                 )
MEETING STREET PARTNERS II INC.,     )
SHERMAN FINANCIAL GROUP LLC,         )
SHERMAN CAPITAL MARKETS LLC,         )
LVNV FUNDING LLC,                    )
RESURGENT CAPITAL SERVICES LP,       )
SHERMAN ORIGINATOR III LLC,          )
SHERMAN ACQUISITION LLC,             )
BENJAMIN W. NAVARRO,                 )
LESLIE G. GUTIERREZ,                 )
SCOTT E. SILVER,                     )
KEVIN P. BRANIGAN,                   )
ROBERT A. RODERICK,                  )
KENNETT KENDALL,                     )
JOHN DOES 1-50,                      )
SHERMAN ORIGINATOR LLC,              )
                                     )
            Defendants.              )
```

**MINUTE ENTRY FOR FEBRUARY 27, 2013**
**HEARING**
**HON. MARK J. DINSMORE, MAGISTRATE JUDGE**

This matter came before the Court on Plaintiffs' motion for enlargement of time to respond to Defendants' motion to dismiss. [Dkt. 29.] Defendants filed a notice of non-opposition to the motion, which highlighted two factual inaccuracies in Plaintiffs' motion. [Dkt. 32.] The primary purpose of this hearing was to address those factual inaccuracies.

First, Plaintiffs represented that their response to the

motion to dismiss was due on February 11, 2013 (the day after Plaintiffs' motion for enlargement was filed), when in fact Plaintiffs response to the motion to dismiss was due to be filed no later than February 8, 2013 (two days before Plaintiffs' motion for enlargement was filed). [Dkt, 29 at 2.] Plaintiffs' counsel explained that both this inaccuracy and the untimeliness of the motion for enlargement were caused by the miscalendaring of the response date by one of counsel's employees, who has since been terminated.

    Second, Plaintiffs' motion represented that the reason for the enlargement requested related to discovery requests which had been submitted to the Defendants. [Id.] In fact, at the time Plaintiffs filed their motion for enlargement, no discovery requests had been served upon Defendants and, during the hearing, Plaintiffs' counsel represented there are no plans to serve written discovery relating to the motion to dismiss; rather, Plaintiffs are seeking to depose several of the individual Defendants prior to their response. Plaintiffs' counsel's suggestion that the "discovery" referenced in Plaintiffs' motion was not served because a Rule 26(f) conference had not been conducted does not explain why Plaintiffs' motion rests upon an alleged act of serving discovery that had, in fact, never been served; one, because Plaintiffs' counsel knew or should have known that the discovery had not been served at the time he represented to the Court that such discovery had been served and

two, because the undersigned instructed Mr. Cheesebourough during the January 28, 2013 initial pretrial conference to immediately serve discovery on the Defendants relating to the motion to dismiss so the parties would be prepared to address any issues with regard to such discovery prior to the response date for the motion to dismiss, thereby obviating the need for a Rule 26(f) conference prior to the service of any discovery.

Counsel for Plaintiff is reminded of the obligations of Rule 11 of the Federal Rules of Civil Procedure, as well as counsel's duty of candor to the Court set forth in Rule 3.3 of the Indiana Rules of Professional Conduct. At best, the factual representations in Plaintiffs' motion for enlargement are sloppily inaccurate. At worst, they could be seen as deliberately misleading. A significantly higher standard of accuracy will be expected of Plaintiffs' submissions as this case proceeds.

With regard to Plaintiffs' motion for enlargement of time, the Court notes that Defendants do not object thereto and Plaintiffs' counsel has articulated sufficient excusable neglect to justify the untimely filing of the motion. Accordingly, Plaintiffs' motion for enlargement will be **GRANTED** and the time for Plaintiffs to respond to Defendants' motion to dismiss is hereby enlarged to and including **March 25, 2013.**

The parties also discussed a potential dispute regarding the depositions Plaintiffs seek to conduct. The Court reminded

the parties of the meet and confer obligations set forth in the Federal Rules and the Local Rules and the requirement in the approved Case Management Plan of a conference with the Magistrate Judge prior to the filing of a contested motion to compel or motion for protective order. The Court invited the parties to have those discussions so the discovery dispute could be addressed during the telephonic status conference scheduled on March 5, 2013, which remains on calendar.

Dated: 02/28/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:
Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.