UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX, LUCINDA COX, And STEPHANIE SNYDER, Individually and on behalf of others similarly situated, <br><br> v. <br><br> SHERMAN CAPITAL LLC et al. | Case No. 1:12-cv-1654-TWP-MJD <br> CLASS ACTION |

PLAINTIFFS' NOTICE AND MOTION TO COMPEL

**Please Take Notice That** on March 12, 2013 or as soon thereafter as the matter may be heard, in the above-entitled Court, Plaintiffs will move the Court to compel discovery and initial disclosures. This Motion will be based on the herein notice and motion, including the legal authorities cited, the supporting documents related to this Motion, all documents filed on the docket, and any other items the Court deems appropriate.

1. **Introduction**

Defendants Benjamin W. Navarro, Leslie G. Gutierrez, Scott E. Silver, Kevin P. Branigan, Robert A. Roderick, and Kennett Kendall refused to submit to depositions and have noted that they will seek a protective order from the Court excusing the six individual Defendants from appearing at depositions in South Carolina. Plaintiffs seek an Order requiring Defendants to comply with the Federal Rules of Civil Procedure (FRCP). With the filing of this Motion to Compel, Plaintiffs simultaneously notice deposition dates for the week of March 18th upon the individual Defendants at their place of employment in Charleston, South Carolina.

Plaintiffs filed this lawsuit against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), Fraud, and conducting the affairs

of a RICO enterprise through a patter n of Racketeering activity in violation of 18 U.S.C. 1961 and 1962 et seq.

Plaintiffs allege that Defendants engaged in extensive collection scheme to fraudulently manipulate Indiana consumers in to paying money on an alleged obligation owed Defendants when the consumers did not actually owe Defendants the money.  It is Plaintiffs' belief and understanding that the individual Defendants have acted in furtherance of the racketeering enterprise.

**2.  Background**

Counsel for Plaintiffs had engaged counsel for the Defendants regarding the setting of deposition dates and times for the individual Defendants listed in this cause of action. Specifically, Plaintiffs' counsel sought to perform Depositions of each Individual Defendant the Week of March 18, 2013 personally or by video deposition.  Defendants' Counsel rebuffed the request noting that Plaintiffs' Complaint did not detail specifically facts to make a prima fascia showing of personal jurisdiction over the individual Defendants in this cause. The following day at the telephonic status conference hearing Defendants' counsel restated the individual Defendant's position and noted to the Court that it would not allow for Deposition of the Individual Defendants.  At this hearing Counsel for Plaintiffs noted to the Court that LVNV Funding, LLC filed registration forms with the Florida Secretary of State acknowledging that Defendants Kevin Branigan was President of LVNV and Kennett Kendall was Treasurer of LVNV Funding, LLC.  Also, Counsel noted that both were listed as Managers for LVNV Funding, LLC with the Puerto Rico Departmento de Estado.  Scott Silver and Kevin Branigan are shown as managers for LVNV Funding, LLC with the South Carolina Secretary of State.

Moreover, that LVNV Funding, LLC was registered with the Indiana Secretary of State noting that LVNV Funding, LLC "Does Not Have Managers".

### 3. Discovery Principles

Plaintiffs are entitled to discovery as to "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case [including] a variety of fact-oriented issues [which ] may arise during litigation that are not related to the merits." *Oppnheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978).

It is the defendant's burden to persuade the Court that the information it has refused to provide is outside the broad scope of discovery. *Compagnie Francaise D'Assurance v. Phillips Petroleum,* 105 F.R.D. 16 (S.D.N.Y. 1984); *White v. Beloginis,* 53 F.R.D. 480 (S.D. N.Y. 1971); *Elgin FCU v. Carter, Fitzgerald Securities,* 91 F. R. D. 414(N.D. Ga. 1981); *US v. 58.16 Acres of Land*, 66 F.R.D. 570 (E.D. IL 1975).

The Court may not consider the merits of the action in ruling on discovery disputes. *Garland v. Torres,* 259 F.2d 545, 550-51 (2d Cir. 1958). Denying a party discovery as to issues in the case prejudices the plaintiff's ability to prosecute. *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2nd Cir. 1980); *Matter of Rassi,* 701 F.2d 627, 631 (7th Cir. 1983); *Coughlin v. Lee,* 946 F.2d 1152, 1159 (5th Cir. 1991) (abuse to fail to adhere to spirit of the rules).

### 4. Conclusion

For the reasons stated above Plaintiffs respectfully request an Order compelling each individual Defendant to appear at the depositions now scheduled for the week of March 18 2013.

Respectfully submitted,

DATED: March 12, 2013          /s/ Robert D. Cheesebourough

                                          Robert D. Cheesebourough
                                          543 E. Market Street
                                          Indianapolis, IN 46204
                                          (317) 637-7000
                                          (317) 638-2707
                                          rdc@home-saver.org

## Certificate of Service

       The undersigned attorney hereby certifies that a copy of the foregoing document will be sent to all counsel of record by operation of the Court's electronic filing system March 11, 2013. Parties may access this filing through the court's system.

                                                  /s/ Robert D. Cheesebourough