IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANDREW COX, LUCINDA COX, and STEPHANIE SNYDER, individually and on behalf of others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 1:12-cv-1654-TWP-MJD<br>CLASS ACTION |
| SHERMAN CAPITAL LLC; MEETING STREET PARTNERS II INC.; SHERMAN FINANCIAL GROUP LLC; SHERMAN CAPITAL MARKETS LLC; LVNV FUNDING LLC; RESURGENT CAPITAL SERVICES LP; SHERMAN ORIGINATOR LLC; SHERMAN ORIGINATOR III, LLC; SHERMAN ACQUISITION, LLC; BENJAMIN W. NAVARRO; LESLIE G. GUTIERREZ; SCOTT E. SILVER; KEVIN P. BRANIGAN; ROBERT A. RODERICK; KENNETT KENDALL; and JOHN DOES 1-50, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION TO COMPEL**

For their Response to Plaintiffs' Notice and Motion to Compel depositions ("Motion to Compel"), Defendants state as follows:

**INTRODUCTION**

Plaintiffs' Motion to Compel assumes that they are entitled to discovery simply as a matter of right, no matter how deficient their Complaint is, and regardless of whether discovery clashes with the purposes and protections of personal jurisdiction. Plaintiffs, however, are incorrect. Discovery is not unconditionally granted, especially when, as here, threadbare RICO

claims are asserted without any factual support and discovery is sought to uncover, rather than supplement, potential claims and, as a result, the protection afforded to defendant by personal jurisdiction is sacrificed.

Plaintiffs seek to take the depositions of six individual Defendants (the "Individual Defendants") but have not alleged any facts whatsoever that tie any of these individuals to any of the alleged misconduct. Nor do Plaintiffs even attempt to demonstrate Defendants' link to the state of Indiana. In fact, in the Complaint, except for one paragraph in the section labeled "Parties," Plaintiffs never even mention any of these individuals by name. Instead, Plaintiffs attempt to turn garden-variety FDCPA claims into RICO claims. Plaintiffs now seek discovery with the hope, which they do not attempt to hide, that the depositions will uncover some sort of wrongdoing. But the purpose of discovery is to support a well-pleaded claim, not to determine if a well-pleaded claim exists. Nor is discovery necessary, as Plaintiffs claim it is, to respond to a motion to dismiss, which of course is a *facial* challenge to the facts already alleged in the Complaint.

The bottom line is that it is unfair to subject the Individual Defendants to the rigors of discovery simply because their names appear in the first paragraph of the Complaint and Plaintiffs fabricate various RICO claims as a pretext for personal jurisdiction. This Court has broad discretion to limit discovery when, as here, a Complaint's claims are so meritless that they can only be viewed as a means for fabricating jurisdiction or conducting a "fishing expedition." For these reasons, which are discussed more fully below, the Court should deny Plaintiffs' Motion to Compel and stay discovery until a decision is rendered on Defendants' Motion to Dismiss. In the alternative, the Court should limit discovery to the issue of whether the Court

has personal jurisdiction over the Individual Defendants without considering RICO's nationwide jurisdiction.

## BACKGROUND

Plaintiffs' Class Action Complaint (the "Complaint") asserts nine causes of action against 65 different defendants ("Defendants") for alleged misconduct associated with collecting debts Plaintiffs owed to only one of those Defendants. Six of the Defendants are individual defendants comprised of various officers and directors of the various entity defendants. Plaintiffs appear to assert two core allegations: (1) that LVNV sought to collect debts in Indiana without a necessary license and/or registration; and (2) that LVNV seeks to collect debts but does not actually own them. (*See, e.g.*, Compl. at ¶¶ 58, 64, 74-79.) These allegations are garden-variety-alleged FDCPA violations that Plaintiffs attempt to morph into a pattern of racketeering activity against all of the Defendants for purposes of alleging various RICO claims.

## ARGUMENT

### I. PLAINTIFFS CANNOT USE RICO AS MEANS TO MANUFACTURE PERSONAL JURISDICTION AND CONDUCT A FISHING EXPEDITION.

In addition to the Complaint's two core FDCPA allegations, they also assert a few related state-law claims—including, common law fraud, restitution, and unjust enrichment. (Counts IV-VI) When alleging all of these claims, however, the Complaint never mentions the Individual Defendants by name or even attempts to explain how these individuals engaged in any of the alleged misconduct. In fact, after lumping all of the 65 different Defendants together in the Complaint's first paragraph and defining them all as "Defendants" or "Sherman," Plaintiffs never again—in the entire 45 pages and 199 paragraphs—refer to any particular Individual Defendant by name. The result is a Complaint that is devoid of facts showing either general or

specific jurisdiction over any of the Individual Defendants. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

Because they are without a basis to establish jurisdiction over the Individual Defendants, Plaintiffs attempt to manufacture personal jurisdiction by asserting various RICO claims. But Plaintiffs' RICO claims are insufficient for a number of reasons and, on top of that, they have nothing to do with the underlying alleged FDCPA violations. *See Hecking v. Pan Am. Airways*, No. 1:03-cv-1895-DFH-WTL, 2006 WL 2598265 at *4 (S.D. Ind. Sept. 11, 2006) ("RICO 'does not cover all instances of wrongdoing. Rather, it is a unique cause of action that is concerned with eradicating organized, long-term, habitual criminal activity.") (citing *Gamboa v. Velez*, 457 F.3d 703, 705 (7th Cir. 2006). Plaintiffs seek immediate discovery in the hopes that somewhere and somehow they will uncover some sort of wrongdoing to add to the Complaint's threadbare RICO allegations.

Courts, however, have rejected these tactics. In *Fred A. Smith Lumber Co. v. Edidin*, for instance, the Seventh Circuit reversed a district court's denial of Rule 11 sanctions, explaining that plaintiff's RICO claims were "objectively unreasonable" and that plaintiff "acted in bad faith by filing a complaint . . . in the hope that future discovery might uncover the allegations of wrongdoing." 845 F.2d 750, 754 (7th Cir. 1988). The Seventh Circuit has also had very little tolerance for plaintiffs who assert RICO claims as a pretext for establishing jurisdiction. *See Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 299 (7th Cir. 2003) ("[Plaintiff's] RICO theory 'is so feeble, so transparent an attempt to move a state-law dispute to federal court . . . that it does not arise under federal law at all.'" (citation omitted); *see also*, *Bell v. Hood,* 327 U.S. 678, 682–83 (1946) (recognizing rule that courts may dismiss a claim that "clearly appears to be

immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous").

### A. Plaintiffs' RICO Claims Fail For a Number of Reasons.

Like the cases above, Plaintiffs' RICO claims are so insufficient that they lead to only one conclusion: Plaintiffs asserted their RICO claims in a desperate attempt to keep certain defendants in this lawsuit in the hopes that the presence of these defendants will yield a quick settlement. In fact, Plaintiffs' RICO claims are so meritless that Defendants dedicated 13 pages to attacking those claims in Defendants' Memorandum of Law in Support of Their Motion to Dismiss. Defendants incorporate those arguments here, but for convenience, will also highlight a few of the more glaring deficiencies.

Plaintiffs' unique pleading practice of referring to all 65 Defendants collectively is carried over into the RICO allegations and is particularly problematic when trying to distinguish between the RICO enterprise and the alleged racketeers. Here, again, like the rest of the Complaint, there are no facts alleged about the Individual Defendants. We are never told how a specific Individual Defendant controlled or conducted the RICO enterprise. We are simply told that Defendants (apparently all 65 of them) "did acquire and/or maintain . . . an interest in or control of an enterprise." (Compl. at ¶ 132.).

Plaintiffs' pleading failures are only compounded by Fed. R. Civ. P. 9(b)'s heightened pleading requirements for pleading predicate acts of mail and wire fraud. *See Corley v. Rosewood Care Ctr., Inc*. 142 F.3d 1041, 1050-51 (7th Cir. 1998). Again, we are never told the identity of the particular Defendant that committed the alleged predicate acts (mail and wire fraud). All we are told is that Defendants (again, all 65 of them), "**on information and belief** . . . swept money out of Plaintiffs' payroll accounts . . . by wire transfers" and that Defendants'

"collection letters" were sent through the "U.S. Postal Service." (Compl. at ¶ 144 and 147.) The Seventh Circuit, however, has repeatedly held that when pleading fraud, allegations made upon "information and belief are insufficient." *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 924 (7th Cir. 1992).

On top of this, Plaintiffs' RICO claims simply do not comport with fairness because they provide no notice to any of the Individual Defendants' about what their alleged misconduct is. *Vicom, Inc. v. Harbridge Merch. Services, Inc.*, 20 F.3d 771, 777-78 (7th Cir. 1994) ("Because fair notice is '[p]erhaps the most basic consideration' underlying Rule 9(b) . . . the plaintiff who pleads fraud must 'reasonably notify the defendants of their purported role in the scheme.'") (citation omitted). The Seventh Circuit, moreover, has explained that "in a case involving multiple defendants . . . the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Id*. (internal quotation omitted). And for instance, in *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990), the Court affirmed the district court's dismissal of the plaintiff's complaint with prejudice because the complaint was "bereft of any detail concerning who was involved in each allegedly fraudulent activity." *Id*. Instead, "the complaint lump[ed] all the defendants together and [did] not specify who was involved in what activity." *Id.*

Here, the Individual Defendants have no knowledge of which claims are asserted against who and for what alleged misconduct. As a result, the Individual Defendants are unable to adequately respond to the Complaint's allegations — hence Defendants' Motion to Dismiss— much less prepare for and defend their depositions. Given the Complaint's deficiencies, combined with the personal jurisdiction challenges raised by Defendants, this Court has a sound basis in which to deny Plaintiffs discovery.

B.     **Plaintiffs Are Not Entitled to Discovery To Bolster Their Insufficient Claims.**

This Court has discretionary power under the Federal Rules and inherent power to limit and control discovery to ensure that discovery does not conflict with the purposes and protections of personal jurisdiction or subject a defendant to a "fishing expedition." Fed. R. Civ. P. 26(b)(2)(C); *See GCIU–Employer Ret. Fund v. Goldfarb Corp.,* 565 F.3d 1018, 1023 (7th Cir. 2009) (reviewing a district court's denial of personal jurisdiction discovery under an abuse of discretion standard); *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir. 1998) (recognizing that "district courts have broad discretion in matters related to discovery") (quotation omitted). Courts, likewise, have discretion to deny discovery when, as here, a plaintiff asserts a baseless claim in the hopes that discovery will lead to some wrongdoing. *Adams v. Target*, No. IP00-1159-C-T/G, 2001 WL 987853 at \*2 (S.D. Ind. July 30, 2001) ("The purpose of discovery is to sharpen the issues in a case for trial, not to gather information to support a complaint.") (citing *Fred A. Smith Lumber Co.*, 845 F.2d at 754; *see also, Central States, Se. and Sw. Areas Pension Fund v. Waste Mgmt. of Mich., Inc.*, 674 F.3d 630, 637 (7th Cir. 2012) (quoting *EEOC v. Harvey L. Walner & Associates*, 91 F.3d 963, 971 (7th Cir. 1996)) ("'[D]iscovery is not to be used as a fishing expedition.'").

The denial of discovery in this case is all more justified given that Rule 9(b) is specifically designed to prevent what Plaintiffs are attempting here— asserting a baseless RICO claim in the hopes that discovery will substantiate that claim. *See Decatur Ventures, LLC v. Stapleton Ventures, Inc.*, 373 F. Supp. 2d 829, 843 (S.D. Ind. 2005) (analyzing Rule 9(b) in the context of RICO and stating, "[t]he purpose of Rule 9(b) is threefold: (1) protecting a defendant's reputation from harm; (2) minimizing . . . <u>fishing expeditions</u>; and (3) providing notice of the claim to the adverse party.") (internal quotation omitted) (emphasis added).

This jurisdiction has made this point clear. Confronted with similar facts to this case, this Court denied, in part, a plaintiff's motion to compel discovery because of the "bare bones" allegations in the RICO complaint. *See Adams*, 2001 WL 987853 at \*2. Specifically, the Court concluded that there were "strong suspicions in the court's mind that Plaintiff is seeking this discovery as a sort of fishing expedition "to put meat on the [very] bare bones of his fraud claim." *Id.* And after noting that a "RICO complaint alleging fraud is a very serious charge, and is not to be dealt with lightly" the Court explained its duty to "find some balance between allowing pretrial discovery that could possibly enable a plaintiff to satisfy his pleading burden, and protecting a defendant from expensive and time consuming discovery that is nothing more that [sic] an unfounded fishing expedition." *Id.* A key factor in the Court's decision to deny plaintiff's motion was its determination that "Plaintiff's RICO Complaint, and his arguments supporting his motion to compel, are extremely thin." *Id.*

As discussed above, Plaintiffs' RICO claims are, at best, "thin." To be entitled discovery, Plaintiffs are required to do more than simply list the board members of various entities in the Complaint's first paragraph. Until Plaintiffs' Complaint provides proper notice to each Individual Defendant of what his alleged role in the misconduct is, the Individual Defendants should not be deposed; indeed there is no way for any of them to meaningfully defend this lawsuit.

**C.    Plaintiffs Do Not Need Discovery to Respond to the Pending Motion to Dismiss.**

Plaintiffs have also argued that they require discovery to respond to the pending Motion to Dismiss. This is not true. Defendants' pending Motion to Dismiss is a facial challenge directed to Plaintiffs' pleading in the Complaint; it attacks the sufficiency of what is alleged. *See McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2012) ("To survive a motion to

dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face.") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiffs, therefore, do not discovery to respond to Defendants' Motion, but instead, must explain why what they alleged is sufficient to state a claim.

### D.  If Plaintiffs Are Entitled to Discovery, It Should Be Limited to Discovery Related only to Personal Jurisdiction.

As previously discussed, personal jurisdiction over the Individual Defendants is based solely on Plaintiffs' RICO claims. *See Lisak v. Mercantile Bancorp, Inc.*, 834 F.2d 668, 672 (7th Cir. 1987) ("Section 1965(b) authorizes nationwide service so that at least one court will have jurisdiction over everyone connected with any RICO enterprise."); *Flag Co. v. Maynard*, 376 F. Supp. 2d 849, 854 (N.D. Ill. 2005) ("Under Rule 4(k)(2), plaintiff must show that each defendant had minimum contacts with the United States as a whole, that the cause of action relates to these contacts, and that exercising jurisdiction over them would be reasonable."). And to the extent that Plaintiffs' RICO claims fail, so does personal jurisdiction. *See Rolls-Royce Corp. v. Alcor Engine Co.*, No. 1:04-CV-0968-SEB-JMS, 2007 WL 1021450 at *8 (S.D. Ind. Mar. 29, 2007) (holding that the court lacked personal jurisdiction over defendants in part because the plaintiff's inadequately pleaded RICO claims failed to trigger nationwide jurisdiction). Thus, because personal jurisdiction turns on the validity of the RICO claims, and because those claims are so deficient and will, in all likelihood, be dismissed, discovery should be limited to the issue of whether personal jurisdiction exists outside of RICO.

### CONCLUSION

For the reasons stated herein, Plaintiffs' Motion to Compel should be denied or, in the alternative, the Court should limit discovery to the issue of whether personal jurisdiction exists over the Individual Defendants absent RICO's nationwide jurisdiction.

Dated:  March 22, 2013                              Respectfully submitted,


                                                 s/ Gary S. Caplan
Gary S. Caplan, *pro hac vice*
Michael L. DeMarino, *pro hac vice*
David A. Maas, *pro hac vice*
REEDSMITH LLP
10 South Wacker Drive
40th Floor
Chicago, IL  60606-7507
(312) 207-2000
(312) 207-6400 (Facsimile)
gcaplan@reedsmith.com

James W. Riley, Jr.
Atty. No. 6073-49
141 East Washington Street
Fourth Floor
Indianapolis, IN  46204
(317) 636-8000
(317) 636-8027 (Facsimile)
jriley@rbelaw.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2013, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to the following:

    Matthew D. Boruta
    Cheesebourough & Boruta
    Boruta17@hotmail.com

    Robert D. Cheesebourough
    Cheesebourough & Boruta
    rdc@home-saver.org

                                       s/ Gary S. Caplan
                                       Gary S. Caplan