UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX, | ) |
| LUCINDA COX, | ) |
| STEPHANIE SNYDER Individually and on | ) |
| behalf of others similarly situated, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| SHERMAN CAPITAL LLC, | ) |
| MEETING STREET PARTNERS II INC., | ) |
| SHERMAN FINANCIAL GROUP LLC, | ) |
| SHERMAN CAPITAL MARKETS LLC, | ) |
| LVNV FUNDING LLC, | )   No. 1:12-cv-01654-TWP-MJD |
| RESURGENT CAPITAL SERVICES LP, | ) |
| SHERMAN ORIGINATOR III LLC, | ) |
| SHERMAN ACQUISITION LLC, | ) |
| BENJAMIN W. NAVARRO, | ) |
| LESLIE G. GUTIERREZ, | ) |
| SCOTT E. SILVER, | ) |
| KEVIN P. BRANIGAN, | ) |
| ROBERT A. RODERICK, | ) |
| KENNETT KENDALL, | ) |
| JOHN DOES 1-50, | ) |
| SHERMAN ORIGINATOR LLC, | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON PLAINTIFFS' MOTION TO COMPEL**

This matter is before the Court on Plaintiffs' Motion to Compel [Dkt. 40] and Defendant's Motion for Leave to File a Surreply [Dkt. 52]. The Court, being duly advised, **GRANTS** Plaintiffs' Motion and **DENIES** Defendants' Motion.

**A.    Plaintiffs' Motion to Compel**

Plaintiffs seek to take the depositions of Benjamin Navarro, Leslie Gutierrez, Scott Silver, Kevin Branigan, Robert Roderick, and Kennett Kendall ("Individual Defendants"). Rule

1

26(d)(1) allows for parties to conduct discovery any time after the parties have conferred, which the parties have done. Fed. R. Civ. P. 26(d)(1); [Dkt. 26]. Defendants filed a motion to dismiss under Rules 12(b)(2) and 12(b)(6). Plaintiffs specifically are permitted to take the depositions of the Individual Defendants to respond to and determine the veracity of the Rule 12(b)(2) assertion that the Court lacks personal jurisdiction. *Sanderson v. Spectrum Labs, Inc.*, 248 F.3d 1159 (7th Cir. 2000); *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982).

Unlike Rule 12(b)(6), failure to state a claim, Rule 12(b)(2) is based on facts outside the pleadings. Whereas Rule 8 requires facts in the pleadings to support subject matter jurisdiction, the Rules do not require that personal jurisdiction be specifically alleged in the pleadings. Fed. R. Civ. P. 8; 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1363 (3d ed. 2013). However, when it is clear, based on the allegations in the pleadings, that personal jurisdiction does not exist, then no discovery should be had. *Sanderson*, 248 F.3d 1159; *Wyatt*, 686 F.2d at 284. Here, the Complaint alleges that Defendants, albeit all sixty-five Defendants, conducted business in Indiana, demonstrating a prima facie showing of personal jurisdiction. While Defendants have rebuffed this assertion in their Rule 12(b)(2) motion, the burden still remains on the Plaintiff to establish personal jurisdiction. Therefore, the Plaintiffs may limit minimum discovery to determine whether personal jurisdiction exists.

The Court is mindful of Defendants' concern that Plaintiffs are looking to conduct a "fishing expedition," so the Court will limit Plaintiffs' depositions of the Individual Defendants to the topic of personal jurisdiction only. Plaintiffs may not use these depositions to inquire into the allegations of the RICO violations; rather, the depositions are limited to inquiry pertaining to the issue of personal jurisdiction within the scope of Indiana's Long-Arm Statute.

**B.     Defendants' Motion for Leave to File Surreply**

The Court issued a briefing schedule relating to Plaintiffs' Motion to Compel. [Dkt. 37 at 1-2.] That schedule required the motion to be filed on or before March 12, 2013, any response to be filed by March 22, 2013 and any brief in reply to be filed by March 26, 2013. [*id.*] The motion was timely filed on March 12, 2013. [Dkt. 40.] The response was timely filed on March 22, 2013. [Dkt. 48.] However, Plaintiff did not file a reply in support of the motion until April 5, 2013, ten days after such reply was due.[1] Because Plaintiffs' reply brief was submitted untimely and without leave, it is not properly before the Court and is hereby **STRICKEN**. Plaintiffs' reply was not considered by the Court in ruling on the Motion to Compel. Because Plaintiffs' reply has been stricken, a surreply would not be proper; accordingly, Defendants' Motion for Leave to File a Surreply is **DENIED AS MOOT.**

**C.     Conclusion**

For the reasons stated above, Plaintiffs' Motion to Compel is hereby **GRANTED** for the limited purpose of conducting discovery as to the issue of personal jurisdiction only. Plaintiffs' reply brief in support of the motion to compel is **STRICKEN** as untimely and Defendants' Motion for Leave to File a Surreply is therefore **DENIED** as moot.

Date:   04/30/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Robert D. Cheesebourough

---

[1] The Court notes that, even in the absence of the Court's scheduling order, Plaintiffs' reply would have been untimely. Local Rule 7-1(c)(2)(B) provides that "[a]ny reply briefs are due within 7 days after service of the response brief." S.D. Ind. L.R. 7-1(c)(2)(B). With the additional three days provided by Fed. R. Civ. P. 6(d), Plaintiffs' reply would have been due on April 1, 2013, if the Court had not ordered such reply to be filed no later than March 26, 2013.

ruaneagle@aol.com

Matthew D. Boruta
CHEESEBOUROUGH & BORUTA
boruta17@hotmail.com

David A. Maas
REED SMITH LLP
dmaas@reedsmith.com

Gary S. Caplan
REED SMITH LLP
gcaplan@reedsmith.com

Michael L. DeMarino
REED SMITH LLP
mdemarino@reedsmith.com

James W. Riley, Jr.
RILEY BENNETT & EGLOFF LLP
jriley@rbelaw.com