UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX, LUCINDA COX, And STEPHANIE SNYDER, Individually and on behalf of others similarly situated, | Case No. 1:12-cv-1654-TWP-MJD CLASS ACTION |
| v. | |
| SHERMAN CAPITAL LLC et al. | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEPOSITION ANSWERS FROM DEFENDANDTS KINNETT KENDALL, ROBERT RODERICK, KEVIN BRANIGAN, SCOTT SILVER, LESLIE GUTIERREZ, and BENJAMIN NAVARRO**

Comes Now, Plaintiffs, by counsel, with their Memorandum in Support of Plaintiffs' Motion to Compel Deposition Answers from Defendants, and state as follows:

## FACTUAL BACKGROUND

Plaintiffs filed this lawsuit against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), Fraud, and conducting the affairs of a RICO enterprise through a pattern of Racketeering activity in violation of 18 U.S.C. 1961 and 1962 et seq.

Plaintiffs allege that Defendants engaged in extensive collection scheme to fraudulently manipulate Indiana consumers in to paying money on an alleged obligation owed Defendants when the consumers did not actually owe Defendants the money. It is Plaintiffs' belief and understanding that the individual Defendants have acted in furtherance of the racketeering enterprise.

Specifically, each defendant refused to testify concerning the following topics or gave evasive responses to questions regarding:

*Ownership interest – whether the individual defendants had an ownership interest in the company and what other entity or persons may have an ownership interest in any of the entity defendants.*

*Involvement with the LVNV CDO by the individual defendants to establish personal jurisdiction within Indiana.*

-None were allowed to answer as to whether they had an ownership interest or controlling shares in any of the defendant companies or other entities which may own any of the Defendant companies.

-Evasive on whether LVNV offered securities. (Branigan pg. 20-21, 53)

-Whether any of the defendants in this case have ownership interests in the entity that owns LVNV Funding. (Branigan pg. 31-32)

-Evasive about securitizations when asked.  Each deponent was coached to act like they did not know what securitization was or to ask deposing counsel to define it. (Silver pg. 31) Even though their 2006 Radian Investors Day Presentation states that the Sherman Financial group "purchases, services and securitizes" (Plaintiffs' Complaint Exhibit D)

-Each was evasive about whether they were managers of LVNV, despite the fact that they show themselves to be managers of the LVNV CDOs in other states.

## LEGAL STANDARD

Rule 37(a)(2), F.R.Civ. P. provides that " if a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Rule 37 requires that the party certify that good faith attempts were made to resolve discovery disputes

before relief was sought. Plaintiff hereby certifies that her counsel and Defendant's counsel have attempted, in good faith, to resolve the disputes presented by this Motion.

## ARGUMENT

As counsel for Defendants noted on multiple occasions at each deposition upon objecting, the Defendant's grounds for objecting was that Plaintiffs should be confined to questions specifically designed to elicit whether or not the deponent has made the minimum contacts with the forum jurisdiction necessary for the court to adjudicate a claim against them. The problem is that counsel for Defendants mislabeled the Plaintiffs' questions as supporting the Plaintiffs' RICO claims and ignores the significance of the securities offered by the LVNV CDOs to Indiana consumers and entities. Plaintiffs also mischaracterize a security as a "debt note"

**Personal Jurisdiction Exists over the Corporations**

With regard to specific jurisdiction, the Supreme Court has held that a defendant establishes minimum contacts with the forum when it purposefully avails itself of the privilege of doing business in the forum. *Burger King, 471, U.S. at 475, 105 S. Ct. at 2183.*

Here, the Plaintiffs are all Indiana consumers who resided in the state of Indiana when collection activity occurred against them by the defendant entities. The State of Indiana has a clear interest in providing a forum for rights under Indiana law against defendants who purposefully have directed their activities at forum residents. Though a reasonable assumption can be made by Plaintiffs that all the entity defendants work together as a single unit to perfect the purchase, service and securitization of Indiana consumer accounts and therefore should aggregate them into a single group of defendants, there is no question or dispute over whether Indiana has personal jurisdiction over defendant LVNV Funding, LLC. (hereinafter, "LVNV")

LVNV's contact with Indiana through its collection activity against plaintiffs and the use of Indiana courts is well established. (see Plaintiffs Complaint Exhibits A, B, and C) Defendants Motion to Dismiss admits that personal jurisdiction exists over LVNV (see Defendants Motion to Dismiss pg. 25)

**Personal Jurisdiction is Imputed to the Individual Defendants**

In *Wesleyan Pension Fund, Inc., v. First Albany Corporation, 964 F. Supp. 1255; 1997 U.S. Dist. Lexis 5934 (7th Cir. 1997)*, Plaintiffs were Indiana residents and sued 16 corporate defendants and 3 individual defendants. There was a main corporate defendant, Clover, which was wholly owned by the 3 individuals, and Clover owned the other 15 corporations. The defendants solicited, offered to sell, and did sell securities to the plaintiff. One of the individuals talked with the plaintiff on the phone and mailed information to him. None of the defendants were Indiana residents and they all moved to dismiss for lack of personal jurisdiction. In *Wesleyan* Judge Sarah Evans Barker noted:

1. **Jurisdiction over the corporations is imputed to the individuals because it is clear that the individuals exerted substantial control over Clover. They were the majority shareholders and carried out all the business decisions. Further, the 15 corporations were merely shells created by Clover to conduct business. All of their addresses and telephone numbers were the same.**

2. **Indiana has personal jurisdiction over all the defendants even if none of them entered Indiana under 7th Circuit case law:**

    The Seventh Circuit has held that a defendant's "active solicitation, even if for just a single contract, amount[s] to purposeful establishment of contacts with [a] forum that easily satisfies the dictates of due process." *Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1218 (7th Cir. 1990) (citing *Madison Consulting Group v. South Carolina*, 752 F.2d 1193 (7th Cir. 1985)). (emphasis added)

In *Hartwig Associates* a Wisconsin environmental consulting firm sued a Pennsylvania attorney in federal district court in Wisconsin to recover fees for consulting services rendered. The Seventh Circuit found that the district court had **personal jurisdiction** over the nonresident

defendant in part on the basis that the defendant solicited the plaintiff's services. *Hartwig Associates*, 913 F.2d at 1218.

In *Madison Consulting* the plaintiff, another Wisconsin environmental consulting firm, brought suit against the State of South Carolina and a corporation controlled by that state for breach of contract. The court found that the defendants had no jurisdictionally significant contacts with the forum other than the contract itself. Nevertheless, the Seventh Circuit found **personal jurisdiction** to exist because the defendants initiated negotiations with the consulting firm by telephone and paid a firm partner to travel to the East Coast to pursue the negotiations. The court found that the defendants had purposefully established minimum contacts with the forum "by so actively reaching out to solicit the services of a Wisconsin partnership in connection with this contract."

Therefore, personal jurisdiction over LVNV imputes personal jurisdiction to the individual defendants by showing:

- substantial control over the corporation, or
- the entity is nothing more than a shell corporation, or
- active solicitation in the forum state.

**Here, the individual Defendants each maintain substantial control as executives and managers over the entity Defendants with some holding multiple executive and manger positions within each entity.**

Kennett Kendall is CFO of Sherman Capital Markets dep. Pg. 8:1-9; Treasurer of LVNV (Plaintiff's Exhibit P); Kendall noted that his job is "Overseeing financing, overseeing financial reporting, strategy" dep. Pg. 8; Kevin Branigan is President of LVNV (Dep. Pg.5:4); Director of Sherman Capital Markets (Dep. Pg. 5:9-14); Vice President Sherman Financial Group, LLC (Dep. Pg. 5:21-25); President Sherman Originator III, LLC (Dep. Pg. 6:21-24); and an officer

with Sherman Acquisitions, LLC and possibly with Sherman Originator Dep. Pg. 7) Scott Silver is Director of Sherman Capital Markets, LLC (Dep.5:20); Vice President Sherman Capital, LLC (Dep. Pg.8:4-14) General counsel for Sherman Capital, LLC (Dep. Pg. 9) Robert Roderick is Director of Sherman Capital Markets. (Dep. Pg. 5;1-5)

The LVNV Funding, LLC Synthetic CDOs are Actively Managed.

The Asset manager's role begins before the CDO is issued. Months before a CDO is issued, a bank will usually provide financing to enable the manger to purchase some of the collateral assets that may be used in the forthcoming CDO in a process called warehousing. The asset manager plays a key role in each CDO transaction, even after the CDO is issued. An experienced manager is critical in both the construction and maintenance of the CDO's portfolio. The manager can maintain the credit quality of a CDO's portfolio through trades as well as maximize recovery rates when defaults on the underlying assets occur. The asset manager can also make trades to maintain the credit quality of the CDO's portfolio. The manager also has a role in the redemption of a CDO's notes by auction call. The managers decide what the CDO will buy. (telephone bill accounts, credit card accounts, medical bills, car loans) The manager's prominent role throughout the life of a CDO underscores the importance of the manager.

LVNV, as a CDO, is actively managed by the managers. Conveniently, there is no manager shown on LVNV Funding's corporate filings with the Indiana Secretary of State Corporate division. (See "Exhibit G" LVNV' Foreign Entity Filing with the Indiana Secretary of State ) This false representation made by the managers of LVNV is made with intent to conceal the truth that the officers and managers who actively manage the LVNV CDOs as alleged in Plaintiffs' Complaint, are the individual Defendants listed in the Plaintiffs' Complaint.

**Managers run the LVNV CDOs to offer, solicit, and issue securities to Indiana consumers and businesses.**

The Individual Defendants are reported under penalty of perjury as managers of LVNV in other states. Benjamin Navarro is listed as a manager in the State of Rhode Island and Providence Plantations Office of the Secretary of State. This registration is filed January 5, 2012 ("Exhibit H" State of Rhode Island SOS); Testimony has also revealed that LVNV Funding has officers. (See Affidavit of Benjamin Navarro noting that he is an officer of LVNV "Exhibit F")

Kevin Branigan and Scott Silver and Leslie Gutierrez are listed as managers for LVNV Funding with the Secretary of the Commonwealth, Corporations Division of The Commonwealth of Massachusetts on their Annual report filed (Prior to Plaintiff's Complaint) January 18, 2012 (see "Exhibit I") and (Post Complaint filing) January 7, 2013 (see "Exhibit J") with only Kevin Branigan listed as manager for LVNV. Kevin Branigan is listed as manager for LVNV in Utah, Illinois, Nevada, and Florida. (See "exhibit K", "Exhibit L", "Exhibit M" and "Exhibit N" respectively) In the Florida filing dated January 25, 2013 ("Exhibit N") and filed under penalty of perjury, Kevin Branigan states that he is the only managing member of LVNV (post Complaint), but the (pre Complaint) filing of March 22, 2011 lists Kevin Branigan and Scott Silver as managers for LVNV. ("Exhibit O") Scott Silver is listed as a manager for LVNV in Nevada (Exhibit M) and Delaware. Kennett Kendall and Kevin Branigan are listed as Treasurer and President of LVNV respectively with the Puerto Rico Department of State as of February 14, 2012. ("Exhibit P")

In *Wesleyan*, where the Court found personal jurisdiction over the corporate entities, it noted that there was also personal jurisdiction over the three individuals who were the alleged controlling principals, sole shareholder, sole directors, and officers of the nine corporate

defendants who offered securities in Indiana. *Wesleyan* citing, *e.g.*, *Dakota Indus., Inc. v. Ever Best Ltd.*, 28 F.3d 910, 915 (8th Cir. 1994), *and Davis v. Metro Prods., Inc.*, 885 F.2d 515, 522-23 (9th Cir. 1989).

**LVNV is nothing more than a shell company**

LVNV meets the true definition of a shell company by each deponent's statements. LVNV is registered with the secretary of state in multiple jurisdictions listing the individual defendants as managers of LVNV. LVNV Funding does not have any employees. (Roderick dep. Pg. 9; Navarro affidavit, Exhibit F attached); LVNV's treasurer, Kendall, does not receive a paycheck from LVNV. (Kendall dep. Pg. 24) LVNV's president, Branigan, is not personally involved in the day-to-day operations of LVNV Funding. (Braningan dep. Pg 8;); and, LVNV Funding is an asset-holding vehicle. (Branigan dep. Pg. 8)

**Just Offering Securities is Active Solicitation on Part of LVNV and its Managers**

At the deposition plaintiff's counsel was prevented from getting answers regarding the LVNV Funding CDOs which would ultimately lead to questions regarding the day to day functions concerning the offer and sale of unregistered securities, the issuance, offer, and sale of securities by unregistered broker-dealers and agents, and the use of untrue or misleading statements in connection with the sale of those securities. Each deponent and their counsel denied that any defendant offered securities and in fact believed LVNV's CDOs to be exempt from registration. Just as in *Wesleyan*, the offering of securities by one of the entity companies was enough to established personal jurisdiction. Defendants LVNV Funding and Sherman Capital Markets by their officers, agents and even counsel, have acknowledged that LVNV Funding is not registered with the Securities Exchange Commission nor the Indiana Securities Commissioner.

Moreover, deponents noted that they do not offer securities, but offered "debt notes" for sale (Branigan pg. 20-21, 53) Kinnett Kendall noted that he was the CFO of Sherman Capital Markets, LLC and responsible for financing. (Kendall dep. Pg. 8:9-14). FINRA tracks registration and notes that Sherman Capital Markets is not registered to offer securities, but offers no proof of exemption from registration requirements under the State Securities Act or the Securities Acts of 1934, 1935. The burden of demonstrating that an exemption applies rests squarely on the party invoking the exemption. *See Wesleyan at pg. 53 siting Ind. Code § 23-2-1-16 (j);Kahn v. State, 493 N.E.2d 790, 798 (Ind. App.), trans. Denied (Now. 18, 1986); Tremps v. Ascot Oils, Inc., 561 F.2d 41, 46 (7th Cir. 1977)* FINRA also notes that Kinnett Kendall had a series 7 registration, but it was inactive June 2005, which is when he joined Sherman Capital Markets. Despite the evasive responses and denials by all the deponents that Securitization has occurred in the LVNV Funding CDOs as acknowledged by ratings agencies such as Moody's Investments (see Plaintiff's Exhibit R)

## CONCLUSION

The Plaintiffs in this case must establish personal jurisdiction over the individual plaintiffs by showing their contact to the Indiana forum. Defendants believed in their own minds that the collection activity and RICO claim alone was the focus of establishing personal jurisdiction, while in fact it has been Plaintiffs replete explanation that the existence of the LVNV CDO as laid out in paragraph 27 through 58 of the Complaint is a basis for personal jurisdiction over the individual defendant. These CDOs offer securities to persons and entities in Indiana by managers who actively manage of the CDOs. The questions which the Plaintiffs seek to have answered are necessary and within the scope of establishing personal jurisdiction over the defendants as expressed by the Court in *Wesleyan, Hartwig, and Madison Consulting Group.*

Given Plaintiffs' refusal to allow discovery of information that is discoverable , an order compelling full and complete responses to the deposition questions is just and warranted under the pertinent law and an award of fees attendant to this motion should be made.

Respectfully submitted,

DATED: May 31, 2013

/s/ Robert D. Cheesebourough
Robert D. Cheesebourough
543 E. Market Street
Indianapolis, IN 46204
(317) 637-7000
(317) 638-2707
rdc@home-saver.org

## Certificate of Service

The undersigned attorney hereby certifies that a copy of the foregoing document will be sent to all counsel of record by operation of the Court's electronic filing system May 31, 2013. Parties may access this filing through the court's system.

/s/ Robert D. Cheesebourough