Case: 1:12-cv-00835-CAB Doc #: 16-1 Filed: 05/29/12 1 of 4. PageID #: 160

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| PATRICIA NELSON, | |
| Plaintiff, | |
| V. | CASE NO.: 1:12-cv-00835 |
| LVNV Funding LLC, *et al.*, | Judge: Boyko |
| Defendants. | Magistrate Judge: Baughman |

### AFFIDAVIT OF BENJAMIN W. NAVARRO

STATE OF SOUTH CAROLINA )
                                  ) SS.
COUNTY OF CHARLESTON )

Benjamin W. Navarro, being first duly sworn upon oath, deposes and states:

1. I am an officer of Defendant LVNV Funding LLC ("LVNV"). This affidavit is made in that capacity for LVNV and is based upon personal knowledge.

2. LVNV acquires delinquent debt portfolios. LVNV does not directly collect or otherwise communicate with consumers on any account; rather, all accounts owned by LVNV are placed with Defendant Resurgent Capital Services L.P. ("Resurgent") as a master servicer. In the role of master servicer, Resurgent either attempts to collect on LVNV accounts or places LVNV accounts with third party collection agencies and law firms for collection.

Exhibit F



EXHIBIT A

Case: 1:12-cv-00835-CAB  Doc #: 16-1  Filed: 05/29/12  2 of 4.  PageID #: 161

3. All debt collection and servicing activities on accounts owned by LVNV are undertaken solely by Resurgent and the servicers Resurgent retains. I am not a debt collector and I do not participate in any debt collection activities, directly or indirectly. Specifically, I do not:

    (a) Supervise, manage, direct or oversee the day-to-day servicing, collection or collection litigation on consumer accounts owned by LVNV;

    (b) Conduct nationwide collections;

    (c) Make collection calls to consumers or communicate with consumers on accounts owned by LVNV;

    (d) Send debt collection letters to consumer on accounts owned by LVNV;

    (e) Train or manage debt collection employees;

    (f) Review, or supervise the review of, some, any or all of the LVNV-owned collection accounts;

    (g) Devise debt collection strategies;

    (h) Undertake "skiptracing" efforts to locate the addresses of obligors on accounts owned by LVNV;

    (i) Calculate account balances;

    (j) Negotiate, accept or process payments on accounts owned by LVNV;

    (k) Determine which accounts owned by LVNV should be forwarded to an attorney for collection litigation;

    (l) Determine which accounts owned by LVNV should be forwarded to a collection agency for collection efforts.

(m) Report delinquent accounts owned by LVNV to consumer reporting agencies;

(n) File collection lawsuits, nor are any collection lawsuits filed on my behalf or at my behest, supervision or direction;

(o) Supervise, manage, direct or oversee collection litigation brought against consumers in Ohio, or in any other jurisdiction, on behalf of LVNV or any other entity; or,

(p) Retain or coordinate with debt collectors retained by Resurgent, including Defendant Morgan & Pottinger, in collecting on accounts owned by LVNV.

All of the activities set forth in subparagraphs (a) through (p) above are performed on LVNV accounts solely and independently by Resurgent and the servicers Resurgent retains.

4. I had no involvement with the collection strategies, collection efforts or collection litigation regarding Plaintiff's account owned by LVNV. I did not draft, sign or notarize, nor did I direct others to draft, sign or notarize, the affidavits or any other documents filed or used in connection with the case *LVNV Funding, LLC v. Patricia Nelson*, filed in Cuyahoga County, Ohio, as case number 0900203.

5. Contrary to what is alleged in the complaint, I have not participated in the creation of any joint collection platforms and strategies to commit unlawful acts or bring legal actions in an unlawful manner.

4