UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX, <br> LUCINDA COX, <br> STEPHANIE SNYDER, <br><br> Plaintiffs, <br><br> vs. <br><br> SHERMAN CAPITAL LLC, <br> MEETING STREET PARTNERS II INC., <br> SHERMAN FINANCIAL GROUP LLC, <br> SHERMAN CAPITAL MARKETS LLC, <br> LVNV FUNDING LLC, <br> RESURGENT CAPITAL SERVICES LP, <br> SHERMAN ORIGINATOR III LLC, <br> SHERMAN ACQUISITION LLC, <br> BENJAMIN W. NAVARRO, <br> LESLIE G. GUTIERREZ, <br> SCOTT E. SILVER, <br> KEVIN P. BRANIGAN, <br> ROBERT A. RODERICK, <br> KENNETT KENDALL, <br> JOHN DOES 1-50, <br> SHERMAN ORIGINATOR LLC, <br><br> Defendants. | No. 1:12-cv-01654-TWP-MJD |

## **ORDER ON PLAINTIFF'S MOTION TO DEEM ADMISSIONS ADMITTED**

This matter is before the Court on Plaintiff's Motion to Deem Admissions Admitted. [Dkt. No. 63.] The Court being duly advised, **DENIES** Plaintiff's Motion.

### I.    **Background**

This is a class action for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the United States Racketeer Influence and Corrupt

Organizations Act ("RICO"), 18 U.S.C. §§ 1961, 1962(b), (c), and (d) and 1964(c). On May 1, 2013, Plaintiffs filed a Motion to Deem Admissions Admitted. [Dkt. No. 63.] Defendants filed a Response and an Affidavit in support of the Response on May 15, 2013. [Dkt. No. 68; Dkt. No. 69.] Plaintiffs failed to reply to the Defendants' response.

Plaintiffs allege that they served requests for admissions on March 6, 2013. [Dkt. No. 63.] Plaintiffs assert that Counsel for Defendants, Gary Caplan, verbally acknowledged that he would accept electronic service of Plaintiffs' discovery requests. [Dkt. No. 63 at 1.]

Defendants contend Plaintiffs did not properly serve the requests for admission, and that the requests for admission were never received. [Dkt. No. 68 at 1.] Defendants' counsel acknowledges his agreement to accept service of notices of depositions via email after the February 27, 2013 status conference, but maintains that he did not agree to accept electronic service of the requests for admission. [Dkt. No. 68 at 1-2; Dkt. No. 69.] Defendant alleges the parties have not entered into any general stipulation agreeing to email service. [Dkt. No. 68 at 2; Dkt. No. 69.]

The requests for admission submitted with Plaintiff's motion did not contain a signature or a certificate of service. [Dkt. No. 63-1.] Also, Plaintiffs' counsel did not provide the email allegedly sent to Defendants' counsel serving the requests for admission. [*See* Dkt. Nos. 63, 63-1.] Defendants claim they have not yet been served with any requests for admission. [Dkt. No. 68 at 2; Dkt. No. 69.]

## II.     Legal Standard

Rule 36 of the Federal Rules of Civil Procedure allows a party to serve a written request to admit upon another party. Fed. R. Civ. P. 36. Rule 36(a) provides that a party must answer or object to each matter for which an admission is requested within thirty

(30) days of its being served or the matter is deemed admitted. Fed. R. Civ. P. 36(a)(3). Matters admitted under this rule are conclusively established unless the court on motion permits withdrawal or amendment of the admission. Fed. R. Civ. P. 36(b).

Rule 5 of the Federal Rules of Civil Procedure provides that a discovery paper required to be served on a party, must be served on every party, unless the rules provide otherwise. Fed. R. Civ. P. 5(a)(1)(C). Rule 5 also provides that "if a party is represented by an attorney, service must be made on the attorney." Fed. R. Civ. P. 5(b)(1). Under Rule 5, one method of effecting proper service of a discovery paper required to be served on a party is "sending it by electronic means **if the person consented to it in writing**—in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served." Fed. R. Civ. P. 5(b)(2)(E). (emphasis added).

Rule 26(g) of the Federal Rules of Civil Procedure requires every discovery request, response, or objection to be signed by at least one attorney of record in the attorney's own name—and must state the signer's address, email address, and telephone number. Fed. R. Civ. P. 26(g)(1). Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention. Fed. R. Civ. P. 26(g)(2).

### III.     Discussion

Requests for Admission are considered a discovery paper required to be served on a party under Federal Rule of Civil Procedure 5(a)(1)(C). For service to be effectuated, "service must be made on the attorney." Fed. R. Civ. P. 5(b)(1).  The Request for Admission

was not properly served for two reasons. First, the Defendants did not consent to electronic service in writing. Plaintiffs have not produced any writing showing that Defendants agreed to electronic service. Plaintiffs, by their own admission, contend Counsel for Defendants, Gary Caplan, **verbally** acknowledged to counsel for Plaintiffs that he would accept electronic service of Plaintiffs' discovery requests. [Dkt. No. 63 at 1.] Although the parties dispute what was agreed upon, both sides acknowledge that any agreement made was done verbally and not in writing as required by the Rule.

Second, Plaintiffs have not shown that service was completed. Plaintiffs did not produce the original email or some other documentation showing proof of service. The Request for Admission lacked a signature and certificate of service. This is a basic and fundamental requirement when serving discovery requests. Rule 26(g) requires every discovery request, response, or objection to be signed by at least one attorney of record in the attorney's name.  Fed. R. Civ. P. 26(g)(1). Plaintiffs failed to sign the request for admission, thus Defendants had no duty to act on the unsigned request even it had been served. Fed. R. Civ. P. 26(g)(2).

Because Plaintiffs fail to provide documentation that Defendants agreed to electronic service and have not provided proof of the electronic service, service of the request for admission was not effectuated under Rule 5. Furthermore, because the only evidence presented by Plaintiffs is of an unsigned discovery request, that unsigned request was a nullity and Defendants need not have responded even if the request had been properly served.

## IV.     Conclusion

For the above mentioned reasons, Plaintiff's Motion to Deem Admissions Admitted is hereby **DENIED.**

Dated: 6/4/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel