UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX, LUCINDA COX, and STEPHANIE SNYDER, Individually and on behalf of others similarly situated, ) ) ) ) Plaintiffs, ) ) vs. ) ) ) SHERMAN CAPITAL LLC; MEETING ) STREET PARTNERS II INC.; SHERMAN ) FINANCIAL GROUP LLC; SHERMAN ) CAPITAL MARKETS LLC; LVNV ) FUNDING LLC; RESURGENT CAPITAL ) SERVICES LP; SHERMAN ORIGINATOR ) LLC; SHERMAN ORIGINATOR III, LLC; ) SHERMAN ACQUISITION, LLC; ) BENJAMIN W. NAVARRO; LESLIE G. ) GUTIERREZ; SCOTT E. SILVER; KEVIN P. ) BRANIGAN; ROBERT A. RODERICK; ) KENNET KENDALL; and JOHN DOES 1-50, ) ) Defendants. ) ) | Civil Action No. 1:12-cv-01654-TWP-MJD CLASS ACTION JURY TRIAL REMANDED |

**ORDER ON MOTION TO COMPEL DEPOSITION ANSWERS**

This matter comes before the Court on Andrew Cox, Lucinda Cox, and Stephanie Snyder's ("Plaintiffs") Motion, on behalf of themselves and the Class, to Compel Deposition Answers, filed on May 31, 2013.  [Dkt. 77.]  For the following reasons, the Court hereby **GRANTS** Plaintiffs' motion.

**I.  Background**

This is a class action suit that alleges fraud, unjust enrichment, racketeering, and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.  [Dkt. 77 at 1.]  Plaintiffs

filed their Complaint on November 9, 2012. [Dkt. 1]. In response, Defendants Sherman Capital LLC et al. ("Defendants") filed a Motion to Dismiss alleging, in part, that Plaintiffs lack personal jurisdiction over all Defendants, other than LVNV Funding LLC ("LVNV"). [*Id.* at 1-2.] Upon initial difficulty in conducting discovery, and after subsequent related motions, this Court Granted a prior Motion to Compel, limiting discovery to the issue of personal jurisdiction. [Dkt. 55 at 3.] Plaintiffs argue that Defendants' continued refusal to allow individuals to answer questions relating to ownership interests in and involvement with LVNV does not comply with said Order, and move, again, to compel responses from the Defendants.

## II. Discussion

Rule 37 permits a motion to compel a required disclosure upon "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a). A required disclosure, as defined by Rule 26, includes information that a party "may use to support its claims," and "[f]or good cause, the court may order discovery of any matter *relevant*" to the issues of the case. Fed. R. Civ. P. 26 (a)(1)(A), (b)(1) (emphasis added). This Court has "broad discretion in discovery matters, [including a] motion to compel discovery." *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001) (citing *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1056 (7th Cir. 2000)).

Defendants argue that the questions posed violate the Court's Order to limit discovery to the issue of personal jurisdiction. [Dkt. 55 at 3.] Specifically, Defendants believe that any questions pertaining to Defendants' ownership interest in and involvement with LVNV are intended to uncover facts that would support Plaintiffs' racketeering and securities fraud claims, not facts that would establish personal jurisdiction. [Dkt. 83 at 1-2.] Plaintiffs assert that it is possible to establish personal jurisdiction over out-of-state individuals, such as the deposed individuals, when such an individual has substantial control over the corporation, when the in-

state entity the individual is involved with is a shell corporation, and when the individual has actively solicited consumers in the forum state.  [Dkt. 78 at 5.]

This Court finds Defendants' ownership interest in and involvement with LVNV and the other corporate defendants relevant to the establishment of personal jurisdiction.  While courts presume that companies are separate entities, clear evidence can overcome this presumption when: (1) "an agency relationship can be perceived," (2) one company asserts greater-than-normal control over the other, and (3) where one company is "merely an empty shell."  *Wesleyan Pension Fund, Inc. v. First Albany Corp.*, 964 F. Supp. 1255, 1261-62 (S.D. Ind. 1997) (citing, among others, *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 336 (1925) (presumption of separate entities); *Donatelli v. National Hockey League*, 893 F.2d 459, 465-66 (1st Cir.1990) (clear and convincing evidence of an agency relationship or greater than normal control can overcome the presumption); *Wells Fargo & Co. v. Wells Fargo Express Co*., 556 F.2d 406, 420 (9th Cir.1977) (evidence of an agency relationship or a shell company can overcome the presumption)).  This indicates that Defendant companies other than LVNV could theoretically be subject to personal jurisdiction in this Court.

Additionally, when a court has personal jurisdiction over an entity, it also has personal jurisdiction over individuals who (1) have a combined controlling ownership of the company and (2) simultaneously run the company, such as officers or directors.  *Id.* at 1262 (citing *Dakota Indus., Inc. v. Ever Best Ltd.*, 28 F.3d 910, 915 (8th Cir.1994) (two shareholders, each with one-third ownership, who also ran the company were subject to personal jurisdiction); *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 522-23 (9th Cir.1989) (two shareholders, each with one-half ownership, who also served as the company's sole officers and directors were subject to personal jurisdiction)).  Because it is possible to establish personal jurisdiction over the Defendants in this

manner, answers to the line of questioning at hand could indeed lead to "[r]elevant information." Fed. R. Civ. P. 26(b)(1).

Defendants also argue that Plaintiffs have not made the *prima facie* showing necessary to demonstrate that an alter-ego theory of veil-piercing discovery is appropriate. [Dkt. 83 at 1.] This argument would be valid in a reply brief to Plaintiffs' response to Defendants' Motion to Dismiss, but it is currently premature. Plaintiffs move to compel answers from Defendants so that they may **gather** the very evidence that would help them make such a *prima facie* showing in their response to Defendants' Motion to Dismiss, which they have not filed yet because of Defendants' refusal to answer these questions. Without the answers to these questions regarding Defendants' ownership interest in and involvement with LVNV, Plaintiffs argue, it is impossible to adequately respond to Defendants' Motion to Dismiss, and the Court agrees. A defendant, while withholding the chicken, cannot demand a plaintiff to produce its egg.

Therefore, the Court invokes its broad discretion and **GRANTS** Plaintiffs' Motion to Compel Deposition Answers [Dkt. 77], lifting all prior limitations as to the scope of this discovery, save those imposed by the Federal Rules of Civil Procedure. This order specifically vacates the portion of the Court's prior order limiting the scope of discovery to personal jurisdiction. [Dkt. 55 at 3.] The lifting of that limitation is necessary to prevent any further improper avoidance by Defendants of this necessary discovery and is without prejudice to Plaintiffs' ability to conduct more complete depositions of the relevant individuals at a later date.

Additionally, in light of the granting of Plaintiff's motion, Rule 37(a)(5) provides in relevant part that "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including

attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Accordingly, Plaintiff may, within forty days of the date of this order, file a request for the award of any such expenses. Defendants and their counsel may respond within fourteen days thereafter and Plaintiffs may file a reply within seven days of any response.

### III. Conclusion

For the aforementioned reasons, the Court hereby **GRANTS** Plaintiffs' Motion to Compel Deposition Answers from Defendants Kennet Kendall, Robert Broderick, Kevin Branigan, Scott Silver, Leslie Gutierrez, and Benjamin Navarro. [Dkt. 77.]

Date: 06/13/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:
All Electronically Registered Counsel