UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LUCINDA COX, <br> ANDREW COX, <br> STEPHANIE SNYDER, <br>         Plaintiffs, <br>     vs. <br> SHERMAN CAPITAL LLC, <br> MEETING STREET PARTNERS II INC., <br> SHERMAN FINANCIAL GROUP LLC, <br> SHERMAN CAPITAL MARKETS LLC, <br> LVNV FUNDING LLC, <br> RESURGENT CAPITAL SERVICES LP, <br> SHERMAN ORIGINATOR III LLC, <br> SHERMAN ACQUISITION LLC, <br> BENJAMIN W. NAVARRO, <br> LESLIE G. GUTIERREZ, <br> SCOTT E. SILVER, <br> KEVIN P. BRANIGAN, <br> ROBERT A. RODERICK, <br> KENNETT KENDALL, <br> JOHN DOES 1-50, <br> SHERMAN ORIGINATOR LLC, <br>         Defendants. | NO. 1:12-cv-01654-TWP-MJD |

**ORDER REGARDING AGREED MOTION FOR LEAVE TO
FILE UNDER SEAL [DKT. 92]**

This matter comes before the Court on Defendants' agreed motion for leave to file under seal, seeking leave for the parties "to file under seal the portions of their briefs related to Defendants' motion to dismiss for lack of personal jurisdiction, along with any exhibits that contain information designated as confidential during the depositions of the individual defendants." [Dkt. 92.] Defendants' motion will be **GRANTED IN PART** as follows:

1. Plaintiffs may file their brief in response to Defendants' motion to dismiss for lack of personal jurisdiction, as well as any documents or information designated as Confidential by Defendants, under seal.

2. Within seven days of the date of the filing of Plaintiffs' response to Defendants' motion to dismiss for lack of personal jurisdiction, Defendants shall file a motion pursuant to Fed. R. Civ. P. 26(c) to seal any specific portions of Plaintiffs' response brief and/or any exhibits submitted by Plaintiffs with their response that Defendants believe should be maintained by the Court under seal. Such motion shall cite to and comply with the relevant Rules and case law governing such motions. Contemporaneous with that motion to seal, Defendants shall file a motion to unseal any portions of Plaintiffs' submission that Defendants do not believe should be maintained under seal, along with copies of Plaintiffs' brief and any exhibits subject to Defendants' motion to seal, from which only the information Defendants seek to maintain under seal should be redacted, which redacted copies shall not be filed under seal.

3. Defendants may file their reply brief in support of Defendants' motion to dismiss for lack of personal jurisdiction, as well as any documents or information designated as Confidential by Defendants, under seal. However, Defendants shall accompany such filing with a separate motion pursuant to Fed. R. Civ. P. 26(c) to seal any specific portions of

Defendants' reply brief and/or any exhibits submitted by Defendants with their reply that Defendants believe should be maintained by the Court under seal. Such motion shall cite to and comply with the relevant Rules and case law governing such motions. Contemporaneous with that motion to seal, Defendants shall file copies of Defendants' reply brief (if filed under seal) and any exhibits subject to Defendants' motion to seal, from which only the information Defendants seek to maintain under seal should be redacted, which redacted copies shall not be filed under seal.

4. Failure by Defendants to timely file the motions to seal required by this order shall result in the unsealing of the related documents.

Dated:

Distribution:
All Electronically Registered Counsel