**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

ANDREW COX, LUCINDA COX,  )
and STEPHANIE SNYDER,          )
individually and on behalf of     )
others similarly situated,        )
                                             )
                    Plaintiffs,     )
                                             )
          v.                             )          Civil Action No. 1:12-cv-1654-TWP-MJD
                                             )          CLASS ACTION
                                             )
SHERMAN CAPITAL LLC, et al.   )
                                             )
                    Defendants.   )

**DEFENDANTS' OBJECTIONS TO THE JULY 18, 2013 REPORT AND**
**RECOMMENDATION REGARDING CLASS CERTIFICATION**

**I.        Introduction.**

Plaintiffs' class certification motion in this case consists of a single sentence.  Plaintiff filed

no opening memorandum or reply brief in support of its motion.  Nor did Plaintiff attempt to take

any discovery on the class certification issue despite having over six months to do so.  Instead,

Plaintiffs felt content to rely on the conclusory allegations of their Complaint, which parroted the

language of Federal Rule of Civil Procedure 23 and alleged, "on information and belief," that

Defendants had violated the federal RICO and FDCPA statutes and were unjustly enriched in

attempting to collect debts from Plaintiffs and other debtors.  Despite this total lack of factual

support for Plaintiffs' class certification motion, the Magistrate Judge issued a Report and

Recommendation on July 18, 2013, recommending that this Court *grant* Plaintiffs' motion and

certify three subclasses against Defendants.  (Dkt. 131, Report & Recommendation ("R&R") at 20.)

The precedential implications of certifying a class under these circumstances would flip a plaintiff's

clear burden of proof under Rule 23 on its head: any plaintiff could purposely choose not to file any

briefs in support of class certification, refrain from taking any class-related discovery, rely instead

only on "information and belief" allegations in his or her own complaint, and in doing so impermissibly shift the burden of proof under Rule 23 to the defendant.   Seventh Circuit law does not allow such tactics.

The R&R is contrary to law and should not be adopted for the following reasons.  *First*, the Magistrate Judge applied the wrong legal standard for deciding the class certification motion.  The Magistrate Judge applied a Rule 12(b)(6) standard to Plaintiffs' class allegations, shifting the burden of proof *to Defendants* to show that no class could be certified under Rule 23.  For this legal standard, the R&R improperly relies on cases where the defendant moved to dismiss the class allegations on the face of the Complaint before the plaintiff had any opportunity to conduct class discovery.   But those cases are inapposite; Plaintiffs deliberately chose to forgo taking class discovery and pressed on with their own motion for class certification on which they bear the ultimate burden.

*Second*, the Magistrate Judge conditionally certified the class, subject to possible decertification after the parties conduct discovery on the issues relating to class certification.  But the drafters of Rule 23 *abandoned* any such "conditional" certification in the 2003 amendments to that rule.  Rule 23 now requires the Court to conduct a rigorous analysis of whether each of the class certification requirements have been met.  No class can be "conditionally" certified without first meeting those requirements.  Again, the Magistrate Judge did not fault Plaintiffs for failing to take class discovery when they had ample opportunity to do so.

*Third*, the Magistrate Judge also felt compelled to rule on the motion for class certification before this Court ruled on Defendants' pending Rule 12(b)(6) and 12(b)(2) motion.  But the drafters of Rule 23 and the Seventh Circuit have made clear that a dispositive motion can be resolved *before* a class certification ruling, particularly where, as here, the Complaint is so poorly drafted that it is not even clear what claims Plaintiffs have asked this Court to certify.

*Fourth*, the Magistrate Judge ignored the fact that none of the three named Plaintiffs are members of the putative subclasses that they purport to represent.  For instance, the Magistrate Judge failed to give any weight to the affidavit Defendants submitted in opposition to Plaintiffs' class certification motion, which conclusively demonstrated that Defendant LVNV owned the debts of each of the named Plaintiffs.  As a result, Plaintiffs are not members of their own FDCPA subclass, which is premised in large part on Defendants *not* owning their debts.  Likewise, Plaintiffs define their RICO and Restitution Subclasses as including those debtors who "paid money to Defendants" in reliance on Defendants' alleged misrepresentation.  But it is undisputed that two of the Plaintiffs (Andrew and Lucinda Cox) made no payments to Defendants, and that the third Plaintiff (Stephanie Snyder) also did not pay Defendants as a result of anything they told her, but rather had her wages *involuntarily* garnished after a default judgment.  Thus, the named Plaintiffs are neither typical nor adequate class representatives.

*Fifth*, the Magistrate Judge determined that common issues predominate over individual issues despite acknowledging that individual issues of reliance and causation did exist for the RICO and Restitution Subclasses.  Numerous federal courts, including the Seventh Circuit, have denied class certification due to such individual reliance and misrepresenation issues.  Moreover, the Magistrate Judge improperly relied on Plaintiffs' "information and belief" allegations as the sole basis for determining that Defendants made uniform misrepresentations that were capable of being certified on a classwide basis.

*Sixth*, the Magistrate Judge erred in deciding that the numerosity requirement under Rule 23(a)(1) had been met for any of Plaintiffs' proposed subclasses.  Again, he placed improper weight on the conclusory allegations of Plaintiffs' Complaint, made on "information and belief," that "thousands" of phone calls were made (absent an allegation of a uniform script), collection letters had been sent (without an allegation that the letters were uniform) and "virtually identical" lawsuits

had been filed (without attaching or citing to a single one), rather than testing the factual basis for such claims, as the Seventh Circuit requires.

*Seventh*, the Magistrate Judge erred in deciding that Plaintiffs' counsel were adequate class counsel under Rule 23(a)(4).   The Magistrate Judge ignored the complete lack of evidence regarding Plaintiffs' counsel's qualifications to handle a class action lawsuit or even a complex case involving RICO and FDCPA violations.  Instead, the Magistrate Judge pointed to two motions to compel that he had granted to Plaintiffs on the issue of personal jurisdiction as providing a basis for their representing the putative subclasses.  In doing so, he ignored Plaintiff's counsel's failure to file opening or reply memoranda in support of their class certification motion and their failure to conduct any class discovery to support their motion.

For all of these reasons, as more fully discussed below, Defendants request that the Court reject the R&R and deny Plaintiffs' conclusory and unsupported motion for class certification.

## II.    Procedural Background.

On November 9, 2012, Plaintiffs Andrew Cox, Lucinda Cox and Stephanie Snyder ("Plaintiffs") filed a putative class action complaint against multiple corporate and individual defendants alleging violations of the Fair Debt Collection Practices Act (FDCPA) and the federal RICO law, as well as state law causes of action for common law fraud, restitution and unjust enrichment.   As explained in Defendants' Rule 12(b)(6) motion and memoranda, Plaintiffs' Complaint is a jumble that fails to state a claim against any of the Defendants.  But as best as Defendants can tell, Plaintiffs appear to allege two claims:   (1) Defendants "fraudulently manipulate[d] consumers into paying money on an alleged obligation owed Defendants when the consumers did not actually owe Defendants the money" (Dkt. 1, Compl. ¶ 2 & Count III); and (2) Defendants engaged in collection activities against Indiana residents without being licensed in the State of Indiana.  (Compl. at Counts I-II.)

On January 22, 2013, Defendants filed a consolidated motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and Rule 12(b)(2) for lack of personal jurisdiction over all Defendants except LVNV Funding LLC.  (Dkt. 21, 22.)  After taking limited discovery on the personal jurisdiction issue, Plaintiffs filed their memorandum in opposition to the motion to dismiss on July 15, 2013.  (Dkt. 130.)  On July 29, 2013, Defendants filed their reply brief in support of the motion to dismiss.  (Dkt. 132-1.)  The motion to dismiss therefore is fully briefed and is pending decision by this Court.

On November 9, 2012, the same day Plaintiffs filed their Complaint, they also filed a one-sentence motion for class certification, which stated in its entirety: "NOW COMES, Plaintiffs Andrew Cox, Lucinda Cox and Stephanie Snyder, individually and on behalf of all other [sic] similarly situated, by and through undersigned Counsel, and moves this Honorable Court to certify this action as a class action pursuant to Fed. R. Civ. P. Rule 23."  (Dkt. 5.)

In the Complaint itself, paragraphs 65 through 73 contain a series of boilerplate class action allegations that merely mimic the language of Federal Rule of Civil Procedure 23.   (Dkt. 1, Complaint at ¶¶ 65-73); *see In re Pradaxa (Dabigatran Etexilate) Prods. Liability Litig.*, MDL No. 2385, 2013 WL 3791509, at *4 (S.D. Ill. July 18, 2013) (noting that class allegations that "amount to nothing more than a mere recital of the elements in Rule 23" do not meet the *Iqbal/Twombly* pleading standard).  Paragraph 65 defines three putative subclasses that Plaintiffs seek to certify:  (i) an FDCPA Subclass; (ii) Restitution Subclass; and (iii) RICO Subclass.  (*Id.* at ¶ 65.)  Paragraph 66 alleges, "on information and belief," that "based upon Defendants' thousands of phone calls and dunning letters and hundreds of filings of virtually identical lawsuits that the class is so numerous that joinder of all members of the class is impractical."  (*Id.* at ¶ 66.)  Paragraph 67 simply mimics the language of Rules 23(a)(2) and 23(b)(3):  "There are questions of law or fact common to the classes, which common issues predominate over any issues involving only individual class

members." (*Id.* at ¶ 67); Fed. R. Civ. P. 23(a)(2), 23(b)(3). The next three paragraphs allege what those "common issues" purportedly are. (*Id.* at ¶¶ 68-70.) Paragraph 71 then asserts in conclusory fashion that, "Plaintiffs' claims are typical of those of the class members. All are based on the same facts and legal theories." (*Id.* at ¶ 71); Fed. R. Civ. P. 23(a)(3). Similarly, Paragraph 72 summarily alleges, "Plaintiffs will fairly and adequately protect the interests of the classes," counsel are experienced with class actions, and "[n]either Plaintiffs nor Counsel have any interest which might cause them not to vigorously pursue this action." (*Id.* at ¶ 72); Fed. R. Civ. P. 23(a)(4). Lastly, Paragraph 73 alleges that Rule 23(b)(3) has been satisfied because, as the language of that rule states, "questions of law or fact common to the members of the class predominate over any questions affecting an individual members" and a class action is "superior to other available methods for the fair and efficient adjudication of the controversy." (*Id.* at ¶ 73); Fed. R. Civ. P. 23(b)(3).

On December 18, 2012, Magistrate Judge Dinsmore held a status conference in part to discuss the Plaintiffs' pending motion for class certification. (Dkt. 18.) The parties agreed to delay the briefing schedule on that motion and to set the briefing schedule as part of the case management plan. (*Id.* at 1.) On January 28, 2013, the Magistrate Judge held an Initial Pretrial Conference, which resulted in the adoption of Defendants' Case Management Plan. (Dkt. 26, 27.) Plaintiffs deliberately decided to forgo the opportunity to file a memorandum in support of their one-sentence motion for class certification. (*See* Dkt. 27 at 4.) Instead, the Magistrate Judge adopted a briefing schedule of May 15, 2013 for Defendants' opposition brief and May 30, 2013 for Plaintiffs' reply. (Dkt. 27 at 4, 8.) Defendants timely filed their opposition to class certification on May 15, 2013, along with a supporting affidavit establishing that Defendant LVNV Funding acquired all of the named Plaintiffs' accounts before LVNV communicated with them about their respective debts.

(Dkt. 70, 71.)  However, Plaintiffs did not file any reply brief in support of their class certification motion.

Nor did Plaintiffs take any discovery on class certification issues.  The only discovery Plaintiffs took in this matter related to depositions of six individual Defendants in response to the Rule 12(b)(2) portion of Defendants' motion to dismiss.  While the Magistrate Judge granted two motions to compel regarding these six depositions, he limited those depositions to personal jurisdiction issues only.  (*See* Orders dated April 30, 2013, June 13, 2013 and June 18, 2013, Dkt. 55, 88, 91.)  Importantly, at no time in this case did Plaintiffs ever ask for any discovery in support of their class certification motion.  Instead, Plaintiffs felt content to rely solely on the allegations in their Complaint.

Despite Plaintiffs' class certification motion consisting of only a single sentence, with no supporting memoranda and no attempt to take any discovery on the class certification issue, and despite the conclusory nature of the class action allegations in Plaintiff's Complaint, the Magistrate Judge issued a Report and Recommendation on July 18, 2013, recommending that this Court *grant* Plaintiffs' motion for class certification.  (Dkt. 131, Report & Recommendation ("R&R") at 20.) As explained below, the Magistrate Judge's R&R is contrary to law and should not be adopted. Rather, this Court should deny Plaintiffs' motion for class certification.

**III.    Legal Standard for Reviewing a Magistrate Judge's Class Certification Recommendation.**

Federal Rule of Civil Procedure 72(a) provides that, for nondispositive matters, this Court should set aside any portion of the Magistrate Judge's order that is "clearly erroneous" or "contrary to law."  *See also* 28 U.S.C. § 636(b)(1)(A).  Other courts in the Seventh Circuit, however, have held that a district court applies *de novo* review to a magistrate judge's class certification ruling. *See*, *e.g.*, *Ervin v. OS Restaurant Servs., Inc.*, No. 08 C 1091, 2009 WL 1904544, at *1 (N.D. Ill. July 1, 2009) ("The Court reviews *de novo* the portions of a magistrate judge's ruling on a motion

for class certification to which a party objects."), *rev'd on other grounds*, 632 F.3d 971 (7th Cir. 2011); *Harper-Wyman Co. v. Conn. Gen. Life Ins. Co.*, No. 86 C 9595, 1991 WL 18467, at *1 (N.D. Ill. Feb. 8, 1991) (citing other cases).

Even if the Rule 72(a) standard does apply to a class certification ruling, the "clearly erroneous" standard applies only to findings of *fact*, and the Magistrate Judge here made no such findings, relying instead on the conclusory allegations in Plaintiffs' Complaint.[1]  *See Jernryd v. Nilsson*, 117 F.R.D. 416, 417 (N.D. Ill. 1987) ("Because Magistrate Weisberg's order is based upon legal conclusions and not on his findings of fact, the clearly erroneous standard does not apply and the scope of our review on this motion is plenary.").  That leaves the "contrary to law" standard, which, according to the Seventh Circuit, allows the district court to conduct a "full review" of the magistrate judge's order.  *See Henry v. Centeno*, No. 10 C 6364, 2011 WL 3796749, at *2 (N.D. Ill. Aug. 23, 2011) (citing *United States v. Frans*, 697 F.2d 188, 193 n.10 (7th Cir. 1983)).  For the following reasons, the Magistrate Judge's recommendation is contrary to law because he misapplied Federal Rule of Civil Procedure 23 and controlling Seventh Circuit law by certifying the subclasses in this case based solely on the allegations in the Complaint.

**IV.    The Magistrate Judge's Recommendation is Contrary to Law Because It Misapplied Federal Rule of Civil Procedure 23.**

> **A.    The Magistrate Judge Should Not Have Decided the Class Certification Motion Ahead of this Court's Ruling on Defendants' Motion to Dismiss.**

Despite the fact that Defendants had filed a Rule 12(b)(6) motion to dismiss on January 22, 2013, which was almost fully briefed and ripe for decision, the Magistrate Judge determined that Rule 23(c)(1)(A) required him to "'determine whether to grant or deny certification *prior* to ruling on the merits.'"  R&R at 4 (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 630 (7th Cir. 2001)

---

[1] The Magistrate may have made factual determinations in deciding whether plaintiff's counsel was adequate to represent the class, in which case the clearly erroneous standard may apply only that issue.  See *infra* Section VIII at pp. 26-28.

(original emphasis)).   But *Chavez*, the Seventh Circuit case the Magistrate Judge relied upon, was decided *before* Rule 23(c)(1)(A) was amended in 2003 to change the phrase "as soon as practicable" to read "at an early practicable time."   The 2003 Advisory Committee notes explained that the previous phrase ("as soon as practicable") "neither reflect[ed] prevailing practice nor capture[d] the many valid reasons that may justify deferring the initial certification decision."   *See* Fed. R. Civ. P. 23(c)(1)(A), Advisory Committee Notes (2003 Amendments).   Among these "valid reasons" for deferring a class certification ruling was that "[t]he party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified."   *Id.*   Other federal district courts in Indiana specifically have distinguished the Seventh Circuit's *Chavez* decision on the basis that it predated the 2003 Amendment to Rule 23(c)(1)(A) and did not have the benefit of the Advisory Committee Notes.   *See Brittingham v. Cerasimo, Inc.*, No. 2:08-CV-216-TLS-PRC, 2008 WL 5156645, at *1-2 (N.D. Ind. Dec. 8, 2008); *Talley v. NCO Fin. Sys., Inc.*, No. 2:06-CV-48-PPS-PRC, 2006 WL 2927596, at *1-2 (N.D. Ind. Oct. 12, 2006); *Stavroff v. Midland Credit Mgmt. Inc.*, No. 3:05-CV-127 AS, 2005 WL 6329149, at *1 (N.D. Ind. June 8, 2005).

Just as importantly, the Seventh Circuit today does not take a hardline stance on requiring that a class certification motion be decided before a Rule 12(b)(6) motion.   Late last year, the Seventh Circuit noted that, "there is no fixed requirement that the court must *always* defer a decision on a Rule 12(b)(6) motion until after the court addresses class certification. . . . [A]lthough a Rule 12(b)(6) dismissal operates as a final decision on the merits if leave to replead is not granted, it is sometimes appropriate to decide a Rule 12(b)(6) motion ahead of class certification."   *McReynolds v. Merrill Lynch & Co.,* 694 F.3d 873, 879 n.4 (7th Cir. 2012) (original emphasis) (noting that even the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), affirmed the dismissal of antitrust claims prior to a ruling on class certification); *see also*

*Hecker v. Deere & Co.*, 556 F.3d 575, 578 (7th Cir. 2009) (affirming the district court's Rule 12(b)(6) motion to dismiss without resolving the plaintiff's class certification motion). Indeed, even the Seventh Circuit in *Chavez* acknowledged that in certain situations, "it might be proper for a judge to consider a motion for summary judgment prior to considering a motion for class certification." 251 F.3d at 630.

Given the many obvious deficiencies in Plaintiffs' Complaint – which are apparent from a brief review of Defendants' opening and reply memoranda in support of their Rule 12(b)(6) motion – it makes little sense to decide Plaintiffs' one-sentence class certification motion without first resolving whether they even can state a claim. Indeed, if Plaintiffs fail to state a claim themselves, then they cannot possibly serve as adequate representatives for any putative class. *See Muro v. Target Corp.*, 580 F.3d 485, 494 (7th Cir. 2009) ("'It is, of course, axiomatic that the named representative of a class must be a member of that class.'") (quoting *Foster v. Ctr. Twp. Of LaPorte County*, 798 F.2d 237, 244 (7th Cir. 1986)); *see also Porter v. Bellar*, No. 07-2036, 2007 WL 2680971, at *2 (C.D. Ill. Aug. 1, 2007) (plaintiff who failed to state a claim was not an appropriate class representative). In short, the Magistrate Judge erred by deciding the class certification motion before this Court had an opportunity to decide the pending Rule 12(b)(6) motion, which may obviate the need to reach the class certification issue at all. Defendants urge this Court to decide the pending Rule 12(b)(6) and 12(b)(2) motion before reaching the class certification issue.

**B.    The Magistrate Judge Applied the Wrong Legal Standard in Deciding Plaintiff's Single-Sentence Class Certification Motion.**

In the "Standard of Review" section of the Report and Recommendation, the Magistrate Judge correctly emphasized that the "burden of proof is on the named plaintiffs to show that a proposed class meets the Rule 23 requirements." R&R at 4 (citing *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012)). He also reiterated the controlling Seventh Circuit law that class certification requires a "rigorous investigation" into the propriety of

proceeding as a class.  *Id.* (citing *Livingston v. Associates Fin., Inc.*, 339 F.3d 553, 558 (7th Cir. 2003)).   And, he properly pointed out that the court "'must receive evidence and resolve the disputes before deciding whether to certify the class'" and that "any evidence that had been submitted to the court should be taken into consideration."  *Id.* at 3-4 (quoting *Messner*, 669 F.3d at 811 (quoting *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676 (7th Cir. 2001)), and *In re FedEx Ground Pkg. Sys., Inc. Employment Practices Litig.*, 273 F.R.D. 424, 436 (N.D. Ind. 2008)).

But despite citing this controlling Seventh Circuit law, which should have resulted in the summary denial of Plaintiffs' one-sentence class certification motion, the Magistrate Judge made a critical procedural error when he added one last paragraph to his legal standard section stating: "Where there has been no discovery on the issue of class certification, the district court may rule on the appropriateness of class certification by construing all reasonable inferences in favor of the named plaintiffs."  R&R at 4.   Unlike here, where Plaintiffs have affirmatively moved for class certification, the three cases the Magistrate Judge cited for this proposition all involved the *defendant's* attempt to strike class allegations on the face of the complaint *before* the plaintiff moved for class certification.  *See Boyce v. Wachovia Sec., LLC*, 5:09-CV-263-FL, 2010 WL 1253744, at *1 (E.D.N.C. Feb. 17, 2010) (deciding "defendants' motion to deny class certification"); *Sjoblom v. Charter Commc'ns, LLC*, 3:07-cv-0451-bbc, 2007 WL 4560541, at *1 (W.D. Wis. Dec. 19, 2007) (addressing "defendants' motion to dismiss all of plaintiff's state law class claims under Fed. R. Civ. P. 12(b)(6), strike them under Fed. R. Civ. P. 12(f) or eliminate them pursuant to Fed. R. Civ. P. 23(d)(4)"); *Blihovde v. St. Croix Cnty., Wis.*, 219 F.R.D. 607, 612 (W.D. Wis. 2003) (addressing defendants' "Motion to Strike Request to Certify Class," which court construed as a motion for "denial of class certification").

In the context of *defendants* moving to strike class allegations on the face of the plaintiff's complaint, prior to discovery and without an evidentiary record, each of these courts determined

that the applicable standard was similar to that for a Rule 12(b)(6) motion to dismiss – that the allegations of the complaint must be assumed to be true, with all reasonable inferences construed in the plaintiff's favor.  *See Boyce*, 2010 WL 1253744, at *7; *Sjoblom*, 2007 WL 4560541, at *6; *Blihovde*, 219 F.R.D. at 613-14.   In those circumstances, the burden essentially shifts to the defendant to show that the plaintiff's complaint contains no possible set of factual allegations that could justify certifying a class.  *See Boyce*, 2010 WL 1253744, at *7 ("To prevail at this early stage, defendants 'have the burden of demonstrating from the face of plaintiffs' complaint that it will be impossible to certify the classes alleged by the plaintiffs regardless of the facts the plaintiffs may be able to prove.'") (quoting *Bryant v. Food Lion, Inc.*, 774 F. Supp. 1484, 1495 (D.S.C. 1991)); *Sjoblom*, 2007 WL 4560541, at *6 (noting that defendants bear the burden in this procedural posture); *but see Blihovde*, 219 F.R.D. at 614 (burden always remains with the party seeking class certification even though the Rule 12(b)(6) standard applies).

But these cases and the procedural standards invoked by the Magistrate Judge are inapposite.   Defendants here did ***not*** move to strike Plaintiffs' allegations on the face of the Complaint.   Rather, the Magistrate Judge ruled on Plaintiffs' own affirmative class certification motion (Dkt. 5), that *Plaintiffs* chose to pursue.   Thus, the burden of proof falls squarely upon Plaintiffs to meet each essential element for class certification under Rule 23.   The Seventh Circuit made clear in *Szabo* and in subsequent cases that it is *not* okay for a district court to simply accept the plaintiffs' allegations as true when deciding a Rule 23 motion.   Rather, the trial court must make the "hard choices" necessarily to resolve any factual issues, even if that means delving into the merits of the case.   *See Szabo*, 249 F.3d at 675-76 ("The proposition that a district judge must accept all of the complaint's allegations when deciding whether to certify a class cannot be found in Rule 23 and has nothing to recommend it. . . . Before deciding whether to allow a case to proceed as a class action, therefore, a judge should make whatever factual and legal inquiries are necessary

under Rule 23."); *West v. Prudential Sec., Inc.*, 282 F.3d 935, 938 (7th Cir. 2002) ("A district judge may not duck hard questions by observing that each side has some support, or that considerations relevant to class certification also may affect the decision on the merits.  Tough questions must be faced and squarely decided, if necessary by holding evidentiary hearings and choosing between competing perspectives."); *In re Ready-Mixed Concrete Antitrust Litig.*, 261 F.R.D. 154, 166 (S.D. Ind. 2009) (noting that in *Szabo*, the Seventh Circuit "chastised the district court for having accepted the allegations of the complaint as true in deciding whether to certify a class"; "[C]onsistent with *Szabo* and *West*, we shall assess evidence and resolve disputes pertaining to class certification even when that means 'mak[ing] a preliminary inquiry into the merits'") (quoting *Szabo*, 249 F.3d at 676).

It appears that the Magistrate Judge relied on the lack of class certification discovery in this case as the basis for applying a Rule 12(b)(6) standard to Plaintiffs' class certification motion.[2] What the Magistrate Judge ignored, however, is that it was **Plaintiff's own choice** not to conduct any such discovery in advance of the class certification ruling.  Plaintiffs filed their class certification motion on November 9, 2012, more than six months before Defendants' opposition was filed on May 15, 2013 (Dkt. 70).  Plaintiffs had ample opportunity to conduct precertification discovery during that time period, yet they decided to press on with a ruling on their certification motion despite the total lack of evidence to support it.  In fact, Plaintiffs could have asked for precertification discovery even *after* they received Defendant's opposition memorandum, but again, Plaintiffs chose to forgo any opportunity for such discovery.  They also did not even bother to file an opening or reply memorandum in support of their class certification motion, relying instead on the one-sentence motion they filed in November 2012 and the conclusory allegations of their

_____

[2] As noted above, the only discovery Plaintiffs took prior to the class certification ruling was to depose six of the individual Defendants in a futile attempt to establish an "alter ego" theory for purposes of establishing personal jurisdiction over them.  But this discovery had nothing to do with the issues in Plaintiffs' class certification motion.

Complaint, some of which were plead "on information and belief."  In short, it is apparent that the Magistrate Judge mistook the lack of discovery in this action as providing a basis to apply a Rule 12(b)(6) legal standard and essentially switch the burden of proof to Defendants for demonstrating the requirements of Rule 23.  The Magistrate Judge applied the wrong legal standard in ruling on the class certification motion.  Accordingly, the Report and Recommendation should be rejected as contrary to law, Fed. R. Civ. P. 72(a); 28 U.S.C. 636(b)(1)(A), and Plaintiffs' motion for class certification should be denied under the controlling Seventh Circuit law interpreting Rule 23.

> **C.    Rule 23 No Longer Allows "Conditional" Certification, Which the Magistrate Judge Ordered Here.**

The Magistrate Judge compounded his procedural error by conditionally certifying a class based solely on inferences he made from the conclusory allegations in Plaintiffs' Complaint rather than requiring Plaintiffs to conduct precertification discovery and present evidence in support of their class certification motion.  For instance, the Magistrate Judge held that, "the presentation of certification discovery is irrelevant at this stage of the proceedings, and certification cannot be denied on that ground."  R&R at 9.  In keeping with this mistaken belief that it is best to certify the class now and worry about the evidence later, the R&R concluded, "if further discovery during the litigation of this matter reveals evidence contrary to any of the reasonable inferences of this decision, Defendants may move to decertify the class pursuant to Rule 23."  R&R at 20.

This belief in conditional certification has no place in the current version of Rule 23.  In 2003, Rule 23(c)(1)(C) specifically was amended to delete the language that class certification "may be conditional."  Fed. R. Civ. P. 23(c)(1)(C).  The Advisory Committee notes to that 2003 amendment state, "The provision that a class certification 'may be conditional' is deleted.  A court that is not satisfied that the requirements of Rule 23 have been met should refuse certification until they have been met."  Indeed, this Court noted this amendment in one of its own decisions:  "The court will not ignore the clear intent of the 2003 amendments to Rule 23 to do away with any

perceived authority of the court to conditionally certify a class." *Jorling v. Anthem, Inc.*, No. 1:09-cv-798-TWP-TAB, 2010 WL 5418878, at *5 (S.D. Ind. Dec. 23, 2010) (citing *Summary of the Report of Judicial Conference Committee on Rules of Practice and Procedure*, Sept. 2002, p.10; and 1 Joseph M. McLaughlin, *McLaughlin on Class Actions* § 3:6 (6th ed. 2010)).  The Report and Recommendation did not heed this admonition when it recommended that this Court should conditionally certify the subclasses based solely on the Plaintiffs' conclusory allegations, with the right to decertify the class later if contrary evidence comes to light in the course of "further discovery."  This is another basis for not adopting the Magistrate Judge's recommendation here.

> **D.**     **Adopting the Report and Recommendation Would Create a Terrible Precedent for Certifying Putative Class Actions in this District.**

The Report and Recommendation recommends that this Court should grant Plaintiffs' motion for class certification based solely on the conclusory allegations of Plaintiffs' Complaint and despite Plaintiffs having filed a one-sentence motion with no opening or reply memorandum and having made no attempt whatsoever to take precertification discovery despite having many months to do so.  This Court also would need to ignore the Magistrate Judge's clear legal error in relying on cases where the defendant moved to strike class allegations on the face of the complaint rather than, as here, the Plaintiffs affirmatively moving for class certification.  And, the Court would need to accept the Magistrate Judge's outdated and incorrect premise that it is okay to conditionally certify a class on the assumption that the Defendants can always move to decertify if contrary evidence comes to light during the course of discovery.  ***If the Court adopts the Report and Recommendation and allows such a class to be certified here, then any plaintiff could purposely choose not to file any briefs in support of class certification, refrain from taking any class-related discovery, and rely instead on the "information and belief" allegations in his or her own complaint to justify class certification.***  That cannot, as a matter of public policy, be what the Seventh Circuit means when it says that plaintiffs have the burden of demonstrating each

requirement of Rule 23, and that district courts must conduct a "rigorous" analysis of the class certification question and look beyond the pleadings to "make whatever factual and legal inquiries are necessary." *Szabo*, 249 F.3d at 675-76; *In re FedEx Ground Package Sys.*, 273 F.R.D. at 436. The Report and Recommendation should be rejected and Plaintiffs' motion for class certification should be denied.

## V.   The Named Plaintiffs Are Not Even Members of the Subclasses They Purport to Represent.

Because the Magistrate Judge erroneously focused only the allegations in Plaintiffs' Complaint rather than the factual material in the record, the Report and Recommendation ignores the fact that Plaintiffs are not even members of the subclasses they purport to represent. *See Guarantee Ins. Agency Co. v. Mid-Continental Realty Corp.*, 57 F.R.D. 555, 563 (N.D. Ill. 1972) ("Before one can represent others in a class action, the named plaintiff must state a valid claim of his own."); *May v. Frisbie*, No. 2:07-cv-286-LJM-WGH,  2009 WL 792084, at *7 (S.D. Ind. Mar. 23, 2009) ("[B]ecause the Estate no longer has a valid claim to pursue . . . it cannot act as class representative in a Rule 23 class action.").

Rule 23(a)(3)'s typicality requirement demands that the class representative suffer the same or similar injury as other class members.  "[T]he premise of the typicality requirement is that the named plaintiff who proves his own claim would also prove the claim of the entire class. . . . Where the premise does not hold true, class treatment is inappropriate." *Clarke v. Ford Motor Co.*, 228 F.R.D. 631, 634 (E.D. Wis. 2005) (internal citations omitted); *see also Spano v. Boeing Co.*, 633 F.3d 574, 591 (7th Cir. 2011) ("[T]he class representative must, at a meaningful level of detail, stand in the same position as the absentee members of the class.").   This requirement is not met here for several reasons.

Plaintiffs are not members of the FDCPA subclass they seek to represent.  The FDCPA subclass is premised, in part, on Plaintiffs' unsupported allegation in Count III that Defendants

violated the FDCPA because LVNV did not own the debt it was collecting.  (*See* Compl., Count III, ¶¶ 101-107.)  But that is simply untrue.  As part of its opposition to Plaintiffs' class certification motion, Defendants submitted a sworn affidavit demonstrating that the debts of all three Plaintiffs – Andrew and Lucinda Cox and Stephanie Snyder – *were owned by LVNV* at the time Defendants communicated with them.  (*See* Dkt. 71, Affidavit of Meghan Emmerich at ¶¶ 2-4.)  Plaintiffs never disputed the facts in this affidavit (indeed, they never filed a reply brief at all).  Thus, the Magistrate Judge was obligated to accept these undisputed facts when ruling on Plaintiffs' class certification motion.  *See* R&R at 3-4 (the court "'must receive evidence and resolve the disputes before deciding whether to certify the class'" and "any evidence that had been submitted to the court should be taken into consideration" (quoting *Messner*, 669 F.3d at 811 (quoting *Szabo*, 249 F.3d at 676)), and *In re FedEx Ground Pkg. Sys.*, 273 F.R.D. at 436).)  By relying solely on the allegations of Plaintiffs' Complaint – and ignoring the undisputed evidence in the record – the Magistrate Judge erred as a matter of law in certifying the FDCPA subclass.

Likewise, Plaintiffs' RICO and Restitution subclasses both are defined to include all Indiana citizens "*who paid money to Defendants*." (Dkt. 1, Compl. ¶ 65 (emphasis added).)  But Plaintiffs have not even alleged—much less carried their burden of proving—that either Andrew or Lucinda Cox paid any money to Defendants.  Plaintiffs neither allege nor submit a single check stub, credit card receipt, or any documentation evidencing that either of them ever made a payment to Defendants in connection with the debt at issue.  These Plaintiffs cannot represent a class that is defined as members who paid money to Defendants when the Plaintiffs do not even allege they have done so themselves.

While the Complaint does allege that Plaintiff Snyder's wages were garnished, she cannot represent the RICO or Restitution subclass because she does not stand in the same position as those class members who may have *willingly* paid their debt as a result of relying on the alleged

misrepresentations.  As explained in Section VI below, Plaintiffs' RICO and fraud claims depend on each plaintiff's reliance on a misrepresentation.  But rather than relying on any misrepresentation, Plaintiff Snyder's wages were *involuntarily garnished* after she ignored Defendants' communication and allowed a default judgment to be entered against her.  Because Snyder ignored Defendants' communications and did not pay any money to Defendants as a result of her reliance on those communications, she cannot represent a class whose members' claims depend on proving reliance.  *See J. H. Cohn & Co. v. Am. Appraisal Assocs., Inc*., 628 F.2d 994, 998-99 (7th Cir. 1980) ("[T]he presence of even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representation.").

Because Plaintiffs are not members of the FDCPA, RICO or Restitution subclasses, Plaintiffs are neither typical nor adequate class representatives and no class can be certified here.  *See Roots P'ship v. Lands' End, Inc*., 965 F.2d 1411, 1420 (7th Cir. 1992) (Plaintiff cannot represent a putative class of which he is not a member).

## VI.    Individual Issues of Reliance, Materiality and Causation Predominate Over Any Common Issues for Purposes of the RICO and Restitution Subclasses.

The Magistrate Judge further erred when he glossed over the individual issues of reliance, materiality and causation that clearly would predominate over any common issues for the RICO and Restitution subclasses.  The Restitution subclass is premised on a common law fraud claim and therefore requires extensive individualized evidence of materiality, reliance, causation and damages because this case does not involve a uniform misrepresentation.  *See Rice v. Strunk*, 670 N.E.2d 1280, 1289 (Ind. 1996) (listing elements of fraud claim).  Similarly, the RICO claim is premised on underlying violations of the federal mail and wire fraud statutes (Compl. ¶¶ 149-152), which require many of the same elements as a common law fraud claim, such as reliance, materiality and causation.  *See Bridge v. Phoenix Bond & Indem. Co*., 553 U.S. 639, 658 (2008) ("In most cases,

the plaintiff will not be able to establish even but-for causation if no one relied on the misrepresentation."); *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006) (RICO plaintiffs must show that "the alleged violation led directly to the plaintiff's injuries"); *UFCW Local 1776 v. Eli Lilly & Co.*, 620 F.3d 121, 133 (2d Cir. 2010) ("Because reliance is a necessary part of the causation theory advanced by the plaintiffs, we must ask whether reliance can be shown by generalized proof.").

Rather than providing a specific example of even one uniform communication that Defendants allegedly made to the class, Plaintiffs rested solely on the allegations of their own Complaint, made "on information and belief," that Defendants made "thousands of phone calls and dunning letters and hundreds of filings of virtually identical lawsuits."   (Dkt. 1, Compl. ¶ 66.)  The Magistrate Judge relied on this wholly conclusory allegation to find that "Defendants' debt collection activities were indeed uniform" and therefore could be certified as a class.  R&R at 13.  As explained above, however, the court cannot simply rely on the conclusory allegations of the Complaint to certify a class.  *See Szabo*, 249 F.3d at 675-76 ("The proposition that a district judge must accept all of the complaint's allegations when deciding whether to certify a class cannot be found in Rule 23 and has nothing to recommend it.").

Moreover, Plaintiffs' allegations do not even support the Magistrate Judge's proposition that Defendants' communications were uniform or scripted.  Plaintiffs do not allege that the "thousands of phone calls and dunning letters" were "virtually identical" or scripted or even similar; rather, they only allege the "lawsuits" were "virtually identical."  (Compl. at ¶ 66.)  Thus, no basis exists in the record – or in the allegations of Plaintiffs' Complaint – for upholding the Magistrate's conclusion that the phone calls made or letters sent to the putative subclasses were uniform and capable of being certified on a classwide basis.  As for the allegation of "hundreds of filings of virtually identical lawsuits," it is made only "on information and belief," which is an insufficient

ground on which to rest a class certification ruling.  *See Rowe v. Bankers Life & Cas. Co.*, No. 09-cv-491, 2012 WL 1068754, at *8 (N.D. Ill. Mar. 29, 2012) (finding that plaintiffs' allegation based on "*information and belief*" was a "bald assertion" and "not enough to convince the Court that Bankers' allegedly fraudulent conduct was systematically directed to each potential member of the class."); *Early v. Old Kent Mortg. Co.,* No. 99 C 7558, 1999 WL 1101207, at *2 (N.D. Ill. Dec. 1, 1999) (striking class allegations sua sponte where they were made *on information and belief* and used boilerplate class action language).

Plaintiffs conclusory assertions admit that debtors were contacted by various individual methods:  some were contacted orally by phone, others by mail, and still others were named in a collection suit.  (Compl. at ¶ 66.)  Because each phone call and collection letter was different, the Court would need to determine, on an individual basis, *what* specifically was communicated to each class member, whether the class member understood it, whether the class member *relied* on the alleged misrepresentation, and what, if any, damages resulted from it.  *See, e.g., Frahm v. Equitable Life Assurance Soc'y of United States*, 137 F.3d 955, 957 (7th Cir. 1998) (upholding district court's denial of class certification where "everything depend[ed] on what was said or sent to each [plaintiff] personally, and different benefits advisers said or wrote different things to different [plaintiffs]"); *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957-58 (7th Cir. 1989) (holding that issues specific to each plaintiff predominated because the major issue in contention depended upon evidence of the individual oral communications between the defendant and each plaintiff); *In re LifeUSA Holding Inc.*, 242 F.3d 136, 146 (3d Cir. 2001) (reversing the district court's grant of class certification where, among other things, marketing materials that were sent to potential class members were not uniform and the product was not sold according to uniform, scripted sales presentations); *In re Countrywide Fin. Corp. Mortg. Mktg. & Sales Practices Litig.*, 277 F.R.D. 586, 601-02 (S.D. Cal. 2011) (concluding that individualized questions predominate over common

ones where independent brokers used no script, no standard sales materials, and no standardized training program); *see also See Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2551 (2011) ("'What matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers'") (citation omitted).

The Magistrate Judge here acknowledged that "reliance may be an individualized inquiry." *See* R&R at 17.  But federal courts routinely deny class certification of RICO claims where, as here, individual issues of reliance predominate.  *See, e.g., McLaughlin v. Am. Tobacco Co*., 522 F.3d 215, 234 (2d Cir. 2008) (reversing certification of RICO claims alleging misrepresentations in marketing of light cigarettes); *Poulos v. Caesars World, Inc*., 379 F.3d 654, 664 (9th Cir. 2004) (common issues did not predominate where individual proof of reliance was necessary to determine whether allegedly fraudulent labeling of electronic gambling machines led people to play them); *Sandwich Chef of Tex., Inc. v. Reliance Nat'l Indem. Ins. Co*., 319 F.3d 205, 224 (5th Cir. 2003) (reversing certification of RICO class because defendants were "entitled to defend themselves by offering . . . evidence that an individual plaintiff . . .  negotiated a premium that varied from the filed rate, was aware that the insurer was charging more than what regulators had approved, and therefore was not a victim of fraud"); *Moore v. PaineWebber, Inc*., 306 F.3d 1247, 1253-56 (2d Cir. 2002) (affirming the denial of certification of plaintiffs' RICO claims where common course of conduct was insufficient to show that common issues predominated); *Sikes v. Teleline, Inc*., 281 F.3d 1350, 1366 (11th Cir. 2002) (reversing certification of RICO class because "[t]hese claims will involve extensive individualized inquiries on the issues of injury and damages—so much so that a class action is not sustainable"), *abrogated on other grounds by Bridge,* 553 U.S. 639; *Johnston v. HBO Film Mgmt., Inc*., 265 F.3d 178, 186 (3d Cir. 2001) (where "plaintiffs claimed affirmative oral

misrepresentations, . . . determining reliance necessarily required an individualized assessment" and no class could be certified).

The Magistrate Judge ignored all of these cases cited by Defendants and relied instead on *Rosario v. Livaditis*, 963 F.2d 1013, 1017-18 (7th Cir. 1992), for the following general principle: "'the fact that there is some factual variation among the class grievances will not defeat a class action.'" R&R at 13. Thus, "the mere fact that the putative class members paid Defendants varying amounts does not defeat a class action." *Id.* But Defendants are not arguing that class certification should be defeated simply because of "varying amounts" of payments. Rather, it is the communications themselves that vary, as well as how each putative class member understood those communications and either did or did not rely on them. These critical elements of reliance, materiality and causation are what defeat class certification in this case, as demonstrated by the long line of cases cited above. Certification of the RICO and Restitution subclasses therefore must be denied on this ground as well.

**VII.    Plaintiffs' Conclusory Allegations Are Insufficient to Establish the Numerosity of any of the Subclasses.**

The Magistrate Judge acknowledged that, "Plaintiffs may not rely on 'conclusory allegations that joinder is impractical or on speculation as to the size of the class in order to prove numerosity.'" R&R at 6 (citing *Marcial.* 880 F.2d at 957). But then the Magistrate Judge did just that. He held that, "Because the Court assumes the truth of plaintiff's assertions until certification discovery is able to be conducted, these allegations meet the numerosity requirement for Plaintiffs' FDCPA class." *Id.* at 7; *see also id.* at 12 (finding numerosity satisfied for the RICO subclass "[a]ssuming that Plaintiffs' allegations are true"); *id.* at 16 (finding numerosity satisfied for the Restitution subclass "[a]ssuming that Plaintiffs' alelgations are true"). As discussed in Sections III.B. and III.C. above, this legal standard was contrary to law. Plaintiffs had ample opportunity to take discovery in this matter before pressing on with their class certification motion. Instead, they

- 22 -

chose to stand on the conclusory allegations in their own Complaint, which simply are not sufficient to justify a finding of numerosity for any of the proposed subclasses. *See Szabo*, 249 F.3d at 675-76 ("The proposition that a district judge must accept all of the complaint's allegations when deciding whether to certify a class cannot be found in Rule 23 and has nothing to recommend it.").[3]

Not only did the Magistrate Judge err in relying on the allegations of Plaintiffs' Complaint to establish numerosity, he also misread what the Complaint said. Plaintiffs' Complaint alleges, "on information and belief," that Defendants made "thousands of phone calls and dunning letters and hundreds of filings of virtually identical lawsuits." (Dkt. 1, Compl. at ¶ 66.) The Magistrate Judge relied on this wholly conclusory allegation to find that, "such widespread, **automated acts** of debt collection would qualify as the exact kind of act that *Wahl* and other cases have found meet the numerosity burden." R&R at 6-7. The Magistrate Judge further cited *Wahl v. Midland Credit Mgmt., Inc.*, 243 F.R.D. 291, 296 (N.D. Ill. 2007), for the proposition that, "[i]n certifying an FDCPA class, evidence of widespread use by a commercial defendant of **standard, form collection letters** is sufficient to satisfy the numerosity requirement." *Id.* at 6 (emphasis added). The problem is that Plaintiffs' Complaint simply refers – on "information and belief" - to "thousands of phone calls and dunning letters." (Compl. at ¶ 66.) It does not allege that these calls were "automated" or that the letters were "standard, form collection letters." (*Id.*) Thus, even the bare allegations of the Complaint do not support the Magistrate Judge's conclusion that the phone calls or letters at issue are sufficiently uniform to justify certifying a class of all debtors who received them. And, as explained above, Plaintiffs' allegations about "hundreds of filings of virtually identical lawsuits" are made only "on information and belief." (*See* Comp. ¶ 66.) This boilerplate language falls short of demonstrating that the requirements of Rule 23 are satisfied. *Cf.*

---

[3] The Magistrate Judge mistakenly assumed that Defendants were only challenging the numerosity requirement with respect to the FDCPA subclass, but not the RICO or Restitution subclasses. R&R at 12, 15. However, this is not correct. Defendants never limited their attack on the numerosity requirement to only the FDCPA subclass. (*See* Dkt. 70 at 7-8.)

*Rowe*, 2012 WL 1068754, at *8 (plaintiffs' allegation based on "*information and belief*" was a "bald assertion" and "not enough to convince the Court that Bankers' allegedly fraudulent conduct was systematically directed to each potential member of the class."); *Early*, 1999 WL 1101207, at *2 (striking class allegations where they were *on information and belief* and used boilerplate class action language).

In short, Plaintiffs have not demonstrated numerosity with any evidence, as the Seventh Circuit requires, or even with their own conclusory allegations.  In affirming the district court's denial of class certification, the Seventh Circuit in *Marcial* noted that plaintiffs made a number of "assumptions" in determining the class size and that "plaintiffs have only speculated as to the number of persons who may have legitimate claims."  *See Marcial*, 880 F.2d at 957.  Like the plaintiffs in *Marcial*, Plaintiffs here make a number of assumptions including, for instance, that every phone call or letter contained the same alleged misrepresentation and that the misrepresentation was material and relied upon.  Plaintiffs simply speculate that Defendants sent the same letters, made the exact same phone calls, or filed identical lawsuits during the three month period at issue.  This is precisely the sort of "speculation" the Seventh Circuit has rejected.

In short, Plaintiffs have only speculated as to the number of persons who may actually have a claim against Defendants.  And without more, the Court should find that Plaintiffs have not proved numerosity for any of the proposed subclasses.  The Court should not adopt the Report and Recommendation on this issue.

## VIII. Plaintiffs Have Not Demonstrated That Their Counsel Can Adequately Represent the Class.

The Magistrate Judge acknowledged that in order to meet their adequacy burden, "counsel for the named plaintiff must be competent, experienced, qualified, and generally able to conduct the proposed litigation vigorously."  R&R at 8-9 (citing *Gammon v. GC Servs. Ltd. P'ship*, 162 F.R.D. 313, 317 (N.D. Ill. 1995)); *see also Culver v. City of Milwaukee*, 277 F.3d 908, 913 (7th Cir. 2002)

("For purposes of determining whether the class representative is an adequate representative of the members of the class, the performance of the class lawyer is inseparable from that of the class representative."). Plaintiffs have done nothing to meet their burden. Plaintiffs presented no evidence that their counsel have experience with class actions generally, or complex civil cases involving FDCPA or RICO claims. Plaintiffs presented no evidence whatsoever regarding the qualifications or experience of their counsel. The only record before the Court is the conduct of Plaintiffs' counsel in this case, which demonstrates their *inability* to adequately represent absentee members of any putative class.

First, Plaintiffs' counsel did not file a brief in support of their one-sentence motion for class certification (Dkt. 5) nor did they file any reply to Defendants' opposition brief. (Dkt. 70.) This failure to prosecute Plaintiffs' motion for class certification demonstrates the inadequacy of their counsel. *See Geer v. Cox*, 216 F.R.D. 677, 680 (D. Kan. 2003) ("More troubling to the Court, however, is that plaintiff's attorneys have not demonstrated that they will vigorously and adequately prosecute the interests of the Class. This finding is based upon the failure of plaintiff's counsel to reply to the Individual Defendants' numerous objections to class certification . . ."). Here, Plaintiffs' counsel not only failed to address certain of Defendants' arguments, they never filed any supporting brief at all.

Second, Plaintiffs' counsel conducted *no class discovery* despite having had ample opportunity to do so. The Magistrate Judge forgave Plaintiffs' counsel for their failure to conduct class discovery due to the mistaken belief that "presentation of certification discovery is irrelevant at this stage of the proceedings." R&R at 9. As discussed above, however, Plaintiffs' counsel *chose* not to conduct certification discovery, and their failure to do so is not only relevant, but fatal to their motion for class certification. Indeed, Plaintiff's counsel's failure to pursue class discovery can and should weigh into the Court's determination of adequacy. *See Niemeyer v. Williams*, 910 F.

Supp. 2d 1116, 1132 (C.D. Ill. 2012) ("Some of the considerations for whether counsel is adequate are . . . failure to conduct discovery on behalf of the absent class members, and quality of work, such as diligence and attention to detail."); *Grimes v. Pitney Bowes Inc.*, 100 F.R.D. 265, 271 (D. Ga. 1983) ("It is always unpleasant for a court to be critical of any members of the bar. It does appear, however, that in this case there is some question about the diligence of plaintiff's counsel in pursuing aggressively class discovery . . . ."); *Davidson v. Citizens Gas & Coke Util.*, 238 F.R.D. 225, 227 (S.D. Ind. 2006) (rejecting class counsel and noting his "dilatoriness and lack of careful management of the discovery process.").

Third, the Magistrate Judge appears to have decided the adequacy of Plaintiffs' counsel based on the outcome of two motions to compel. *See* R&R at 10. However, those two discovery motions related to a *personal jurisdiction* dispute that had nothing to do with class certification. After certain Defendants moved to dismiss this action pursuant to Rule 12(b)(2) for lack of personal jurisdiction, Plaintiffs' counsel sought the depositions of six individual Defendants. Defendants objected to this request because Plaintiffs' Complaint contained no factual basis for inclusion of the Individual Defendants in the case. (*See* Dkt. 23). Plaintiffs twice moved to compel those depositions, and the Magistrate Judge ruled that the depositions could go forward but limited them to personal jurisdiction issues. (Dkt. 55, 88, 91.) Again, these rulings have no bearing on Plaintiffs' counsel's aptitude to represent a putative class.

Thus, the Magistrate clearly erred in finding that Plaintiff's counsel are adequate class counsel pursuant to Federal Rule of Civil Procedure 23(a)(4).

## IX.    Conclusion.

For all the foregoing reasons, this Court should reject the Report and Recommendation and

instead should deny Plaintiffs' motion for class certification in its entirety.

Dated:  August 1, 2013                          Respectfully submitted,


                                                s/ Gary S. Caplan
                                                Gary S. Caplan, pro hac vice
                                                Michael L. DeMarino, pro hac vice
                                                David A. Maas, pro hac vice
                                                REEDSMITH LLP
                                                10 South Wacker Drive, 40th Floor
                                                Chicago, IL  60606-7507
                                                (312) 207-2000
                                                (312) 207-6400 (Facsimile)
                                                gcaplan@reedsmith.com

                                                James W. Riley, Jr.
                                                Atty. No. 6073-49
                                                141 East Washington Street, Fourth Floor
                                                Indianapolis, IN  46204
                                                (317) 636-8000
                                                (317) 636-8027 (Facsimile)
                                                jriley@rbelaw.com

                                                *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2013 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to the following:

Matthew D. Boruta
Cheesebourough & Boruta
Boruta17@hotmail.com

Robert D. Cheesebourough
Cheesebourough & Boruta
rdc@home-saver.org

s/ Gary S. Caplan