```
             UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF INDIANA
                 INDIANAPOLIS DIVISION


LUCINDA COX,                         )
ANDREW COX,                          )
STEPHANIE SNYDER,                    )
                                     )
           Plaintiffs,               )
       vs.                           ) NO. 1:12-cv-01654-TWP-MJD
                                     )
SHERMAN CAPITAL LLC,                 )
MEETING STREET PARTNERS II INC.,     )
SHERMAN FINANCIAL GROUP LLC,         )
SHERMAN CAPITAL MARKETS LLC,         )
LVNV FUNDING LLC,                    )
RESURGENT CAPITAL SERVICES LP,       )
SHERMAN ORIGINATOR III LLC,          )
SHERMAN ACQUISITION LLC,             )
BENJAMIN W. NAVARRO,                 )
LESLIE G. GUTIERREZ,                 )
SCOTT E. SILVER,                     )
KEVIN P. BRANIGAN,                   )
ROBERT A. RODERICK,                  )
KENNETT KENDALL,                     )
JOHN DOES 1-50,                      )
SHERMAN ORIGINATOR LLC,              )
                                     )
           Defendants.               )
```

**ORDER ON MOTION TO VACATE SETTLEMENT CONFERENCE AND ENLARGE DEADLINE FOR SETTLEMENT DEMAND AND STATEMENT OF DAMAGES [DKT. 164]**

This matter is before the Court on the Plaintiff'S Motion to Vacate the Settlement Conference and Enlarge Deadline for Settlement Demand and Statement of Damages. [Dkt. 164.] That motion will be **GRANTED IN PART AND DENIED IN PART.** The settlement conference scheduled for December 11, 2013 is hereby VACATED and continued to **Friday, September 5, 2014 at 9:00 a.m.**

in Room 257, United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana, before Magistrate Judge Mark J. Dinsmore. The Court will conduct a telephonic status conference on **Thursday, December 11, 2013 at 10:30 a.m.** Counsel shall attend the status conference by calling the designated phone number, to be provided by the Court via email generated by the Court's ECF system.

**Unless excused by order of the court, clients or client representatives with complete authority to negotiate and communicate a settlement shall attend the settlement conference along with their counsel.** This requires the presence of each party, or the authorized representative of each corporate, governmental, or other organizational entity. Any legal entity and/or any insurance company that is a party, or is contractually required to defend or indemnify any party, in whole or in part, must have a fully authorized settlement representative present at the conference. That representative must have final settlement authority to commit the company to pay, in the representative's own discretion, the amount of plaintiff's most recent demand, or in the case of the representative of an insurance company that is not a party, the total amount within any policy limits, if such amount is lower than the plaintiff's most recent demand.[1]  The

---

[1] A representative of a corporate party or an insurance company who has any predetermined limits upon the extent of their authority to resolve this matter fails to satisfy this requirement.  The purpose of this requirement is to ensure that each legal entity and insurance company participating in the proceeding has present a representative who can listen to the arguments and

purpose of this requirement is to have in attendance a representative who has the authority to exercise discretion to settle the case during the settlement conference without consulting someone else who is not present.

In addition, unless excused by written order of the court, every individual party, and an officer (President, Vice President, Treasurer, Secretary, CEO or COO) of every corporate entity that is a party, shall attend the settlement conference.

**No other persons are permitted to attend the settlement conference without leave of court.**

**On or before five (5) business days before the settlement conference, the parties shall submit (not file) a confidential settlement statement** setting forth a **brief** statement of: (1) relevant facts, including any key facts that the party believes are admitted or in dispute; (2) damages, including any applicable back pay, mitigation, compensatory and/or punitive damages, or any other special damages; (3) the existence of any applicable liens; and (4) any pending or anticipated dispositive or other substantive motions and citation to controlling precedent in support of their respective legal positions. The confidential settlement statement should not exceed five pages, and submission of exhibits should be kept to a minimum. **Confidential settlement**

---

other discussion which take place during the settlement conference and make a full and independent determination regarding the appropriate settlement value of the case without reference to any person or group of persons not present at the settlement conference and who can articulate the reasons for such determination to the Court based upon their sole and independent judgment.

**statements should be submitted via email to MJDinsmore@insd.uscourts.gov.**  There is no need to follow any email submission with a hard copy.

**No later than sixty (60) days before the settlement conference, Plaintiff(s) shall serve a settlement demand on Defendant(s),** which demand shall include a breakdown of any special damages sought by the Plaintiff(s), as well as a detailed explanation of the basis for any other amounts claimed in the demand (the "Demand").  The Demand should represent the actual initial good faith negotiating position of the Plaintiff(s) at the time it is made.  **No later than forty-five (45) days before the settlement conference, Defendant(s) shall serve a good faith response to the Demand.**  Such response should represent the actual initial good faith negotiating position of the Defendant(s) at the time it is made.  **The parties shall submit (not file) courtesy copies of their respective demand and response to the Court at the time of service.  These should be emailed to the Magistrate Judge at MJDinsmore@insd.uscourts.gov.**

If the amount of the offer made by Defendant(s) is less than the lesser of (a) $5000 or (b) five percent of the Demand, then at the time such offer is forwarded to Plaintiff(s) and the Court, Defendant(s) shall also submit to the Court (but not serve on any other party) a confidential statement explaining the basis for its offer and setting forth in detail how the amount of the

offer made constitutes a good faith offer in the circumstances of the matter.  Likewise, if it is Defendant(s) intent to offer at the settlement conference a total amount of no more than twenty percent of the amount of the Demand to finally settle the case, Defendant(s) shall also submit to the Court (but not serve on any other party), no later than forty-five (45) days before the settlement conference, a confidential statement explaining the basis for any limitations in its intended final settlement position and setting forth in detail how the amount of any such limitation constitutes a good faith settlement position in the circumstances of the matter.[2]  **These submissions should also be emailed to the Magistrate Judge at MJDinsmore@insd.uscourts.gov.**

If, after the making of the demand and/or offer set forth above, an event occurs or information is discovered that materially alters the settlement position of any party, then a revised demand and/or offer shall be immediately proffered and any other confidential submissions to the Court that may be required in light of such altered settlement position(s) shall be immediately made.

If there exist any liens or potential liens upon Plaintiff(s) potential recovery, Plaintiff(s)' counsel shall

---

[2] The intent of this requirement is not to place any artificial requirements or limitations upon any of the parties' settlement positions, or to establish any limitations as to what a good faith settlement of this matter might entail.  Rather, the intent of this requirement is to provide information to the Court regarding the viability of the settlement conference sufficiently in advance of the settlement conference to allow the Court to schedule other matters on that date if, in the judgment of the Court, the parties are not yet in a position to conduct fruitful settlement negotiations.

fully inform themselves of the nature and amount of all such liens and shall undertake to negotiate a resolution of such liens in advance of the settlement conference and shall make arrangements to be in telephonic communication with representatives of any such lienholders during the course of the settlement conference for the purpose of negotiating a final resolution of any such liens.

Likewise, if there exists in the case any issue regarding the set-aside of certain funds from any recovery or any other issue that could affect the amount of money payable directly to the Plaintiff as a result of the settlement, the parties will address such issue in advance of the settlement conference and, to the extent possible, either reach an agreed resolution of such issue or develop a plan whereby the resolution of such issue may be achieved.

The parties are instructed to jointly prepare and submit (not file) a draft settlement agreement, noting any disagreement by the parties.  The agreement in question should represent, to the extent possible in the circumstances, the final written agreement intended by the parties to resolve the case and should contain all material provisions that any party believes should be contained within such document, such that the settlement agreement proposed can be executed in full and final settlement of the matter at the successful conclusion of the settlement conference.  **The draft settlement agreement shall be emailed to**

**the Magistrate Judge in Word or Wordperfect format at**

**MJDinsmore@insd.uscourts.gov no later than five (5) business days**

**before the settlement conference.**

A request to vacate or continue the settlement conference must be made by motion filed with the court **no later than forty (40) days** prior to the conference, except in exigent circumstances. These motions will be granted only for good cause.

Failure to comply with any of the provisions in this Order may result in sanctions.

If any of the deadlines set forth in this Order conflict with the requirements for submission of a settlement demand set forth in the Case Management Plan, the requirements of this Order control.

Dated:
      11/25/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:
Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.