IN THE UNITED STATES DISTRICT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANDREW COX, LUCINDA COX, and STEPHANIE SNYDER, individually and on behalf of others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:12-cv-1654-TWP-MJD CLASS ACTION |
| SHERMAN CAPITAL LLC; MEETING STREET PARTNERS II INC.; SHERMAN FINANCIAL GROUP LLC; SHERMAN CAPITAL MARKETS LLC; LVNV FUNDING LLC; RESURGENT CAPITAL SERVICES LP; SHERMAN ORIGINATOR LLC; SHERMAN ORIGINATOR III, LLC; SHERMAN ACQUISITION, LLC; BENJAMIN W. NAVARRO; LESLIE G. GUTIERREZ; SCOTT E. SILVER; KEVIN P. BRANIGAN; ROBERT A. RODERICK; KENNETH KENDALL; AND JOHN DOES1-50 | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL REGARDING WRITTEN DISCOVERY

Plaintiffs Andrew Cox, Lucinda Cox, and Stephanie Snyder, individually and on behalf

of others similarly situated, provide this memorandum in support of Plaintiffs' Motion to Compel

Regarding Written Discovery.

## I.       Background.

Plaintiffs have served written discovery, including interrogatories and document requests, on the defendant entities: Sherman Capital LLC, Sherman Financial Group LLC, Sherman Capital Markets LLC, LVNV Funding LLC, Resurgent Capital Services LP, Sherman Originator LLC, Sherman Originator III, LLC, and Sherman Acquisition, LLC.

After plaintiffs' counsel granted the defendants an additional thirty days to respond to discovery, on October 11, 2013, defendants provided written responses.  Copies of defendants' 16 written responses are attached as <u>Exhibits A</u> through <u>P</u>.  In general, the defendants were asked for the same information.  The responses were uniform, with various defendants often claiming to have no knowledge or not to be in possession of documents.  In an effort to streamline this motion and focus on the critical discovery, the deficiencies addressed below relate primarily to defendants Sherman Originator LLC ("Sherman Originator"), Sherman Originator III LLC ("Sherman Originator III"), and LVNV Funding LLC ("LVNV").  However, plaintiffs request that this Court's rulings on this motion apply uniformly to all defendants' discovery responses.

## II.      General Deficiencies of Interrogatory Answers.

The responses to interrogatories are uniformly deficient in two general ways.  First, the interrogatories are not answered separately and fully in writing under oath nor are they signed by an officer or agent of the defendant as required by F.R.C.P. 33(b)(1)(B)(3)(5).  Second, for many responses, defendants state that they will produce documents responsive to the interrogatory, but fail to specify the records that must be reviewed, in sufficient detail to enable plaintiffs to locate and identify them as readily as the defendant could, as required by F.R.C.P. 33(d)(1).  This Court should order defendants to verify their interrogatory answers as required by Rule 33(b) of the Federal Rules of Civil Procedure.  *Remy Inc. v. Technomatic*, 2013 U.S. Dist. LEXIS 45086*3

(S.D. Ind. 2013).  Further, the defendants should be ordered to number any documents that are produced in response to interrogatories pursuant to F.R.C.P. 33(d).  Defendants should be ordered to provide the information and provide the documents within 10 days of this Court's order.

### III.     General Deficiencies of Responses Concerning the Production of Documents.

In response to a few of plaintiffs' document requests, defendants unequivocally state that, "there are no documents responsive to this request."  See e.g., LVNV's Response to Request for Production No. 49. [Exhibit B]  However, in response to many of the document requests, defendants, after raising objections, state: "Defendant will produce documents responsive to this request to the extent such documents are in defendants' possession, custody, or control."  *See e.g.*, LVNV Response to Request for Production No. 3. [Exhibit B]   Defendants have been uniformly evasive about the ownership and control of the defendant entities as well as the possession, custody and control of documents.  If a defendant is aware that a document exists, but that defendant takes the position that the document is not in that defendant's possession, custody or control, that defendant should be required to state unequivocally that the document exists and identify the defendant or entity in possession, custody, or control of the document so that plaintiffs may subpoena it.  *Equity Industrial A-Rockville LLC v. Seventy-Nine Hundred Rockville, LLC*, 2010 U.S. Dist. LEXIS  41893*7 (S.D. Ind.)("Further, to the extent that defendants claim that responsive documents are located beyond their possession and control, they must indicate the custodian of those documents so that [plaintiff] may subpoena them.").  The Court should order that defendants provide this information and/or produce the requested documents within 10 days of the Court's order.

**IV.     Account Purchase Agreements and Attachments Identifying the Accounts**

At a minimum, two purchase contracts (with attachments and exhibits) exist and are in

the possession of defendants Sherman Originator, Sherman Originator III, and/or LVNV, as well

as three internal assignment documents (with attachments and exhibits). Plaintiffs requested

complete copies of each of these documents with all attachments and exhibits as follows:

**Document Requests to Sherman Originator LLC** [Exhibit P]

REQUEST FOR PRODUCTION NO. 13:

A complete copy of the each Purchase and Sale Contract with all attachments and exhibits between the seller, Citibank and its affiliates, and buyer, Sherman Originator, LLC., for Plaintiff Stephanie Snyder's account or account information.

REQUEST FOR PRODUCTION NO. 22:

All internal assignments of the alleged Citibank debt of Plaintiff Stephanie Snyder between LVNV Funding, LLC, and Sherman Originator, LLC.

REQUEST FOR PRODUCTION NO. 19:

All internal assignments of the alleged Chase debt of Plaintiffs Andrew Cox and Lucinda Cox between Sherman Originator III, LLC, and Sherman Originator, LLC.

REQUEST FOR PRODUCTION NO. 20:

All internal assignments of the alleged Chase debt of Plaintiffs Andrew Cox and Lucinda Cox between LVNV Funding and Sherman Originator, LLC.

**Document Requests to Sherman Originator III** [Exhibit N]

REQUEST FOR PRODUCTION NO. 3:

A complete copy of the each Purchase and Sale Contract with all attachments and exhibits between the seller, Chase Bank NA and its affiliates, and buyer, Sherman Originator III, LLC., for Plaintiffs Andrew Cox's and Lucinda Cox's account or account information.

REQUEST FOR PRODUCTION NO. 19:

4

All internal assignments of the alleged Chase debt of Plaintiffs Andrew Cox and Lucinda Cox between Sherman Originator III, LLC, and Sherman Originator, LLC.

**Document Requests to LVNV** [Exhibit B]

REQUEST FOR PRODUCTION NO. 18:

All internal assignments of the alleged Chase debt of Plaintiffs Andrew Cox and Lucinda Cox between LVNV Funding and Sherman Originator, LLC.

REQUEST FOR PRODUCTION NO. 21:

All internal assignments of the alleged Citibank debt of Plaintiff Stephanie Snyder between LVNV Funding, LLC, and Sherman Originator, LLC.

In response, on October 11, 2013, each defendant referenced its general objections, raised no specific objections, and agreed to produce the requested documents. The defendants' identical responses state:

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce documents responsive to this request to the extent such documents are in Defendant's possession, control, or custody.

See, e.g., LVNV Response to Request for Production No. 21. [Exhibit B]   Defendants have also agreed to produce <u>all</u> purchase contracts pursuant to which Indiana accounts were purchased by the defendants.  On October 18, 2013, counsel for defendants wrote:

We are currently in the process of compiling, and obtaining the necessary consents to produce, additional contracts pursuant to which Indiana accounts were purchased.  We will produce these contracts as soon as possible.[1]

Yet, to date, only two redacted purchase agreements have has been produced, with redacted attachments and exhibits.  These redactions hide critical data.

---

[1] Letter from attorney James Riley, October 18, 2013, page. 2. (Attached as <u>Exhibit T</u>).

5

Although defendants incorporate their general objections into each response, no specific objections have been raised concerning these requested documents.  Because no specific objection was raised on a request-by-request basis, any such objections should be deemed waived. *Remy Inc.*, 2013 U.S. Dist. LEXIS 45086,*6 ("The remainder of Tecnomatic's General Objections are not overruled; however, those objections shall be deemed waived to the extent Tecnomatic fails to timely assert such objections on an interrogatory-by-interrogatory or request-by-request basis.").  Waiver aside, defendants expressly agreed to produce the documents.

Defendants have explained that the attachments and exhibits to the purchase contracts include "a spread sheet of the data string of accounts . . . received from the seller (Chase or Citi)"("Data String").[2]  Example pages from the Data String have been produced as Bates numbers RESURGENT-000550 through 000563.  These example pages from the Data String have been marked CONFIDENTIAL by defendants.[3]

The example pages from the Data String were provided with the following explanation from defendants' counsel:

> In addition, we have produced a spread sheet of the data string of accounts that we received from the seller (Chase or Citi) and that contains Plaintiffs' Cox's and Snyder's accounts listed on it.  Because thousands of accounts are purchased at a time, we have only produced the ten names that come before and after the names "Cox" and "Snyder."  The names before and after Plaintiffs' names are redacted in accordance with privacy laws.  We have marked that document confidential pursuant to the protective order, and expect that all information marked that way should be treated in accordance with the protective order entered by the .

Attorney James Riley letter, October 18, 2013.

---

[2] Letter from attorney James Riley, October 18, 2013, page 2 (Exhibit T).
[3] Pursuant to the Stipulated Protective Order [Dkt. 73] and the direction of the Court concerning submission of "CONFIDENTIAL" documents in connection with this motion, these documents are filed under seal as Exhibit U.

6

Plaintiffs did not request example pages from the Purchase Agreements' attachments and exhibits.  Plaintiffs requested the attachments and exhibits in their entirety.  In their production, defendants need "to be exhaustive, not just provide examples."  *Remy* at *8

Not only was the production of the Data String limited to example pages, those pages were electronically manipulated to redact and hide relevant information about the accounts that were purchased.  This electronically stored information that defendants have produced does not comply with Rule 34, in that it has not been produced "in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." F.R.C.P. 34(b)(2)(E)(ii).  It is apparent from the produced Data String documents that the information contained in the Data String is normally maintained in a fully searchable and manipulable electronic format. Providing them only in paper or .PDF form destroys plaintiffs' ability to effectively search or analyze the information.  Such a production is unacceptable and contrary to the Federal Rules. *Jannx Medical Systems, Inc. v. The Methodist Hospitals, Inc.*, 2010 U.S. Dist. LEXIS 122574, *9-*12 (N.D. Ind.).  There, the Court explained:

> In addition to failing to produce a number of the responsive documents in any form, Defendants argue that electronically-stored information Plaintiff has produced does not comply with *Rule 34* in that it has not been produced "in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." *Fed. R. Civ. P. 34(b)(2)(E)(ii)*. Plaintiff has produced some documents in .pdf format. However, Defendants contend that the information contained in these documents is normally maintained in a fully searchable and manipulable electronic format, and that providing them only in .pdf form destroys Defendants' ability to effectively search or analyze the information. Defendants are unable to determine which of the produced documents are associated with particular maintenance transactions, how the produced reports were generated, or even what data the reports rely upon.
>
> * * * * *
>
> . . . If the responding party ordinarily maintains the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature." *Id.* (quoting *Fed. R. Civ. P. 34* Advisory Committee's Note on 2006 Amendments).

* * * * *

The Advisory Committee cautioned that

> the option to produce in a reasonably usable form does not mean that a
> responding party is free to convert electronically stored information from
> the form in which it is ordinarily maintained to a different form that makes
> it more difficult or burdensome for the requesting party to use the
> information efficiently in the litigation.

*Fed. R. Civ. P. 34* Advisory Committee's Note on the 2006 Amendments. It appears that
this is exactly what Plaintiff has done in this case. Therefore, the  grants Defendants'
Motion to Compel to the extent that Defendants request that Plaintiff produce responsive
information in an electronic database format that allows the information to be reasonably
usable, i.e., fully searchable and manipulable, with the connections between data fields
intact.

*Jannx Medical Systems, Inc. v. The Methodist Hospitals, Inc.*, 2010 U.S. Dist. LEXIS 122574,

*9-*12 (N.D.Ind.).

This Court should order defendants Sherman Originator, Sherman Originator III, and

LVNV to produce complete copies of unredacted purchase contracts pursuant to which Indiana

accounts were purchased.  All attachments and exhibits to the purchase contracts, including the

Data Strings and bill of sale, should be produced in their entireties and in a fully searchable and

manipulable electronic format with the connections between data fields intact.

**V.     Requests for Documents Identifying Indiana Accounts**

Defendants were asked to produce information about their Indiana accounts,

regardless of whether the information was contained in the purchase agreement

or the exhibits and attachments.  The below responses of LVNV are typical of all the

defendants' responses.  Defendants have agreed to produce the requested

documents, but have failed to do so for a long period of time.

**Document Requests to LVNV** [Exhibit B]

REQUEST FOR PRODUCTION NO. 70:

Any and all documents or data accounts showing each credit card receivable account purchased, acquired or otherwise handled by LVNV Funding, LLC for each consumer with an Indiana address in the six (6) years preceding the filing of this complaint.

RESPONSE TO REQUEST FOR PRODUCTION NO. 70: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that this request is overly broad and unduly burdensome. Defendant further objects to this request on the grounds that it makes incorrect and/or untrue assertions, and/or assume unproven conclusions as established facts insofar as this request assumes that Defendant "purchased" anything.


REQUEST FOR PRODUCTION NO. 71:

Any and all documents or data accounts showing each credit card receivable account purchased, acquired or otherwise handled by LVNV Funding, LLC for each consumer with an Indiana address since the filing of this complaint.

RESPONSE TO REQUEST FOR PRODUCTION NO. 71: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce documents responsive to this request to the extent such documents are in Defendant's possession, control, or custody.

In response to Request No. 71, LVNV has agreed to produce all documents and account data showing each of its accounts for each consumer with an Indiana address since the filing of the complaint.  The Court should order LVNV and the other defendants to produce the data in a fully searchable and manipulable electronic format, with the connections between data filed intact.

In response to Request No. 70, LVNV objects to producing the data for the 6 years preceding the filing of the complaint based on "overly broad" and "undue burden."  Defendant has not specifically pled or demonstrated the overbreadth or undue burden, and the objection should be overruled.  Remy, 2013 U.S. Dist. Lexis 45086*5,6.  The data fully identifying LVNV's Indiana accounts within 6 years of the filing of the complaint is directly relevant to the claims alleged in the complaint.

The Court should order LVNV and the other defendants to produce the data identifying all their accounts for each Indiana consumer with an Indiana address in the 6 years preceding the filing of the complaint.  Plaintiffs' counsel knows that LVNV is not the only Sherman entity filing lawsuits or conducting collection activities in Indiana.  All entities engaging in these activities must be identified.  The documents and data should be produced in their entirety and in a fully searchable and manipulable electronic format with the connections between data fields intact.

## VI.    Moody's Information

Moody's Investors Service has posted and continues to post online information concerning LVNV Funding LLC and two security offerings and placements with Moody's ID Numbers: 400039347 and 720407008.  Attached as "Exhibit D" to the Complaint (Dkt. 1-4) are two documents from the Moodys.com website that indicate defendant LVNV has two different CDOs, one rated as Baa2 and the other as B2.  One CDO has a face amount of $764,000,000 and the other $117,000,000.  These CDOs are identified as asset based securities – "ABS" – with a "pass through certificate" and an "originator" and a European Union endorsement  -- "EU Endorsed" – meaning that the CDO may be sold in Europe.  In "Exhibit E" to the complaint (Dkt. 1-5, p.3) the defendants represent that they "purchase, service and *securitize*." (emphasis

supplied). In the deposition of defendant Kevin P. Branigan, he stated that he was an investment

banker and that defendant Sherman Capital Markets LLC is an investment bank, which is

consistent with the information in "Exhibit D" that this company is the "originator" of the CDO.

Notwithstanding these facts, the defendants' counsel denies that there is any

securitization occurring in their business.  Thus, with respect to plaintiffs' requests for

production of documents relating to these Moody ID Numbers from LVNV, defendants' counsel

claims that they do not exist.  But the discovery responses do state this.  Instead, the responses

object to producing such information on relevancy and other grounds.  Plaintiffs have requested

documents as follows:

**Document Requests to LVNV** [Underline Exhibit B]

REQUEST FOR PRODUCTION NO. 29:

The LVNV Funding, LLC Prospectus for Moody's Corporation
Organization ID number 400039347.

REQUEST FOR PRODUCTION NO. 30:

The LVNV Funding, LLC Prospectus for Moody's Corporation
Organization ID Number 720407008.

REQUEST FOR PRODUCTION NO. 31:

The LVNV Funding, LLC Collateral Management Agreement for
the Moody's Corporation Organization ID Number 720407008.

REQUEST FOR PRODUCTION NO. 32:

The LVNV Funding, LLC Collateral Management Agreement for
the Moody's Corporation Organization ID Number 400039347.

REQUEST FOR PRODUCTION NO. 33:

The Servicer Agreement between LVNV and Resurgent Capital Services, LP, for Moody's Corporation Organization ID Number 720407008.

REQUEST FOR PRODUCTION NO. 34:

The Servicer Agreement between LVNV and Resurgent Capital Services, LP, for Moody's Corporation Organization ID Number 400039347.

REQUEST FOR PRODUCTION NO. 35:

The Trustee agreement for Moody's Corporation Organization ID number 400039347.

REQUEST FOR PRODUCTION NO. 36:

The Trustee agreement for Moody's Corporation Organization ID Number 720407008.

REQUEST FOR PRODUCTION NO. 37:

The investment advisor agreement for Moody's Corporation Organization ID Number 400039347.

REQUEST FOR PRODUCTION NO. 38:

The investment advisor agreement for Moody's Corporation Organization ID Number 720407008.

REQUEST FOR PRODUCTION NO. 39:

Any and all documentation referencing the amount of compensation or fees received by the trustee, servicer, and investment advisor for Moody's Corporation Organization ID Number 720407008.

REQUEST FOR PRODUCTION NO. 40:

Any and all documentation referencing the amount of compensation or fees received by the trustee, servicer, and investment advisor for Moody's Corporation Organization ID Number 400039347.

In answering to each of these requests, LVNV provided the

identical response:

> RESPONSE TO REQUEST FOR PRODUCTION NO. 29 [– 40]:
> Defendant incorporates by reference its Preliminary Statement and
> General Objections as though fully set forth herein. Defendant further
> objects on the grounds that Plaintiffs' request seeks information that is not
> relevant in that it is not reasonably calculated to lead to the discovery of
> admissible evidence. Defendant objects to this request to the extent this
> request goes beyond the scope of the matters alleged.

Defendants' first specific objection, that the information sought is not relevant "in that it

is not reasonably calculated to lead to the discovery of admissible evidence," is not a proper

basis for objection.  This Court has previously clarified that "reasonably calculated to lead to the

discovery of admissible evidence" is not a proper basis to withhold a document.  *Remy, Inc.*,

2013 U.S. Dist. LEXIS 45086*5.  "The appropriate standard is relevant to a claim or defense in

the lawsuit." *Id.*  Plaintiffs have specifically alleged that defendants sell, and have sold, securities

such as the asset backed securities at issue in this lawsuit.  Evidence of this securitization is

found in "Exhibit D" and "Exhibit E" to plaintiffs' complaint.  Further, plaintiffs have provided

defendants with a document published by Moody's Investors Service dated March 15, 2013

concerning the rating and rating methodology for LVNV Funding LLC.[4]

LVNV's second objection, that it objects "to the extent this request goes beyond the

scope of the matters alleged," also is not a valid objection.  In any event, it is likewise without

merit, because plaintiffs have specifically alleged that LVNV is engaged in securitization and the

---

[4] A copy of the Moody's Investors Service document is attached the letter from attorney Fred
Emhardt dated November 5, 2013. (Exhibit S)

sale of securities as evidence by Exhibits D and E attached to the complaint.  The requests for documents do not go beyond the scope of the matters alleged.

Defendants' objections should be overruled, and LVNV should be ordered to produce the requested documents in their entirety and without redaction.  These documents exist and the defense counsel's statements contradict the discovery responses.

## VII.    Documents Related to Debt Collection Activities

Plaintiffs have served document requests related to the defendants' debt collection activities specific to the named plaintiffs, and defendants have produced some documents.  The following requests seek documents concerning collection activities for all plaintiffs, which as described in the complaint, includes all alleged debtors in Indiana from whom defendants have sought to collect debts.  Defendants have failed to produce these requested documents.  The requests and LVNV's responses, are as follows:

**Document Requests to LVNV** [Exhibit B]

REQUEST FOR PRODUCTION NO. 25:

All documents relating to the alleged debt of Plaintiffs and the collection thereof.

RESPONSE TO REQUEST FOR PRODUCTION NO. 25: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks documents that are not in Defendant's possession, control, or custody. Defendant further objects that this request is unduly burdensome, over broad and not limited in time or scope. Defendant further objects to the extent that this request seeks documents that contain information protected by either the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce documents responsive to this request to the extent such documents are in Defendant's possession, control, or custody.

REQUEST FOR PRODUCTION NO. 26:

All documents in your possession relating to all Defendants' activities to collect the alleged debts from Plaintiffs.

RESPONSE TO REQUEST FOR PRODUCTION NO. 26: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks documents that are not in Defendant's possession, control, or custody. Defendant further objects that this request is unduly burdensome, over broad and not limited in time or scope. Defendant further objects to the extent that this request seeks documents that contain information protected by either the attorney-client privilege or the work-product doctrine. Defendant further objects on the grounds that this request makes incorrect and/or untrue assertions, and/or assumes unproven conclusions as established facts in so far as that this request assumes that any defendants other than Defendant Resurgent Capital Services, L.P. or Defendant LVNV Funding, LLC engage in collection activities. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce documents responsive to this request to the extent such documents are in Defendant's possession, control, or custody.

REQUEST FOR PRODUCTION NO. 28:

All material, including video and audio tapes, pertaining to training by or for the Defendant and its employees regarding the Fair Debt Collection Practices Act.

RESPONSE TO REQUEST FOR PRODUCTION NO. 28: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks documents that are not in Defendant's possession, control, or custody. Defendant further objects that this request is unduly burdensome, over broad and not limited in time or scope. Defendant further objects to the extent that this request seeks documents that contain information protected by either the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce documents responsive to this request limited to the four-year time period preceding the date of the filing of the complaint, to the extent such documents are in Defendant's possession, control, or custody.

REQUEST FOR PRODUCTION NO. 57:

All documents, memoranda, instructions, manuals, etc., of the
Defendant surveying the number of notices sent and contacts made by the
Defendant in the year preceding the date of the notice sent to Plaintiff.

RESPONSE TO REQUEST FOR PRODUCTION NO. 57: Defendant
incorporates by reference its Preliminary Statement and General
Objections as though fully set forth herein. Defendant further objects on
the grounds that this request is vague and confusing in that it fails to
explain what is meant by "instructions . . . surveying the number of
notices" and also fails to identify the "notice" or "notices" to which this
request refers.

REQUEST FOR PRODUCTION NO. 66:

All documents showing who has been sent collection letters (e.g. in
the form of Exhibit A in Plaintiffs' Complaint) and the number of such
letters sent to each consumer with an Indiana address in the six (6) years
preceding the filing of this complaint.

RESPONSE TO REQUEST FOR PRODUCTION NO. 66: Defendant
incorporates by reference its Preliminary Statement and General
Objections as though fully set forth herein. Subject to and without waiving
the foregoing objections, Defendant responds as follows: Within the four
years preceding the date of the filing of the complaint, Defendant will
produce documents responsive to this request to the extent such
documents are in Defendant's possession, control, or custody.

REQUEST FOR PRODUCTION NO. 68:

All document showing who has received collection phone calls and
the number of such calls to each consumer with an Indiana address or area
code in the six (6) years preceding the filing of this complaint.

RESPONSE TO REQUEST FOR PRODUCTION NO. 68: Defendant
incorporates by reference its Preliminary Statement and General
Objections as though fully set forth herein.. Subject to and without
waiving the foregoing objections, Defendant responds as follows: Within
the four years preceding the date of the filing of the complaint, Defendant
will produce documents responsive to this request to the extent such
documents are in Defendant's possession, control, or custody.

16

In general, plaintiffs have requested defendants' documents and data revealing defendants' collection activities in Indiana and the full identification of the alleged debtors and their accounts.  This includes documents and data showing the number and identity of Indiana consumers who have received notices, who have been contacted, who have been sent collection letters, who have received collection phone calls, together with the documents and data showing the credit card receivable account of each such consumer that defendant contacted within the six years preceding the filing of the complaint.  On October 22, 2013, and again on November 5, 2013, counsel for plaintiffs, attorney Fred Emhardt, sent correspondence to defense counsel clarifying the need for the relevant discovery.  Specifically, plaintiffs' counsel clarified plaintiffs' need for the following information:

1. Names, addresses, and complete account information regarding Indiana consumer accounts any of the defendants or their agents held or transferred during the six years before the filing of this action;

2.  Identification of all law suits filed in Indiana in which any of the defendants or their agents is named as a plaintiff in the six years before the filing of this action;

3. Identification of the sale of information or other accounts of Indiana residents to third parties, including affiliates of any of the defendants in the six years before the filing of this action;

4. Identification of all collection activities undertaken in Indiana by any of the defendants or their agents within the six years prior to the filing of the complaint, with each consumer targeted identified by name, address, and phone number;

5. Identification by consumer of all funds collected by any of the defendant or their agents from any Indiana resident over the six years before the filing of the action;[5]

On November 15, 2013, counsel for defendants, attorney Gary Caplan, sent correspondence containing "confidential information regarding the amounts collected from Indiana residents during the relevant time periods requested in plaintiffs' written discovery

---

[5] Copies of attorney Fred Emhardt's October 22, 2013 and November 5, 2013 letter correspondence are attached as Exhibits Q and S, respectively.

requests."[6]  In the confidential correspondence, defense counsel presented the total number of

LVNV accounts in Indiana, the total amounts collected, the number of lawsuits filed in Indiana,

and the total amounts collected from those lawsuits.  As set forth above, defendants have also

produced heavily redacted spreadsheets of "Data Strings" of accounts for Indiana consumers.

Examples of the Data String information is filed under seal as Exhibit U.  Defendants have

demonstrated that they have possession of documents and manipulable electronic data that

contains information about the Indiana consumers who are, or may be, members of this class

action lawsuit during the six years preceding the filing of the complaint, including: (a) the entity

allegedly selling the data; (b) the alleged debtor's name, address, account number, account

balance, social security number, dates of contact, number of contacts, contacting entity, dates of

contact, amounts collected; and (c) a host of other easily accessible information relevant to the

claims alleged in this class action lawsuit.  Defendants should be ordered to produce all of the

requested information and documents completely, without redaction, and, with respect to

electronically stored information, defendants should be ordered to produce such information "in

a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms," as

required by F.R.C.P. 34(b)(2)(ii).

 If the documents are not in the possession, custody, or control of LVNV, then LVNV

should identify the person or entity in possession, custody, or control of the documents so that

plaintiffs may serve subpoenas.  Defendants' objections that the requests are unduly burdensome,

overbroad, and not limited in time or scope should be overruled.  *Slabaugh v. State Farm Fire &*

*Casualty Company*, 2013 U.S. Dist. LEXIS 126666*7 (S.D. Ind.)("when an objection generally

---

[6] Attorney Gary Caplan's November 15, 2013 correspondence is marked "***Confidential***' and states,
"Please treat the information below as confidential pursuant to the protective order entered in this
case."  Accordingly, attorney Caplan's November 15, 2013 correspondence is filed under seal as
Exhibit V.

asserts that the interrogatory or request is 'vague, ambiguous, overly broad, unduly burdensome, or that it neither relevant or reasonably calculated to lead to the discovery of admissible evidence' without demonstrating its vagueness with specificity, the objecting party has not met its burden."). Defendants' general objections "to the extent" that documents contained privileged or protected information, such general objection is not well founded. If defendant has withheld any document based on privilege or otherwise, it must provide a privilege log. *Remy Inc. v. Technomatic*, 2013 U.S. Dist. LEXIS 43200*8, 9 (S.D. Ind.)(". . . any privileged or otherwise protected responsive documents must be listed on a privilege log."). If defendant has withheld any such documents, it should be ordered to provide a privilege log.

Finally, without raising any objection, defendant states that it will produce documents only "within the 4-year time period preceding the date of the filing of the complaint." The allegations of the complaint include, *inter alia*, claims based upon defendants' fraud. "By Indiana statute, '[a]ctions for relief against frauds' are subject to a 6-year statute of limitations. IND. CODE §34-11-2-7(4)(2011)." *Acuity v. Nuthak Insurance*, 2011 U.S. Dist. LEXIS 126147 *16, 17 (S.D. Ind.). Because the statute of limitations applicable to plaintiffs' fraud claims is six years, plaintiffs have requested documents and information in several document requests and interrogatories relating to the period of six years preceding the filing of the complaint. Such information is relevant to the claims in this case.

Plaintiffs are explicitly entitled to all information relevant to the issues of their case pursuant to *Rule 26*, including a broad scope of evidence that they may narrow down themselves. *Slabaugh v. State Firm*, 2013 U.S. Dist. LEXIS 126666 at *12, 13 ("if a request's relevance is at issue, it is the Court, not the producing party, that decides whether the requesting party should narrow their request."). The time period relevant to the claims in this case is the 6 years

preceding the filing of the complaint through the present.  Defendants should be ordered to produce all responsive documents concerning its collection activities directed to Indiana consumers within the six years preceding the filing of the complaint, as set forth above.

## VIII.   Litigation Against Defendant Alleging Violations of FDCPA.

**Document Request to LVNV** [Exhibit B]

REQUEST FOR PRODUCTION NO. 48:

Copies of any litigation filed against the Defendant alleging violations of the Fair Debt Collection Practices Act.

RESPONSE TO REQUEST FOR PRODUCTION NO. 48: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request is overly broad, indefinite, unlimited in time and scope, and seeks information that is not relevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that this request is vague and confusing in that it fails to explain what is meant by "copies of litigation." Defendant further objects to this request on the grounds that it seeks documents that are equally available to Plaintiffs in the public domain.

Plaintiffs have requested documents identifying the litigation filed against defendants alleging violations of the FDCPA.  The information is relevant to plaintiffs' claims that defendants have intentionally and knowingly violated requirements of the Act.  For the reasons stated above, defendants' objections of overbreadth and not calculated to lead to the discovery of admissible evidence should be overruled.  *Remy* at *5, 6.  The relevant time period is within the 6 years preceding the filing of the complaint to the present.  The objection that the requested documents are available in the public domain should be overruled.  Remy, at *5 ("…[T]he fact that something is publicly available is not a proper basis for objection.").  The Court should order defendants to produce documents identifying the litigation filed against them alleging violations of the FDCPA.

IX.     **Insurance Policies.**

**Document Request to LVNV** [Underline]Exhibit B[/Underline]

      REQUEST FOR PRODUCTION NO. 50:

         Any insurance policies internal, external or foreign covering the Defendant for violation of the Fair Debt Collection Practices Act.

      RESPONSE TO REQUEST FOR PRODUCTION NO. 50: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce its insurance declaration page.

Defendants have raised no specific objection to the production of their insurance policies.

Plaintiffs' request for the insurance policies is proper, as the insurance policies should have

already been provided in defendants' initial disclosures pursuant to F.R.C.P. 26(a)(1)(A)(iv)

which requires defendants to provide to plaintiffs "for inspection and copying as under Rule 34,

any insurance agreement under which an insurance business may be liable to satisfy all or part of

a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the

judgment."   The Court should order defendants to produce their insurance policies.

X.     **Financial Reports and Income Tax Returns.**

**Document Request to LVNV** [Underline]Exhibit B[/Underline]

REQUEST FOR PRODUCTION NO. 51:

         All financial reports and statements to investors of the Defendant for the past two years.

RESPONSE TO REQUEST FOR PRODUCTION NO. 51: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks information that is not relevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent this request goes beyond the scope of the matters alleged. Defendant further objects on the grounds that this request is vague and confusing and fails to define or identify the terms "financial

reports and statements" and fails to identify the alleged "investors" to which this request refers.


REQUEST FOR PRODUCTION NO. 52:

     All income tax returns of the Defendant for the past two years.

RESPONSE TO REQUEST FOR PRODUCTION NO. 52: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks information that is not relevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent this request goes beyond the scope of the matters alleged.


Defendants' financial reports and statements, as well as their tax returns are relevant to

the issues of ownership of defendants, securitization and sale of securities, corporate structure,

identity of current and former officers, and net value for purposes of punitive damages.  The only

specific objection raised by defendants is that Request for Production No. 51 is vague, because

defendants do not understand the terms "financial reports and statements" and plaintiffs have not

identified the investors of defendants.  The terms "financial reports and statements" are common

business terms.  Defendants are sophisticated entities who buy, sell, and collect billions of

dollars of consumer accounts each year.  Defendants' claim of confusion as to the term "financial

reports and statements" is without merit.  Further, defendants cannot require plaintiffs to prove

the identities of defendants' investors before complying with the request.  Unlike defendants,

plaintiffs do not know who are the investors of defendant.   If defendant has multiple categories

and types of investors then it should produce the financial reports and statements that it has

provided to each category and type of investor.

In *Slabaugh v. State Farm*, the defendant objected to producing documents until plaintiffs specified which components of the washing machine were defective. *Slabaugh v. State Farm Fire & Cas. Co.*, 2013 U.S. Dist. LEXIS 126666 *12 (S.D. Ind.). The Court found this objection to be "completely baseless," and stated that, "defendant is essentially demanding that the plaintiffs prove an element of their case against defendant before they are entitled to discovery, which is direct conflict with very purpose of discovery." *Id.* Although *Slabaugh* involved washing machines instead of securities, the reasoning is the same. Defendants here say that plaintiffs must prove the identity of its investors before it will respond. Such a baseless objection is consistent with defendants' unrelenting efforts to obfuscate and hide the ownership of all defendants. Having only raised baseless objections to the production of financial reports and statements and having raised no specific objections to the production of tax returns, defendants should be ordered to produce such documents for the past two years.

## XI.    SEC Filings

**Document Requests to LVNV** [Exhibit B]

REQUEST FOR PRODUCTION NO. 53:

Each 10-K, 10-Q, 8-K, or 15-15D filed by Defendant with the Securities and Exchange Commission (SEC) in the prior six (6) years.

RESPONSE TO REQUEST FOR PRODUCTION NO. 53: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks information that is not relevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent this request goes beyond the scope of the matters alleged. Defendant further objects to this request on the grounds that it makes incorrect and/or untrue assertions, and/or assume unproven conclusions as established facts insofar as this request assumes that Defendant is required to file anything with the Securities Exchange Commission.

Defendant objects generally that it is not required to file anything with the Securities and Exchange Commission.  If no such documents exist, defendants must say so.  If such documents do exist, they are relevant to the issues of securitization of the consumer debt and defendants' purchase and sale of securities.  Defendants should be ordered to produce the requested documents.

## XII.   Documents Regarding Plaintiffs' Alleged Debt Sent Between Two Defendants, or Between Defendant and Sherman Financial Group.

**Document Requests to LVNV** [Exhibit B]

REQUEST FOR PRODUCTION NO. 54:

All documents in the Defendant's possession sent to or received from any other Defendant in this litigation regarding the Plaintiffs alleged debt.

RESPONSE TO REQUEST FOR PRODUCTION NO. 54: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects to the extent that this request seeks documents that contain information protected by either the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce documents responsive to this request to the extent such documents are in Defendant's possession, control, or custody.

REQUEST FOR PRODUCTION NO. 55:

All documents in the Defendant's possession sent to or received from any of the Sherman Financial Group regarding the Plaintiffs alleged debt.

RESPONSE TO REQUEST FOR PRODUCTION NO. 55: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request is vague and confusing in that it fails to define or identify the term "Sherman Financial Group." Defendant further

objects to the extent that this request seeks documents that contain information protected by either the attorney-client privilege or the work-product doctrine.

Defendant has failed to state if it has withheld any documents based on a claim of privilege.  If such a document has been withheld, it must be identified in a privilege log.  With respect to relevant documents from one defendant to another, defendants have agreed to produce them.  However, with respect to Request for Production No. 55, defendants object claiming confusion in that they do not understand the term, "Sherman Financial Group."  For clarification, the reference is to defendants Sherman Financial Group LLC, Sherman Capital Markets LLC, Sherman Originator LLC, Sherman Originator III LLC, and Sherman Acquisition LLC, collectively.  The Court should order defendants to produce all responsive documents.

## XIII.   The Use of Collection Notices.

**Document Requests to LVNV [Exhibit B]**

REQUEST FOR PRODUCTION NO. 56:

All internal documents, memoranda, etc., of the Defendant regarding the use of its collection notices and collection efforts.

RESPONSE TO REQUEST FOR PRODUCTION NO. 56: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request is over broad, unduly burdensome, and not reasonably limited in time or scope.

Defendants' general objections that the request is overbroad, unduly burdensome, and not reasonably limited in time and scope is not a valid objection in that it fails to assert the objection with specificity.  Defendants should be ordered to produce its internal documents and memorandum regarding the use of its collection notices and collection efforts.

25

## XIV.   Verification of the Alleged Debt

**Document Requests to LVNV** [Exhibit B]

     REQUEST FOR PRODUCTION NO. 61:

         All documents relating to the Defendant's procedures to provide verification of the alleged debt.

     RESPONSE TO REQUEST FOR PRODUCTION NO. 61: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that this request is vague, confusing, and ambiguous in that it fails to explain what is meant by "verification" and fails to identify the "alleged debt" to which this request refers.

     The request is neither vague nor confusing.  LVNV is a debt collector.  *White*, 2013 U.S. Dist. LEXIS 15727*21 ("In this case there is no dispute that LVNV is a debt collector."). Plaintiffs have alleged in their complaint that defendants are guilty of fraud, RICO violations, and violations of the Fair Debt Collection Practices Act with respect to their collection activities' related to Indiana consumers' alleged debt.  Plaintiffs are entitled to know, and defendants should be required to produce documents showing, the procedures that defendants have in place to verify that the amounts of the alleged debt that it attempts to collect from Indiana consumers is actually owed by the alleged debtor.  If the defendants do not attempt to verify the alleged debt in any way, and have no responsive documents, they should be ordered to say so unequivocally.

## XV.   Consumer Reporting Agencies

**Document Request to LVNV** [Exhibit B]

     REQUEST FOR PRODUCTION NO. 62:

         All documents relating to the Defendant's association with a consumer reporting agency, if any.

     RESPONSE TO REQUEST FOR PRODUCTION NO. 62: Defendant incorporates by reference its Preliminary Statement and General

Objections as though fully set forth herein. Defendant further objects on
the grounds that this request is overly broad, indefinite, unlimited in time
and scope, and seeks information that is not relevant in that it is not
reasonably calculated to lead to the discovery of admissible evidence.
Defendant further objects on the grounds that this request is outside the
scope of the matters alleged.

One of the tools available to debt collectors to persuade alleged debtors to pay money is

the reporting of delinquent debt to consumer reporting agencies.  The consumers' credit score

can be adversely affected simply by the reporting of a delinquency, whether true or not.  The

defendants' relationship with these consumer reporting agencies is relevant to plaintiffs' claims

that defendants acted illegally and in violation of the Fair Debt Collection Practices Act.  If

defendants have any association with these consumer reporting agencies, they should produce

the documents relating to defendants' association.

## XVI.   Interrogatory Regarding LVNV's Lawsuits and the Identification of Cause Numbers, Names and Addresses

**Document Requests to LVNV** [Exhibit B]

9. State the number of lawsuits initiated by LVNV Funding, LLC against
Indiana consumers during the six (6) years preceding the date of filing
Plaintiffs' Complaint along with the cause number, and name and address
of each consumer titled as defendant.

ANSWER: Defendant incorporates by reference its Preliminary Statement
and General Objections as though fully set forth herein. Defendant further
objects on the grounds that this Interrogatory makes incorrect and/or
untrue assertions, and/or assumes unproven conclusions as established
facts in so far as that this Interrogatory assumes that Defendant engages in
collection activities actively on its own behalf or engages in the activities
described in the Interrogatory. Defendant further objects on the grounds
that this Interrogatory is overly broad and unduly burdensome insofar as it
seeks information beyond the statute of limitations period and/or
information that is not accessible after a reasonable undertaking.
Defendant further objects on the grounds that this Interrogatory seeks
information that is as equally and easily obtainable through Plaintiffs' own
investigation and efforts or available in the public domain. Subject to and
without waiving the foregoing objections, Defendant responds as follows:

27

> Defendant retains licensed third party collection agencies and/or law firms through Resurgent Capital Services LP to follow all applicable laws, statutes and regulations while attempting to collect accounts on behalf of Defendant.
>
> Defendant will produce documents responsive to this Interrogatory within the four-year period preceding the date of the filing of the Complaint.

LVNV states it will produce documents in response to the interrogatory, but no such documents have been produced.  LVNV states that it hires third party collection agencies and law firms to collect LVNV's accounts.  In *White*, the court held that the nature of LVNV's relationship with these third party collectors reflects that LVNV, as the client, "has the power to 'control' its agent in material respects if the client wishes to do so."  *White*, 2013 U.S. Dist. LEXIS 157527*32.  To the extent that any responsive information is held by LVNV's third party collectors, LVNV should obtain such information and provide it.  The Court should order LVNV to answer the interrogatory fully and consistent with the requirements of Rule 33.

## XVII.  Interrogatory Regarding Ownership and Affiliation of and Between Defendants

The issue of ownership of defendants has been before the Court before.  At the first depositions of the individual defendants, which were ordered by the Court on a motion to compel, they refused to answer ownership questions.  A second motion was filed, which included a request for an order to provide ownership information.  The Court entered such an order.  (Dkt. 88, entered on 6/13/13).  At the second deposition of Chairman Navarro, he still refused to provide ownership information claiming that ownership had changed names since the filing of the complaint.  No information on ownership ever was forthcoming before the Court's ruling on the motion to dismiss.

The Plaintiffs served the following interrogatory:

**Interrogatory to LVNV** [Exhibit A]

11. Is Defendant affiliated with any other (e.g., common ownership, overlapping officers or managers or common facilities or employees)? If so, describe the affiliation and identify the participants and describe the role, duties, activities, responsibilities of each officer as it relates to each overlapping company.

ANSWER: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that this Interrogatory is vague and confusing insofar as it contains a typographical error and/or fails to identify what "other" refers to. Defendant further objects on the grounds that this Interrogatory is vague and confusing insofar as it fails to identify which "participants" or "officers" it refers to. Defendant further objects on the grounds that this Interrogatory seeks information that is confidential and proprietary in nature and/or covered under attorney/client privilege and trade secret privilege.

The Defendants already agreed to provide this information by letter and by November 30, 2013. The Court should order LVNV and all defendants to fully disclose the ownership of, and affiliations between, the defendants, consistent with the requirements of Rule 33.

## XVIII.  Interrogatory Seeking Specific Information Underlying     Defendants' Collection Efforts and the Related Data

**Interrogatories to LVNV** [Exhibit A]

15. Describe, step-by-step, the process which resulted in Exhibits A in Plaintiffs Complaint being transmitted to Plaintiff, beginning with the date and method of transmission of information from Chase bank NA, e.g., computer tapes or other media delivered (when, by whom, where and to whom); content of computer tape or media; data input (where and by whom); computer entry or other means of directing transmission letters (where and by whom entry made), letter with debtor information printed (from where and by whom); letter with debtor information mailed (from where and by whom), computer tapes or media returned ( on what occasion, when, by whom and to whom).

ANSWER: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that this Interrogatory makes incorrect and/or untrue assertions, and/or assumes unproven conclusions as established facts in so far as that this Interrogatory assumes that Defendant engages in collection activities actively on its own behalf or engages in the activities described in the Interrogatory. Defendant further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and confusing insofar as it

29

fails to explain what is meant by "transmission letters." Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not hold debt collection accounts or engage in any debt collection activities. Defendant is without sufficient information to answer this Interrogatory insofar as it relates to other defendants in this litigation. Defendant will produce documents responsive to this request.

16.     Describe, step-by-step, the process which resulted in Exhibits B in Plaintiffs Complaint being filed against Plaintiff, beginning with the date. and method of transmission of information from Citibank, e.g., computer tapes or other media delivered (when, by whom, where and to whom); content of computer tape or media; data input (where and by whom); computer entry or other means of directing transmission letters (where and by whom entry made), letter with debtor information printed (from where and by whom); letter with debtor information mailed (from where and by whom), computer tapes or media returned (on what occasion, when, by whom and to whom).

ANSWER: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that this Interrogatory makes incorrect and/or untrue assertions, and/or assumes unproven conclusions as established facts in so far as that this Interrogatory assumes that Defendant engages in collection activities actively on its own behalf or engages in the activities described in the Interrogatory. Defendant further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and confusing insofar as it fails to explain what is meant by "transmission letters." Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not hold debt collection accounts or engage in any debt collection activities. Defendant is without sufficient information to answer this Interrogatory insofar as it relates to other defendants in this litigation. Defendants will produce documents responsive to this Interrogatory.

LVNV has agreed to produce documents responsive to the interrogatories, but to date has not done so.  LVNV should be ordered to answer the interrogatories fully and completely and consistent with the requirements of Rule 33.

**Conclusion**

For the reasons stated above, plaintiffs request that the Court order defendants to produce all requested documents and answer all interrogatories fully and completely within 10 days of the Court's order.

Respectfully submitted


*s/ Frederick D. Emhart*


George M. Plews, Attorney No. 6274-49
Peter M. Racher, Attorney No. 11293-53
Frederick D. Emhart, Attorney No. 10952-49
PLEWS SHADLEY RACHER & BRAUN LLP
1346 North Delaware Street
Indianapolis, IN  46202
Telephone: (317) 637-0700
Facsimile: (317) 637-0710
Email: gplews@psrb.com
        pracher@psrb.com
        femhardt@psrb.com

Robert D. Cheesebourough
Matthew D. Boruta
CHEESEBOUROUGH & BORUTA, L.P.A.
543 E. Market Street
Indianapolis, IN 46204
Telephone: (317) 708-3925
Facsimile: (317) 638-2707
Email: rdc@home-saver.org
        ruaneagle@aol.com
        boruta17@hotmail.com

## Index of Exhibits

Exhibit A     2013-10-11 LVNV Funding Objections and Responses to Plaintiffs' First Set of Interrogatories

Exhibit B     2013-10-11 LVNV Funding Objections and Responses to Plaintiffs' First Set of Request for Production

Exhibit C     2013-10-11 Resurgent Capital Objections and Responses to Plaintiffs' First Set of Interrogatories

Exhibit D     2013-10-11 Resurgent Capital Objections and Responses to Plaintiffs' First Set of Request for Production

Exhibit E     2013-10-11 Sherman Acquisition Objections and Responses to Plaintiffs' First Set of Interrogatories

Exhibit F     2013-10-11 Sherman Acquisition Objections and Responses to Plaintiffs' First Set of Request for Production

Exhibit G     2013-10-11 Sherman Capital Market Objections and Responses to Plaintiffs' First Set of Interrogatories

Exhibit H     2013-10-11 Sherman Capital Market Objections and Responses to Plaintiffs' First Set of Request for Production

Exhibit I     2013-10-11 Sherman Capital Objections and Responses to Plaintiffs' First Set of Interrogatories

Exhibit J     2013-10-11 Sherman Capital Objections and Responses to Plaintiffs' First Set of Request for Production

Exhibit K     2013-10-11 Sherman Financial Group Objections and Responses to Plaintiffs' First Set of Interrogatories

Exhibit L     2013-10-11 Sherman Financial Group Objections and Responses to Plaintiffs' First Set of Request for Production

Exhibit M     2013-10-11 Sherman Originator III Objections and Responses to Plaintiffs' First Set of Interrogatories

Exhibit N     2013-10-11 Sherman Originator III Objections and Responses to Plaintiffs' First Set of Request for Production

Exhibit O     2013-10-11 Sherman Originator LLC Objections and Responses to Plaintiffs' First Set of Interrogatories

Exhibit P      2013-10-11 Sherman Originator LLC Objections and Responses to Plaintiffs' First Set of Request for Production

Exhibit Q      2013-10-22 PSRB letter to G. Caplan and J. Riley

Exhibit R       2013-11-02 Letter from G. Caplan to counsel

Exhibit S      SEALED EXHIBIT 2013-11-05 Letter to Caplan and Riley (Filed under Seal)

Exhibit T      2013-10-18 Riley letter to counsel

Exhibit U      SEALED EXHIBIT RESURGENT-000550 through 000563 REDACTED (Filed under Seal)

Exhibit V      SEALED EXHIBIT 2013-11-15 G. Caplan letter to Plaintiffs re accounts and amounts collected (Filed under Seal)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 20th day of December 2013, a copy of the foregoing was filed electronically and that all parties of record who have appeared should receive this document via the Court's electronic filing system.

*s/ Frederick D. Emhart*

34