# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANDREW COX, LUCINDA COX, and STEPHANIE SNYDER, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHERMAN CAPITAL LLC; MEETING STREET PARTNERS II INC.; SHERMAN FINANCIAL GROUP LLC; SHERMAN CAPITAL MARKETS LLC; LVNV FUNDING LLC; RESURGENT CAPITAL SERVICES LP; SHERMAN ORIGINATOR LLC; SHERMAN ORIGINATOR III, LLC; SHERMAN ACQUISITION, LLC; BENJAMIN W. NAVARRO; LESLIE G. GUTIERREZ; SCOTT E. SILVER; KEVIN P. BRANIGAN; ROBERT A. RODERICK; KENNETT KENDALL; and JOHN DOES 1-50,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:12-cv-1654-TWP-MJD<br>CLASS ACTION |

## DEFENDANT LVNV FUNDING, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant LVNV Funding, LLC ("Defendant") responds to Plaintiffs Andrew Cox,

Lucinda Cox, and Stephanie Snyder ("Plaintiffs") Request for Production of Documents

("Requests") as follows:

## PRELIMINARY STATEMENT

Defendant's Responses to Plaintiffs' Requests have been made in good faith and after

diligent inquiry into the facts and information now known. Defendant is engaged in a continuing

investigation into the subject matter sought by this discovery, and as such, cannot exclude the

possibility that its continued investigation may at some time reveal more complete information or even information that indicates a response now supplied is incorrect.  For these reasons, the information being provided in these Responses is or may be incomplete.

Information of this nature is supplied because it may lead to the discovery of admissible evidence.  Without in any way obligating itself to do so, Defendant reserves the rights: (a) to make subsequent revision, supplementation or amendment to these Responses based upon any information, evidence, documents, facts and things which hereafter may be discovered, or the relevance of which hereafter may be discovered; and (b) to produce, introduce or rely upon additional or subsequently acquired or discovered writings, evidence and information at trial or in any pretrial proceedings held herein.

## GENERAL OBJECTIONS

1.     Defendant objects to Plaintiffs' Requests on the grounds that they are over broad, unduly burdensome, and not reasonably limited in time or scope.

2.     Defendant objects to Plaintiffs' Requests to the extent that they seek information protected by either the attorney-client privilege , the work-product doctrine, or the stipulated protective order entered on May 17, 2013.     Nothing contained in these Responses is intended to, nor shall be deemed, a waiver of any such available privilege or immunity.  To the extent any of the Requests call for such privileged or protected information, Defendant objects to the Requests and asserts that privilege and protection.  If any such privileged information is disclosed, the disclosure shall be deemed inadvertent and shall not be evidence of an intention to waive any applicable privilege or immunity.

3.      Defendant objects to Plaintiffs' Requests to the extent that they seek information that is not within the custody or control of Defendant, is otherwise within the public domain, or is otherwise equally or more available to Plaintiffs than to Defendant.

4.      Defendant objects to Plaintiffs' Requests to the extent that they assume the truth of the allegations that are in dispute in this litigation and/or make incorrect and/or untrue assertions, and/or assume unproven conclusions as established facts.

5.      Defendant objects to Plaintiffs' Requests to the extent that they seek to require it to provide information other than what may be obtained through a reasonably diligent search of its records. Defendant objects to all Requests to the extent that they seek information that is already in Plaintiffs' control or is as equally and easily obtainable through Plaintiffs' own investigation and efforts.

6.      Defendant objects to Plaintiffs' Requests to the extent they seek information that is not relevant to this lawsuit and/or is not reasonably calculated to lead to the discovery of admissible evidence at trial.

7.      Defendant objects to Plaintiffs' Requests to the extent the inquiry goes beyond the scope of the matters alleged.

8.      Defendant objects to Plaintiffs' Requests to the extent they seek to impose obligations greater than or different from those imposed by the Federal Rules of Civil Procedure and other relevant authority.  In responding to the requests, Defendant undertakes only to comply with such authorities.

9.      Defendant objects to the definitions set forth in Plaintiffs Requests to the extent they exceed the Local Rules of the United States District Court for the Southern District of Indiana.

In addition to the General Objections set forth above, Defendant states additional specific objections to the Requests where appropriate. By setting forth such specific objections, Defendant does not intend to limit or restrict the General Objections set forth above. To the extent that Defendant responds to specific Requests, any stated objections are not waived by providing responses. In addition, the inadvertent disclosure of privileged information shall not constitute a waiver of any applicable privilege.

Defendant's investigation of the allegations in Plaintiffs' complaint is ongoing. Defendant reserves the right to amend or supplement its answers to Plaintiffs' Requests based on the results of its ongoing investigation.

Subject to and without waiving the foregoing General Objections and Preliminary Statement, and incorporating all of them in each of the Responses hereafter, Defendant responds as follows:

**ANSWERS AND SPECIFIC OBJECTIONS TO REQUESTS**

**REQUEST FOR PRODUCTION NO. 1:**

A complete copy of the each Purchase and Sale Contract with all attachments and exhibits between the seller, Chase Bank NA and any of its affiliates, and buyer, LVNV Funding, LLC., for Plaintiffs Andrew Cox's and Lucinda Cox's account or account information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks documents that are not in Defendant's possession, control, or custody. Subject to and without waiving the foregoing objections, Defendant responds as follows: There are no documents responsive to this request.**

**REQUEST FOR PRODUCTION NO. 2:**

A complete copy of the each Purchase and Sale Contract with all attachments and exhibits between the seller, Chase Bank NA and any of its affiliates, and buyer, Sherman Originator, LLC, for Plaintiffs Andrew Cox's and Lucinda Cox's account or account information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:** Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks documents that are not in Defendant's possession, control, or custody. Subject to and without waiving the foregoing objections, Defendant responds as follows: There are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 3:**

A complete copy of the each Purchase and Sale Contract with all attachments and exhibits between the seller, Chase Bank NA and any of its affiliates, and buyer, Sherman Originator III, LLC., for Plaintiffs Andrew Cox's and. Lucinda Cox's account or account information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:** Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce documents responsive to this request to the extent such documents are in Defendant's possession, control, or custody.

**REQUEST FOR PRODUCTION NO. 4:**

A complete copy of the each Purchase and Sale Contract with all attachments and exhibits between the seller, Chase Bank NA and any of its affiliates, and buyer, Sherman Acquisition LLC., for Plaintiffs Andrew Cox's and Lucinda Cox's account or account information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:** Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks documents that are not in Defendant's possession, control, or custody. Subject to and without waiving the foregoing objections, Defendant responds as follows: There are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:**

A complete copy of the each Purchase and Sale Contract with all attachments and exhibits between the seller, Chase Bank NA and any of its affiliates, and buyer, Sherman Capital Markets, LLC., for Plaintiffs Andrew Cox's and Lucinda Cox's account or account information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks documents that are not in Defendant's possession, control, or custody. Subject to and without waiving the foregoing objections, Defendant responds as follows: There are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 6:**

A complete copy of the each Purchase and Sale Contract with all attachments and exhibits between the seller, Chase Bank NA and any of its affiliates, and buyer, Sherman Capital, LLC., for Plaintiffs Andrew Cox's and Lucinda Cox's account or account information.

- 6 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks documents that are not in Defendant's possession, control, or custody.  Subject to and without waiving the foregoing objections, Defendant responds as follows:  There are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:**

A complete copy of the each Purchase and Sale Contract with all attachments and exhibits between the seller, Chase Bank NA and any of its affiliates, and buyer, Sherman Financial Group, LLC., for Plaintiffs Andrew Cox's and Lucinda Cox's account or account information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks documents that are not in Defendant's possession, control, or custody.  Subject to and without waiving the foregoing objections, Defendant responds as follows:  There are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 8:**

A complete copy of the each Purchase and Sale Contract with all attachments and exhibits between the seller, Chase Bank NA and any of its affiliates, and buyer, Resurgent Capital Services LP., for Plaintiffs Andrew Cox's and Lucinda Cox's account or account information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks documents that are not in Defendant's possession, control, or custody. Subject to and without waiving the foregoing objections, Defendant responds as follows: There are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 9:**

A complete copy of the each Purchase and Sale Contract with all attachments and exhibits between the seller, Citibank and any of its affiliates, and buyer, LVNV Funding, LLC., for Plaintiff Stephanie Snyder's account or account information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks documents that are not in Defendant's possession, control, or custody. Subject to and without waiving the foregoing objections, Defendant responds as follows: There are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:**

A complete copy of the each Purchase and. Sale Contract with all attachments and exhibits between the seller, Citibank and any of its affiliates, and buyer, Sherman Acquisition, LLC., for Plaintiff Stephanie Snyder's account or account information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks documents that are not in Defendant's possession, control, or custody.  Subject to and without waiving the foregoing objections, Defendant responds as follows:   There are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 11:**

A complete copy of the each Purchase and Sale Contract with all attachments and exhibits between the seller, Citibank and any of its affiliates, and buyer, Sherman Originator III, LLC, for Plaintiff Stephanie Snyder's account or account information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks documents that are not in Defendant's possession, control, or custody.  Subject to and without waiving the foregoing objections, Defendant responds as follows:   There are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 12:**

A complete copy of the each Purchase and Sale Contract with all attachments and exhibits between the seller, Citibank and any of its affiliates, and buyer, Sherman Originator, LLC., for Plaintiff Stephanie Snyder's account or account information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:  **Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein.  Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will  produce documents responsive to this request to the extent such documents are in Defendant's possession, control, or custody.**

**REQUEST FOR PRODUCTION NO. 13:**

A complete copy of the each Purchase and. Sale Contract with all attachments and exhibits between the seller, Citibank and any of its affiliates, and buyer, Resurgent Capital Services, LP, for Plaintiff Stephanie Snyder's account or account information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**:  **Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks documents that are not in Defendant's possession, control, or custody.  Subject to and without waiving the foregoing objections, Defendant responds as follows:   There are no documents responsive to this request.**

**REQUEST FOR PRODUCTION NO. 14:**

A complete copy of the each Purchase and Sale Contract with all attachments and exhibits between the seller, Citibank and any of its affiliates, and buyer, Sherman Capital Markets, LLC., for Plaintiff Stephanie Snyder's account or account information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks documents that are not in Defendant's possession, control, or custody. Subject to and without waiving the foregoing objections, Defendant responds as follows: There are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 15:**

A complete copy of the each Purchase and Sale Contract with all attachments and exhibits between the seller, Citibank and any of its affiliates, and buyer, Sherman Financial Group, LLC, for Plaintiff Stephanie Snyder's account or account information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks documents that are not in Defendant's possession, control, or custody. Subject to and without waiving the foregoing objections, Defendant responds as follows: There are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 16:**

A complete copy of the each Purchase and Sale Contract with all attachments and exhibits between the seller, Citibank and any of its affiliates, and buyer, Sherman Capital, LLC., for Plaintiff Stephanie Snyder's account or account information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks documents that are not in Defendant's possession, control, or custody. Subject to and without waiving the foregoing objections, Defendant responds as follows:   There are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 17:**

All internal assignments of the alleged Chase debt of Plaintiffs Andrew Cox and Lucinda Cox between Sherman Originator III, LLC, and Sherman Originator, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein.  Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will  produce documents responsive to this request to the extent such documents are in Defendant's possession, control, or custody.

**REQUEST FOR PRODUCTION NO. 18:**

All internal assignments of the alleged Chase debt of Plaintiffs Andrew Cox and Lucinda Cox between LVNV Funding and Sherman Originator, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein.  Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will  produce documents responsive to this request to the extent such documents are in Defendant's possession, control, or custody.

**REQUEST FOR PRODUCTION NO. 19:**

 All internal assignments of the alleged Chase debt of Plaintiffs Andrew Cox and Lucinda Cox between LVNV Funding and Resurgent Capital Services, LP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:** **Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks documents that are not in Defendant's possession, control, or custody.  Subject to and without waiving the foregoing objections, Defendant responds as follows:  There are no documents responsive to this request.**

**REQUEST FOR PRODUCTION NO. 20:**

 All internal assignments of the alleged Citibank debt of Plaintiff Stephanie Snyder between Sherman Originator III, LLC, and Sherman Originator, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:** **Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks documents that are not in Defendant's possession, control, or custody.  Subject to and without waiving the foregoing objections, Defendant responds as follows:  There are no documents responsive to this request.**

**REQUEST FOR PRODUCTION NO. 21:**

 All internal assignments of the alleged Citibank debt of Plaintiff Stephanie Snyder between LVNV Funding, LLC, and Sherman Originator, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein.  Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will  produce documents responsive to this request to the extent such documents are in Defendant's possession, control, or custody.

**REQUEST FOR PRODUCTION NO. 22**:

All internal assignments of the alleged Citibank debt of Plaintiff Stephanie Snyder between LVNV Funding, LLC and Resurgent Capital Services, LP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks documents that are not in Defendant's possession, control, or custody.  Subject to and without waiving the foregoing objections, Defendant responds as follows:  There are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 23**:

All evidence of indebtedness including a copy of the original promissory note(s) executed by Chase Bank NA and any of its affiliates and Plaintiffs Andrew Cox and Lucinda Cox.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects to this request on the grounds that it makes incorrect and/or untrue assertions, and/or assume unproven conclusions as established facts insofar as this request uses the term "original promissory note(s)." Subject to and without waiving the foregoing objections, Defendant responds as follows:   Defendant will   produce documents responsive to this request to the extent such documents are in Defendant's possession, control, or custody.

**REQUEST FOR PRODUCTION NO. 24:**

All evidence of indebtedness including a copy of the original promissory note executed by Citibank and any of its affiliates and Plaintiff Stephanie Snyder.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects to this request on the grounds that it makes incorrect and/or untrue assertions, and/or assume unproven conclusions as established facts insofar as this request uses the term "original promissory note(s)." Subject to and without waiving the foregoing objections, Defendant responds as follows:   Defendant will   produce documents responsive to this request to the extent such documents are in Defendant's possession, control, or custody.

**REQUEST FOR PRODUCTION NO. 25:**

All documents relating to the alleged debt of Plaintiffs and the collection thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:** **Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks documents that are not in Defendant's possession, control, or custody.  Defendant further objects that this request is unduly burdensome, over broad and not limited in time or scope.  Defendant further objects to the extent that this request seeks documents that contain information protected by either the attorney-client privilege or the work-product doctrine.  Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant will produce documents responsive to this request to the extent such documents are in Defendant's possession, control, or custody.**

**REQUEST FOR PRODUCTION NO. 26:**

All documents in your possession relating to all Defendants' activities to collect the alleged debts from Plaintiffs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks documents that are not in Defendant's possession, control, or custody.  Defendant further objects that this request is unduly burdensome, over broad and not limited in time or scope.  Defendant further objects to the extent that this request seeks documents that contain information protected by either the attorney-client privilege or the work-product doctrine. Defendant further objects on the grounds that this request makes incorrect and/or untrue assertions, and/or assumes unproven conclusions as established facts in so far as that this request assumes that any defendants other than Defendant Resurgent Capital Services, L.P. or Defendant LVNV Funding, LLC engage in collection activities. Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant will produce documents responsive to this request to the extent such documents are in Defendant's possession, control, or custody.

**REQUEST FOR PRODUCTION NO. 27:**

   All form letters, enclosures, envelopes, memoranda, etc. used by the Defendant in its debt collection activity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks documents that are not in Defendant's possession, control, or custody.  Defendant further objects that this request is unduly burdensome, over broad and not limited in time or scope.  Defendant further objects to the extent that this request seeks documents that contain information protected by either the attorney-client privilege or the work-product doctrine. Defendant further objects on the grounds that this request makes incorrect and/or untrue assertions, and/or assumes unproven conclusions as established facts in so far as that this request assumes that Defendant uses "form letters" in connection with its debt collection activity. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce documents in which Defendant uses in connection with collecting debt of Indiana residents within the four-year time period preceding the date of the filing of the complaint, to the extent such documents are in Defendant's possession, control, or custody.

**REQUEST FOR PRODUCTION NO. 28**:

All material, including video and audio tapes, pertaining to training by or for the Defendant and its employees regarding the Fair Debt Collection Practices Act.

Response To Request for Production No. 28:  **Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks documents that are not in Defendant's possession, control, or custody.  Defendant further objects that this request is unduly burdensome, over broad and not limited in time or scope.  Defendant further objects to the extent that this request seeks documents that contain information protected by either the attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant will produce documents responsive to this request limited to the four-year time period preceding the date of the filing of the complaint, to the extent such documents are in Defendant's possession, control, or custody.**

**REQUEST FOR PRODUCTION NO. 29:**

The LVNV Funding, LLC Prospectus for Moody's Corporation Organization ID number 400039347.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks information that is not relevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent this request goes beyond the scope of the matters alleged.**

**REQUEST FOR PRODUCTION NO. 30:**

The LVNV Funding, LLC Prospectus for Moody's Corporation Organization ID Number 720407008.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks information that is not relevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent this request goes beyond the scope of the matters alleged.

**REQUEST FOR PRODUCTION NO. 31:**

The LVNV Funding, LLC Collateral Management Agreement for the Moody's Corporation Organization ID Number 720407008.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks information that is not relevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent this request goes beyond the scope of the matters alleged.

**REQUEST FOR PRODUCTION NO. 32:**

The LVNV Funding, LLC Collateral Management Agreement for the Moody's Corporation Organization ID Number 400039347.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks information that is not relevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent this request goes beyond the scope of the matters alleged.

**REQUEST FOR PRODUCTION NO. 33:**

The Servicer Agreement between LVNV and Resurgent Capital Services, LP, for Moody's Corporation Organization ID Number 720407008.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:   Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks information that is not relevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent this request goes beyond the scope of the matters alleged.**

**REQUEST FOR PRODUCTION NO. 34:**

The Servicer Agreement between LVNV and Resurgent Capital Services, LP, for Moody's Corporation Organization ID Number 400039347.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:   Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks information that is not relevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent this request goes beyond the scope of the matters alleged.**

**REQUEST FOR PRODUCTION NO. 35:**

The Trustee agreement for Moody's Corporation Organization ID number 400039347.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:** Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks information that is not relevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent this request goes beyond the scope of the matters alleged.

**REQUEST FOR PRODUCTION NO. 36:**

The Trustee agreement for Moody's Corporation Organization ID Number 720407008.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:** Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks information that is not relevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent this request goes beyond the scope of the matters alleged.

**REQUEST FOR PRODUCTION NO. 37:**

The investment advisor agreement for Moody's Corporation Organization ID Number 400039347.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:** Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks information that is not relevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent this request goes beyond the scope of the matters alleged.

**REQUEST FOR PRODUCTION NO. 38:**

The investment advisor agreement for Moody's Corporation Organization ID Number 720407008.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks information that is not relevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent this request goes beyond the scope of the matters alleged.**

**REQUEST FOR PRODUCTION NO. 39:**

Any and all documentation referencing the amount of compensation or fees received by the trustee, servicer, and investment advisor for Moody's Corporation Organization ID Number 720407008.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks information that is not relevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent this request goes beyond the scope of the matters alleged.**

**REQUEST FOR PRODUCTION NO. 40:**

Any and all documentation referencing the amount of compensation or fees received by the trustee, servicer, and investment advisor for Moody's Corporation Organization ID Number 400039347.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40**:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks information that is not relevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent this request goes beyond the scope of the matters alleged.

**REQUEST FOR PRODUCTION NO. 41**:

An organization chart for the Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41**:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant will  produce documents responsive to this request, to the extent such documents are in Defendant's possession, control, or custody.

**REQUEST FOR PRODUCTION NO. 42**:

All documents between Defendant and Chase Bank NA and any of its affiliates regarding the Plaintiffs Andrew and Lucinda Cox and collection of their alleged debt.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant will produce documents responsive to this request to the extent such documents are in Defendant's possession, control or custody.

**REQUEST FOR PRODUCTION NO. 43**:

All documents between Defendant and Citibank and any of its affiliates regarding the Plaintiff Stephanie Snyder and collection of her alleged debt.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:** Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce documents responsive to this request to the extent such documents are in Defendant's possession, control or custody.

**REQUEST FOR PRODUCTION NO. 44:**

All documents between Defendant and Sherman Originator III, LLC regarding the Plaintiffs and the acquisition, purchase, assignment, and collection of their alleged debt.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:** Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce documents responsive to this request to the extent such documents are in Defendant's possession, control or custody.

**REQUEST FOR PRODUCTION NO. 45:**

All documents between Defendant and Sherman Acquisition regarding the Plaintiffs and the acquisition, purchase, assignment, and collection of their alleged debt.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:** Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce documents responsive to this request to the extent such documents are in Defendant's possession, control or custody.

**REQUEST FOR PRODUCTION NO. 46:**

All documents between Defendant and Resurgent Capital Services, LP, regarding the Plaintiffs and the acquisition, purchase, assignment, and collection of their alleged debt.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce documents responsive to this request to the extent such documents are in Defendant's possession, control or custody.

**REQUEST FOR PRODUCTION NO. 47:**

All documents between Defendant and Sherman Originator, LLC regarding the Plaintiffs and collection of their alleged debt.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47**: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce documents responsive to this request to the extent such documents are in Defendant's possession, control or custody.

**REQUEST FOR PRODUCTION NO. 48:**

Copies of any litigation filed against the Defendant alleging violations of the Fair Debt Collection Practices Act.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request is overly broad, indefinite, unlimited in time and scope, and seeks information that is not relevant in that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the grounds that this request is vague and confusing in that it fails to explain what is meant by "copies of litigation." Defendant further objects to this request on the grounds that it seeks documents that are equally available to Plaintiffs in the public domain.

**REQUEST FOR PRODUCTION NO. 49**:

A list of all employees engaged in the acquisition, purchase or collection of debts such as the debt Plaintiffs allegedly owe, their positions and responsibilities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49**:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Subject to and without waiving the foregoing objections, Defendant responds as follows:  There are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 50**:

Any insurance policies internal, external or foreign covering the Defendant for violation of the Fair Debt Collection Practices Act.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50**:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce its insurance declaration page.

**REQUEST FOR PRODUCTION NO. 51:**

All financial reports and statements to investors of the Defendant for the past two years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:   Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks information that is not relevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent this request goes beyond the scope of the matters alleged.  Defendant further objects on the grounds that this request is vague and confusing and fails to define or identify the terms "financial reports and statements" and fails to identify the alleged "investors" to which this request refers.**

**REQUEST FOR PRODUCTION NO. 52:**

All income tax returns of the Defendant for the past two years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:   Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks information that is not relevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent this request goes beyond the scope of the matters alleged.**

**REQUEST FOR PRODUCTION NO. 53:**

Each 10-K, 10-Q, 8-K, or 15-15D filed by Defendant with the Securities and Exchange Commission (SEC) in the prior six (6) years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53**:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks information that is not relevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent this request goes beyond the scope of the matters alleged. Defendant further objects to this request on the grounds that it makes incorrect and/or untrue assertions, and/or assume unproven conclusions as established facts insofar as this request assumes that Defendant is required to file anything with the Securities Exchange Commission.

**REQUEST FOR PRODUCTION NO. 54**:

All documents in the Defendant's possession sent to or received from any other Defendant in this litigation regarding the Plaintiffs alleged debt.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54**:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein.  Defendant further objects to the extent that this request seeks documents that contain information protected by either the attorney-client privilege or the work-product doctrine.  Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant will  produce documents responsive to this request to the extent such documents are in Defendant's possession, control, or custody.

**REQUEST FOR PRODUCTION NO. 55**:

All documents in the Defendant's possession sent to or received from any of the Sherman Financial Group regarding the Plaintiff's alleged debt.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55**: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request is vague and confusing in that it fails to define or identify the term "Sherman Financial Group." Defendant further objects to the extent that this request seeks documents that contain information protected by either the attorney-client privilege or the work-product doctrine.

**REQUEST FOR PRODUCTION NO. 56**:

All internal documents, memoranda, etc., of the Defendant regarding the use of its collection notices and collection efforts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56**: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request is over broad, unduly burdensome, and not reasonably limited in time or scope.

**REQUEST FOR PRODUCTION NO. 57**:

All documents, memoranda, instructions, manuals, etc., of the Defendant surveying the number of notices sent and contacts made by the Defendant in the year preceding the date of the notice sent to Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57**: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that this request is vague and confusing in that it fails to explain what is meant by "instructions . . . surveying the number of notices" and also fails to identify the "notice" or "notices" to which this request refers.

**REQUEST FOR PRODUCTION NO. 58**:

All reports, memoranda, etc., of the Defendant surveying the number of notices and contact sent by the Defendant since the date of the notice sent to Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58**:  **Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that this request is vague and confusing in that it fails to explain what is meant by "instructions . . . surveying the number of notices" and also fails to identify the "notice" or "notices" to which this request refers.**

**REQUEST FOR PRODUCTION NO. 59**:

All operation manuals or similar documents, etc., utilized by the Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59**:  **Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that this request is overly broad, unduly burdensome, indefinite, and not reasonably limited in time and scope.  Subject to and without waiving the foregoing objections, Defendant responds as follows:  Limited to the four-year period preceding the date of the filing of the complaint, Defendant will produce "operation manuals" related to its debt collection practices, to the extent such documents are in Defendant's possession, control, or custody.**

**REQUEST FOR PRODUCTION NO. 60**:

All documents relating to the maintenance of procedures by the Defendant adapted to avoid any violation of the Fair Debt Collection Practices Act.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60**:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that this request is overly broad, unduly burdensome, indefinite, and not reasonably limited in time and scope.  Subject to and without waiving the foregoing objections, Defendant responds as follows:  Limited to the four-year period preceding the date of the filing of the complaint, Defendant will produce documents related to its debt collection practices, to the extent such documents are in Defendant's possession, control, or custody.

**REQUEST FOR PRODUCTION NO. 61**:

All documents relating to the Defendant's procedures to provide verification of the alleged debt.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61**:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that this request is vague, confusing, and ambiguous in that it fails to explain what is meant by "verification" and fails to identify the "alleged debt" to which this request refers.

**REQUEST FOR PRODUCTION NO. 62**:

All documents relating to the Defendant's association with a consumer reporting agency, if any.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62**:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that this request is overly broad, indefinite, unlimited in time and scope, and seeks information that is not relevant in that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects on the grounds that this request is outside the scope of the matters alleged.

**REQUEST FOR PRODUCTION NO. 63**:

Samples of all postcards and/or envelopes used by the Defendant in its collection practices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63**:

Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that this request is overly broad, unduly burdensome, indefinite, and not reasonably limited in time and scope.  Subject to and without waiving the foregoing objections, Defendant responds as follows:  Limited to the four-year period preceding the date of the filing of the complaint, Defendant will produce documents related to this request, to the extent such documents are in Defendant's possession, control, or custody.

**REQUEST FOR PRODUCTION NO. 64**:

Copies of all reports and documents utilized by an expert which Defendant proposes to call at trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64**:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects because this request is premature. Expert disclosures are not yet due.  Defendant has not yet determined the experts that it expects to call at trial. Defendant will produce information regarding its expected witnesses, including its expert witnesses in accordance with court orders and the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 65:**

All exhibits which Defendant proposes to introduce at trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects because this request is premature.  Defendant's list of trial exhibits are not yet due.  Defendant has not yet determined which exhibits it expects to use at trial.  Defendant will produce information regarding its trial exhibits, including its in accordance with court orders and the Federal Rules of Civil Procedure.**

**REQUEST FOR PRODUCTION NO. 66:**

All documents showing who has been sent collection letters (e.g. in the form of Exhibit A in Plaintiffs' Complaint) and the number of such letters sent to each consumer with an Indiana address in the six (6) years preceding the filing of this complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein.  Subject to and without waiving the foregoing objections, Defendant responds as follows:  Within the four years preceding the date of the filing of the complaint, Defendant will  produce documents responsive to this request to the extent such documents are in Defendant's possession, control, or custody.**

**REQUEST FOR PRODUCTION NO. 67:**

All documents showing who has been sent collection letters (e.g. in the form of Exhibit A in Plaintiffs' Complaint) and the number of such letters sent to each Indiana consumers since the filing of Plaintiffs complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67**:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant will  produce documents responsive to this request to the extent such documents are in Defendant's possession, control, or custody.


**REQUEST FOR PRODUCTION NO. 68**:

All document showing who has received collection phone calls and the number of such calls to each consumer with an Indiana address or area code in the six (6) years preceding the filing of this complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68**:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein..  Subject to and without waiving the foregoing objections, Defendant responds as follows:  Within the four years preceding the date of the filing of the complaint, Defendant will  produce documents responsive to this request to the extent such documents are in Defendant's possession, control, or custody.


**REQUEST FOR PRODUCTION NO. 69**:

All documents showing who has received collection phone calls and the number of such calls to each consumer with an Indiana address or area code since the filing of Plaintiffs complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69**:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant will  produce documents responsive to this request to the extent such documents are in Defendant's possession, control, or custody.

**REQUEST FOR PRODUCTION NO. 70:**

Any and all documents or data accounts showing each credit card receivable account purchased, acquired or otherwise handled by LVNV Funding, LLC for each consumer with an Indiana address in the six (6) years preceding the filing of this complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that this request is overly broad and unduly burdensome. Defendant further objects to this request on the grounds that it makes incorrect and/or untrue assertions, and/or assume unproven conclusions as established facts insofar as this request assumes that Defendant "purchased" anything.**

**REQUEST FOR PRODUCTION NO. 71:**

Any and all documents or data accounts showing each credit card receivable account purchased, acquired or otherwise handled by LVNV Funding, LLC for each consumer with an Indiana address since the filing of this complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein.  Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant will  produce documents responsive to this request to the extent such documents are in Defendant's possession, control, or custody.**

**REQUEST FOR PRODUCTION NO. 72:**

All documents demonstrating the calculation of the net worth of LVNV Funding, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72**:  :  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that this request is overly broad, indefinite, unlimited in time and scope, and seeks information that is not relevant in that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects on the grounds that this request is outside the scope of the matters alleged. Defendant further objects to this interrogatory on the grounds that it is vague and confusing in that it fails to explain what is meant by "net worth."  Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant will produce documents responsive to this request to the extent such documents are in Defendant's possession, control or custody.

**REQUEST FOR PRODUCTION NO. 73**:

    All documents demonstrating the job position, Job duties, compensation, and scope of work for each officer of LVNV Funding, LLC and the names of the persons currently holding that position.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73**:  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that this request is overly broad, indefinite, and not reasonably limited in time and scope.  Subject to and without waiving the foregoing objections, Defendant responds as follows:   Defendant will produce documents responsive to this request to the extent such documents are in Defendant's possession, control or custody and to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 74**:

    Organizational chart showing each individual Defendant listed in the Complaint that performs work for LVNV Funding, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**  Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that this request is overly broad, unduly burdensome, indefinite, unlimited in time and scope, and seeks information that is not relevant in that it is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects on the grounds that this request is outside the scope of the matters alleged. Defendant further objects to this interrogatory on the grounds that it is vague and confusing in that it fails to explain what is meant by "performs work."  Subject to and without waiving the foregoing objections, Defendant responds as follows:  Defendant will  produce documents responsive to this request to the extent such documents are in Defendant's possession, control, or custody.

Dated:  October 11, 2013

Respectfully submitted,

s/ Gary S. Caplan

Gary S. Caplan, *pro hac vice*
Michael L. DeMarino, *pro hac vice*
David A. Maas, *pro hac vice*
REEDSMITH LLP
10 South Wacker Drive
40th Floor
Chicago, IL  60606-7507
(312) 207-2000
(312) 207-6400 (Facsimile)
gcaplan@reedsmith.com

James W. Riley, Jr.
Atty. No. 6073-49
141 East Washington Street
Fourth Floor
Indianapolis, IN  46204
(317) 636-8000
(317) 636-8027 (Facsimile)
jriley@rbelaw.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2013, a copy of the foregoing document was

served on all counsel of record by First-Class Mail, proper postage affixed.


s/ Gary S. Caplan

US_ACTIVE-114141219.2-MLDEMARI