IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX, LUCINDA COX, and STEPHANIE SNYDER, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHERMAN CAPITAL LLC; MEETING STREET PARTNERS II INC.; SHERMAN FINANCIAL GROUP LLC; SHERMAN CAPITAL MARKETS LLC; LVNV FUNDING LLC; RESURGENT CAPITAL SERVICES LP; SHERMAN ORIGINATOR LLC; SHERMAN ORIGINATOR III, LLC; SHERMAN ACQUISITION, LLC; BENJAMIN W. NAVARRO; LESLIE G. GUTIERREZ; SCOTT E. SILVER; KEVIN P. BRANIGAN; ROBERT A. RODERICK; KENNETT KENDALL; and JOHN DOES 1-50,<br><br>Defendants. | Civil Action No. 1:12-cv-1654-TWP-MJD<br>CLASS ACTION |

**DEFENDANT SHERMAN ORIGINATOR, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Defendant Sherman Originator, LLC ("Defendant") responds to Plaintiffs Andrew Cox, Lucinda Cox, and Stephanie Snyder ("Plaintiffs") First Set of Interrogatories ("Interrogatories") as follows:

**PRELIMINARY STATEMENT**

Defendant's Responses to Plaintiffs' Interrogatories have been made in good faith and after diligent inquiry into the facts and information now known. Defendant is engaged in a continuing investigation into the subject matter sought by this discovery, and as such, cannot exclude the possibility that its continued investigation may at some time reveal more complete information or even information that indicates a response now supplied is incorrect.

For these reasons, the information being provided in these Responses is or may be incomplete.

Information of this nature is supplied because it may lead to the discovery of admissible evidence. Without in any way obligating itself to do so, Defendant reserves the rights: (a) to make subsequent revision, supplementation or amendment to these Responses based upon any information, evidence, documents, facts and things which hereafter may be discovered, or the relevance of which hereafter may be discovered; and (b) to produce, introduce or rely upon additional or subsequently acquired or discovered writings, evidence and information at trial or in any pretrial proceedings held herein.

## GENERAL OBJECTIONS

1. Defendant objects to Plaintiffs' Interrogatories on the grounds that they are over broad, unduly burdensome, and not reasonably limited in time or scope.

2. Defendant objects to Plaintiffs' Requests to the extent that they seek information protected by either the attorney-client privilege, the work-product doctrine, or the stipulated protective order entered on May 17, 2013. Nothing contained in these Responses is intended to, nor shall be deemed, a waiver of any such available privilege or immunity. To the extent any of the Interrogatories call for such privileged or protected information, Defendant objects to the Interrogatories and asserts that privilege and protection. If any such privileged information is disclosed, the disclosure shall be deemed inadvertent and shall not be evidence of an intention to waive any applicable privilege or immunity.

3. Defendant objects to Plaintiffs' Interrogatories to the extent that they seek information that is not within the custody or control of Defendant, is otherwise within the public domain, or is otherwise equally or more available to Plaintiffs than to Defendant.

4. Defendant objects to Plaintiffs' Interrogatories to the extent that they assume the truth of the allegations that are in dispute in this litigation and/or make incorrect and/or untrue

assertions, and/or assume unproven conclusions as established facts.

5. Defendant objects to Plaintiffs' Interrogatories to the extent that they seek to require it to provide information other than what may be obtained through a reasonably diligent search of its records. Defendant objects to all Interrogatories to the extent that they seek information that is already in Plaintiffs' control or is as equally and easily obtainable through Plaintiffs' own investigation and efforts.

6. Defendant objects to Plaintiffs' Interrogatories to the extent they seek information that is not relevant to this lawsuit and/or is not reasonably calculated to lead to the discovery of admissible evidence at trial.

7. Defendant objects to Plaintiffs' Interrogatories to the extent the inquiry goes beyond the scope of the matters alleged.

8. Defendant objects to Plaintiffs' Interrogatories to the extent they seek to impose obligations greater than or different from those imposed by the Federal Rules of Civil Procedure and other relevant authority. In responding to the Interrogatories, Defendant undertakes only to comply with such authorities.

9. Defendant objects to the definitions set forth in Plaintiffs Interrogatories to the extent they exceed the Local Rules of the United States District Court for the Southern District of Indiana.

In addition to the General Objections set forth above, Defendant states additional specific objections to the Interrogatories where appropriate. By setting forth such specific objections, Defendant does not intend to limit or restrict the General Objections set forth above. To the extent that Defendant responds to specific Interrogatories, any stated objections are not waived by providing responses. In addition, the inadvertent disclosure of privileged information shall not constitute a waiver of any applicable privilege.

Defendant's investigation of the allegations in Plaintiffs' complaint is ongoing.

Defendant reserves the right to amend or supplement its answers to Plaintiffs' Interrogatories based on the results of its ongoing investigation.

Subject to and without waiving the foregoing General Objections and Preliminary Statement, and incorporating all of them in each of the Responses hereafter, Defendant responds as follows:

**ANSWERS AND SPECIFIC OBJECTIONS TO INTERROGATORIES**

1. State the name(s), business address (es) and job title (s) or capacity (ies) of the officer(s), employee(s) or agent(s) answering or providing any information used to answer each Interrogatory.

   **ANSWER: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Subject to and without waiving the foregoing objections, Defendant responds as follows: Meghan Emmerich, Authorized Representative of Defendant; Senior Manager in Corporate Legal for Resurgent Capital Servicers, L.P. 55 Beattie Place, Suite 110, Greenville, South Carolina 29601.Michael L. DeMarino, esq., Counsel**

2. State the name title address and job description of each director, partner, shareholder, officer, and managing member of Defendant who authorized, approved, or was aware of the collection letters sent to consumers in the form represented by Exhibit A in an attempt to collect a debt.
   a. For each person listed provide a detail of their day-to-day duties and, the scope of their employment, responsibilities of the position, and whether each was in a position to influence the conduct of the corporation in relation to any stage of the purchase, securitization and collection on Plaintiffs' accounts.

ANSWER: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that this Interrogatory makes incorrect and/or untrue assertions, and/or assumes unproven conclusions as established facts in so far as that this Interrogatory assumes that Defendant engages in collection activities or the activities described in this Interrogatory. Subject to and without waiving the foregoing objections, Defendant responds as follows: None.

3. For each individual Defendant specifically named in the Plaintiffs Complaint, describe their specific job position, managerial role, duties and responsibilities of each to your company.

ANSWER: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that this request is vague and confusing insofar as it calls for a response with respect to John Does 1-50 named in the complaint. Defendant further objects on the grounds that this Interrogatory is vague and confusing insofar as it fails to define "your company." In responding to this Interrogatory, Defendant will assume that "your company" refers to the Defendant. Answering further, Defendant states that Defendant's investigation of the allegations in Plaintiffs' complaint is ongoing. Defendant reserves the right to amend or supplement its answers to Plaintiffs' Interrogatories based on the results of its ongoing investigation. Subject to and without waiving the foregoing objections, Defendant responds as follows:

- Benjamin W. Navarro-None
- Scott E. Silver-Vice President and Secretary
- Leslie G. Gutierrez-None
- Kevin P. Branigan-President and Chief Executive Officer
- Robert A. Roderick-None
- Kennett Kendall-Vice President, Chief Financial Officer and Treasurer

4. State whether any of the individual defendant is indemnified by your company for liabilities arising out of their corporate activities for your company.

> **ANSWER: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that this Interrogatory seeks information that is not relevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that this Interrogatory is vague and confusing insofar as it fails to define "your company" or "corporate activities." When responding to this Interrogatory, Defendant will assume that "your company" refers to the Defendant. Defendant further objects to this Interrogatory on the grounds that it assumes the truth of the allegations that are in dispute in this litigation and/or makes incorrect and/or untrue assertions, and/or assumes unproven conclusions as established facts in so far as it assumes that any defendant is liable for anything alleged in the complaint. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant indemnifies its agents for acts within the scope of their agency.**

5. Describe and list the chain of possession by purchase or assignment or otherwise of each Plaintiffs account from the originating bank (Chase Bank NA and Citibank) to purchaser to collection.

> **ANSWER: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that this Interrogatory seeks information that is not relevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that this Interrogatory makes incorrect and/or untrue assertions, and/or assumes unproven conclusions as established facts in so far as that this Interrogatory assumes that Defendant engages in collection activities or the activities described in the Interrogatory. Subject to and without waiving the foregoing objections, Defendant responds as follows: As to the Chase contract involving account(s) subject to this litigation, Defendant purchased the account portfolio from Sherman Originator III LLC and sold the account(s) to LVNV LLC. As to the Citibank contract involving account(s) subject to this litigation, Defendant purchased the account portfolio from Citibank and sold the account(s) to LVNV LLC.**

6. Identify and describe any documents used to describe record or establish Defendant's methods and techniques to be used in the collection of consumer accounts.

> **ANSWER: Defendant incorporates by reference its Preliminary Statement**

and General Objections as though fully set forth herein. Defendant further objects on the grounds that this Interrogatory makes incorrect and/or untrue assertions, and/or assumes unproven conclusions as established facts in so far as that this Interrogatory assumes that Defendant engages in collection activities or the activities described in the Interrogatory. Subject to and without waiving the foregoing objections, Defendant responds as follows: Because Defendant does not engage in the activities described in this Interrogatory, none.

7. State the number of collection letters, similar to those sent to the Plaintiffs, which was sent out by the Defendant to consumers with Indiana addresses during six (6) years preceding the date of the complaint filed by Plaintiffs in this cause along with the name and last known address of each consumer.

ANSWER: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that this Interrogatory makes incorrect and/or untrue assertions, and/or assumes unproven conclusions as established facts in so far as that this Interrogatory assumes that Defendant engages in collection activities or the activities described in the Interrogatory. Defendant further objects to this Interrogatory on the grounds that it is vague insofar it fails to define to explain what is meant by the term "similar." Subject to and without waiving the foregoing objections, Defendant responds as follows: Because Defendant does not engage in the activities described in this Interrogatory,

**None.**

8. State the number of collection letters, similar to those sent to the Plaintiff, which was sent out by the Defendant to Indiana consumers since the filing of Plaintiffs complaint.

   **ANSWER: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that this Interrogatory makes incorrect and/or untrue assertions, and/or assumes unproven conclusions as established facts in so far as that this Interrogatory assumes that Defendant engages in collection activities or the activities described in the Interrogatory. Defendant further objects to this Interrogatory on the grounds that it is vague insofar it fails to define to explain what is meant by the term "similar." Subject to and without waiving the foregoing objections, Defendant responds as follows: Because Defendant does not engage in the activities described in this Interrogatory, None.**

9. Is Defendant affiliated with any other (e.g., common ownership, overlapping officers or managers or common facilities or employees)? If so, describe the affiliation and identify the participants and describe the role, duties, activities, responsibilities of each
officer as it relates to each overlapping company.

   **ANSWER: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the**

grounds that this Interrogatory is vague and confusing insofar as it contains a typographical error and/or fails to identify what "other" refers to. Defendant further objects on the grounds that this Interrogatory is vague and confusing insofar as it fails to identify which "participants" or "officers" it refers to. Defendant further objects on the grounds that this Interrogatory seeks information that is confidential and proprietary in nature and/or covered under attorney/client privilege and trade secret privilege.

10. Identify and describe each document and record known to Defendant which is related to the account of Plaintiffs.

ANSWER: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that this Interrogatory makes incorrect and/or untrue assertions, and/or assumes unproven conclusions as established facts in so far as that this Interrogatory assumes that Defendant engages in collection activities or the activities described in the Interrogatory. Defendant further objects to this Interrogatory on the grounds that it is overly broad, indefinite, unlimited in time and scope, and unduly burdensome. Defendant further objects on the grounds that this Interrogatory seeks information that is confidential and proprietary in nature and/or covered under attorney/client privilege and trade secret privilege. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce documents responsive to this Interrogatory. See Response to Requests for Production that include the Bill of Sale with original creditor and the account data strings related to the account(s) that are subject to

**this litigation.**

11. Identify all present and past contracts or agreements (purchase or sales agreements) between Defendant and Chase Bank N A and its affiliates in the last six (6) years containing Indiana consumer credit card accounts.

   **ANSWER: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that this Interrogatory makes incorrect and/or untrue assertions, and/or assumes unproven conclusions as established facts in so far as that this Interrogatory assumes that Defendant engages in collection activities or the activities described in the Interrogatory. Defendant further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Defendant further objects on the grounds that this Interrogatory seeks information that is confidential and proprietary in nature and/or covered under attorney/client privilege and trade secret privilege. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce documents responsive to this Interrogatory within the four-year period preceding the date of the filing of the Complaint.**

12. Identify the terms of the agreement between any of the Defendants and Chase Bank NA and its affiliates pursuant to which Defendant LVNV Funding, LLC or its agents sought to collect this account from the Plaintiff.

   **ANSWER: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that this Interrogatory makes incorrect and/or untrue assertions,**

and/or assumes unproven conclusions as established facts in so far as that this Interrogatory assumes that Defendant engages in collection activities or the activities described in the Interrogatory. Defendant further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not hold debt collection accounts or engage in any debt collection activities. Defendant is without sufficient information to answer this Interrogatory insofar as it relates to other defendants in this litigation. With respect to Defendant, none.

13. Identify all present and past contracts or agreements (purchase or sales agreements) between Defendant and Citibank and its affiliates in the last six (6) years containing Indiana consumer credit card accounts.

**ANSWER:** Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that this Interrogatory makes incorrect and/or untrue assertions, and/or assumes unproven conclusions as established facts in so far as that this Interrogatory assumes that Defendant engages in collection activities or the activities described in the Interrogatory. Defendant further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Defendant further objects on the grounds that this Interrogatory seeks information that is confidential and proprietary in nature and/or covered under attorney/client privilege and trade secret privilege. Subject to and without waiving the foregoing objections, Defendant responds

as follows: Defendant will produce documents responsive to this Interrogatory within the four-year period preceding the date of the filing of the Complaint.

14. Identify the terms of any agreement between Defendant and Citibank and its affiliates pursuant to which LVNV Funding, LLC or its agents sought to collect this account from the Plaintiff.

    **ANSWER: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that this Interrogatory makes incorrect and/or untrue assertions, and/or assumes unproven conclusions as established facts in so far as that this Interrogatory assumes that Defendant engages in collection activities or the activities described in the Interrogatory. Defendant further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not hold debt collection accounts or engage in any debt collection activities. Defendant is without sufficient information to answer this Interrogatory insofar as it relates to other defendants in this litigation. Defendant will produce documents responsive to this Interrogatory.**

15. Describe, step-by-step, the process which resulted in Exhibits A in Plaintiffs Complaint being transmitted to Plaintiff, beginning with the date and method of transmission of information from Chase bank NA or its affiliates, e.g., computer tapes or other media delivered (when, by whom, where and to whom); content of computer tape or media; data input (where and by whom); computer entry or other means of

directing transmission letters (where and by whom entry made), letter with debtor information printed (from where and by whom); letter with debtor information mailed (from where and by whom), computer tapes or media returned ( on what occasion, when, by whom and to whom).

ANSWER: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that this Interrogatory makes incorrect and/or untrue assertions, and/or assumes unproven conclusions as established facts in so far as that this Interrogatory assumes that Defendant engages in collection activities or the activities described in the Interrogatory. Defendant further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and confusing insofar as it fails to explain what is meant by "transmission letters" Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not hold debt collection accounts or engage in any debt collection activities. Defendant is without sufficient information to answer this Interrogatory insofar as it relates to other defendants in this litigation. Defendant will produce documents responsive to this Interrogatory. See document production and response to Interrogatory number 5.

16. Describe, step-by-step, the process which resulted in Exhibits B in Plaintiffs Complaint being filed against Plaintiff, beginning with the date and method of transmission of information from Citibank or its affiliates, e.g., computer tapes or other media delivered (when, by whom, where and to whom); content of computer tape or media; data input (where and by whom); computer entry or other means of directing transmission letters (where and by whom entry made), letter with debtor information printed (from where and by whom); letter with debtor information mailed

(from where and by whom), computer tapes or media returned ( on what occasion, when and to whom).

**ANSWER: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that this Interrogatory makes incorrect and/or untrue assertions, and/or assumes unproven conclusions as established facts in so far as that this Interrogatory assumes that Defendant engages in collection activities or the activities described in the Interrogatory. Defendant further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, and confusing insofar as it fails to explain what is meant by "transmission letters" Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant does not hold debt collection accounts or engage in any debt collection activities. Defendant is without sufficient information to answer this Interrogatory insofar as it relates to other defendants in this litigation. Defendant will produce documents responsive to this Interrogatory. See document production and response to Interrogatory number 5.**

Dated: October 11, 2013                    Respectfully submitted,

                                                   s/ Gary S. Caplan
                                                 Gary S. Caplan, *pro hac vice*
                                                 Michael L. DeMarino, *pro hac vice*
                                                 David A. Maas, *pro hac vice*
                                                 REEDSMITH LLP
                                                 10 South Wacker Drive
                                                 40th Floor
                                                 Chicago, IL  60606-7507
                                                 (312) 207-2000
                                                 (312) 207-6400 (Facsimile)
                                                 gcaplan@reedsmith.com

James W. Riley, Jr.
Atty. No. 6073-49
141 East Washington Street
Fourth Floor
Indianapolis, IN  46204
(317) 636-8000
(317) 636-8027 (Facsimile)
jriley@rbelaw.com
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2013, a copy of the foregoing document was served on all counsel of record by First-Class Mail, proper postage affixed.

                                                s/ Gary S. Caplan