**Gary S. Caplan**
Direct Phone: +1 312 207 6425
Email: gcaplan@reedsmith.com

10 South Wacker Drive
Chicago, IL 60606-7507
+1 312 207 1000
Fax +1 312 207 6400
reedsmith.com

November 2, 2013

<u>**Via Email**</u>

| | |
|---|---|
| Robert D. Cheesebourough | Frederick D. Emhardt |
| Matthew D. Boruta | Plews Shadley Racher & Braun LLP |
| Cheesebourough & Boruta | 1346 North Delaware Street |
| 543 E Market Street | Indianapolis, IN  46202-2145 |
| Indianapolis, IN 46204 | |

Re:   *Cox, Andrew & Lucinda; Stephanie Snyder v. Sherman Capital LLC, et al.;*
       USDC-So. Dist. of Indiana, Case No. 12-cv-1654

Dear Counsel:

I write in response to your letter dated October 22, 2013 and to summarize the positions taken by the parties during the meet and confer that was held on October 29, 2013, and during the conference call on October 31, 2013.

With respect to the discovery items that Plaintiffs specifically addressed in their letter and which were discussed during the meet and confer, the parties discussed and agreed to the following:

1.   *Names, addresses, and complete account information regarding Indiana consumer accounts any of the defendants or their agents held or transferred during the six years before the filing of this action;*

Defendants agree to produce for the relevant time period account numbers, and information related to the balances of the accounts, including money received as a result of collection. Plaintiffs maintained that they require names and addresses to "verify" that the information is correct.  Defendants maintain that names and addresses at this point in time—pre-certification—are premature and are not necessary for Plaintiffs to develop a settlement strategy.

2.   *Identification of all law suits filed in Indiana in which any of the defendants or their agents is named as a plaintiff in the six years before the filing of this action;*

Defendants agree to produce the number of lawsuits filed by LVNV during the relevant time period and will determine what information Defendants can produce to help Plaintiffs identify such lawsuits. The Parties discussed providing a sample of lawsuits filed by attorneys on behalf

Mr. Robert Cheeseborough
Mr. Matthew Boruta
October 31, 2013
Page 2

ReedSmith

of LVNV or Resurgent. Defendants agreed to determine if the attorneys maintain lists of lawsuits brought on behalf of LVNV or Resurgent in Indiana during the appropriate time period.

3.     *Identification of the sale of information or other accounts of Indiana residents to third parties, including affiliates of any of the defendants in the six years before the filing of this action;*

Defendants and Plaintiffs agreed that Defendants' agreement to produce relating to category numbers 1 and 2 above subsume this category. The parties agreed that the production of information relating to category numbers 1 and 2 above will include any subsequently sold accounts.

4.     *Identification of all collection activities undertaken in Indiana by any of the defendants or their agents within the six years prior to the filing of the complaint, with each consumer targeted identified by name, address, and phone number;*

Plaintiffs agreed to provide Defendants with additional information related to the specific "collection activities" material Plaintiffs require in order to meaningfully discuss settlement. Defendants pointed out that collection activity relating to putative class members is not relevant, because the case will be proven through the named plaintiffs, and the only issues raised are (i) the alleged lack of registration, and (ii) the alleged failure to own the debts at issue. The parties discussed the possibility of producing a sample of accounts in response to this interrogatory.

5.     *Identification by consumer of all funds collected by any of the defendant or their agents from any Indiana resident over the six years before the filing of the action;*

Defendants agree to produce this information to the extent possible.

6.     *Identification of all law firms utilized by any of the defendants or their agents for collection activities against Indiana residents;*

7.     *Identification of all "servicers" or collection agencies utilized by any of the defendants or their agents for collection activities relating to Indiana residents;*

With respect to categories six and seven, the parties agreed that Defendants have provided this material.

8.     *Unredacted purchase agreements from Chase and Citifinancial;*

Defendants maintain that redactions related to the price are necessary to protect proprietary information that has no relevance to Plaintiffs' action. Plaintiffs insist that price is relevant to whether LVNV owns the debt. With respect to redactions of indemnification provisions,

Mr. Robert Cheeseborough
Mr. Matthew Boruta
October 31, 2013
Page 3

ReedSmith

Plaintiffs take the position that these redactions include representations and warranties related to the "as is" condition of the accounts, which Plaintiffs believe is relevant to ownership of the debt. Defendants disagree that any representation by the seller related to the condition of the accounts sold is relevant to ownership. Moreover, Defendants maintain that the indemnification provisions do not contain any "as is" representations but instead that these representations are in the other unredacted sections of the purchase agreements. Defendants agreed to produce documents that are unredacted except as to price, as well as names and addresses.

9. *Elimination of all redactions from all documents tendered by any of the defendants for any purpose in this action;*

Plaintiffs indicated that the only redactions other than the redactions in the purchase agreements are the redactions found in the schedule of accounts attached as an exhibit to the Bill of Sale. Plaintiffs expressed their need for the identity of the account holders—*i.e.*, names and addresses— and Defendants reasserted their position that this information is premature.

10. C*omplete delineation of Ownership of and history of all the transfers of ownership, changes of ownership interest, beneficial ownerships within the last six years of Sherman Capital, LLC;*

11. *Complete delineation of Ownership of and history of all the transfers of ownership, changes of ownership interest, beneficial ownerships within the last six years of Sherman Capital Markets, LLC;*

12. *Complete delineation of Ownership of and history of all the transfers of ownership, changes of ownership interest, beneficial ownerships within the last six years of Sherman Originator III, LLC.*

Defendants agreed to produce relevant information as requested in categories 10 through 12.

    (a)    *LVNV's prospectus to Moody's for Moody's Org. No. 400039347;*

    (b)    *LVNV's prospectus to Moody's for Moody's Org. No. 720407008;*

    (c)    *LVNV's Collateral Management Agreement for Moody's Org. No. 720407008;*

    (d)    *LVNV's Collateral Management Agreement for Moody's Org. No. 400039347;*

    (e)    *LVNV's Servicer Agreement between LVNV and Resurgent Capital Services LP for Moody's Org. No. 720407008;*

Mr. Robert Cheeseborough
Mr. Matthew Boruta
October 31, 2013
Page 4

ReedSmith

  (f) *LVNV's Servicer Agreement between LVNV and Resurgent Capital Services LP for Moody's Org. No. 400039347;*

  (g) *LVNV's Trustee Agreement for Moody's Org. No. 400039347;*

  (h) *LVNV's Trustee Agreement for Moody's Org. No. 720407008;*

  (i) *LVNV's Investment Advisor Agreement for Moody's Org. No. 400039347;*

  (j) *LVNV's Investment Advisor Agreement for Moody's Org. No. 720407008.*

With respect to items (a) through (j), Defendants explained that these documents do not exist because LVNV or the other defendants do not sell securities. Plaintiffs claimed that they nonetheless believe that LVNV sells securities, because other companies that purchase credit card accounts sell debt securities.

We will look into the issues as stated above, and look forward to speaking further about these issues this coming Tuesday, November 5, on our next scheduled call.

Very truly yours,

/s Gary S. Caplan

GSC:ew

cc: James W. Riley (via email)