**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| ANDREW COX, LUCINDA COX, and STEPHANIE SNYDER, Individually and on behalf of others similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 1:12-cv-1654-TWP-MJD<br>) CLASS ACTION<br>) |
| SHERMAN CAPITAL LLC; MEETING STREET PARTNERS II INC.; SHERMAN FINANCIAL GROUP LLC; SHERMAN CAPITAL MARKETS LLC; LVNV FUNDING LLC; RESURGENT CAPITAL SERVICES LP; SHERMAN ORIGINATOR LLC; SHERMAN ORIGINATOR III, LLC; SHERMAN ACQUISITION, LLC; BENJAMIN W. NAVARRO; LESLIE G. GUTIERREZ; SCOTT E. SILVER; KEVIN P. BRANIGAN; ROBERT A. RODERICK; KENNETT KENDALL; and JOHN DOES 1-50, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S ORDER**
**ON PLAINTIFFS' MOTION TO COMPEL**

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, Defendants Sherman Capital LLC, Sherman Financial Group LLC, Sherman Capital Markets LLC, LVNV Funding LLC, Resurgent Capital Services LP, Sherman Originator LLC, Sherman Originator III and Sherman Acquisition LLC (hereinafter "the Entity Defendants") hereby submit the following

objection to the Magistrate Judge's Order on Plaintiffs' Motion to Compel dated February 24, 2014 [Dkt. No. 210](hereinafter "the Magistrate Judge's Order").

## INTRODUCTION

Although the Magistrate Judge's Order addressed a number of discovery issues, the Entity Defendants object only to one aspect of the Magistrate Judge's Order – namely, that the Entity Defendants produce financial statements and income tax returns for the last two years. The Magistrate Judge made two critical errors in requiring the production of these highly sensitive and private financial documents. First, the Magistrate Judge did not set forth any analysis or explanation for concluding that these documents were relevant to any party's claim or defense and, thus, were within the scope of discovery permitted under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Instead, the Magistrate Judge's Order merely states that documents regarding the Entity Defendants' "ownership or affiliation" are relevant, (*see* Magistrate Judge's Order at 11 (attached as Ex. A), without ever expressly finding that the requested financial statements and income tax returns contain such "ownership and affiliation" information. Second, the Magistrate Judge failed to recognize that information about the ownership and affiliation of the Entity Defendants is more readily available from other sources, and that the Entity Defendants have already produced such information to Plaintiffs. For these reasons, the Court should reverse the Magistrate Judge's Order to the extent it requires that the Entity Defendants produce financial statements and income tax returns.

## BACKGROUND

These Objections arise from two document requests that were included within Plaintiffs' First Set of Requests for Production of Documents served on each of the Entity Defendants. Those two requests sought "All financial reports and statements to investors of the Defendant for the past two years" and "All income tax returns of the Defendant for the past two years," respectively. (*See* Mem. of Law in Support of Pls.' Mot. to Compel Regarding Written Discovery [Dkt. No. 173] ("Pls." Mem."), at 21-22 (attached as Ex. G); Def. LVNV Funding LLC's Objs. and Resps. To Pls.' First Requests for Production of Docs. [Dkt. 173-01] at Reqs. 51 and 52 (attached as Ex. B).)

The Entity Defendants objected to both of these requests as not relevant to the claims asserted by the Plaintiffs, as well as for vagueness to the extent Plaintiffs failed to define the term "financial reports and statements." *Id.* In the meet and confer sessions to address those objections, Plaintiffs asserted a need to understand who owned each of the Defendant Entities as the sole reason for the relevance of the financial statements and income tax return requests. (*See* 10/22/13 Emhardt Letter to Caplan [Dkt. 173-17] (attached as Ex. C) (purporting to "state the plaintiffs' position as to outstanding discovery," Plaintiffs without reference to either financial statements or income tax returns, discuss a need for the names of a non-defendant S-corporation and its officers and directors, and express a need for "information about the defendant entities" in addition to a previously provided ownership chart).)[1] In reply, Defendants offered to, and did, provide Plaintiffs the ownership information Plaintiffs requested. (*See* 11/14/13 Caplan Letter to Cheesbourough and Emhardt (attached as Ex. E) (providing "ownership structure of entity defendants"); 01/29/14 Caplan Letter to Cheesbourough and Emhardt (attached as Ex. F) (same).)

---

[1] *See* Sherman Financial Group LLC organization Chart (attached as Ex. D).

On December 20, 2013, Plaintiffs filed a motion to compel, requesting among other things that the Magistrate Judge compel the production of the Entity Defendants' financial statements and income tax returns. (Pls.' Mot. to Compel Regarding Written Discovery [Dkt. 172]). In support of this aspect of their motion to compel, Plaintiffs expanded their articulation of the relevance of the requested financial statements and income tax returns as follows:

> Defendants' financial reports and statements, as well as their tax returns are relevant to the issues of ownership of defendants, securitization and sale of securities, corporate structure, identity of current and former officers, and net value for purposes of punitive damages.

(Pls.' Mem. (Ex. G) at 22.) To address the Entity Defendants' vagueness objection, Plaintiffs in their motion to compel briefing limited their request for financial statements to "any audited financial reports during the two year period." (Reply in Support of Pls.' Mot. to Compel Regarding Written Discovery [Dkt. 189] at 16 (attached as Ex. H).)

At the January 31, 2014 hearing on their motion to compel, Plaintiffs conceded that they had received the ownership information they sought from three different sources: (i) the Entity Defendants' initial corporate disclosure statement; (ii) a letter from counsel for the Entity Defendants; and (iii) depositions of several of the officers of the Entity Defendants. (Trans. of Motion to Compel Hearing 01/31/14 [Dkt. 202]("Trans.") at 44 (attached as Ex. I).) Even so, Plaintiffs persisted in their demand for the financial statements and income tax returns claiming that the creation of an S-corporation after the filing of the initial disclosure statement, and the allegedly contradictory testimony of one witness as to the ownership of one of the Entity Defendants, put them "at a loss" to identify the actual owners of Defendants. (*Id*. at 44-45.) They further argued, without citation to any evidence or basis other than counsel's argument, that Plaintiffs' counsel "believed" financial information and tax returns would be relevant to "ownership of the Defendants" and "who are the true owners of these defendants," and added

that such documents would "shed light on … [the] extent [Defendants] engage in securitizations." (*Id*. at 42.)

Counsel for the Entity Defendants stated in response that the Entity Defendants' financial data would not reveal the type of ownership information Plaintiffs sought or anything about securitization. (*Id. at* 43, 45.) Further, to the extent the Entity Defendants' corporate structure had changes after the filing of the lawsuit (*i.e.*, the addition of an S-corporation), Defendants had disclosed the change. (*Id.*; *see also* 06/21/13 Deposition of Benjamin W. Navarro at 10, 14-16 (attached as Ex. J).) Moreover, review of the witness testimony Plaintiffs challenged at the hearing on the Motion to Compel shows that the deposed officer provided ownership information consistent with the written disclosures. (*Compare* Navarro Dep. at 14-16, 34-35 (Ex. J) (indicating recent formation of entities, named after streets in Charleston SC, that own Sherman Capital LLC) to 01/29/14 Caplan Letter (Ex. F) (disclosing that the owners of Sherman Capital LLC include LLCs bearing Charleston street names).)[2]

The Magistrate Judge's Order issued on February 24, 2014 addresses a number of discovery issues in addition to the discoverability of the Entity Defendants' financial statements and income tax returns, devoting only two paragraphs of the 13-page order to the requested production of these documents. (Magistrate Judge's Order at 10-11 (Ex. A).) After describing the parties' positions in the first paragraph, the Magistrate Judge stated in the second paragraph that "information regarding Defendants' ownership and affiliation" is relevant to a claim or defense at issue because Plaintiffs had alleged that the Defendants are all "interrelated in a [clandestine] and complex business structure." (*Id.* at 11.) The Magistrate then determined that

---

[2] Defendants further supplied precedent for the proposition that, if the only basis for seeking financial statement disclosure was a claim for punitive damages, such production should occur only at a later stage in the discovery process, if at all. (*See* Trans. at 43-44 (Ex. I.)

terms like "financial statements and reports" were not vague, and ordered the production of the financial statements and income tax returns. (*Id*.)

## STANDARD OF REVIEW

Rule 72(a) provides that "[t]he District Judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." The Court of Appeals for the Seventh Circuit has held that "[t]he clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Company, Ltd*., 126 F.3d 926, 943 (7th Cir. 1997).

## ARGUMENT

The Corporate Disclosure Statement filed by the Entity Defendants in this case ([Dkt. No. 12](attached as Ex. M)), demonstrates that each of the Entity Defendants is privately held. Accordingly, unlike a public company, the Entity Defendants' financial statements and income tax returns are private, non-public documents that contain the most sensitive and proprietary financial information about these businesses, including information about their revenues, expenses and income.

The Magistrate Judge has ordered the Entity Defendants to produce to Plaintiffs these private and highly sensitive financial documents, but the Magistrate Judge has not provided any analysis or explanation for concluding that these documents are discoverable. The Entity Defendants' principal objection to production of these documents was that the financial statements and income tax returns were not relevant to any party's claim or defense and, thus, were not within the scope of discovery under FRCP 26(b)(1). The Magistrate Judge devotes only two sentences of his Order to address this objection, stating:

> Plaintiffs' claims are based in part on Plaintiffs' allegations that the Defendants are all "interrelated in a clandenstine [sic] and complex business structure." [Dkt. 1-6]  Thus, information regarding Defendants' ownership and affiliation is relevant to a claim or defense at issue.

(Magistrate Judge's Order at 11.)

The Magistrate Judge, however, never explains *how* the requested financial statements and income tax returns constitute "information regarding Defendants' ownership and affiliation." In fact, it is well known that these types of documents primarily present *financial* information, including information about revenues, expenses, income and the like.  This is particularly true in this case, as demonstrated by the redacted versions of audited financial statements that the Entity Defendants are producing, which contain only limited disclosure regarding the various Entity Defendants, and nothing about additional corporate structures, officers, or securitizations.  (*See* Audited Financial Statements of Sherman Financial Group LLC and Subsidiaries for the years ending December 31, 2012 and 2011 (Redacted) (attached as Ex. K); Audited Financial Statements of Resurgent Capital Services LP and Subsidiary for the years ending December 31, 2012 and 2011 (Redacted) (attached as Ex. L).) In sum, because the Magistrate Judge failed to make the threshold determination that the Entity Defendants' financial statements and income tax returns actually contain the information being sought, the Magistrate Judge's order that the Entity Defendants produce financial statements and tax returns is based on a complete *non sequitor*.

More importantly, "information regarding Defendants' ownership and affiliation" can be more readily obtained from other sources without requiring the disclosure of the irrelevant, sensitive financial information contained in the financial statements and income tax returns.  The Entity Defendants have already produced such information to Plaintiffs and have offered to produce additional information.  Specifically:

- The Entity Defendants filed a Corporate Disclosure Statement in this case describing the ownership of each of the Entity Defendants. ([Dkt. No. 12], (Ex. M).).

- The Entity Defendants produced an organizational chart showing ownership of some of the Entity Defendants and correspondence of counsel explaining the ownership of the remaining Entity Defendants. (*See* Ex. D (discussed at Trans. 44-46 (Ex. I).)

- Counsel for the Entity Defendants offered to produce a corporate designee witness to address questions Plaintiffs may have about the ownership and affiliation of the Entity Defendants. (Trans. at 46.)

- The Entity Defendants are not objecting to that portion of the Magistrate Judge's Order requiring the Entity Defendants to answer Plaintiffs' interrogatory regarding each Entity Defendant's affiliation with any other Defendant.[3]

- The Entity Defendants have produced to Plaintiffs redacted versions of the audited financial statements of Defendant Sherman Financial Group LLC and Subsidiaries for the years ending December 31, 2012 and 2011, and redacted versions of the audited financial statements of Defendant Resurgent Capital Services LP and Subsidiary for the years ending December 31, 2012 and 2011. These are the only two Entity Defendants that have audited financial statements. As counsel for the Entity Defendants has previously stated, these financial statements principally address the financial condition of these entities, and contain only limited disclosures regarding the relationships among the Entity Defendants, namely: (i) a statement that the consolidated results of Sherman Financial Group includes the financial results of certain of the Entity Defendants, (ii) Sherman Financial Group is owned by Sherman Capital LLC; (iii) Sherman Capital Markets LLC has a management services agreement with Sherman Financial Group; and (iv) Alegis Group LLC, as general partner, and Sherman Financial Group, LLC, as limited partner, own Resurgent. (All of this information is consistent with prior representations made by the Entity Defendants to Plaintiffs and does not provide the corporate structure, officer or securitization information sought by Plaintiff). (*See* Exs. K and L.)

Given the Entity Defendants' demonstrated willingness to disclose information about their ownership and affiliation, Plaintiffs should not be allowed to review the Entity Defendants' most

---

[3] The Interrogatory is as follows: "Is Defendant affiliated with any other Defendant (*e.g.*, common ownership, overlapping officers or managers or common facilities or employees)? If so, describe the affiliation and identify the participants and describe the role, duties, activities, responsibilities of each officer as it relates to each overlapping company."

sensitive financial information merely to "doublecheck" the Entity Defendants' statements about their ownership.

This is especially true given the privacy concerns associated with producing confidential financial statements and income tax returns. Courts have recognized that producing the financial statements of private corporations, and the income tax returns of any party, is not to be done lightly. *See Finch v. City of Indianapolis*, 1:08-CV-0432-DML-RLY, 2011 WL 2516242 (S.D. Ind. June 23, 2011,) (recognizing the sensitivity of personal financial information); *Charles v. Quality Carriers, Inc.*, 1:08-CV-00428-RLY-JMS, 2010 WL 396356 (S.D. Ind. Jan. 28, 2010) (recognizing that a third party's finances constitute "private and highly sensitive information"); *Fischer v. Life Ins. Co. of N. Am.*, 1:08-CV-0396-WTL-TAB, 2009 WL 734705 (S.D. Ind. Mar. 19, 2009) (denying motion to compel financial information because such information was "particularly sensitive" and "less connected to the conflicts analysis." "[T]o the extent that any discovery information could be garnered from these sources, that information should in large part already be provided in response to the production the Court has permitted."); *see also In re Boston Herald, Inc. v. John J. Connolly, Jr.,* 321 F.3d 174, 190 (1st Cir. 2003) ("Personal financial information, such as one's income or bank account balance, is universally presumed to be private, not public.")  Courts have found that tax returns in particular are highly sensitive documents. *See, e.g., Commodity Futures Trading Commission v. Collins*, 997 F.2d 1230, 1233 (7th Cir. 1993). While the Seventh Circuit has not expressed a specific standard for considering a request for the production of income tax returns, *see Poulos and A.G.P. Marketing v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir. 1992), some courts have adopted a special discovery standard for such returns, requiring their production only when the returns are relevant and there is a compelling need for the returns because the information sought is not otherwise available.

*See, e.g., U.S. v. Real Property and Improvements Located at 2441 Mission St., San Francisco, California*, 2013 WL 6774081 (N.D. Cal. 2013); *White v. Michigan Dept. of Human Services*, 2011 WL 1882924 (E.D.Mich. 2011).

Given the recognized sensitivity of financial statements and income tax returns and the FRCP 26(b)(1) requirement that requested discovery be shown to have relevance to a claim or defense, a court must provide an express basis for the compelled production of financial statements and income tax returns. As explained above, the Magistrate Judge's Order simply does not provide any analysis or explanation to support a conclusion that these documents are relevant and hence within the scope of discovery in this case.

When addressing the discoverability of the financial statements and tax returns, the Magistrate Judge's Order alludes only to the relevance of information relating to the "ownership or affiliation" of the Entity Defendants. Accordingly, it appears that the Magistrate Judge implicitly rejected the other grounds upon which Plaintiffs had argued that the financial statements and income tax returns were relevant. As noted above, Plaintiffs had argued that the requested financial documents were relevant to the issues of "securitization and sale of securities, . . . identity of current and former officers and net value for purposes of punitive damages." (Pls.' Mem. at 22.) The requested documents, however, primarily contain financial information, and there was not even any showing that the documents contained information regarding subjects such as securitization and the identity of corporate officers. In any event, this type of information could obviously be obtained from many alternative sources that would not require the production of the sensitive, private financial information that is contained in the financial statements and tax returns. Finally, production of the financial statements and tax returns is not justified based on Plaintiffs' request for punitive damages arising from their common law

fraud claim, at least not at this stage of the case. Although the defendant's financial information may be deemed relevant to a punitive damages claim in some cases, many courts postpone the production of financial information until the case progresses to the point that it becomes evident that plaintiff indeed has a genuine factual basis to support a punitive damage claim. *See, e.g., Finch v. City of Indianapolis*, 2011 WL 2516242 (S.D. Ind. 2011). Moreover, in this Circuit there is some question as to whether, in a case involving a corporate defendant, corporate financial information is even relevant to a punitive damages claim. *Zazu Designs v. L'Oreal, S.A.*, 979 F.2d 499, 508-09 (7th Cir. 1992); *Yund v. Covington Foods*, 193 F.R.D. 582 (S.D. Ind. 2000).

## CONCLUSION

For all the reasons stated above, the Court should reverse the Magistrate Judge's Order to the extent it requires that the Entity Defendants produce financial statements and tax returns.

Dated: March 10, 2014               Respectfully submitted,

/s/ *James A. Rolfes*
James A. Rolfes, pro hac vice
Michael L. DeMarino, pro hac vice
David A. Maas, pro hac vice
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606-7507
(312) 207-2000
(312) 207-6400 (Facsimile)
Jrolfes@reedsmith.com

James W. Riley, Jr.
Atty. No. 6073-49
141 East Washington Street, Fourth Floor
Indianapolis, IN 46204
(317) 636-8000
(317) 636-8027 (Facsimile)
jjriley@rbelaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on March 10, 2014 a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing to all counsel of record.

                    /s/ *James A. Rolfes*

Case 1:12-cv-01654-TWP-MJD Document 216 Filed 03/10/14 Page 12 of 12 PageID #: 2843