# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX,<br>LUCINDA COX,<br>STEPHANIE SNYDER Individually and on behalf of others similarly situated,<br><br>       Plaintiffs,<br><br>vs.<br><br>SHERMAN CAPITAL LLC,<br>MEETING STREET PARTNERS II INC.,<br>SHERMAN FINANCIAL GROUP LLC,<br>SHERMAN CAPITAL MARKETS LLC,<br>LVNV FUNDING LLC,<br>RESURGENT CAPITAL SERVICES LP,<br>SHERMAN ORIGINATOR III LLC,<br>SHERMAN ACQUISITION LLC,<br>BENJAMIN W. NAVARRO,<br>LESLIE G. GUTIERREZ,<br>SCOTT E. SILVER,<br>KEVIN P. BRANIGAN,<br>ROBERT A. RODERICK,<br>KENNETT KENDALL,<br>JOHN DOES 1-50,<br>SHERMAN ORIGINATOR LLC,<br><br>       Defendants. | No. 1:12-cv-01654-TWP-MJD |

**ORDER ON PLAINTIFFS' MOTION TO COMPEL**

This matter comes before the Court on Andrew Cox, Lucinda Cox, and Stephanie Snyder's ("Plaintiffs") Motion to Compel Regarding Written Discovery, filed on December 20, 2013. [Dkt. 172.] For the following reasons, the Court hereby **GRANTS** in part and **DENIES** in part the Plaintiffs' motion to compel.

Accordingly, the Court finds that Defendants would not be unduly burdened by the act of extracting these bankruptcy forms for the defendant debtors in their Indiana lawsuits for the relevant time period. Additionally, because the FDCPA has a four-year statute of limitations, this response is limited to the extractable forms regarding cases pertaining to the four-year time period preceding the date of filing of Plaintiffs' complaint. Defendants are so ordered to produce these bankruptcy forms in satisfaction of Defendant LVNV's document requests numbered 25, 26, 28, 57, 66, and 68, and all such parallel requests to other defendants. Lastly, because Defendants' debt collection activities are relevant, Defendants are also compelled to respond to Defendant LVNV's document request number 61, and all such parallel requests to other defendants, which requests production of "[a]ll documents relating to the Defendant's procedures to provide verification[3] of the alleged debt." [Dkt. 173 at 26.]

### D.  Ownership and Affiliation

Another contested issue concerns Plaintiffs' "repeated[] attempt[s] to learn who are the true owners of these defendants." [Dkt. 202 at 42.] In an attempt to gather such evidence, Plaintiffs request that Defendants produce their financial reports and statements, their income tax returns, and interrogatory answers regarding ownership and affiliation of and between Defendants. [Dkt. 173 at 21-23, 28-29.] In response, Defendants assert that the information is irrelevant and the requests are vague because Defendants are uncertain of what Plaintiffs mean by "financial reports and statements," "investors," "other," "participants," and "officers." [*Id.*] Defendants further assert that Plaintiffs' ownership and affiliation interrogatory "seeks information that is confidential and proprietary in nature and/or covered under attorney/client privilege and trade secret privilege." [*Id.* at 29.]

---

[3] Defendants' vagueness objection is overruled, as Plaintiffs conceded at oral argument that "verification" does not refer to the FDCPA term of art but merely to the "Webster's Dictionary definition." [Dkt. 202 at 49-52.]

First, Plaintiffs' claims are based in part on Plaintiffs' allegations that the Defendants are all "interrelated in a clandenstine and complex business structure." [Dkt. 1 at 6.] Thus, information regarding Defendants' ownership and affiliation is relevant to a claim or defense at issue. The Court gives little weight to Defendants' assertion that the terms "financial reports and statements" or "investors" are vague, as they are common terms in the corporate world, and these objections are overruled. Thus, the Defendants are ordered to respond to Defendant LVNV's document requests numbered 51 and 52, and all such parallel requests to other defendants.

With regard to Plaintiffs' interrogatory number 11 to Defendant LVNV, the Court concedes that the word "other" is a dangling modifier, but all parties agreed at oral argument that any vagueness with regard to the word "other" is eliminated upon adding the word "defendant" thereafter. [Dkt. 202 at 57.] With this modification in mind, Defendants conceded that the Court clarified all vagueness at oral argument and that no further confusion remained. [*Id.* at 58-59.] Further, no defendant in this matter is a law firm or practicing law, so there is no attorney client privilege at issue. Although the entities seem to "share general counsel," disclosing such a fact is not a disclosure of privileged or even confidential information. Finally, Defendants make no argument as to how their business structure and/or job titles are trade secrets. Accordingly, Defendants' confidentiality and privilege objection is overruled, and Defendants are ordered to respond to Defendant LVNV's interrogatory number 11, and all such parallel interrogatories to other defendants.

E.  **Securities-related Information**

The final category addressed by Plaintiffs in their motion to compel relates to Defendants' alleged securitization activities. [Dkt. 173 at 10-14 (Moody's Information), 23-24 (SEC Filings).] It is Plaintiffs' belief that "the defendants engaged in securitization, that they are not licensed to do so," and they request that Defendants produce certain documents in order to