# EXHIBIT G

IN THE UNITED STATES DISTRICT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX, LUCINDA COX, and STEPHANIE SNYDER, individually and on behalf of others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>SHERMAN CAPITAL LLC;<br>MEETING STREET PARTNERS II INC.;<br>SHERMAN FINANCIAL GROUP LLC;<br>SHERMAN CAPITAL MARKETS LLC;<br>LVNV FUNDING LLC;<br>RESURGENT CAPITAL SERVICES LP;<br>SHERMAN ORIGINATOR LLC;<br>SHERMAN ORIGINATOR III, LLC;<br>SHERMAN ACQUISITION, LLC;<br>BENJAMIN W. NAVARRO;<br>LESLIE G. GUTIERREZ;<br>SCOTT E. SILVER;<br>KEVIN P. BRANIGAN;<br>ROBERT A. RODERICK;<br>KENNETH KENDALL;<br>AND JOHN DOES1-50<br><br>　　　　　　Defendants. | Civil Action No. 1:12-cv-1654-TWP-MJD<br>CLASS ACTION |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL REGARDING WRITTEN DISCOVERY

Plaintiffs Andrew Cox, Lucinda Cox, and Stephanie Snyder, individually and on behalf of others similarly situated, provide this memorandum in support of Plaintiffs' Motion to Compel Regarding Written Discovery.

IX. **Insurance Policies.**

**Document Request to LVNV** [Exhibit B]

REQUEST FOR PRODUCTION NO. 50:

Any insurance policies internal, external or foreign covering the Defendant for violation of the Fair Debt Collection Practices Act.

RESPONSE TO REQUEST FOR PRODUCTION NO. 50: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Subject to and without waiving the foregoing objections, Defendant responds as follows: Defendant will produce its insurance declaration page.

Defendants have raised no specific objection to the production of their insurance policies. Plaintiffs' request for the insurance policies is proper, as the insurance policies should have already been provided in defendants' initial disclosures pursuant to F.R.C.P. 26(a)(1)(A)(iv) which requires defendants to provide to plaintiffs "for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." The Court should order defendants to produce their insurance policies.

X. **Financial Reports and Income Tax Returns.**

**Document Request to LVNV** [Exhibit B]

REQUEST FOR PRODUCTION NO. 51:

All financial reports and statements to investors of the Defendant for the past two years.

RESPONSE TO REQUEST FOR PRODUCTION NO. 51: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks information that is not relevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent this request goes beyond the scope of the matters alleged. Defendant further objects on the grounds that this request is vague and confusing and fails to define or identify the terms "financial

reports and statements" and fails to identify the alleged "investors" to which this request refers.

REQUEST FOR PRODUCTION NO. 52:

All income tax returns of the Defendant for the past two years.

RESPONSE TO REQUEST FOR PRODUCTION NO. 52: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks information that is not relevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent this request goes beyond the scope of the matters alleged.

Defendants' financial reports and statements, as well as their tax returns are relevant to the issues of ownership of defendants, securitization and sale of securities, corporate structure, identity of current and former officers, and net value for purposes of punitive damages. The only specific objection raised by defendants is that Request for Production No. 51 is vague, because defendants do not understand the terms "financial reports and statements" and plaintiffs have not identified the investors of defendants. The terms "financial reports and statements" are common business terms. Defendants are sophisticated entities who buy, sell, and collect billions of dollars of consumer accounts each year. Defendants' claim of confusion as to the term "financial reports and statements" is without merit. Further, defendants cannot require plaintiffs to prove the identities of defendants' investors before complying with the request. Unlike defendants, plaintiffs do not know who are the investors of defendant. If defendant has multiple categories and types of investors then it should produce the financial reports and statements that it has provided to each category and type of investor.

In *Slabaugh v. State Farm*, the defendant objected to producing documents until plaintiffs specified which components of the washing machine were defective. *Slabaugh v. State Farm Fire & Cas. Co.*, 2013 U.S. Dist. LEXIS 126666 *12 (S.D. Ind.). The Court found this objection to be "completely baseless," and stated that, "defendant is essentially demanding that the plaintiffs prove an element of their case against defendant before they are entitled to discovery, which is direct conflict with very purpose of discovery." *Id*. Although *Slabaugh* involved washing machines instead of securities, the reasoning is the same. Defendants here say that plaintiffs must prove the identity of its investors before it will respond. Such a baseless objection is consistent with defendants' unrelenting efforts to obfuscate and hide the ownership of all defendants. Having only raised baseless objections to the production of financial reports and statements and having raised no specific objections to the production of tax returns, defendants should be ordered to produce such documents for the past two years.

## XI. SEC Filings

**Document Requests to LVNV [Exhibit B]**

REQUEST FOR PRODUCTION NO. 53:

Each 10-K, 10-Q, 8-K, or 15-15D filed by Defendant with the Securities and Exchange Commission (SEC) in the prior six (6) years.

RESPONSE TO REQUEST FOR PRODUCTION NO. 53: Defendant incorporates by reference its Preliminary Statement and General Objections as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks information that is not relevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent this request goes beyond the scope of the matters alleged. Defendant further objects to this request on the grounds that it makes incorrect and/or untrue assertions, and/or assume unproven conclusions as established facts insofar as this request assumes that Defendant is required to file anything with the Securities Exchange Commission.