# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANDREW COX, LUCINDA COX, and STEPHANIE SNYDER, individually and on behalf of others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 1:12-cv-1654-TWP-MJD CLASS ACTION |
| SHERMAN CAPITAL LLC; MEETING STREET PARTNERS II INC.; SHERMAN FINANCIAL GROUP LLC; SHERMAN CAPITAL MARKETS LLC; LVNV FUNDING LLC; RESURGENT CAPITAL SERVICES LP; SHERMAN ORIGINATOR LLC; SHERMAN ORIGINATOR III, LLC; SHERMAN ACQUISITION, LLC; BENJAMIN W. NAVARRO; LESLIE G. GUTIERREZ; SCOTT E. SILVER; KEVIN P. BRANIGAN; ROBERT A. RODERICK; KENNETH KENDALL; AND JOHN DOES1-50 | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL REGARDING WRITTEN DISCOVERY

**A.  Plaintiffs Have Satisfied the Meet and Confer Requirements.**

In their response brief [Dkt. 185], defendants suggest that the parties should have gotten together for one more meet and confer. The parties have submitted numerous exhibits for this motion showing the efforts plaintiffs made to resolve this discovery dispute. Defendants say they "offered to bring high-ranking business executives." Response Brief, p. 3 [Dkt. 185].

1

IX. **Insurance Policies.**

**Document Request to LVNV [Exhibit B]**

REQUEST FOR PRODUCTION NO. 50

Plaintiffs requested defendants' insurance policies. Defendants agreed to provide copies of the insurance policies. (*See*, Defense counsel's email January 22, 2014, item 3, attached as Exhibit Z).

X. **Financial Reports and Income Tax Returns.**

**Document Request to LVNV [Exhibit B]**

REQUEST FOR PRODUCTION NO. 51, 52.

Plaintiffs requested financial reports to investors and tax returns for the past two years from the defendants. The requested documents are relevant to the issues of ownership of defendants, securitization and sale of securities, corporate structure, identity of current and former officers, and net value for purposes of statutory and/or punitive damages. Defendants objected claiming that "financial reports" is confusing. During the telephone conference between counsel on Tuesday, January 21, 2014, plaintiffs identified several types of reports likely to exist. Defendants did not acknowledge the existence of any reports. For purposes of this motion, plaintiffs are willing to limit the requests to any audited financial reports during the two year period. The audited financial reports, together with the defendants' tax returns, are relevant to the plaintiffs' claims. The Court should order defendants to produce the responsive documents for the past two years.