**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ANDREW COX, LUCINDA COX, | ) | |
| and STEPHANIE SNYDER, | ) | |
| Individually and on behalf of | ) | |
| others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:12-cv-1654-TWP-MJD |
| | ) | CLASS ACTION |
| | ) | |
| SHERMAN CAPITAL LLC; | ) | |
| MEETING STREET PARTNERS | ) | |
| II INC.; SHERMAN FINANCIAL | ) | |
| GROUP LLC; SHERMAN | ) | |
| CAPITAL MARKETS LLC; LVNV | ) | |
| FUNDING LLC; RESURGENT | ) | |
| CAPITAL SERVICES LP; | ) | |
| SHERMAN ORIGINATOR LLC; | ) | |
| SHERMAN ORIGINATOR III, | ) | |
| LLC; SHERMAN ACQUISITION, | ) | |
| LLC; BENJAMIN W. NAVARRO; | ) | |
| LESLIE G. GUTIERREZ; SCOTT | ) | |
| E. SILVER; KEVIN P. BRANIGAN; | ) | |
| ROBERT A. RODERICK; | ) | |
| KENNETT KENDALL; and | ) | |
| JOHN DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION FOR RECONSIDERATION OF MAGISTRATE'S**
**ORDER OR IN THE ALTERNATIVE TO STAY**

The February 24, 2014 Order on Plaintiffs' Motion to Compel [Dkt. 210] (the "Magistrate Judge's Order") fails to provide either a factual or legal basis for ordering the production of the Defendants' financial statements and income tax returns. The compelled disclosure of such documents will irreversibly breach Defendants' privacy rights and irreparably harm Defendants' competitive position, and fails to recognize that Defendants have produced the corporate organization information that Plaintiffs cite to support their requests. The Court,

therefore, should exercise its inherent power to reconsider its earlier order, and correct a ruling that lacks either a factual or legal basis, and appears based on matters outside of the adversarial issues presented to the Court.  In the alternative, the Court should stay that portion of the order that compels the production of financial statements and income tax returns, pending the resolution of the Defendants' objection to that order by the District Court.  Stay of the Magistrate's order is appropriate because the District Court will likely reverse that part of the Magistrate Judge's Order as clear error, and production of the financial statements and income tax returns prior to the District Court's consideration of that objection will cause the Defendants irreparable harm.

## FACTUAL AND PROCEDURAL HISTORY

In the Magistrate Judge's Order, Magistrate Judge Dinsmore, acting pursuant to Federal Rule of Civil Procedure 72(a), ruled on Plaintiffs' Motion to Compel Regarding Written Discovery [Dkt. 172], a non-dispositive motion addressing several discovery matters. As part of the Magistrate Judge's Order, the Court directed the Defendants "to respond to Defendant LVNV [Funding, LLC]'s document requests numbered 51 and 52, and all such parallel requests to other Defendants on or before March 24, 2014." (Magistrate Judge's Order at 11(attached as Ex. A).)[1] Those two requests sought "All financial reports and statements to investors of the Defendant for the past two years" and "All income tax returns of the Defendant for the past two years," respectively.  (*See* Def. LVNV Funding, LLC's Objs. and Resps. to Pls.'First Set of Requests for Production of Documents [Dkt. 173-02] ("LVNV Objs. and Resps.") at Reqs. 51 and 52 (attached as Ex. B).)  Plaintiffs directed similar requests to Sherman Capital LLC, Sherman Financial Group LLC; Sherman Capital Markets LLC; Resurgent Capital Services LP; Sherman

---

[1] Note:  Defendants attach excerpts of the relevant order, pleadings, discovery, documents, depositions and transcripts as Exhibits to this Memorandum.

Originator LLC, Sherman Originator III, LLC; and Sherman Acquisition, LLC (collectively with LVNV, the "Entity Defendants").  (*See* [Dkt. 173-04, 06, 08, 10, 12, 14, 16].)

The Entity Defendants had objected to such requests as not relevant to the claims asserted by the Plaintiffs, as well as for vagueness to the extent Plaintiffs failed to define the term "financial reports and statements."  (*See e.g.,* LVNV Objs. and Resps. at 28 (Ex. B).) In the meet and confer sessions to address those objections, Plaintiffs asserted a need to understand who owned each of the Entity Defendants as the sole reason for the relevance of the financial statements and income tax return requests.  (*See* 10/22/13 Emhardt Letter to Caplan [Dkt. 173-17] (attached as Ex. C) (purporting to "state the plaintiffs' position as to outstanding discovery," Plaintiffs' counsel without reference to either financial statements or income tax returns, discuss a need for the names of a non-defendant S-corporation and its officers and directors, and express a need for "information about the defendant entities" in addition to a previously provided ownership chart.)[2]   In reply, Defendants offered to, and did, provide Plaintiffs the ownership information Plaintiffs requested. (*See* 11/14/13 Caplan Letter to Cheesbourough and Emhardt (attached as Ex. E) (providing "ownership structure of entity defendants"); 01/29/14 Caplan Letter to Cheesbourough and Emhardt (attached as Ex. F) (same).)

Even so, Plaintiffs moved to compel Defendants' response to the financial statement and income tax return document requests. (Pls.' Mot. To Compel Regarding Written Discovery [Dkt. 172] at 2; Mem. In Support Of Pls.' Mot. To Compel Regarding Written Discovery [Dkt. 173] ("Pls.' Mem.") at 21-23 (attached as Ex. G).) In support of their motion to compel, the Plaintiffs expanded their articulation of the relevance of the requested financial statements and income tax returns as follows:

---

[2] *See* Sherman Financial Group LLC organization Chart (attached as Ex. D).  Defendant Sherman Financial Group LLC had previously produced this chart to Plaintiffs.

> Defendants' financial reports and statements, as well as their tax returns are relevant to the issues of ownership of defendants, securitization and sale of securities, corporate structure, identity of current and former officers, and net value for purposes of punitive damages.

(Pls.' Mem. at 22.)  To address Defendants' vagueness objection, Plaintiffs in their motion to compel briefing limited their request for financial statements to "any audited financial reports during the two year period." (Reply in Support of Pls.' Mot. to Compel Regarding Written Discovery [Dkt. 189] at 16 (attached as Ex. H).)

At the January 31, 2014 hearing on their motion to compel, the Plaintiffs conceded that they had received the ownership information they sought from three different sources:  (i) the Defendants' initial corporate disclosure statement;[3] (ii) a letter from Defendants' counsel; and (iii) depositions of several of the officers of the Entity Defendants.  (Trans. of Mot. to Compel Hearing 01/31/14 [Dkt. 202] ("Trans.") at 44 (attached as Ex. I).) Even so, Plaintiffs persisted in their demand for the financial statements and income tax returns claiming that the creation of an S-corporation after the filing of the initial disclosure statement, and the allegedly contradictory testimony of one witness as to the ownership of one of the Entity Defendants, put them "at a loss" to identify the actual owners of the Defendants.  (*Id.* at 44-45.)  They further argued, without citation to any evidence or basis other than counsel's argument, that Plaintiffs' counsel "believed" financial information and tax returns will be relevant to "ownership of the Defendants" and "who are the true owners of these defendants," and added, that such documents would "shed light on ... [the] extent [Defendants] engage in securitizations." (*Id.* at 42.)

Counsel for the Entity Defendants in response stated that the financial information does not provide ownership information.  (*Id.* at 43, 45.) Further, to the extent Defendants' corporate structure had changes after the filing of the lawsuit (*i.e.*, the addition of an S-corporation),

---

[3] Defendants' Corporate Disclosure Statement [Dkt. 12] is attached as Ex. M.

Defendants had disclosed the change. (*Id.*; *see also* 06/21/13 Deposition of Benjamin W. Navarro at 10, 14-16 (attached as Ex. J).) And contrary to Plaintiffs' counsel's assertions, the witness testimony challenged at the hearing on the motion to compel shows that the deposed officer gave ownership information consistent with the written disclosures. (*Compare* Navarro Dep. at 14-16, 34-35 (Ex. J) (indicating recent formation of entities, named after streets in Charleston SC, that own Sherman Capital LLC) to 01/29/14 Caplan Letter (Ex. F) (disclosing that the owners of Sherman Capital LLC include LLCs bearing Charleston street names).)[4]

On February 24, 2014, the Magistrate issued an order on the Plaintiffs' Motion to Compel. In that order, the Magistrate wrote that "information regarding Defendants' ownership and affiliation is relevant to a claim or defense at issue because Defendants had alleged that the Defendants are all "interrelated in a [clandestine] and complex business structure," and that terms like "financial statements and reports" were not vague. (Magistrate Judge's Order at 11 (Ex. A.) The Magistrate then ordered the production of the financial statements and income tax returns. (*Id.*) Defendants now object to this portion of the Magistrate's order.

## ARGUMENT

**I.    THE COURT SHOULD RECONSIDER ITS ORDER, AND DENY PLAINTIFFS' REQUEST FOR THE ENTITY DEFENDANTS' FINANCIAL STATEMENTS AND INCOME TAX RETURNS.**

### A.  The Standard for Reconsideration of an Interlocutory Order.

It is well established that a district court has the inherent power to reconsider interlocutory orders and reopen any part of a case before entry of final judgment. *Fisher v. Nat'l R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D. Ind. 1993) (J. Tinder) (citing *Marconi Wireless*

---

[4] Defendants further supplied precedent for the proposition that if the only basis for seeking financial statement disclosure was a claim for punitive damages, that such production should occur only at a later stage in the discovery process, if at all. (*See* Trans. at 43-44 (Ex.I).)

*Tel. Co. v. United States*, 320 U.S. 1, 47–48 (1943)).  On a motion to reconsider, the court can "correct manifest errors of law or fact or present newly discovered evidence." *Stamatio v. Hurco Companies, Inc.*, 892 F. Supp. 214, 215 (S.D. Ind. 1995) (quoting *Publishers Resource, Inc. v. Walker–Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985).  Thus, where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . ." the court appropriately grants a motion for reconsideration. *Bank of Waunakee v. Rochester Cheese Sales*, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990); *Spencer Cnty. Redevelopment Comm'n v. AK Steel Corp.*, 3:09-CV-00066-RLY, 2011 WL 304779 (S.D. Ind. Jan. 26, 2011) (same).  "Not only is a motion to reconsider an allowable method of reviewing a prior order, it is the most appropriate and advantageous method of seeking relief from an interlocutory order for a party to pursue." *Fisher v. Nat'l R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D. Ind. 1993) (J. Tinder).

### B. The Court's Order Compelling Production of the Entity Defendants' Financial Statements and Income Tax Returns Lacks Both Factual and Legal Support.

In ordering the production of the financial statements and income tax returns, the Court did not address the issue Plaintiffs presented in their motion to compel. Simply put, the parties disputed the need to produce financial statements and income tax returns, and the confidential financial information contained therein, in response to a request Plaintiffs based on a claimed need for ownership structure and securitization information. But rather than address that question, the Court instead wrote that the Entity Defendants' ownership and affiliation were relevant – a matter not in dispute, and in any event, on which Defendants had already provided information – and commented on a vagueness objection Plaintiffs already had resolved by limiting the term "financial statements and reports" to only "audited financial statements." Thus,

the Magistrate Judge's Order lacks any discussion or analysis of the very question put to the Court.

It is true that Plaintiffs' counsel expressed the "belief" that the audited financial statements of the Entity Defendants would provide disclosure of the Entity Defendants' "true owners," the "extent they engage in securitizations," and their "current and former officers." (Trans. at 41-42.)   Defendants' counsel, however, informed the Court that the financial information did not contain such information. (*Id.* at 43, 45.)[5]   Thus, to the extent the Court determined *sub silentio* that the Entity Defendants' financial statements and income tax returns contained the corporate structure or securitization information Plaintiffs were after, it did so by ignoring or discounting counsel's representations, and without review of the documents or the presentation of any evidence to support the "beliefs" of Plaintiffs' counsel in this regard.   Thus, the Court not only failed to decide the actual relevance dispute presented, it also lacked any evidentiary basis to determine that the requested documents actually contained information related to corporate structure or securitizations.

Courts have recognized that producing the financial statements of private corporations is not to be done lightly. *See Finch v. City of Indianapolis*, 1:08-CV-0432-DML-RLY, 2011 WL 2516242 (S.D. Ind. June 23, 2011) (recognizing the sensitivity of personal financial information); *Charles v. Quality Carriers, Inc.*, 1:08-CV-00428-RLY-JMS, 2010 WL 396356

---

[5] Review of the audited financial statements of Sherman Financial Group, LLC and Resurgent Capital Services, LP, the only two Entity Defendants that prepare audited financial statements, shows that the only disclosures regarding the relationships among the Entity Defendants in those financial statements are: (i) a statement that the consolidated results of Sherman Financial Group includes the financial results of the Entity Defendants, (ii)  Sherman Financial Group is owned by Sherman Capital LLC; (iii) Sherman Capital Markets LLC has a management services agreement with of Sherman Financial Group; and (iv) Alegis Group LLC, as general partner, and Sherman Financial Group, LLC, as limited partner, own Resurgent.  *See*  Consl. Fin. Stmts. and Rpt. Of Independent C.P.A. of Sherman Financial Group LLC and Subs., Dec. 31, 2012 and 2011 (Redacted) (attached as Ex. K);  Consl. Fin. Stmts. and Rpt. Of Independent C.P.A. of Resurgent Capital Services LP and Subs., Dec. 31, 2012 and 2011 (Redacted) (attached as Ex L).) They do not contain any references to securitizations.

(S.D. Ind. Jan. 28, 2010) (recognizing that a third party's finances constitute "private and highly sensitive information"); *Fischer v. Life Ins. Co. of N. Am.*, 1:08-CV-0396-WTL-TAB, 2009 WL 734705 (S.D. Ind. Mar. 19, 2009) (denying motion to compel financial information because such information was "particularly sensitive" and "less connected to the conflicts analysis." "[T]o the extent that any discovery information could be garnered from these sources, that information should in large part already be provided in response to the production the Court has permitted."); *see also In re Boston Herald, Inc. v. John J. Connolly, Jr..*, 321 F.3d 174, 190 (1st Cir. 2003) ("Personal financial information, such as one's income or bank account balance, is universally presumed to be private, not public.")  Courts also have found that tax returns in particular are highly sensitive documents.  *See, e.g., Commodity Futures Trading Commission v. Collins*, 997 F.2d 1230, 1233 (7th Cir. 1993).  While the Seventh Circuit has not expressed a specific standard for considering a request for the production of income tax returns, *see Poulos and A.G.P. Marketing v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir. 1992), some courts have adopted a special discovery standard for such returns, requiring their production only when the returns are relevant and there is a compelling need for the returns because the information sought is not otherwise available.  *See, e.g., U.S. v. Real Property and Improvements Located at 2441 Mission St., San Francisco, California*, 2013 WL 6774081 (N.D. Cal. 2013); *White v. Michigan Dept. of Human Services*, 2011 WL 1882924 (E.D.Mich. 2011).  The sensitive nature of the financial information included in the requested documents demand at minimum that the Court express a clear relevancy basis prior to compelling the production of financial statements and income tax returns.

The Court should also have considered the alternative means available for providing the information Plaintiffs seek before ordering the production of financial statements and income tax

returns.  The Magistrate Judge's Order, however, does not evidence any consideration of the alternative disclosures the Entity Defendants made—and that Plaintiffs acknowledged—before ordering the production of this sensitive proprietary and confidential information.

The Court should reconsider its Order to produce financial statements and income tax returns.  The reasons Plaintiffs provide for seeking these private and confidential documents do not support an order to produce such documents.  Simply put, production of the financial statements and income tax returns will not add to the ownership and other corporate structure information the Entity Defendants have already provided.  Moreover, the Magistrate Judge's Order does not address whether Plaintiffs can obtain the financial statements and income tax returns when they have not advanced any basis on which they need the actual financial information in those documents.  And to the extent the order rests on some other basis Plaintiffs never argued (and the Court did not articulate in the Magistrate Judge's Order), such a directive would rest upon matters outside the adversarial issues presented to the Court by the parties.   For these reasons, the Court should reconsider its Magistrate Judge's Order, and deny Plaintiffs' request for the financial statements and income tax returns of the Entity Defendants.

## II.   IN THE ALTERNATIVE, THE COURT SHOULD STAY THE ORDER TO COMPEL PRODUCTION OF DEFENDANTS' FINANCIAL STATEMENTS AND INCOME TAX RETURNS

### A.   The Standards for Issuing a Stay.

While FRCP 72(a) provides that a party may file with the district court an objection to a magistrate's order on a non-dispositive motion, it does not impose an automatic stay of the matters the magistrate orders pending resolution of the objection.  *Lineback v. Nat. Labor Rel. Bd.*, Cause No. 1:12-CV-85-RLM-RBC, 2012 WL 2504909 at *2 (N.D. Ind. June 28, 2012).  Instead, the "stay of [a] magistrate judge's order must be sought and obtained separately by

motion filed initially with the magistrate judge, and if denied, then with the assigned district court judge.  *Id.* at * 2 n.1; *see also Collidge v. Consolidated City of Indianapolis*, No. 1:04-CV-1240-SEB-VSS, 2006 WL 1072995 at *2 (S.D. Ind. April 20, 2006).

Various courts have held that a court should grant a stay of a magistrate judge's discovery order sparingly as "[a]llowing such stays as a matter of course would encourage the filing of frivolous objections and grind the magistrate judge system to a halt." *Granato v. City and County of Denver*, 2011 WL 1335854 (D.Colo. April 7, 2011).  That said, "[a] stay of a magistrate judge's discovery order may be appropriate where there is a serious issue about the propriety of the ruling ***and*** where a failure to render a stay could result in serious, irreversible injury to the party seeking the stay." *Adams v. Gateway, Inc.,* 2004 WL 733990 *2 (D.Utah Jan. 5, 2004); *see also Dayco Prod., Inc. v. Walker*, 142 F.R.D. 450,454 (S.D. Ohio 1992) (a stay can issue to "preserve critical rights from being lost irretrievably pending objections or to maintain the status quo when a close question of law is involved in the nondispositive matter.").  For example, where a "discovery order would require disclosure of arguably privileged information, trade secrets to a competitor or the like," a court may impose such a stay pending resolution of the objection.  *Copic Ins. Co. v. Wells Fargo Bk.*, Civ. Action No. 09-cv-00041-WDM-BNB, 2010 WL 935464 at *1 (D. Colo. March 11, 2010).  To make that decision, several courts have applied the four-part test appellate courts have used to determine whether to stay a district court's order pending appeal, namely:

> (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest.

*Id.*; *see also HEI Resources East OMG Joint Venture v. Evans*, Civ. Action No. 09-cv-00028-MSK-BNB, 2009 WL 250364 at *2 (D. Colo. Feb. 3, 2009).

**B.    The District Court Will Likely Reverse the Magistrate Judge's Order as it Lacks Either A Factual or Legal Basis, and Appears Based on Matters Outside the Adversarial Issues Presented.**

Ruling on a motion to compel without considering the arguments made, or addressing the relevance challenge asserted, represents clear error that the District Court will likely reverse on Defendants' objection.  As noted above, the Magistrate Judge's Order compels the production of financial statements and income tax returns without ever addressing whether such sensitive and confidential documents even contain the "Defendants' ownership and affiliation" information sought by Plaintiffs.  Also absent from the Magistrate's brief analysis is any discussion of alternative means of providing this information, or the fact that the Plaintiffs acknowledge they received the ownership and affiliation information from at least three different sources.  Instead, the Magistrate Judge's Order speaks only to the relevance of such ownership information generally, a matter not disputed in the arguments before the Magistrate.  Faced with a decision that does not address the questions presented, as well as the evidence that shows the Plaintiffs were wrong in their "belief" that the financial statements and income tax returns sought contained the corporate structure, officer identification or securitization information at odds with prior disclosures, the District Court will likely reverse the Magistrate Judge's Order as it now stands.

**C.    The Irreparable Harm Caused by the Production of the Entity Defendants' Financial Statements and Income Tax Returns More Than Outweighs Any Harm to Plaintiffs or the Public Interest.**

Forcing the Entity Defendants to reveal their confidential financial statements and income tax returns will result in serious, irreversible injury.  The Entity Defendants operate as private companies and take precautions to assure that their financial results remain private.  Disclosure of these documents will reveal information that competitors and other participants in

the credit card debt collection industry and the other business areas in which the Entity Defendants compete, could use to undercut Entity Defendants' positions or pricing. Revealing financial results may also encourage others to bring yet more frivolous claims. Simply put, the forced production of private financial results and income tax return information will result in a serious breach of the Defendants' privacy rights and could put Defendants at a competitive disadvantage. And once that information is released, it is not easily retrieved. Thus, the irreparable harm to Defendants is real and significant.

In contrast, staying the production of the financial statements and income tax returns until the District Court has the opportunity to rule on Defendants' Objection to the Magistrate Judge's Order will not cause the Plaintiffs harm. Defendants have already produced the ownership information to the Plaintiffs, and in any event, Plaintiffs will be delayed in obtaining the requested financial information only for the expected short time period needed for the District Court to rule on the Objection. Further, there is no risk of harm to the public in staying the production of private financial information and income tax returns for the short time period needed for the District Court to consider Defendants' Objection. The financial information of private companies is not information in which the public has a legitimate general interest in obtaining.

Because (i) the District Court will likely reverse the Magistrate's order requiring the disclosure of the Entity Defendants' financial statements and income tax returns, and (ii) the irreparable harm Defendants will suffer from the disclosure of this information outweighs any benefit of immediate disclosure, the Court should stay this portion of the Magistrate Judge's Order until the District Court rules on the Defendants' Objection.

**CONCLUSION**

For all of the reasons stated above, the Court should reconsider its order to compel the production of such financial statements and income tax returns, and instead deny Plaintiffs' motion to compel their production.  In the alternative, the Court should stay its Order compelling the production of the Entity Defendants' financial statements and income tax returns until the District Court has the opportunity to rule on Defendants' Objection to the Magistrate's Order on Plaintiffs' Motion to Compel.

Dated:  March 10, 2014                    Respectfully submitted,

                                          s/ James A. Rolfes
                                          James A. Rolfes, pro hac vice
                                          Michael L. DeMarino, pro hac vice
                                          David A. Maas, pro hac vice
                                          REED SMITH LLP
                                          10 South Wacker Drive, 40th Floor
                                          Chicago, IL  60606-7507
                                          (312) 207-2000
                                          (312) 207-6400 (Facsimile)
                                          jrolfes@reedsmith.com

                                          James W. Riley, Jr.
                                          Atty. No. 6073-49
                                          141 East Washington Street, Fourth Floor
                                          Indianapolis, IN  46204
                                          (317) 636-8000
                                          (317) 636-8027 (Facsimile)
                                          jriley@rbelaw.com
                                          Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on March 10, 2014 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing to all counsel of record.


        <u>s/ James A. Rolfes          </u>