IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX, LUCINDA COX, and STEPHANIE SNYDER, individually and on behalf of others similarly situated, ) ) ) ) ) | |
| Plaintiffs, ) ) | Civil Action No. 1:12-cv-1654-TWP-MJD CLASS ACTION |
| v. ) ) | |
| SHERMAN CAPITAL LLC, *et al.*, ) ) | |
| Defendants. | |

## DEFENDANTS' EMERGENCY MOTION FOR STAY

Defendants Sherman Capital LLC, Sherman Financial Group LLC, Sherman Capital Markets LLC, LVNV Funding LLC, Resurgent Capital Services LP, Sherman Originator LLC, Sherman Originator III and Sherman Acquisition LLC (hereinafter "the Entity Defendants"), by and through their counsel, hereby move for an ordering staying execution of the Order on Plaintiffs' Motion to Compel **[Dkt. 210]** to the extent that the Order requires the Entity Defendants, or any of them, to produce financial statements and income tax returns prior to the Court's determination on Defendants' Motion for Reconsideration of Magistrate's Order or in the Alternative to Stay **[Dkt. 218]**. In support of this emergency motion, the Entity Defendants state:

1. On February 24, 2014, the Honorable Mark J. Dinsmore, United States Magistrate Judge, issued an Order on Plaintiffs' Motion to Compel **[Dkt. No. 210]** (hereinafter "the Magistrate Judge's Order") that in relevant part and among other things, compelled the production of the Entity Defendants' financial statements and income tax returns on or before March 24, 2014. (Mag. Judge's Order at 11.)

2. On March 10, 2014, the Entity Defendants filed Defendants' Objection to Magistrate Judge's Order on Plaintiffs' Motion to Compel **[Dkt. 216]** (the "Objection"),

which seeks the Court's review and reversal of this portion of the Magistrate Judge's Order, as well as a Motion for Reconsideration of the Magistrate's Order or in the Alternative to Stay **[Dkt. 218]** (the "Reconsideration/Stay Motion"), which sought in the first instance, the Magistrate's reconsideration of his order, or alternatively, a stay of its effect until the District Court had an opportunity to hear the Entity Defendants' Objection.

3. On March 17, 2014, the Magistrate Judge held a status hearing conference call in this matter. Counsel for the Entity Defendants informed the Court that under Local Rule 7.1(c)(2) of the United States District Court for the Southern District of Indiana, the Plaintiffs' response to the Reconsideration/Stay Motion was not due to the Court until March 24, 2014. As the Magistrate Judge's Order compelled the production of the financial statements and income tax returns on or before that date, counsel further asked that the Magistrate Judge amend his order to adjourn that production date for those documents until the Court could consider the Reconsideration/Stay Motion. The Magistrate Judge, however, indicated that that he did not have the power to act on the Reconsideration/Stay Motion unless the District Court referred that motion to the Magistrate Judge for determination, and thus could not grant the request to adjourn the production date for the financial statements and income tax returns. He further commented, without any objection from Plaintiffs' counsel, that the filing of the Reconsideration/Stay Motion effectively stayed that production date until the Court could address the stay part of the motion.

4. After the status call with the Magistrate Judge, Plaintiffs' counsel informed counsel for the Entity Defendants that Plaintiffs did not agree that the filing of the Reconsideration/Stay Motion stayed the production date for the financial statements and income tax returns. Further, Plaintiffs' counsel indicated that Plaintiffs would object to a request by the Entity Defendants to the District Court seeking a stay to accommodate the briefing schedule provided for in the Local Rules.

5. The Entity Defendants request that the District Court issue a stay of the Magistrate Judge's Order so that the status quo is maintained while the Court allows the parties to brief the Reconsideration/Stay Motion in accordance with the Local Rules. As set forth in the Reconsideration/Stay Motion, the Federal Rules of Civil Procedure contemplate that a party who objects to a magistrate's decision on a non-dispositive motion under FRCP 72(a) can seek a stay of that decision pending determination of the objection. That motion recognizes that a stay pending determination of an objection does not automatically attach. But to further deny a party the opportunity to seek that stay due to the local briefing schedule rules – as Plaintiffs apparently seek to do here – would, in effect, unfairly eviscerate the right to ask for a stay.

6. Further, Plaintiffs here cannot articulate any harm that will come to them pending determination of the request for the stay. Under the Local Rules, the briefing on the Reconsideration/Stay motion will be complete one week after the March 24 production date. Further, deciding whether to grant a stay pending determination of the Objection is a narrow issue on which a decision will likely result in a short period of time. Thus, the stay sought by this motion is likely to be very short in duration. Moreover, as set forth in the Objection and the Reconsideration/Stay Motion, the Plaintiffs' already have received discovery from alternative sources that provide them with the information they purportedly sought when they propounded the requests for these documents. Under such circumstances, Plaintiffs will suffer no prejudice by adjourning the production date for the financial statements and income tax returns.

7. Because granting a brief stay to consider the Entity Defendants' request for a stay pending determination of the Objection avoids unfairly eliminating the Entity Defendants' right to seek such a stay, and will not prejudice Plaintiffs, the Court should grant the stay.

8. Moreover, the Entity Defendants ask that the Court considered this Motion on an emergency basis. The Court must grant the relief sought here on or before March 24, 2014 or else any decision rendered will have no benefit or effect.

**WHEREFORE**, the Entity Defendants respectfully request that the Court stay the compelled production of their financial statements and income tax returns until the Court can consider the Defendants' Motion for Reconsideration of Magistrate's Order or in the Alternative to Stay.

Dated: March 18, 2014                                  Respectfully submitted,


                                                       s/ James W. Riley, Jr

| | | |
|---|---|---|
| Thomas Allen *pro hac vice* | James A. Rolfes *pro hac vice* | James W. Riley, Jr. |
| REED SMITH LLP | jrolfes@reedsmith.com | Atty. No. 6073-49 |
| 225 Fifth Avenue | Michael DeMarino *pro hac vice* | RILEY BENNETT & |
| Pittsburgh, PA 15222 | mdemarino@reedsmith.com | EGLOFF LLP |
| (412) 288-3131 | David A. Maas *pro hac vice* | 141 East Washington Street |
| (412) 288-3086 (Facsimile) | dmaas@reedsmith.com | Fourth Floor |
| tallen@reedsmith.com | REED SMITH LLP | Indianapolis, IN  46204 |
| | 10 South Wacker Drive | (317) 636-8000 |
| | Chicago, IL  60606-7507 | (317) 636-8027 (Facsimile) |
| | (312) 207-1000 | jriley@rbelaw.com |
| | (312) 207-6400 (Facsimile) | |

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2014, a copy of the foregoing *Defendants' Emergency Motion to Stay* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to the following:

Matthew D. Boruta
Cheesebourough & Boruta
Boruta17@hotmail.com

Robert D. Cheesebourough
Cheesebourough & Boruta
rdc@home-saver.org

Jeffrey A. Townsend
Plews Shadley Racher & Braun LLP
jtownsend@psrb.com

George M. Plews, Attorney No. 6274-49
Plews Shadley Racher & Braun LLP
gplews@psrb.com

Frederick D. Emhardt, Attorney No. 10952-49
Plews Shadley Racher & Braun LLP
femhardt@psrb.com

Peter M. Racher, Attorney No. 11293-53
Plews Shadley Racher & Braun LLP
pracher@psrb.com

s/ James W. Riley, Jr.