IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX, LUCINDA COX, and STEPHANIE SNYDER, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SHERMAN CAPITAL LLC; <br> MEETING STREET PARTNERS II INC.; <br> SHERMAN FINANCIAL GROUP LLC; <br> SHERMAN CAPITAL MARKETS LLC; <br> LVNV FUNDING LLC; <br> RESURGENT CAPITAL SERVICES LP; <br> SHERMAN ORIGINATOR LLC; <br> SHERMAN ORIGINATOR III, LLC; <br> SHERMAN ACQUISITION, LLC; <br> BENJAMIN W. NAVARRO; <br> LESLIE G. GUTIERREZ; <br> SCOTT E. SILVER; <br> KEVIN P. BRANIGAN; <br> ROBERT A. RODERICK; <br> KENNETH KENDALL; <br> AND JOHN DOES1-50 <br><br> Defendants. | Civil Action No. 1:12-cv-1654-TWP-MJD <br> CLASS ACTION |

**PLAINTIFFS' RESPONSE TO**
**DEFENDANTS' EMERGENCY MOTION FOR STAY**

Plaintiffs, Andrew Cox, Lucinda Cox, and Stephanie Snyder, individually and on behalf of others similarly situated, object to Defendants' Emergency Motion for Stay [Dkt. 225] and request that the motion be denied.

I.   **Procedural Background.**

For the past year, plaintiffs have sought discovery about the corporate structure and ownership of the defendant entities. Defendants have not cooperated, and plaintiffs filed two motions to compel last summer.

On July 18, 2013, Magistrate Judge Dinsmore entered an Order as follows:

> This Order, however, comes with an admonishment and a warning for Defendants. Two motions to compel on one issue is too many. If Plaintiffs are forced to file yet another motion to compel complete deposition responses within the scope authorized by this and the Court's prior orders, and if that motion too is granted, then the Court will recommend as a sanction the summary denial of Defendants' Motion to Dismiss. [Dkt. 21]. The Court expects the depositions in question to be completed this week without any further improper interference by Defendants.

Dkt. 91, p. 2 (06/18/13).

On June 21, 2013, defendant Benjamin W. Navarro was deposed. He explained that the ownership structure of the defendants had been changed after the filing of the complaint and a new entity had been created. Then, the witness stated, "I don't know why that is material to you, but I'm not going to name that entity." The witness testified that he could call someone at his office "right now to find the answer to the name of that company," but his two lawyers objected stating, "you can put out a discovery request and we'll take it into account."[1]

On August 8, 2013, plaintiffs "put out" a discovery request seeking financial reports and income tax returns from the defendant entities that will show, among

---

[1] See, Reply in Support of Plaintiffs' Motion to Compel Regarding Written Discovery, p. 3. Dkt. 189 (01/24/14), quoting Deposition transcript of Benjamin W. Navarro (June 21, 2013) pg. 10, lines 10-20, pg. 16, lines 3-12. pg. 35, lines 1-25, pg. 36, lines 1-3 (Designated as Confidential by defendants and filed under seal as Exhibit W.)

other things, the ownership and structure of the entities.[2] Defendants objected on relevance and confusion concerning the terms "financial reports and statements" and "investors". They produced no documents in response.

On December 20, 2013, plaintiffs filed their third motion to compel, this time seeking production of documents and interrogatory answers, including production of the requested tax returns and financial statements. Plaintiffs informed the Court that, "defendants' financial reports and statements, as well as their tax returns are relevant to the issues of ownership of defendants, securitization and sale of securities, corporate structure, identity of current and former officers, and net value for purposes of punitive damages." Dkt. 173, p. 22 (12/20/13).

Defendants filed a brief in opposition to the motion to compel arguing that <u>certain</u> requested documents, including Moody's documents, SEC filings and consumer reporting documents were not relevant. Dkt. 185, p. 16-19 (01/14/14). However, defendants made <u>no</u> argument supporting their relevance objections to the tax returns and financial statements.

Oral argument was held on plaintiffs' motion to compel at a hearing on January 31, 2014 [Dkt. 202], and the Court entered its Order on Plaintiffs' Motion to Compel on February 24, 2014 [Dkt. 210]. The Order states in part:

---

[2] Requests for production no. 51 and 52, together with defendants' objections are set forth at pages 21 and 22 of the Memorandum in Support of Plaintiffs Motion to Compel Regarding Written Discovery. Dkt. 173 (12/20/13). Defendants' responses to the discovery requests are attached as Exhibit B to document 173.

> From the outset, Plaintiffs have had difficulty acquiring discovery from Defendants in this matter. Plaintiffs have already filed two motions to compel regarding Defendants' reluctance to acquiesce and Plaintiffs' deposition requests and to cooperate during the depositions. [Dkt. 40, 77.] The Court granted both such motions to compel. [Dkts. 55, 88.]

Dkt. 210, p. 2 (02/24/14). The Court further stated:

> ### D. Ownership and Affiliation
>
> Another contested issue concerns Plaintiffs' "repeated[] attempt[s] to learn who are the true owners of these defendants." [Dkt. 202 at 42.] In an attempt to gather such evidence, Plaintiffs request that Defendants produce their financial reports and statements, their income tax returns, and interrogatory answers regarding ownership and affiliation of and between Defendants. [Dkt. 173 at 21-23, 28-29.] In response, Defendants assert that the information is irrelevant and the requests are vague because Defendants are uncertain of what Plaintiffs mean by "financial reports and statements," "investors," "other," "participants," and "officers." [*Id.*] Defendants further assert that Plaintiffs' ownership and affiliation interrogatory "seeks information that is confidential and proprietary in nature and/or covered under attorney/client privilege and trade secret privilege." [*Id.* at 29.]
>
> First, Plaintiffs' claims are based in part on Plaintiffs' allegations that the Defendants are all "interrelated in a clandenstine and complex business structure." [Dkt. 1 at 6.] Thus, information regarding Defendants' ownership and affiliation is relevant to a claim or defense at issue. The Court gives little weight to Defendants' assertion that the terms "financial reports and statements" or "investors" are vague, as they are common terms in the corporate world, and these objections are overruled. Thus, the Defendants are ordered to respond to Defendant LVNV's document requests numbered 51 and 52, and all such parallel requests to other defendants.

Dkt. 210, p. 10, 11 (02/24/14).

The Court granted defendants 28 days from the date of its Order to supplement its responses to plaintiffs' interrogatories and requests for production. Dkt. 210, p. 12 (02/24/14). Accordingly, defendants' supplemental responses are due March 24, 2014.

4

On March 10, 2014, defendants objected to the Order on Plaintiffs' Motion to Compel concerning the tax returns and financial statements and, in the alternative, requested a stay of their obligation to produce the tax returns and financial statements on March 24, 2014. See, Dkts. 216, 218, 219. Plaintiffs' responses to these documents are due March 27, 2014.

On March 18, 2014, defendants filed their Emergency Motion for Stay. Dkt. 225 (03/18/14).

## II.     Defendants' Emergency Motion For Stay Should Be Denied.

At defendants' request, this Court entered the Stipulated Protective Order allowing the parties to maintain the confidentiality of sensitive documents and permitting documents to be filed under seal. Dkt. 73 (05/17/13). The defendants should produce the documents as ordered by Magistrate Judge Dinsmore. Concerns about dissemination to competitors are adequately addressed by the Stipulated Protective Order.

In their emergency motion, defendants explain that they rely on Fed.R.Civ.P. 72(a) and the arguments in their Reconsideration/Stay Motion. Dkt. 219, Memorandum of Law in Support of Defendants' Motion for Reconsideration of Magistrate's Order or in the Alternative to Stay. Fed.R.Civ.P. 72(a) provides:

> Rule 72. Magistrate Judges: Pretrial Order
>
> (a) Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may

serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Defendants acknowledge that the Rule has no provision for a stay of the Magistrate Judge's order pending resolution of the objection.  Dkt 219, p 9, 10, citing *Lineback v. Nat. Labor Rel. Bd.*, Cause No. 1:12-CV-85-RLM-RBC, 2012 WL 2504909 at *2 (N.D. Ind. June 28, 2012)("Allowing a Rule 72 objection to act as a stay would allow parties to 'use the objection process simply as a devise to further delay discovery and to derail the preparation of a case for trial, regardless of the merits of the objection.'" (citations omitted)).

In their Memorandum of Law [Dkt. 219], defendants explain why they now believe the tax returns and financial statements deserve special attention:

> Disclosure of these documents will reveal information that competitors and other participants in the credit card debt collection industry and the other business areas in which the Entity Defendants compete, could use to undercut Entity Defendants' positions or pricing. Revealing financial results may also encourage others to bring yet more frivolous claims.  **Simply put, the forced production of private financial results and income tax return information will result in a serious breach of the Defendants' privacy rights and could put Defendants at a competitive disadvantage.**

Dkt. 219, p. 11, 12 (03/10/14)(emphasis added).

Defendants do not suggest that this Court's Stipulated Protective Order is insufficient to protect privacy and keep the documents from their competitors. Plaintiffs are not competitors of defendants.  Significantly, defendants no longer claim that the requested documents are irrelevant to the issue of corporate

6

structure and ownership. On the contrary, defendants admit that the financial statements contain information about ownership and "relationships among the Entity Defendants." Dkt. 219, p.7, n.5. Tax returns of Limited Liability Companies necessarily contain Schedule K-1 information about the owners of the companies.

On March 17, 2014, Magistrate Judge Dinsmore conducted a previously scheduled status conference. Defendants requested that he act on their motion for stay. Magistrate Judge Dinsmore advised that he had not seen the motion, as it had not been referred to him by the District Judge, and he could not rule upon the motion. Defendants asked if the filing of the motion to stay was effective to actually stay Magistrate Judge Dinsmore's Order compelling production of the tax returns and financial statements. Without having seen the motion, Magistrate Judge Dinsmore suggested that the filing of the motion to stay would likely be sufficient to stay production until the District Judge could rule on the motion.

Following the status conference, defense counsel contacted plaintiffs' counsel to ask if plaintiffs would agree to the requested stay delaying production. Plaintiffs have consistently been frustrated in their discovery efforts and stated that plaintiffs did not agree to the stay. Defendants made no offer to modify case management deadlines in light of the delay. By filing Defendants' Emergency Motion for Stay [Dkt. 225], defendants now put the stay request squarely at issue by asking that the District Court rule on the request for a stay expeditiously.

Defendants cite to five decisions addressing motions to stay in situations similar to the present one. Dkt 219, p 9, 10. In each case, the motion for stay was denied. *Granato v. City and County of Denver*, 2011 U.S. Dist. LEXIS 40981, *5,6, 2011 WL 1335854 (D.Colo. April 7, 2011) ("Thus, for example, a stay may be appropriate where enforcing the existing discovery order would require that the disclosure of arguably privileged information, or trade secrets to a competitor, or the like. There are no such concerns here."); *Adams v. Gateway, Inc., 2004 U.S. Dist. LEXIS 32119, *11,* 2004 WL 733990 (D.Utah Jan. 5, 2004) ("Finally, it is in the interest of the parties and the court to avoid any further delay in resolving this discovery dispute . . . . It is therefore ORDERED that Defendant Gateway's Expedited Motion For Stay Of Order Granting Plaintiffs' Motion To Compel Production Of Documents Withheld On The Basis Of Privilege is DENIED."); *Dayco Prod., Inc. v. Walker*, 142 F.R.D. 450, 453-454 (S.D. Ohio 1992) (Defendants sought stay from District Judge and, "[a]s an alternative, Defendants now seek a stay from the Magistrate Judge. That motion is DENIED . . . . Because a magistrate judge is afforded broad discretion in the resolution of dispositive discovery disputes, the court would overrule the magistrate's determination only [if] this discretion is clearly abused."); *Copic Ins. Co. v. Wells Fargo Bk.*, Civ. Action No. 09-cv-00041-WDM-BNB, 2010 U.S. Dist. LEXIS 36476, *2, 4, 2010 WL 935464 (D. Colo. March 11, 2010)("Allowing such stays as a matter of course would encourage the filing of frivolous objections and grind the magistrate judge system to a halt . . . . [T]he standard of review of a magistrate judge's non-dispositive ruling is 'clearly erroneous or contrary to law' or, stated differently, whether the ruling strikes the district judge "as wrong with the force of a five-week-old unrefrigerated

dead fish.")(citations omitted)); *HEI Resources East OMG Joint Venture v. Evans*, 2009 U.S. Dist. LEXIS 10294, *5, 2009 WL 250364 (D. Colo. Feb. 3, 2009)("IT IS ORDERED that the Motion to Stay is DENIED."). Defendants have not directed this Court's attention to a single reported decision granting the extraordinary relief they request in their Emergency Motion.

The defendants have been uncooperative in discovery thus far. They have shown no good cause for the exceptional relief that would be provided by a stay of Magistrate Judge Dinsmore's Order on Plaintiffs' Motion to Compel. [Dkt. 210]. The documents are relevant to the claims in this matter, and the defendants cannot show that Magistrate Judge Dinsmore's ruling is clearly erroneous or contrary to law. No privilege is claimed. A Stipulated Protective Order is already in place. The documents should be produced on March 24, 2014 and, if appropriate, marked confidential pursuant to the Stipulated Protective Order. If the defendants are further permitted to delay the discovery process, plaintiffs will be prejudiced in their efforts to conduct follow-up discovery and comply with the pre-trial deadlines pursuant to the case management order.

### III.  Conclusion.

Plaintiffs respectfully request that Defendants' Emergency Motion for Stay [Dkt. 225] be denied. Further, plaintiffs request all other relief just and proper.

Respectfully submitted

*s/Jeffrey A. Townsend*

George M. Plews, Attorney No. 6274-49
Peter M. Racher, Attorney No. 11293-53
Frederick D. Emhart, Attorney No. 10952-49
Jeffrey A. Townsend, Attorney No. 14082-49
PLEWS SHADLEY RACHER & BRAUN LLP
1346 North Delaware Street
Indianapolis, IN  46202
Telephone: (317) 637-0700
Facsimile: (317) 637-0710
Email: gplews@psrb.com
         pracher@psrb.com
         femhardt@psrb.com
         jtownsend@psrb.com


Robert D. Cheesebourough
Matthew D. Boruta
CHEESEBOUROUGH & BORUTA, L.P.A.
543 E. Market Street
Indianapolis, IN 46204
Telephone: (317) 708-3925
Facsimile: (317) 638-2707
Email: rdc@home-saver.org
         ruaneagle@aol.com
         boruta17@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of March 2014, a copy of the foregoing was filed electronically and that all parties of record who have appeared should receive this document via the Court's electronic filing system.

*s/Jeffrey A. Townsend*