**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ANDREW COX, LUCINDA COX, | ) | |
| STEPHANIE SNYDER Individually and on | ) | |
| behalf of others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:12-cv-01654-TWP-MJD |
| | ) | |
| SHERMAN CAPITAL LLC, | ) | |
| MEETING STREET PARTNERS II INC., | ) | |
| SHERMAN FINANCIAL GROUP LLC, | ) | |
| SHERMAN CAPITAL MARKETS LLC, | ) | |
| LVNV FUNDING LLC, | ) | |
| RESURGENT CAPITAL SERVICES LP, | ) | |
| SHERMAN ORIGINATOR III LLC, | ) | |
| SHERMAN ACQUISITION LLC, | ) | |
| BENJAMIN W. NAVARRO, | ) | |
| LESLIE G. GUTIERREZ, | ) | |
| SCOTT E. SILVER, | ) | |
| KEVIN P. BRANIGAN, | ) | |
| ROBERT A. RODERICK, | ) | |
| KENNETT  KENDALL, | ) | |
| JOHN DOES 1-50, and | ) | |
| SHERMAN ORIGINATOR LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON MOTION TO RECONSIDER

The dispute in this matter involves Plaintiffs' Andrew Cox, Lucinda Cox, and Stephanie

Snyder ("collectively, Plaintiffs") Complaint asserting nine causes of action against numerous

defendants for alleged misconduct associated with collecting debts in violation of the Fair Debt

Collection Practices Act 15 U.S.C. 1692, *et seq*. ("FDCPA").  Plaintiffs filed a Motion to Certify

Class (Dkt. 5) simultaneously with their Complaint, and the Motion was referred to the

Magistrate Judge for issuance of a Report and Recommendation pursuant to 28 U.S.C. §

636(b)(1)(B) (Dkt. 81).  Shortly thereafter, Defendants filed a Motion to Dismiss for failure to

state a claim, or alternatively, lack of personal jurisdiction (Dkt. 21). This Motion was also referred to the Magistrate Judge for issuance of a Report and Recommendation (Dkt. 150).

This matter is now before the Court on an Objection to the September 30, 2013 Report and Recommendation Regarding Defendants' Motion to Dismiss (Dkt. 151) filed by Defendants Sherman Capital LLC, Meeting Street Partners II Inc., Sherman Financial Group LLC, Sherman Capital Markets LLC, LVNV Funding LLC, Resurgent Capital Services LP, Sherman Originator LLC, Sherman Originator III LLC, and Sherman Acquisition LLC (collectively, the "Entity Defendants"), and Benjamin W. Navarro, Leslie G. Gutierrez, Scott E. Silver, Kevin P. Branigan, Robert A. Roderick, and Kennett Kendall (collectively, the "Individual Defendants")[1] (Dkt. 154). The Objection was filed pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1).

Also before the Court is Defendants' Objections to the July 18, 2013 Report and Recommendation Regarding Class Certification (Dkt. 133), asking the Court not to adopt the Magistrate Judge's recommendation to certify the Plaintiffs' classes (Dkt. 131). This Motion is before the Court pursuant to Federal Rule of Civil Procedure 72(a).

For the reasons set forth below, Defendants' objection to the Magistrate Judge's Report and Recommendation on the Motion to Dismiss is **SUSTAINED in part** and **OVERRULED in part**. The Defendants' objection to the Magistrate Judge's Report and Recommendation on the Motion to Certify Class is **SUSTAINED**.

## I.  BACKGROUND

The facts of this case are set forth in detail in the Magistrate Judge's Report and Recommendations and thus need not be repeated in detail in this entry. Dkts. 131 at 203; 151 at

---

[1] Plaintiffs also assert all claims in the Complaint against Defendants John Does 1-50, hereinafter referred to as the "John Doe Defendants."

2-4.  In summary, the Plaintiffs purport to represent a class of plaintiffs, consisting of three subclasses, alleging common law fraud, unjust enrichment, and restitution claims; three counts of FDCPA violations; and three counts of Racketeer Influenced Corrupt Organizations Act ("RICO") violations against all Defendants.  Plaintiffs allege that Defendants unlawfully sought collection on consumer debts that they did not own.

Magistrate Judge Mark Dinsmore issued a Report and Recommendation on the Motion to Certify Class on July 18, 2013, recommending that the proposed class and subclasses be certified (Dkt. 131), and issued a Report and Recommendation on the Motion to Dismiss on September 30, 2013, recommending that the Court grant in part and deny in part Defendants' motion (Dkt. 151).  Defendants timely filed objections to the Magistrate Judge's order on August 1, 2013 and October 15, 2013, respectively.

## II.   LEGAL STANDARD

As an initial matter, a district court may assign dispositive motions to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any proposed findings of fact.  *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 760 (7th Cir. 2009). *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it."  *Schur,* 577 F.3d at 760.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  After a magistrate judge makes a report and recommendation, either party may object within fourteen days.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); 72(b)(2).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" with respect to dispositive motions.  28 U.S.C. § 636(b)(1).  Further,

a judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* For non-dispositive matters, the Court should set aside any portion of the Magistrate Judge's order that is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

### III.    DISCUSSION

**A.    Objection to Report and Recommendation on Motion to Dismiss**

Defendants object to the Magistrate Judge's Report and Recommendation on the Motion to Dismiss on a number of grounds, arguing that the Magistrate Judge erred in finding that Plaintiffs met the pleading requirements for all claims in general and with respect to each count, and that Plaintiffs properly alleged personal jurisdiction over all Defendants. The Court reviews the Magistrate Judge's order *de novo*.

**1.    Personal Jurisdiction Allegations**

The first issue that must be addressed is whether the Court has personal jurisdiction over all of the Defendants. Plaintiffs bear the burden of demonstrating the existence of jurisdiction. *Wine & Canvas Dev., LLC v. Weisser*, 886 F. Supp. 2d 930, 937 (S.D. Ind. 2012). The Court may go outside the pleadings to decide whether personal jurisdiction exists. *See* Fed. R. Civ. P. 12(b)(2); *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782-83 (7th Cir. 2003). When the district court rules on a defendant's motion to dismiss based on the submission of written materials, without the benefit of an evidentiary hearing, the plaintiff "need only make out a *prima facie* case of personal jurisdiction." *Id.* at 782 (quoting *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)). "In determining whether the plaintiff has met the *prima facie* standard, the plaintiff is entitled to a favorable resolution of all disputed relevant facts." *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423–24 (7th Cir. 2010).

4

Defendants argue that the personal jurisdiction allegations in Plaintiffs' Complaint are insufficient to meet controlling federal standards, and assert that this Court lacks personal jurisdiction over all Defendants, other than Defendants LVNV Funding LLC ("LVNV") and Resurgent Capital Services LP ("Resurgent"), absent a viable RICO claim.[2]   Defendants argue that the Magistrate Judge erred by finding that LVNV's and Resurgent's jurisdictional contacts are imputable to the remaining Defendants through an agency or veil-piercing theory.  Dkt. 151 at 24.  Seventh Circuit case law holds that there must be an "unusually high degree of control" or that the "subsidiary's corporate existence is simply a formality" in order to impute jurisdictional contacts to the parent company.  *Abelesz v. OTP Bank*, 692 F.3d 638, 658 (7th Cir. 2012).

Plaintiffs have not alleged any facts supporting a finding of general or specific jurisdiction over any of the Defendants independently, other than LVNV and Resurgent.  Instead, Plaintiffs rely upon the argument that LVNV's jurisdictional contacts should be imputed to the other Entity Defendants.  The Magistrate Judge used a theory of veil-piercing to find that this Court has personal jurisdiction over the Defendants.  He relied upon the deposition testimony of owners and officers of the various Entity Defendants to conclude that the Entity Defendants lacked observance of corporate formalities, and that holding informal meetings indicated an "unusually high degree of control."  Dkt. 151 at 27-28.  The Court disagrees with this assessment, and finds that this evidence does not amount to "clear evidence" of an "unusually high degree of control."  *See IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir. 1998) ("Parents of wholly owned subsidiaries necessarily control, direct, and supervise the subsidiaries to some extent.").

---

[2] RICO provides a basis for personal jurisdiction based upon nationwide service of process.  18 U.S.C. § 1965(b).  As further discussed below, the Court has determined that the Plaintiffs failed to adequately allege their claims under RICO.  Therefore, the Plaintiffs must show that they otherwise have personal jurisdiction over the remaining Entity Defendants.

However, Plaintiffs have alleged and provided evidence that LVNV is merely an asset-holding vehicle that is essentially a shell company with no employees.  *See* Dkt. 1 at 16, ¶ 54; Dkt. 130-20 at 3 (deposition of Kevin Branigan, president of LVNV, describing LVNV as an "asset-holding vehicle.").  This is another means by which the personal contacts of a subsidiary may be imputed to the parent company.  *Wesleyan Pension Fund, Inc. v. First Albany Corp.*, 964 F. Supp. 1255, 1262 (S.D. Ind. 1997).  Plaintiffs have made a *prima facie* showing that LVNV's jurisdictional contacts may be imputed to other Defendants.

The inquiry cannot end here, as personal jurisdiction must be determined as to each Defendant; Plaintiffs may not address the jurisdiction of the Defendants collectively. *McManaway v. KBR, Inc.*, 695 F. Supp. 2d 883, 895 (S.D. Ind. 2010); *Frontier Paper & Packaging, Inc. v. E & S Paper Co.*, No. 1:06-CV-1485SEBJPG, 2007 WL 1836884, at *6 (S.D. Ind. June 22, 2007).  The jurisdictional contacts of LVNV may only be imputed to its parent companies, which consisted of Sherman Originator LLC, Sherman Financial Group LLC, and Sherman Capital LLC at the time of the alleged conduct.[3]  Dkt. 130 at 4-5.  The remaining Entity Defendants—Sherman Capital Markets LLC, Sherman Acquisition, LLC, and Sherman Originator III, LLC—do not have any ownership interest in, and thus are not parent companies of, LVNV.  *Id.*  Plaintiffs have not put forth evidence from which the Court can determine that there are sufficient contacts between Sherman Capital Markets LLC, Sherman Acquisition, LLC, and Sherman Originator III, LLC and the State of Indiana for a finding that this Court has personal jurisdiction over these entities; Plaintiffs only make the conclusory statement that "[t]he interrelationship among LVNV and the other Corporate Defendants is such that jurisdiction over any of them may be attributed to LVNV."  Dkt. 130 at 10.  Therefore, the Court finds that it

---

[3] Subsequent to the filing of this lawsuit, the ultimate owner of LVNV was changed to an unknown S-corporation. Dkt. 130 at 4.

lacks personal jurisdiction over Sherman Capital Markets LLC, Sherman Acquisition, LLC, and Sherman Originator III, LLC, and the claims against these Defendants must be dismissed.

With regard to the Individual Defendants, Plaintiffs argue that their ownership and management interests in Sherman Capital or Sherman Financial Group gives the Court jurisdiction over these Defendants.   However, the Seventh Circuit has stated that ownership in a company is not a sufficient basis to impute jurisdictional contacts from the company to the owner. *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000) ("[S]tock ownership in or affiliation with a corporation, without more, is not a sufficient minimum contact.").  Plaintiffs have failed to present any other basis for the Court exercising personal jurisdiction over the Individual Defendants and have therefore not met their burden. The Court concludes that it lacks personal jurisdiction over the Individual Defendants, and the claims against them must be dismissed.

Based upon the foregoing analysis, the Court **sustains** in part and **overrules** in part Defendants' objection on the issue of personal jurisdiction.  The claims against the Individual Defendants and Defendants Sherman Capital Markets LLC, Sherman Acquisition, LLC, and Sherman Originator III, LLC are dismissed with prejudice due to lack of personal jurisdiction.

### 2.        Federal Pleading Requirements under Rule 9(b)

Defendants argue that the Plaintiffs' Complaint fails to meet the minimum pleading standards under *Iqbal* and *Twombly*.  A complaint must include "enough facts to state a claim of relief that is plausible on its face," and must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Ashcroft v. Iqbal*, 556 U.S. 662, 686-87 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Additionally, for claims alleging fraud or mistake, Federal Rule of Civil Procedure 9(b) imposes

a heightened pleading standard, requiring that "a party must state with particularity the circumstances constituting the fraud or mistake." The complaint must be specific with respect to the time, place, and content of the false representations, the method by which the misrepresentations were communicated, and the identities of the parties to those misrepresentations. *Id.*; *see also Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992) ("[Rule 9(b)] require[s] the plaintiff to state 'the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.'. . . In other words, the plaintiff must plead the 'who, what, when, and where' of the alleged fraud.") (quoting *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992)) (additional citations omitted).

The heightened pleading requirements of Rule 9(b) also apply to allegations of fraud in a civil RICO complaint. *Lachmund v. ADM Investor Servs., Inc.*, 191 F.3d 777, 784 (7th Cir. 1999). Both sections 1962(b) and (c) require that the Plaintiffs prove the Defendants engaged in a "pattern of racketeering activity." *Shields Enterprises, Inc. v. First Chi. Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992). "[T]o plead adequately a pattern of racketeering activity, a plaintiff must allege with particularity two predicate acts." *Lachmund*, 191 F.3d at 784.

### a.    RICO Claims – Counts VII, VIII, IX[4]

In each of the RICO counts alleging violations of §§ 1962(b), (c), and (d), and throughout Plaintiffs' Complaint generally, all sixty-five Defendants, including the Individual Defendants and John Doe Defendants, are referred to as "Sherman" or "Defendants." By grouping all Defendants together, Plaintiffs have failed to provide the level of specificity required by Rule 9(b) to state a valid RICO claim. The Complaint fails to inform each Defendant of the nature of

---

[4] The Complaint numbers these Counts as VII, VII, and XI. The Court presumes this numbering to be in error and will refer to the Counts in chronological order as they are listed in the Complaint to avoid confusion between the duplicate numbered and omitted Counts.

his, her or its alleged participation in the fraud, and the Seventh Circuit has previously rejected such complaints where multiple defendants are "lumped together." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777-78 (7th Cir. 1994); *see also Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990) (complaint properly dismissed with prejudice where "complaint lump[ed] all the defendants together and [did] not specify who was involved with what activity."). The Complaint only generally refers to a "scheme to defraud" and "collection schemes" but does not specify which Defendants committed what particular acts, or any of the other detail required under Rule 9(b). Allegations that LVNV and Resurgent "visibly performed" the fraudulent activity and that the remaining Defendants "pulled the strings" is not a sufficient level of specificity to satisfy the heightened pleading requirements. The Plaintiffs' lack of particularly cannot merely be attributed to or excused by the parties' discovery disputes; the Complaint was drafted prior to discovery in this case, Plaintiffs never moved to file an amended complaint, and the discovery that was permitted was intended to be solely on the subject of personal jurisdiction. *See* Dkt. 55 at 3.

Additionally, several of Plaintiffs' allegations regarding Defendants' conduct are made "upon information and belief." Dkt. 1 at 33-34, ¶¶ 141-44. "[A]llegations made upon information and belief are insufficient, even if the facts are inaccessible to the plaintiff, unless the plaintiff states the grounds for his suspicions[.]" *Uni*Quality, Inc.*, 974 F.2d at 924. Plaintiffs have not stated in their Complaint their grounds for suspicion forming the basis of the allegations made on information and belief. The Court cannot accept the argument that all such information was completely inaccessible to the Plaintiffs. One of the purposes of the heightened pleading requirements in Rule 9(b) is to prevent "fishing expeditions," so to excuse Plaintiffs' failure to include the requisite information in the Complaint because they lack information that

would otherwise be unearthed in discovery would defeat the purpose behind the rule. *See Vicom, Inc.*, 20 F.3d at 777. At the very least, the class representatives should have been able to plead the specific actions taken by the various Defendants in their own cases in support of their claims.

The Court concludes that the Plaintiffs have failed to adequately plead their RICO claims because they have not pleaded a sufficient level of specificity as required by the heightened pleading standards of Rule 9(b). Defendants' objection as to Counts VII, VIII, and IX is **sustained** and these claims are **dismissed** without prejudice.[5]

### b.   Common Law Fraud – Count IV

The Plaintiffs have also failed to adequately plead their common law fraud claim under Count IV of their Complaint, which is also subject to the heightened pleading standard under Rule 9(b). Like the RICO claims addressed above, Plaintiffs also "lump together" all Defendants in their fraud claim and generally assert that "Defendants made a material misrepresentation that the Defendants legally owned an alleged debt by Plaintiffs. . . ." Dkt. 1 at 26, ¶ 110. Again, these claims do not specify which Defendant made what representation, to whom, and when.

The Magistrate Judge relied upon theories of agency and veil-piercing to infer that Plaintiffs adequately alleged that all Defendants engaged in fraudulent activity. Dkt. 151 at 7-8. However, the statement from the Complaint "Defendant and their agents" does not imply that

---

[5] In addition to the failure to plead with particularity under Rule 9(b), Defendants have also failed to allege an enterprise separate and apart from the Defendants. Plaintiffs have not alleged that Defendants infiltrated, took over, manipulated, disrupted, or suborned a distinct entity, or alleged a distinct association in fact. *Baker v. IBP, Inc.*, 357 F.3d 685, 692 (7th Cir. 2004) ("Without a difference between the defendant and the 'enterprise' there can be no violation of RICO."); *see also Pena v. Int'l Union of Operating Eng'rs, Local 150, AFL-CIO*, No. 08 C 4222, 2009 WL 2177239, at *4 (N.D. Ill. July 21, 2009) ("When a plaintiff seeks to hold a group of RICO persons liable, and that group is identical to the group making up the alleged enterprise, the RICO claim fails because the persons are not distinct from the enterprise.") Furthermore, for purposes of their conspiracy claim under § 1962(d), Plaintiffs have not specifically alleged the existence of an agreement. *See Lachmund*, 191 F.3d at 785 (Plaintiff must plead "facts indicating an act of agreement among the alleged conspirators or what roles the various defendants would play in the conspiracy.")

Defendants were agents of each other, nor is the legal conclusion that "all the Defendants are liable for the acts of LVNV and Resurgent" a "well-pleaded theory of agency." *See* Dkt. 1 at 2-4, ¶¶ 3, 9.  Even if Plaintiffs are relying upon an agency theory to impute the alleged fraudulent action of LVNV and Resurgent to the remaining Defendants based upon the "clandestine structure" of the Sherman entities, the heightened pleading standard of Rule 9(b) still applies. *Lachmund*, 191 F.3d at 783 ("[W]hen the plaintiff relies upon the same circumstances to establish both the alleged fraud and the agency relationship of a defendant, the reasons for more particularized pleading that animate Rule 9(b) apply with equal force to the issue of agency and to the underlying fraud claim.").

Additionally, there are no allegations in the Complaint that any of the Defendants were acting as the alter egos of any other Defendant such that a veil-piercing theory would apply.  *See NNDYM IN, Inc. v. UV Imports, Inc.*, No. 3:09-CV-129-TWP-WGH, 2011 WL 5238824 (S.D. Ind. Nov. 1, 2011) (plaintiff must sufficiently plead the substantive veil-piercing factors in order to plead a veil-piercing claim).  Even if there were sufficient facts alleged to support a veil-piercing theory based upon alleged fraud, the same Rule 9(b) pleading standards would be applicable to the Complaint.  *Mathioudakis v. Conversational Computing Corp.*, No. 1:12-CV-00558-JMS, 2012 WL 4052316, at *4 (S.D. Ind. Sept. 13, 2012) ("[W]hen a party attempts to pierce the corporate veil based on fraud, the fraud allegations must comply with Federal Rule of Civil Procedure 9(b).").

Thus, the Court finds that the Plaintiffs have failed to adequately plead a claim for common law fraud under Rule 9(b), and this claim fails as well.  The Defendants' objection on Count IV is **sustained** and this claim is **dismissed** without prejudice.

The Court finds that the RICO claims and common law fraud claims against all Defendants are **dismissed** without prejudice, and the FDCPA claims in Counts I and II are **dismissed** with prejudice for failure to state a claim.

### 3.  FDCPA Claims – Counts I, II, and III

#### a.  Count I – Failure to Obtain a Debt Collection License in Violation of the FDCPA

Defendants argue that the Magistrate Judge erred in determining that Defendants stated an FDCPA claim based on allegations that LVNV lacked a license under the Indiana Collection Agency Act ("ICAA").  Under the ICAA it is unlawful for any person to conduct a collection agency within the State of Indiana without first having applied for and obtained a license under Indiana Code § 25-11-1-5.  I.C. § 25-11-1-7.  However, a non-resident collection agency that has only "incidental contact" with a debtor is not required to be licensed under the ICAA.  I.C. § 25-11-1-5(d).  The statute defines "incidental contact" as "contact on behalf of nonresident creditors using interstate communications, including *telephone, mail service, or facsimile transmissions*." *Id.* (emphasis added).

Determining whether Defendants' contacts with debtors in Indiana are "incidental" is not necessary at this stage.  Regardless of whether the Defendants are or are not required to obtain a license under the ICAA, alleged violations of the ICAA cannot form the basis of an FDCPA claim under § 1692e.  "Section 1692e does not incorporate state licensing requirements . . . . Thus, an alleged violation of state or local law is insufficient to state a claim under the FDCPA." *Fausset v. Mortgage First, LLC*, No. 4:09-CV-42-PRC, 2010 WL 987169, at *4 (N.D. Ind. Mar. 12, 2010) (quoting *Radaj v. ARS Nat. Servs., Inc.*, No. 05–C–0773, 2006 WL 2620394, at *3 (E.D.Wis. Sept.12, 2006)).  Filing a state court lawsuit without holding a license under the ICAA does not constitute a misrepresentation that a collection agency is licensed in Indiana, and thus is

not a misrepresentation under § 1692e.  *Id.*  Additionally, there is no basis for finding that a violation of state or local law is a violation of § 1692f, as the conduct alleged does not fall within any of the definitions of "unfair practices" within this section.  Therefore, the Court finds that failure to obtain a license under the ICAA does not state a claim for violation of §§ 1692e and 1692f of the FDCPA.  The Court **sustains** Defendants' objection and dismisses Count I of Plaintiffs' Complaint.

> **b.**   **Count II – Failure to Obtain a Registration Mandated by Indiana**

Defendants also argue that the Magistrate Judge erred by finding that Plaintiffs adequately stated an FDCPA claim based upon alleged violations of the Indiana Foreign Corporation Registration Statute ("IFCRS").  The IFCRS requires foreign corporations to register with the Indiana Secretary of State in order to conduct business in Indiana.  I.C. § 23-1-49-1.[6]  It is not necessary, or even appropriate, to go into an analysis of whether the Defendants "transact business" as the term is applied in determining whether jurisdiction or venue is proper, as the Magistrate Judge did in the Report and Recommendation.  Dkt. 151 at 13 (citing *Sanderson v. Spectrum Labs, Inc.*, 227 F. Supp. 2d. 1001, 1006 (N.D. Ind. 2000)).  The statute itself defines "transacting business" and explicitly excludes "securing or collecting debts or enforcing mortgages and security interests in property securing debts" from the definition of "transacting business."  I.C. § 23-1-49-1(b)(8).  This is not merely "an exception or two" but the plain language of the statute.  The Magistrate Judge erred in applying the former standard in interpreting the statute.  *See Thatcher v. City of Kokomo*, 962 N.E.2d 1224, 1227 (Ind. 2012) ("Clear and unambiguous statutes leave no room for judicial construction.") (additional citations

---

[6] Plaintiffs' Complaint cites to Ind. Code 23-17-26.  This is the registration statute applicable to non-profit foreign corporations and is thus not applicable to Defendants.  The corresponding registration requirement for for-profit foreign corporations is found at Ind. Code § 23-1-49-1, and the Court will refer to this statute in its analysis.

omitted).  Based upon the factual allegations in the Complaint, the Defendants fall within the exception to the registration requirement under the IFCRS.

However, regardless of whether the Defendants are or are not required to be registered under Ind. Code § 23-1-49-1, as discussed above, an alleged violation of state or local law is insufficient to state a claim under § 1692e of the FDCPA, nor does it form a basis for liability under § 1692f.  *Fausset*, 2010 WL 987169.  Therefore, the Court **sustains** the Defendants' objection as to Count II of the Plaintiffs' Complaint, and this claim is **dismissed**.

### c.    Count III – Failure to Actually Own the Debt in Violation of the FDCPA

Defendants object to the Magistrate Judge's Report and Recommendation with respect to Count III, arguing that the Magistrate Judge used the wrong standard to determine whether affiliates of LVNV and Resurgent are "debt collectors" for purposes of the FDCPA.  Defendants acknowledge that the Plaintiffs adequately allege that LVNV and Resurgent are debt collectors under the FDCPA, but argue that Plaintiffs do not make any allegations in the Complaint that would bring the other Defendants within the definition.  Plaintiffs have not alleged facts showing the Defendants, with the exception of LVNV and Resurgent, directly participated in collection activities.  However, Plaintiffs argue that the Complaint alleges that these Defendants indirectly participated in LVNV's and Resurgent's collection activities such that they fall under the definition of a debt collector and the exemption does not apply.

The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly *or indirectly*, debts owed or asserted to be owed or due to another." 15 U.S.C. § 1692a(6) (emphasis added).  The statute specifically excludes from the definition of a debt collector:

any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts.

15 U.S.C.A. § 1692a(6)(B).  Plaintiffs assert that the remaining Defendants do not fall within this exception because they are not collecting debts on behalf of their affiliates, LVNV and/or Resurgent, but rather are collecting debts on behalf of the individuals and entities who own the alleged debts as investors in synthetic collateralized debt obligations ("CDO").  Plaintiffs allege in their Complaint that LVNV is merely a special purpose vehicle that bundles the underlying information about receivables (i.e. the credit card debts) into securities, and then sells the securities to investors as CDOs.  Dkt. 1 at 9, 15.  The Complaint further alleges that Resurgent is contracted to service the CDOs and attempt to collect on the alleged debts, thus directly acting as a debt collector, and that the other Defendants engaged in active and passive attempts to collect on these "debts."  Dkt. 1 at 17.  Assuming all factual allegations in the Complaint to be true, Plaintiffs' Complaint sufficiently alleges that Defendants are engaged in collecting debts "owned" by unaffiliated entities, and thus do not fall within the exception for the definition of debt collector under § 1692a(6)(B).

While these claims will obviously need to be fleshed out and substantiated during the course of litigation, the Court finds that under the notice pleading standards of Rule 8 and accepting all of the Plaintiffs' factual allegations as true, Plaintiffs have asserted facts supporting their claim that the Entity Defendants were "debt collectors" for purposes of the FDCPA. Plaintiffs have alleged that the Defendants indirectly collect or attempt to collect debts owned by unaffiliated entities.  In addition, the Entity Defendants may be held liable as indirect debt collectors under the FDCPA if Plaintiffs can show LVNV, Resurgent, and the remaining Entity Defendants share an interdependence that renders them a "single economic enterprise." *Jenkins*

15

*v. Union Corp.*, 999 F. Supp. 1120, 1142-43 (N.D. Ill. 1998) (citing *Harrison v. NBD, Inc.,* 968 F. Supp. 837, 845 (E.D.N.Y. 1997)) (additional citations omitted).  Plaintiffs have alleged facts that show the Entity Defendants directly participated in LVNV's and Resurgent's debt collection activities, i.e. they "pulled the strings" of these two entities, and are such an enterprise for FDCPA purposes.  Thus, the Court finds that the Plaintiffs' Complaint sufficiently alleges that the Entity Defendants indirectly engaged in collection activities, thus making them subject to the FDCPA.  Plaintiffs have also adequately alleged that Defendants violated § 1692e by attempting to collect debts which they do not legally own, and § 1692f by attempting to collect debts that are not expressly authorized by the agreements creating the debts.  Therefore, the Court **overrules** Defendants' objection to the Magistrate Judge's Report and Recommendation with respect to the claims under Count III asserted against the Entity Defendants and the John Doe Defendants.

### 4.     Common Law Unjust Enrichment and Restitution Claims – Counts V and VI

Defendants also mention an objection to the Magistrate Judge's Report and Recommendation regarding Plaintiffs' common law unjust enrichment and restitution claims; however, they only discuss their specific objections to his findings on the fraud claim.  Dkt. 154 at 33.  Therefore, the Court finds the objections on these two claims to be waived and **overrules** Defendants' objection as to Counts V and VI.

## B.     Objection to Report and Recommendation on Class Certification

Now that the Court has determined which claims were properly asserted against which Defendants, it can now turn to the issue of class certification.  Defendants object to the Magistrate Judge's Report and Recommendation regarding the grant of class certification (Dkt.

131) on a number of grounds, primarily that the Magistrate Judge placed the burden of proof on the wrong party making in his determination.

### 1.    Burden of Proof for Class Certification

Class action lawsuits are governed by Federal Rule of Civil Procedure 23.   A party seeking class certification bears the burden of demonstrating that certification is appropriate. *Estate of VanDam ex rel. Horizon Trust & Inv. Mgmt., N.A. v. Daniels*, 278 F.R.D. 415, 422 (S.D. Ind. 2011).   Contrary to the position taken in the Magistrate Judge's Report and Recommendation, a court is *not* required to accept the allegations in the plaintiff's complaint as true, and should "make any factual and legal inquiries needed to ensure that the requirements for class certification are satisfied, even if the underlying considerations overlap with the merits of the case." *Roe v. Bridgestone Corp.*, 257 F.R.D. 159, 166 (S.D. Ind. 2009) (citing *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676 (7th Cir. 2001)).   The only circumstance under which a court should accept allegations supporting class certification in the complaint as true is when the defendant has attempted to preemptively strike class allegations on the face of the complaint prior to the plaintiff's motion for class certification and before any discovery has been conducted on the issue of class certification.  *See Boyce v. Wachovia Sec., LLC*, No. 5:09-CV-263-FL, 2010 WL 1253744, at *1 (E.D.N.C. Feb. 17, 2010) (deciding "defendants' motion to deny class certification"); *Sjoblom v. Charter Commc'ns, LLC*, No. 3:07-cv-0451-bbc, 2007 WL 4560541, at *1 (W.D. Wis. Dec. 19, 2007) (addressing "defendants' motion to dismiss all of plaintiff's state law class claims under Fed. R. Civ. P. 12(b)(6), strike them under Fed. R. Civ. P. 12(f) or eliminate them pursuant to Fed. R. Civ. P. 23(d)(4)").   Under these circumstances, the defendant has the burden of showing that the plaintiff's complaint contains no possible set of factual allegations that could justify certifying a class.  *See Boyce*, 2010 WL 1253744, at *7 ("To

prevail at this early stage, defendants 'have the burden of demonstrating from the face of plaintiffs' complaint that it will be impossible to certify the classes alleged by the plaintiffs regardless of the facts the plaintiffs may be able to prove.'") (quoting *Bryant v. Food Lion, Inc.,* 774 F.Supp. 1484, 1495 (D.S.C. 1991)).

While the parties in this case had to rely upon the class allegations in Plaintiffs' Complaint, this was not due to the Defendants filing a motion for denial of class certification ahead of Plaintiffs' motion to certify; rather, it is because Plaintiffs filed a Motion to Certify Class, simultaneously with the Complaint, that consisted of a single sentence. (Dkt. 5.) No discovery on class certification was conducted, no brief was filed in support of Plaintiffs' motion to certify the class, nor was any reply filed to Defendants' objection to the motion to certify. Thus it was contrary to law for the Magistrate Judge to apply a 12(b)(6) standard and accept the class allegations in the Plaintiffs' Complaint as true, and he should have made independent factual and legal inquiries to determine whether class certification was proper.

### 2.    Requirements of Rule 23

Defendants argue that the Magistrate Judge erred in finding that the Plaintiffs satisfied the requirements of Rule 23 based upon the allegations contained in the Complaint. To be certified, the Plaintiffs must show a proposed class meets all of the requirements of Rule 23(a), which include numerosity, typicality, commonality, and adequacy of representation. *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012). The proposed class must also satisfy one of the requirements under Rule 23(b). *Id.* Because the Plaintiffs failed to file a brief with their motion for class certification, the Court is forced to make this determination based upon the class action allegations in the Complaint. Dkt. 1 at 20-21, ¶¶ 65-73. These

allegations primarily consist of conclusory statements that recite the requirements of Rule 23 without providing much additional support.

### a.    Numerosity

Plaintiffs' "argument" regarding the numerosity requirement is contained in paragraph 66 of their Complaint, and bases such argument "on information and belief."  Dkt. 1 at 20.  In order to show numerosity, Plaintiffs may not rely upon "conclusory allegations that joinder is impractical or on speculation as to the size of the class in order to prove numerosity."  *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989).  However, this is exactly what the Plaintiffs attempt to do in this case.  Allegations made "on information and belief" are speculation, and cannot support a finding that the numerosity requirement has been satisfied.

### b.    Typicality

Defendants argue that the Magistrate Judge ignored the fact that Plaintiffs are not members of the subclasses they purport to represent.  Under Rule 23(a)(3), typicality requires that the class representative suffer the same or similar injury as other class members.  Plaintiffs make the general conclusory statement that "Plaintiffs' claims are typical of those of the class members" and that they are all "based on the same facts and legal theories."  Dkt. 1 at 21, ¶ 71. There is no evidence provided in support of this claim, nor does it provide any explanation as to which Plaintiff purportedly represents which subclass.  This is particularly important considering the Court's ruling on the Defendants' Motion to Dismiss, as it is impossible to tell if any one of the Plaintiffs purport to represent class members whose claims have been dismissed.

The Court finds, at least, Plaintiffs have not carried their burden on these two issues and have thus failed to satisfy all of the requirements of Rule 23(a).[7]  The Court will not attempt

---

[7] The Court also questions whether the Plaintiffs' counsel meets the adequacy requirement under Rule 23(a)(4). Although the Magistrate Judge found counsel to be adequate based upon prevailing on two motions to compel, this

to analyze the remaining factors based upon such scant and unsupported class allegations, as failure to satisfy one element of Rule 23(a) dooms certification.  Therefore, the Court **sustains** the objection to the Magistrate Judge's Report and Recommendation on the Motion to Certify Class.  The Motion to Certify Class is **denied** without prejudice, and Plaintiffs are granted leave to re-file their motion based upon the remaining claims in this case.

## IV.   CONCLUSION

For the reasons set forth above, the Defendants' Objection to the September 30, 2013 Report and Recommendation Regarding Defendants' Motion to Dismiss (Dkt. 154) is **SUSTAINED in part** and **OVERRULED in part**; thus the Motion to Dismiss (Dkt. 21) is **GRANTED in part** and **DENIED in part**.  Defendants Benjamin W. Navarro, Leslie G. Gutierrez, Scott E. Silver, Kevin P. Branigan, Robert A. Roderick, Kennett Kendall, Sherman Capital Markets LLC, Sherman Acquisition, LLC, and Sherman Originator III, LLC are **DISMISSED with prejudice** due to lack of personal jurisdiction.  Plaintiffs' RICO claims under Counts VII, VIII, IX and common law fraud claim under Count IV are **DISMISSED without prejudice**.  Plaintiffs' FDCPA claims under Counts I and II against all Defendants are **DISMISSED with prejudice**.  The only remaining claims in this case are the FDCPA claim under Count III and the common law unjust enrichment and restitution claims under Counts V and VI asserted against Sherman Capital LLC, Sherman Financial Group LLC, Sherman Originator LLC, LVNV, and Resurgent.

---

does not make up for the fact that counsel submitted a one line motion to certify class without an accompanying brief, and also did not respond to Defendants' objections to the motion to certify class.  Plaintiffs' Counsel has also failed to meet basic pleading requirements on several counts of the Complaint.  These actions are not indicative of counsel who is equipped to represent plaintiffs in a class action lawsuit.  However, since the filing of the Complaint and the motions at issue, Plaintiffs have retained additional counsel.  The Court will give Plaintiffs' counsel another opportunity to demonstrate they are adequate equipped to represent the proposed class should they choose to file another motion to certify class.

Defendants' Objections to the July 18, 2013 Report and Recommendation Regarding Class Certification (Dkt. 133) is **SUSTAINED,** and the Motion to Certify Class (Dkt. 5) is **DENIED**.   The Court grants the Plaintiffs leave to re-file their motion to certify class.

**SO ORDERED.**

Date: _____  03/31/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Robert D. Cheesebourough
ruaneagle@aol.com

Matthew D. Boruta
CHEESEBOUROUGH & BORUTA
boruta17@hotmail.com

Frederick D. Emhardt
PLEWS SHADLEY RACHER & BRAUN
emhardt@psrb.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Jeffrey A. Townsend
PLEWS SHADLEY RACHER & BRAUN
jtownsend@psrb.com

Peter M. Racher
PLEWS SHADLEY RACHER & BRAUN
pracher@psrb.com

David A. Maas
REED SMITH LLP
dmaas@reedsmith.com

Gary S. Caplan
REED SMITH LLP
gcaplan@reedsmith.com

James A. Rolfes
REED SMITH LLP
jrolfes@reedsmith.com

Michael L. DeMarino
REED SMITH LLP
mdemarino@reedsmith.com

Thomas L. Allen
REED SMITH LLP
tallen@reedsmith.com

James W. Riley, Jr.
RILEY BENNETT & EGLOFF LLP
jriley@rbelaw.com