IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX, LUCINDA COX, and STEPHANIE SNYDER, individually and on behalf of others similarly situated, ) ) ) ) ) | |
| Plaintiffs, ) | Civil Action No. 1:12-cv-1654-TWP-MJD |
| ) | CLASS ACTION |
| v. ) ) | |
| SHERMAN CAPITAL LLC, *et al.*, ) ) | |
| Defendants. | Mark J. Dinsmore<br>United States Magistrate Judge<br>Southern District of Indiana |

**DEFENDANTS' MOTION FOR LEAVE TO FILE MATERIAL UNDER SEAL
PURSUANT TO STIPULATED PROTECTIVE ORDER [DKT. 73]**

Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.  The following documents or portions of documents contain either argument or only generalized information that does not meet the standard to justify those documents being sealed from public view:  (a) lines 7-8 of the first paragraph on page 1 of Dkt. 247; (b) all redactions on page 3 of Dkt. 247; (c) all redactions on page 4 of Dkt. 247; (d) the words "the limited ownership information contained in these financial statements, but" in lines 12-13 of page 5 of Dkt. 247; (e) footnote 5 on page 5 of Dkt. 247; (f) the first two sentences of footnote 6 on pages 5-6 of Dkt 247 (only the last sentence of footnote 6 may remain sealed); (g) all redactions on page 6 of Dkt. 247 (with the exception of the portion of footnote 6 discussed above); (h) all redactions in the second paragraph on page 9 of Dkt. 247 that begins with the words "That said . . ."; (i) all redactions in footnote 9 on page 9 of Dkt. 247; (j) all redactions in lines 2 through 11, 16 through 23, and 25 through 30 of page 10 of Dkt. 247; (k) all redactions on page 12 of Dkt. 247; (l) lines 3 through 5 of page 5 of 6 of Dkt. 247-1; (m) line 25 of page 51 of the transcript attached at page 6 of 9 of Dkt. 247-3; (n) all redactions on page 4 of 10 of Dkt. 247-6; (o) all redactions on page 7 of 10 of Dkt. 247-6; and (p) all redactions on page 10 of 10 of Dkt. 247-6.  Accordingly, the Court **DENIES** Defendants' motion with regard to the noted portions of those documents and orders Defendants to file a revised redacted copy of the documents originally filed at Dkts. 245 through 245-12 with the offending redactions removed.

Furthermore, Defendants move to seal Dkts. 245-4, 245-5, 245-6, 245-7, and 245-8 in their entirety.  That motion is **DENIED.**  As the parties can deduce from this and other orders, the scope of the information that is appropriate for sealing in filed documents is very limited.  The Court will maintain Dkts. 245-4, 245-5, 245-6, 245-7, and 245-8 under seal for the time being; however, Defendants are ordered to file properly redacted versions of those documents within seven days of the date of this order.  Overredaction by Defendants may lead to a denial of Defendants' motion to place these documents under seal.  Furthermore, Dkt. 245-13 contains no confidential information and is hereby **UNSEALED.**

With the exceptions noted above, the Court **GRANTS** Defendants' motion with regard to Dkt. Nos. 245 through 245-3 and 245-9 through 245-12 and those documents shall be maintained under seal.
Dated: April 25, 2014

3. In addition to confidential ownership information being discussed in the body of the Defendants' Reply Memorandum, several of the exhibits attached to and referenced in the Reply Memorandum contain highly sensitive and confidential information, including information related to ownership of the Defendant entities and financial information related to the Defendant Entities.

4. Specifically, a portion of Exhibit N contains confidential ownership information as well as confidential management information.[1] A portion of Exhibit O contains the disclosure of the Defendant Entities' management structure. A portion of Exhibit P contains discussion of the management structure of one of the Entity Defendants during oral argument on objections raised at the depositions of the Individual Defendants. Defendants file the entirety of Exhibits Q, R, S, T, and U under seal as these deposition excerpts deal exclusively with the confidential organizational and management structure of the Entity Defendants. Portions of Exhibits V, W and X are redacted as they disclose confidential net worth information of the Entity Defendants.

5. As indicated in Defendants' Motion to Maintain Filing Under Seal [Dkt. 180], which the Court granted [Dkt. 205], deposition testimony and information relating to the ownership of Defendant entities and affiliated entities is highly confidential information because the Defendant entities are privately owned companies, and details concerning the ownership of such entities is not publicly available information and has been protected by the Defendants. Moreover, such testimony and information sets forth the ownership structure of the Defendant

---

[1] Defendants have blackened out the confidential information in the unsealed filing of Exhibit N. It has similarly blackened our the confidential information in the other Exhibits in which it seeks to file only a portion of such Exhibits under seal. Defendants have additionally shown as "REDACTED" those portions of the Exhibits that are not referred to or part of the evidence presented in the Reply Memorandum.

entities, which itself is highly proprietary and is not necessary to inform the public as to the issues in this action.

6. Likewise, as privately held companies, the Entity Defendants' net worth information is highly sensitive and confidential. The Entity Defendants, as privately held companies, keep such information confidential and do not disclose it to the public.

WHEREFORE, Defendants respectfully request leave to file under seal portions of the Reply In Support Of Defendants' Motion To Stay Magistrate's Order Or In The Alternative For Reconsideration; (ii) portions of Exhibits N, O,P, V, W, and Y; and (iii) all of Exhibits Q, R, S, T, U, to the same.

Dated:  April 7, 2014                                    Respectfully submitted,


                                                         /s/        James A. Rolfes


| Thomas Allen *pro hac vice* | James A. Rolfes *pro hac vice* | James W. Riley, Jr. |
| REED SMITH LLP | jrolfes@reedsmith.com | Atty. No. 6073-49 |
| 225 Fifth Avenue | Michael DeMarino *pro hac vice* | RILEY BENNETT & |
| Pittsburgh, PA 15222 | mdemarino@reedsmith.com | EGLOFF LLP |
| (412) 288-3131 | David A. Maas *pro hac vice* | 141 East Washington Street |
| (412) 288-3086 (Facsimile) | dmaas@reedsmith.com | Fourth Floor |
| tallen@reedsmith.com | REED SMITH LLP | Indianapolis, IN  46204 |
|  | 10 South Wacker Drive |  (317) 636-8000 |
|  | Chicago, IL  60606-7507 |  (317) 636-8027 (Facsimile) |
|  | (312) 207-1000 | jriley@rbelaw.com |
|  | (312) 207-6400 (Facsimile) |  |

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 7, 2014 a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing to all counsel of record.

                                                       /s/ James A. Rolfes