# EXHIBIT S

# In The Matter Of:

*Andrew Cox, Lucinda Cox and Stephanie Snyder v.*
*Sherman Capital, LLC, et al.*

---

*Leslie G. Gutierrez*
*June 20, 2013*
*Confidential*

---

Page 13

1  record, the question was: Did you?
2      MR. CHEESEBOROUGH: Did you.
3  Q.  (Continued) And your answer was --
4  A.  ▮
5  Q.  And what is the name of that entity?
6  A.  ▮
7  Q.  Did you have an ownership interest in
8  ▮
...
15 Q.  Did you have an ownership interest in
16 ▮
17 A.  ▮





5  Q.  Did you hold a position with Sherman
6  Financial Group, LLC? A position of employment.
7      MR. DeMARINO: Objection; vague. You
8  can try to answer that.
9  A.  I had a -- I was an officer.
10 Q.  What was the title of your officer
11 position?
12 A.  Chief financial officer.
13 Q.  How long did you hold that position for
14 Sherman Financial Group?
15 A.  Approximately 14 years.
16 Q.  Were you with Sherman Financial Group
17 when they purchased from -- were you with Sherman
18 Financial Group when they made a purchase from
19 parent Radian?
20     MR. DeMARINO: Objection; foundation.
21 Q.  (Continued) You can still answer the
22 question. I don't know if you understood it.
23 A.  When we purchased --
24     MR. DeMARINO: Don't make an incorrect
25 assumption.

Page 15

1      BY MR. CHEESEBOROUGH:
2  Q.  I'm not here to try to trick you.
3  I want to make sure I understand. I have a couple
4  of items here. I don't know that I'm going to mark
5  them just yet, but this is what I'm going to make
6  reference to.
7      MR. DeMARINO: Is it this whole thing,
8  16 pages?
9      MR. CHEESEBOROUGH: Yes. And there is
10 another thing here. One is Radian, one is MGIC.
11     (Discussion off the record.)
12     MR. DeMARINO: We're going to object to
13 this. If you want to ask him questions, that's
14 fine.
15     Robert, we're going to object to these
16 documents. You can ask questions about them and
17 we'll state our objections on the record. We don't
18 see that these have anything to do with personal
19 jurisdiction, and I think that they're outside the
20 scope of this deposition.
21     MR. CHEESEBOROUGH: Very well,
22 counsel. I'll move on. Thank you for making your
23 objection.
24 Q.  (Continued) When you retired in March
25 of 2013 --

Page 16

1      MR. DeMARINO: 2012.
2  Q.  -- 2012, did you retire from SFG, LLC
3  only, or was it more than one of the other
4  companies besides SFG, LLC that you retired from?
5  A.  I don't have involvement with any of
6  the companies.
7  Q.  When you were working did you work for
8  all of these companies that are listed as
9  defendants or just a few of these companies?
10     MR. DeMARINO: Objection; ambiguous.
11 You can answer that.
12 A.  I'm not sure I understand what you mean
13 by "working for the companies."
14 Q.  I'll rephrase it.
15     Which companies that are listed as
16 defendants in this Complaint were you doing work
17 for?
18 A.  Do you mean by that daily --
19 Q.  I know that you were employed as CFO
20 for SFG, LLC; right? You had said that.
21 A.  For Sherman Financial Group I'll say
22 yes.
23 Q.  Right. For 14 years, I think you said.
24 A.  Yes.
25 Q.  Were you employed by any of the other