# **EXHIBIT U**

# In The Matter Of:

*Andrew Cox, Lucinda Cox and Stephanie Snyder v.*
*Sherman Capital, LLC, et al.*

---

*Robert A. Roderick, Volume II*
*June 19, 2013*
*Confidential*

---

Min-U-Script® with Word Index

Page 33

1 concept of the foundation. The other thing I would
2 just say -- I have no response to that.
3 Q. (Continued) Are you familiar with this
4 particular statement, Robert?
5 A. No.
6 Q. No? Never had an opportunity to read
7 the order?
8 A. No.
9   (The court reporter read the question
10 at Page 4, Line 4.)
11   BY MR. CHEESEBOUROUGH:
12 Q. The question was objected to. Will you
13 please answer the question.
14   MR. DeMARINO: I thought he did answer
15 it.
16   MR. CHEESEBOROUGH: No. He answered
17 the second question.
18   THE WITNESS: I wasn't sure that that
19 was a question. You said you were asking that in
20 the context -- if you could rephrase it perhaps I
21 can give you an answer to it. I'm not sure what
22 the question was.
23 Q. (Continued) Robert, just for yourself
24 -- I'm referring to just you. Do you own, manage,
25 operate, direct or supervise or oversee the

Page 34

1 business activities of all -- as it's written --
2 the respondent business entities? In this case
3 there were several parties, but they're all
4 basically the Sherman parties: LVNV, Resurgent,
5 Sherman Originator, LLC; Alegis Group, LLC; Sherman
6 Financial Group, Sherman Capital Markets, LLC;
7 Sherman Acquisitions Limited Partnership, Sherman
8 Acquisitions, LLC; Sherman Acquisitions II Limited
9 Partnership, Sherman Acquisitions II General
10 Partnership, LLC; Sherman Capital, LLC, Meeting
11 Street Partners II, Inc.; Benjamin Navarro, Leslie
12 Gutierrez, Scott Silver, Kevin Branigan and
13 yourself, Robert Roderick.
14   MR. DeMARINO: Objection.
15 A. So if you're asking me if that
16 statement is true --
17 Q. Yes, sir.
18 A. Then I can't answer the question
19 because it's got too many multiple factors embedded
20 into it. You have to break it apart.
21 Q. I will.
22   Robert, do you own ███
23 ███████████████████████████ Do you have
24 ownership interest?
25 A. ████████████████████████



Page 35

1 ████████████████████████████████
2 ██
3 ██ ████████
4 ██████████████████████████████
5 ██████████████████████████████
6 ██████████████████████████████
7 ██████████████████████████████
8 ██
9 Q. No. I believe you. I've seen the
10 list. Fair enough.
11   Would it be helpful if I go one at a
12 time?
13 A. Yeah. I mean, I'll ask my counsel if
14 that's appropriate.
15 Q. I plan on doing that. I was just
16 trying to make it easy on you.
17   MR. DeMARINO: That's fine. You can't
18 answer it the way it was asked.
19   MR. CHEESEBOUROUGH: He said he didn't
20 understand.
21 Q. (Continued) Let's dive into it,
22 I guess.
23   Do you have any ownership interest in
24 ██████████████████
25 A. ██

Page 36

1 Q. Are you a member of ███████████
2 ████
3 ██
4 Q. Does any entity have ownership interest
5 in ████████████████?
6 A. If you're asking me if any entity
7 does --
8 Q. Yes, sir.
9 A. I'm not sure. I'm sure there must be
10 an entity that must have ownership interest in it,
11 but I'm not sure of the structure.
12 Q. That's fine.
13   Do you have any ownership interest in
14 that entity which has an ownership interest in
15 ████████████
16 ██
17   MR. DeMARINO: Objection. That assumes
18 facts not in evidence.
19   BY MR. CHEESEBOUROUGH:
20 Q. I thought you said that there was --
21   MR. DeMARINO: ████████████████
22 ████████████████████████████
23 ████████████████████████████
24 ████████████████████) That's all.
25 Q. (Continued) ██████████████



Page 37

1  ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
2  ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
3      MR. DeMARINO: Objection. Asked and
4  answered.
5  Q. (Continued) ▉▉▉▉▉▉▉▉▉▉▉▉▉▉
6  ▉▉▉▉▉▉
7  Q. In this big report with all the names
8  that I rattled off here except ▉▉▉▉▉▉▉ on
9  it -- do you have any ownership interest in ▉▉
10 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
11 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
12 Q. Do you know whether an entity has an
13 ownership interest in ▉▉▉▉▉▉▉▉ ?
14 A. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉
15 Q. Are you familiar with any of the
16 individual defendants in this case? And I think
17 you know who those individuals are; is that
18 correct?
19 A. I'm not sure. I'm not -- again,
20 I apologize. I'm not even sure which case you're
21 talking about now.
22 Q. I'm sorry. Our case that we have right
23 now before us, our case at hand, not the Maryland
24 case. And what I was asking -- I was making
25 reference to Kennett Kendall, Branigan, Silver,

Page 38

1  Gutierrez and Navarro. I was asking whether or not
2  you knew whether or not they had any ownership
3  interest in ▉▉▉▉▉▉ .
4  A. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
5  ▉▉▉▉▉▉▉▉▉▉
6  Q. Do you have any ownership interest in
7  ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
8  ▉▉▉▉▉
9  Q. Are you a member of ▉▉▉▉▉▉▉▉▉▉
10 ▉▉▉▉▉▉▉▉
11 ▉▉▉▉
12 Q. Are you aware of whether any of the
13 other defendants in our case -- any of the
14 individuals that I mentioned earlier, whether they
15 have an ownership interest in ▉▉▉▉▉▉▉▉▉▉
16 ▉▉▉▉▉▉▉▉▉
17 ▉▉▉
18 
19 Q. So there is no need to mention each
20 name and then ask? You wouldn't know if I
21 mentioned each name -- you wouldn't have an answer?
22 A. Yes.
23 Q. You mean correct?
24 A. Yes. That's correct.
25 Q. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

Page 39

1  ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
2  ▉▉▉
3  ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
4  ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
5  ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
6  ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
7  ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
8  ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
9  ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
10 ▉▉
11 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
12 ▉▉
13 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
14 Q. And you're not sure who the other
15 owners -- well, I'll just ask the question.
16 Are you aware of any names of ▉▉▉▉▉▉
17 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
18 ▉▉▉▉▉▉▉▉▉▉▉▉▉
19 ▉▉▉▉▉▉▉▉▉
20 Q. Do you believe that there is any
21 corporate entity that has an ownership in ▉▉ ?
22    MR. DeMARINO: Objection. Calls for
23 speculation.
24 Q. (Continued) You can answer that
25 question if you know.

Page 40

1  A. Who was speaking then?
2  Q. That's Robert.
3  A. I'm not going to answer.
4     MR. DeMARINO: Mr. Roderick, if you
5  know the answer you have to answer that.
6  I objected to the form because I believe that it
7  calls for speculation, and the way it was worded
8  was confusing. If you understand it and know the
9  answer, you can answer. You have to answer.
10    THE WITNESS: Okay. Could I have it
11 read back, please.
12    (The court reporter read the question
13 at Page 11, Line 20.)
14    BY MR. CHEESEBOUROUGH:
15 Q. Actually we can add the word
16 "interest," ownership interest in ▉▉▉▉▉
17 ▉▉▉▉▉▉▉▉
18    MR. DeMARINO: To clarify the record,
19 when you say ▉▉▉ we haven't referred to it that
20 way.
21    BY MR. CHEESEBOUROUGH:
22 Q. I apologize. I'm referring to ▉▉▉▉▉
23 ▉▉▉▉▉▉▉▉▉▉▉▉▉ and I assume your answer had
24 that in mind; is that correct?
25 A. That's correct.

Page 53

1 A. I'm not. I'm not aware of that.
2 Q. Do you have an ownership interest in
3 ▇▇▇▇▇▇▇▇▇▇▇▇
4 A. ▇▇▇▇▇▇▇▇▇▇▇▇
5 Q. Are you employed by Sherman Capital
6 Markets?
7 A. Yes.
8 Q. Are you a member of ▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇
11 Q. Do you know whether ▇▇▇▇▇▇▇▇▇▇▇▇
▇▇ ▇▇▇▇ s owned by an entity?
13 A. ▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇
15 Q. Well, what about the business structure
16 of the entity?
17 I'm not speaking legally, I guess.
18 It's a word that is a little bit confusing, so move
19 that term "legal" out of your language. I just
20 want to know if you're aware of who might own this
21 company.
22 MR. DeMARINO: Objection. Asked and
23 answered. You can answer it.
24 A. I'm not aware of its ownership
25 structure, no.

Page 54

1 Q. You're not aware of anyone that might
2 have any ownership interest in it whatsoever?
3 MR. DeMARINO: Objection. Asked and
4 answered.
5 Q. (Continued) Is that correct?
6 A. That's correct.
7 Q. Do you have any ownership interest in
8 ▇▇▇▇▇▇▇▇▇▇▇▇
9 A. ▇▇▇▇▇▇▇▇▇▇▇▇
10 Q. Are you a member of ▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇
▇▇▇▇
13 Q. Do you have any ownership interest in
14 any entity that owns ▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇
17 Q. Does Sherman Capital, LLC have any
18 employees?
19 A. I don't know.
20 Q. Do you know where their offices are
21 located at Sherman Capital, LLC?
22 A. No, I don't.
23 Q. Have you ever known Sherman Capital,
24 LLC to have a business location?
25 A. No. I'm honestly not familiar with the

Page 55

1 entity.
2 Q. Okay. Thank you.
3 Do you own any stock in ▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇
6 Q. Do you own any stock in ▇▇▇▇▇?
7 A. Do you mean ▇▇▇▇▇▇▇▇▇▇▇▇?
8 Q. Yes, sir.
9 A. ▇▇▇
10 Q. Do you own any stock in ▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇
13 MR. DeMARINO: Objection.
14 A. (Continued) I don't believe the
15 ownership contains stock.
16 Q. That's fine.
17 MR. DeMARINO: Objection. That was,
18 I think, asked and answered before when we
19 established ownership interest in that entity.
20 Q. (Continued) You stated in the prior
21 deposition that you were a director of Sherman
22 Capital Markets, LLC.
23 As director do you have any contact
24 with Moody's Investor Services?
25 A. No.

Page 56

1 Q. As a director do you receive a
2 paycheck?
3 MR. DeMARINO: As director of what?
4 Q. (Continued) As a director of Sherman
5 Capital Markets do you receive a paycheck from
6 Sherman Capital Markets, LLC?
7 A. Yes.
8 Q. Do you receive any other forms of
9 compensation from any of the other defendants in
10 this case? I won't enumerate them again.
11 MR. DeMARINO: Objection to form. You
12 can answer.
13 (The court reporter read the pending
14 question.)
15 Q. (Continued) I did ask the question.
16 You can answer.
17 A. No.
18 Q. As chief executive officer of Alegis
19 were you responsible for the management of
20 Resurgent Capital Services, LP?
21 MR. DeMARINO: Objection; foundation.
22 You can answer that, Mr. Roderick.
23 A. I guess I want to clarify the question
24 because I don't believe I ever was the chief
25 executive of Alegis Group, LLC.