IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX, LUCINDA COX, and STEPHANIE SNYDER, individually and on behalf of others similarly situated, ) ) ) ) ) Plaintiffs, ) ) v. ) ) SHERMAN CAPITAL LLC, *et al.*, ) ) Defendants. ) | Civil Action No. 1:12-cv-1654-TWP-MJD CLASS ACTION |

**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION [DKT. 218] AND OBJECTION [DKT. 216]**

The narrowing of the litigation from a class action to the claims of three persons on relatively narrow grounds further justifies the reconsideration of this Court's order to compel the production of certain Defendants' financial statements and income tax returns [Dkt. 210].

### I.   BACKGROUND

By Order dated February 24, 2014 [Dkt. 210], this Court directed the then named Entity Defendants to produce certain financial statements and tax returns. In doing so, the Court noted that Plaintiffs had requested these documents to determine the "true owners" of the Defendants, and further stated:

> Plaintiffs' claims are based in part on Plaintiffs' allegations that the Defendants are all 'interrelated in a clandestine and complex business structure.' Thus, information regarding Defendants' ownership and affiliation is relevant to a claim or defense at issue.

(02/24/14 Order [Dkt. 210] at 11.)

On March 10, 2014, the then named Entity Defendants filed a timely motion for reconsideration [Dkt. 218] and a timely objection [Dkt. 216] to the Court's February 24, 2014 Order with respect to the production of financial statements and tax returns.  The Entity Defendants did not object to, or request reconsideration of, any other aspect of the Court's February 24, 2014 order.

On March 24, 2014, the then named Entity Defendants responded to discovery requests and produced documents in compliance with this Court's February 24, 2014 Order (except for the financial statements and tax returns that were at issue on the motion to reconsider and the objection).  The discovery responses included verified interrogatory answers confirming information regarding "the ownership and affiliation" of the then named Entity Defendants.  (*See* Def. LVNV Funding LLC's Amd. Objections and Responses to Pls.' First Set of Interrogatories [Dkt. 247-1] Ex. N.)

On March 31, 2014, the District Court issued its Entry on Motion to Reconsider [Dkt. 237], which addressed the Defendants' objections to the Magistrate Judge's Reports and Recommendations on the Defendants' Motion to Dismiss [Dkt. 151] and Plaintiffs' Motion for Class Certification [Dkt. 133].  Among other things, the District Court dismissed all purported claims against the individuals named as defendants in the Complaint ("the Individual Defendants").  The District Court also dismissed the Plaintiffs' RICO and common law fraud counts as well as two counts purporting to allege claims under the Fair Debt Collection Practices Act ("FDCPA").  In addition, the District Court denied Plaintiffs' Motion for Class Certification, with leave to refile.

As a result, only three claims remain against five of the original Defendants, namely:

- Count III: a claim under the FDCPA based on allegations that Defendants LVNV Funding LLC, Resurgent Capital Services LP, Sherman Originator LLC, Sherman Financial Group LLC, and Sherman Capital LLC (the "remaining Defendants") directly or indirectly, and acting as a single economic enterprise, sought to collect the credit card accounts of Plaintiffs, even though none of the remaining Defendants owned the accounts;

- Count IV: a claim pursuant to the common law of restitution, based on allegations that the remaining Defendants must disgorge any money Plaintiffs paid toward their alleged debts; and

- Count V: a claim under the common law of unjust enrichment, based on allegations that the remaining Defendants have unjustly received monetary benefits from Plaintiffs to the detriment of these Plaintiffs, and must therefore disgorge all such "ill-gotten gains."

On April 14, 2014, the remaining Defendants filed their Answers to the Complaint. *See* [Dkts. 254-258].

## II.     ARGUMENT

This Court ordered the production of financial statements and tax returns based on the relevance of these documents to the "ownership and affiliation" of the then named Entity Defendants. The District Court's March 31, 2014 order, however, has diminished – if not eliminated – the relevance of the ownership and affiliation of the remaining Defendants to this case. Plaintiffs' original Complaint purported to allege three RICO counts, including a RICO conspiracy count. Moreover, the original Complaint attempted to impose liability for all claims on the Individual Defendants. As a result of the District Court's order, however, the RICO claims and the Individual Defendants are no longer in the case. Thus, any "ownership and affiliation" evidence purportedly needed to support RICO claims or prove the liability of the Individual Defendants cannot provide a basis for the compelled production of the financial statements and income tax returns at issue here.

Admittedly, evidence of the relationship among the remaining Defendants has some relevance to Plaintiffs' remaining FDCPA claim. In particular, the District Court found that Plaintiffs' FDCPA claim against Defendants Sherman Originator, Sherman Financial Group and Sherman Capital rested on a theory that they "share[d] an interdependence [with LVNV and Resurgent] that renders them a 'single economic enterprise.'"  (Entry on Motion to Reconsider [Dkt. 237] at 15, *citing, Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1142-43 (N.D. Ill. 1998).) To the extent the ownership relationship among these Defendants is relevant, however, Defendants have already produced evidence that unambiguously shows the ownership interests that each of the remaining Defendants holds in any of the other remaining Defendants. (*See* Def. LVNV Funding LLC's Amd. Objections and Responses to Pls.' First Set of Interrogatories [Dkt. 247-1] Ex. N.)  Moreover, in the *Jenkins* case cited by the District Court here, the court commented that a determination as to whether affiliated entities form a single economic enterprise such that all qualify as indirect debt collectors under the FDCPA depends upon evidence related to each entity's role in either the actual debt collection process or in procuring creditor-clients. *Jenkins*, 999 F. Supp at 1143.  That evidence, in turn, relates to the public appearance of the entities as well as the actual interdependence of them as shown by such things as shared management, facilities, directors, departments and employees. *Id.* The audited financial statements of two private entities (*i.e.*, Sherman Financial Group and Resurgent) or the confidential income tax return of another (*i.e.* Sherman Capital), do not provide any evidence of such interdependence.  Simply put, as non-public documents, the Sherman Financial Group and Resurgent financial statements and Sherman Capital income tax returns neither provide a public appearance of interdependence, nor provide any other information relevant to the claims remaining in the case.

Further, in their opposition to Defendants' motion for reconsideration, Plaintiffs have focused on their claimed need to uncover information regarding ownership at the top of the corporate structure; *i.e.*, the ownership percentages of the former Individual Defendants, and the names of the S-corporations or other entities through which the Individual Defendants held their ownership interests in Sherman Capital. (See [Dkt. 233] at p. 3-5, 6-7, 10.) This is the principal basis for Plaintiffs' request for the tax returns of Sherman Capital, including the "Schedule K-1 information identifying the owners [of Sherman Capital] and their ownership percentages." (*Id.*, at 10.) Now that the District Court has dismissed all claims against the Individual Defendants, Plaintiffs have no legitimate reason to continue to seek this highly confidential and sensitive personal financial information. In sum, the District Court's March 31, 2014, order has completely undercut any argument that the production of the financial statements and tax returns is needed to show the "ownership and affiliation" of the remaining Defendants.

The District Court's order also forecloses any attempt by Plaintiffs to argue that the Defendants' net worth has relevance. First, the District Court dismissed the common law fraud claim, which was the only basis in the Complaint for seeking punitive damages. Accordingly, Plaintiffs can no longer rely on a punitive damage claim as a justification for seeking net worth information. Second, with the District Court's <u>denial</u> of Plaintiffs' class certification motion, only the FDCPA claims of the three individual Plaintiffs remain. And unlike a class action where the FDCPA caps statutory damages based on a defendant's net worth, 15 U.S.C. § 1692k(a)(2)(B), the FDCPA caps an individual plaintiff's statutory damages at $1000, without

regard to the defendant's net worth.  15 U.S.C. § 1692k(a)(2)(A).  For these reasons, the net worth of the remaining Defendants has no relevance to any pending claim.[1]

## CONCLUSION

For all the reasons stated above, as well as the briefs and materials the Defendants submitted in support for their Motions to Reconsider and in Objection to the Magistrate Judge's order compelling the production of financial statements and income tax returns (*see* [Dkts. 216, 218, 219, 247]), the Defendants respectfully ask that the Court reverse the Order compelling the production of such documents, and deny Plaintiffs' request for the Defendants' financial statements and income tax returns.

Dated:  May 6, 2014                              Respectfully submitted,

                                                 s/ James A. Rolfes

| | | |
|---|---|---|
| Thomas L. Allen *pro hac vice* | James A. Rolfes  *pro hac vice* | James W. Riley, Jr. |
| REED SMITH LLP | jrolfes@reedsmith.com | Atty. No. 6073-49 |
| 225 Fifth Avenue | Michael DeMarino *pro hac vice* | RILEY BENNETT & |
| Pittsburgh, PA 15222 | mdemarino@reedsmith.com | EGLOFF LLP |
| (412) 288-3131 | David A. Maas *pro hac vice* | 141 East Washington St. |
| (412) 288-3086 (Facsimile) | dmaas@reedsmith.com | Fourth Floor |
| tallen@reedsmith.com | REED SMITH LLP | Indianapolis, IN  46204 |
| | 10 South Wacker Drive | (317) 636-8000 |
| | Chicago, IL  60606-7507 | (317) 636-8027 (Facsimile) |
| | (312) 207-1000 | jriley@rbelaw.com |
| | (312) 207-6400 (Facsimile) | |

---

[1] Although never argued by Plaintiffs as basis for their document requests, the remaining restitution and unjust enrichment counts also do not provide a basis for the production of the financial statements and income tax returns.  As Andrew and Lucinda Cox never paid any money to the Defendants, only Plaintiff Stephanie Snyder, who allegedly had approximately $1,150 garnished from her pay checks, can conceivably bring restitution and unjust enrichment claims.  The Sherman Financial Group and Resurgent audited financial statements, and the Sherman Capital income tax return, however, do not show the amount collected from Ms. Snyder, and thus will not provide any evidence related to her payment, or Defendants' retention, of such funds.  Thus, these documents have no relevance to her restitution and unjust enrichment claims.