IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANDREW COX, LUCINDA COX, | ) | |
| and STEPHANIE SNYDER, | ) | |
| individually and on behalf of | ) | |
| others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:12-cv-1654-TWP-MJD |
| | ) | CLASS ACTION |
| SHERMAN CAPITAL LLC; | ) | |
| MEETING STREET PARTNERS II INC.; | ) | |
| SHERMAN FINANCIAL GROUP LLC; | ) | |
| SHERMAN CAPITAL MARKETS LLC; | ) | |
| LVNV FUNDING LLC; | ) | |
| RESURGENT CAPITAL SERVICES LP; | ) | |
| SHERMAN ORIGINATOR LLC; | ) | |
| SHERMAN ORIGINATOR III, LLC; | ) | |
| SHERMAN ACQUISITION, LLC; | ) | |
| BENJAMIN W. NAVARRO; | ) | |
| LESLIE G. GUTIERREZ; | ) | |
| SCOTT E. SILVER; | ) | |
| KEVIN P. BRANIGAN; | ) | |
| ROBERT A. RODERICK; | ) | |
| KENNETH KENDALL; | ) | |
| AND JOHN DOES 1-50 | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT

### I.
### Introduction

On March 31, 2013, this Court entered "Entry on Motion to Reconsider" (Dkt.

237) which sustained in part and overruled in part Magistrate Judge Dinsmore's

"Report and Recommendation Regarding Defendants' Motion to Dismiss (Dkt. 154).

The Entry (Dkt. 237) dismissed without prejudice Counts VII, VIII, and IX, which asserted claims under RICO and Count IV, which asserted common law fraud. The Court dismissed with prejudice Counts I and II under the FDCPA, while allowing Count III under the FDCPA to proceed forward. The remaining common law claims, Count V for unjust enrichment and Count VI for restitution also survived the motion to dismiss.

The proposed amended complaint first adds three class plaintiffs. It addresses the deficiencies identified in the Entry as to the RICO claims and as to the fraud claim. With this motion, the Plaintiffs ask the Court to reconsider the 'for prejudice" dismissal of the state licensing claim under the FDCPA based on close analysis of the underlying case law upon which the ruling was based. The contact of the defendants here is far more than incidental. They are the largest "debt buyer" enterprise in the United States and have engaged in collection efforts against tens of thousands of Indiana residents over the past years.

The Plaintiffs also seek reconsideration of the "with prejudice" dismissal of the individual defendants for purposes of RICO. As that Court determined, in the Entry, RICO allows for nationwide service of process and personal jurisdiction. The proposed RICO claims against the individual defendants are sufficiently pleaded and personal jurisdiction should exist for these individual defendants.

## II.
## Law and Argument

This is the Plaintiffs' first request to amend the complaint. It comes after a magistrate recommendation endorsing the pleading followed by a reversal just over

a month ago by the District Court Judge.  Fed. Rules Civ. P. 15(a)(2) provides that a court should "freely grant leave when justice so requires."  The standard is met here.  The Plaintiffs have reviewed the deficiencies pointed out by the Court in the Entry and in the proposed amended complaint have addressed them.  The pleading requirements for a RICO action are met here.

Additionally, Count II of the proposed amended complaint restates a claim under the FDCPA based on failure to obtain a license under the Indiana Collection Agency Act ("ICAA"). 15 U.S.C. 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." The examples of such practices enumerated in the statute, are preceded by the words, "Without limiting the general application of the foregoing, the following conduct is a violation."  That means that unfair practices expressly set forth in 1692f are not intended to be exclusive.

In *Fausset v. Mortgage First, LLC*, 2010 U.S. Dist. LEXIS 24315 (N.D. Ind. 2010),  Judge Cherry considered whether the failure to be licensed under the ICAA could state a cause of action under the FDCPA.  In resisting the plaintiff's motion for summary judgment under 1692f, the defendant submitted an affidavit that it was not a collection agency and thus did not need to be licensed.  Judge Cherry determined that issues of fact existed that prevented entry of summary judgment under 1692f.

As determined by Magistrate Judge Dinsmore in Dkt. 151, *Faussett* supports a claim here.  The Defendants together constitute the largest "debt buyer"

organization in the United States.  The Defendants have attempted to collect debts from hundreds of thousands of Indiana residents over the years.  It is unconscionable and unfair to have engaged in those efforts without complying with the ICAA.

Count II of the proposed amended complaint also is supported by 15 U.S.C. § 1692e which prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Other federal courts have determined that a violation of a state collection agency registration statute does give rise to violations of § 1692e of the FDCPA. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010); *Wade v. Regional Credit Association*, 87 F.3d 1098, 1100 (9th Cir. 1996); *Bradshaw v. Hilco Receivables LLC*, 765 F.Supp. 2d 719, 729 (D. Md. 2011).  Again, here, the proposed amended complaint alleges that the defendant enterprise was in the business of debt collection and was doing so on a massive scale without being registered under the ICAA.  Such actions were deceptive and misleading to Indiana consumers.

Finally, the Plaintiffs believe that this Court has personal jurisdiction over all the defendants named in the proposed amended complaint.  First, there are RICO claims against all the defendants.  RICO provides for nationwide service of process.  18 U.S.C. § 1965(b); *Lisak v. Mercantile Bancorp, Inc.* 834 F.2d 668, 671 (7th Cir. 1987).  Thus, all the defendants against whom RICO is pleaded are subject to the personal jurisdiction of Indiana.  Second, the FDCPA, specifically 15 U.S.C. § 1692a(6),  makes all who "directly or indirectly" attempt to collect a debt on a

regular basis subject to the FDCPA.  Here, all defendants named in the proposed

amended complaint fit the definition and have engaged in violations of the FDCPA

in the State of Indiana, as alleged in the proposed amended complaint.  Finally, all

the defendants in the proposed amended complaint have participated in the

common law fraud alleged.  Therefore, this Court has personal jurisdiction over all

the defendants in the proposed amended complaint, including those who were

dismissed with prejudice in the Entry.

**III.**
**Conclusion**

For the above, reasons, the Plaintiffs respectfully request that the motion for

leave to amend the complaint be granted.

Respectfully submitted,

*s/Frederick D. Emhardt*
*Attorneys for Plaintiffs, Andrew Cox,*
*Lucinda Cox, and Stephanie Snyder,*
*individually and on behalf of others similarly*
*situated*

George M. Plews, Attorney No. 6274-49
Peter M. Racher, Attorney No. 11293-53
Frederick D. Emhardt, Attorney No. 10952-49
Jeffrey A. Townsend, Atty. No. 14082-49
PLEWS SHADLEY RACHER & BRAUN LLP
1346 North Delaware Street
Indianapolis, IN  46202
Telephone: (317) 637-0700
Facsimile: (317) 637-0710
Email: gplews@psrb.com
          pracher@psrb.com
          femhardt@psrb.com
          jtownsend@psrb.com

Robert D. Cheesebourough
Matthew D. Boruta
CHEESEBOUROUGH & BORUTA L.P.A.
543 E. Market Street
Indianapolis, IN 46204
Telephone: (317) 708-3925
Facsimile: (317) 638-2707
Email: rdc@home-saver.org
        boruta17@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of May 2014, a copy of the foregoing was filed electronically and that all parties of record who have appeared should receive this document via the Court's electronic filing system.

*s/ Frederick D. Emhardt*