IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX, LUCINDA COX, and STEPHANIE SNYDER, individually and on behalf of others similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 1:12-cv-1654-TWP-MJD<br>) CLASS ACTION |
| SHERMAN CAPITAL LLC, *et al.*, | )<br>) |
| Defendants. | ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF
[DKT. 271]**

**A.  The Requested Documents Are Relevant To Defendant Entities'
Interdependence That Renders Them A "Single Economic Enterprise"**

Sherman Capital LLC is the owner of the remaining defendant entities. The defendants changed the ownership of Sherman Capital LLC in response to this lawsuit. Defendants refuse to identify the S Corporation that ultimately owns Sherman Capital LLC. Defendants do not deny that the defendant entities are inter-related and act in concert. Given the amoeba-like structure of the defendant entities, it is possible that a judgment against any of them will be worthless as the corporate structure is manipulated and controlled to avoid liability.

The District Court held that the defendant entities can be held liable upon a showing that they "share an interdependence that renders them a 'single economic enterprise.'" Dkt. 237, p.15, citing *Jenkins v. Union Corp.*, 999 F.Supp 1120, 1142-

1

43 (N.D. Ill 1998). The District Court further held that "plaintiffs have alleged facts that show the entity defendants directly participated in LVNV's and Resurgence's debt collections activities, i.e. they 'pulled the strings' of these two entities, and are such an enterprise for FDCPA purposes." Dkt. 237, P.16. Because plaintiffs have adequately alleged facts showing that the defendant entities are a single economic enterprise, plaintiffs are entitled to pursue the discovery that will establish the facts for trial. In *Jenkins*, the court identified the following as relevant facts:

1. whether the entity is the mere instrumentality of another,
2. whether recognizing the entity's corporate existence will work fraud or injustice on the plaintiffs so as to warrant piercing the veil,
3. the failure to maintain adequate corporate records,
4. the failure to comply with corporate formalities,
5. the co-mingling of funds or assets,
6. under capitalization,
7. one corporation treating the assets of another corporation as its own,
8. whether one of the entities is a sham entity,
9. whether one of the entities would be unable to afford the damages,
10. the overlapping of officers and board of director members, and
11. the net worth of the entities.

*Jenkins*, 999 F.Supp at 1143-1144.

In the present case, the tax returns of the defendant entities will show the ownership interests in the entities as well as the manipulation of these ownerships to avoid liability. Taken together, the tax returns and financial statements will provide information relevant to the defendant entities' control over each other, the observance of corporate formalities, and whether some or all of the defendant entities are shams or inadequately capitalized. The documents will also bear on the net worth of each defendant entity. *Id.* at 1144. Unless defendants are required to reveal their true ownership structure and net worth of each defendant entity, the possibility exists that a judgment will be entered against a sham entity and the "single economic enterprise" will escape liability for its violations of the FDCPA. Now that the District Court has ruled that plaintiffs have properly alleged that the remaining defendant entities are a "single economic enterprise," defendants should each be ordered to produce their tax returns and financial statements, which are relevant to this issue.

### B. The Requested Documents are Relevant to the Net Worth of the Defendant Entities

As a starting point, each of the remaining defendant entities unequivocally agreed to produce, "all documents demonstrating the calculation of the net worth of [that entity]."[1] This Court should order defendants to produce the documents they have agreed to produce, including their tax returns and financial statements.

---

[1] See e.g., defendants' responses to plaintiffs' first set of requests for production of documents for Sherman Financial Group LLC, [Dkt. 173-12, p. 39, Request 64]; Sherman Originator LLC, [Dkt. 173-16, p. 35, Request 57]; Sherman Capital LLC, [Dkt. 173-10, p.38, Request 63]; Resurgence

3

Additionally, in its ruling the District Court granted plaintiffs "leave to re-file their motion to certify class." Dkt. 237, P.16.  Plaintiffs have amended their pleading and will re-file their motion for class certification.  Seven months have passed since defendants agreed to produce all documents showing their net worth.  Although this case has not yet been certified as a class action, the defendants should be required to produce their tax returns and financial statements now, which will contain information about their net worth.  *Green v. Monarch Recovery Management, Inc.*, 2014 U.S. DIST. LEXIS 21324, *12 (S.D. Ind.) "[N]et worth is a relevant area of discovery at this juncture despite the fact the class has not been certified." *Id*. at *4.  Information regarding net worth of each remaining defendant entity is "helpful in deciding class certification." *Id*. at *5.  Net worth information is also relevant in "evaluating class superiority." *Id*.  Information about net worth is relevant to "meaningful settlement negotiations." *Id*. at *6.  And, net worth is relevant to the statutory damages under the FDCPA for a class action. *Id.* at *3.  This Court should order the remaining defendant entities to produce their tax returns and financial statements now, which are relevant to their individual net worth.

### C. The Defendant Entities' Financial Statements Are Relevant To Show That They Are Debt Collectors Collecting Debts of CDOs

The District Court explained that the definition of a debt collector under the FDCPA excludes:

---

Capital Services LP, [Dkt. 173-4, p. 37, 38, Request 74]; and LVNV Funding LLC, [Dkt. 173-2, p. 36, 37, Request 72] served October 11, 2013.

4

> any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts.

15 U.S.C.A. §1692a(6)(B). Dkt. 237, p. 14, 15.

The District Court next held that plaintiffs have properly alleged that the defendant entities do not fit the exclusion:

> Plaintiffs assert that the remaining Defendants do not fall within this exception because they are not collecting debts on behalf of their affiliates, LVNV and/or Resurgent, but rather are collecting debts on behalf of the individuals and entities who own the alleged debts as investors in synthetic collateralized debt obligations ("CDO"). Plaintiffs allege in their Complaint that LVNV is merely a special purpose vehicle that bundles the underlying information about receivables (i.e. the credit card debts) into securities, and then sells the securities to investors as CDOs. Dkt. 1 at 9, 15. The Complaint further alleges that Resurgent is contracted to service the CDOs and attempt to collect on the alleged debts, thus directly acting as a debt collector, and that the other Defendants engaged in active and passive attempts to collect on these "debts." Dkt. 1 at 17. Assuming all factual allegations in the Complaint to be true, Plaintiffs' Complaint sufficiently alleges that Defendants are engaged in collecting debts "owned" by unaffiliated entities, and thus do not fall within the exception for the definition of debt collector under § 1692a(6)(B). While these claims will obviously need to be fleshed out and substantiated during the course of litigation, the Court finds that under the notice pleading standards of Rule 8 and accepting all of the Plaintiffs' factual allegations as true, Plaintiffs have asserted facts supporting their claim that the Entity Defendants were "debt collectors" for purposes of the FDCPA.

Dkt. 237, p. 14, 15.

The District Court's ruling makes it clear that a relevant area of inquiry is whether the defendant entities are "collecting debts on behalf of the individuals and entities who own the alleged debts as investors in Synthetic Collateralized Debt

Obligations ('CDOs')." Dkt. 237, p. 15. CDOs are a type of Variable Interest Entities ("VIEs"). *In Re Citigroup Inc. SEC. Litig.*, 753 F.Supp. 2d 206, 218 (S.D. N.Y. 2010)("Citigroup considers its CDOs to be 'Variable Interest Entities' ('VIEs').")

Sherman Financial Group LLC has produced a heavily redacted copy of a single financial statement. Dkt 249-5, Exh. K, p. 10. In it, Sherman Financial Group LLC presents a note to its financial statement that describes its "Variable Interest Entities (VIEs)." However, the information discussing the VIEs and the "individuals and entities who own the alleged debts as investors" is redacted.

The financial statements of Sherman Financial Group and each of the remaining defendant entities is relevant to show that the defendant entities are debt collectors under the FDCPA, that they collect debt on behalf of CDOs and VIEs, and that the defendants do not fall within the exception of 15 U.S.C.A. § 1692a(6)(B). Defendant entities should be order to produce their financial statements.

### D. Conclusion

A Stipulated Protective Order was entered on May 17, 2013. Dkt. 73. If defendants continue to believe that their tax returns and financial statements contain confidential, sensitive information, such documents can be produced in accordance with the Stipulated Protective Order. Defendant entities should be ordered to produce their tax returns and financial statements.

        Respectfully submitted

        *s/ Jeffrey A. Townsend*
        *Attorneys for Plaintiffs*

George M. Plews, Attorney No. 6274-49
Peter M. Racher, Attorney No. 11293-53
Frederick D. Emhardt, Attorney No. 10952-49
Jeffrey A. Townsend, Atty. No. 14082-49
PLEWS SHADLEY RACHER & BRAUN LLP
1346 North Delaware Street
Indianapolis, IN  46202
Telephone: (317) 637-0700
Facsimile: (317) 637-0710
Email: gplews@psrb.com
   pracher@psrb.com
   femhardt@psrb.com
   jtownsend@psrb.com

Robert D. Cheesebourough
Matthew D. Boruta
CHEESEBOUROUGH & BORUTA, L.P.A.
543 E. Market Street
Indianapolis, IN 46204
Telephone: (317) 708-3925
Facsimile: (317) 638-2707
Email: rdc@home-saver.org
   boruta17@hotmail.com

## CERTIFICATE OF SERVICE

 I hereby certify that on the 20th day of May 2014, a copy of the foregoing was filed electronically and that all parties of record who have appeared should receive this document via the Court's electronic filing system.

        *s/ Jeffrey A. Townsend*