IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX, LUCINDA COX, ) <br> and STEPHANIE SNYDER, ) <br> individually and on behalf of ) <br> others similarly situated, ) <br>  ) <br>  Plaintiffs, ) <br>  ) <br>  v. ) <br>  ) <br> SHERMAN CAPITAL LLC; ) <br> MEETING STREET PARTNERS II INC.; ) <br> SHERMAN FINANCIAL GROUP LLC; ) <br> SHERMAN CAPITAL MARKETS LLC; ) <br> LVNV FUNDING LLC; ) <br> RESURGENT CAPITAL SERVICES LP; ) <br> SHERMAN ORIGINATOR LLC; ) <br> SHERMAN ORIGINATOR III, LLC; ) <br> SHERMAN ACQUISITION, LLC; ) <br> BENJAMIN W. NAVARRO; ) <br> LESLIE G. GUTIERREZ; ) <br> SCOTT E. SILVER; ) <br> KEVIN P. BRANIGAN; ) <br> ROBERT A. RODERICK; ) <br> KENNETH KENDALL; ) <br> AND JOHN DOES1-50 ) <br>  ) <br>  Defendants. ) | Civil Action No. 1:12-cv-1654-TWP-MJD <br> CLASS ACTION |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**

## I.
## Introduction

The motion for leave to file the "Amended Class Action Complaint and Jury Demand" (proposed amended complaint) should be granted. This class action seeks to recover damages for violations of the Fair Debt Collection Practices Act

"FDCPA"), RICO, and common law fraud for a massive debt collection enterprise operated in Indiana and across the country.

In the "Entry on Motion to Reconsider (Dkt. 237), this Court granted the plaintiffs leave to state the RICO and common law fraud claims with more specificity, which has been done.

The proposed amended complaint alleges from pages 11 through 24 specific allegations against each named defendant, which describe each named defendant's participation in the torts and the criminal enterprise alleged later. From pages 26 through 40 are specific allegations as to how the defendants interacted with each of the named plaintiffs. From pages 40 through 54 there are specific allegations of dozens of instances of wire fraud and mail fraud. Page 54 specifically describes interstate transportation of stolen property. Page 55 specifically alleges extortion. Each and every element of RICO is pleaded as requested in Dkt. 237. The Defendants' vague claims of vagueness in the RICO allegations in the 77 page proposed amended complaint are unwarranted and incorrect.

While the proposed amended complaint does add defendants, these additions are consistent with what the plaintiffs learned in discovery so far in the case. The business entities added were created after this litigation was filed by the defendants specifically to own the existing defendants. To date the defendants have not identified the unknown s-corporation. There can be no reasonable surprise that after such discovery that they would become defendants in the case.

Nor is the addition of three new plaintiffs a reason to not grant leave to amend the complaint.  Mr. Cottey and Ms. Edison have bankruptcy cases that are not closed and any issues as to prosecution will be worked out with their bankruptcy trustees.  Mr. Goodall paid 100% of the allowable claims such that any pending litigation would not be an asset of the estate.  These issues are not grounds for not allowing the addition of plaintiffs.  Instead, they go to the merits of the case.  The plaintiffs are all separate representatives of a large class of Indiana citizens harmed by the business practices of the defendant enterprise.

A request that this Court consider a summary judgment motion on ownership of debt is no basis for denying leave to amend.  The plaintiffs allege and intend to prove that the defendants did not obtain ownership of credit card debt by the purchase of a list of persons alleging owing money on credit cards.  If the defendants want to move for summary judgment, they will need to file a motion for summary judgment, which will require discovery and will be contested.  There has been practically no substantive discovery in this case.

Finally, the requests to reconsider two issues ruled upon in Dkt. 237 are not inappropriate. The first, a ruling that not being licensed as a debt collector under Indiana state law does not support a claim under the FDCPA is appropriately raised here.   The defendants here make up the largest debt buyer organization in the United States.  The only federal courts of appeal to consider this issue have ruled the other way.  The plaintiffs believe that this is a manifest error of law that should be closely examined so that this case is decided correctly in the first

instance. The second, the "with prejudice" dismissal of individual defendants was made with the assumption that there was no viable RICO claim.  If the proposed amended complaint sets forth a viable RICO claim, then those individual defendants previously named should not be excused from the case based on a "with prejudice" dismissal in the prior ruling.

## II.
## Law and Argument

### 1. The standard for granting a motion for leave to amend.

Fed. Rules Civ. P. 15(a)(2) provides, "The Court should freely give leave when justice so requires."  Here, there have been no prior amendments to the pleadings. The proposed amended complaint has been filed after entry of an order reconsidering Magistrate Dinsmore's denial of a motion to dismiss.  Under such circumstances, the standard for amending is met.  *See*, *for example*, *Malibu Media LLC v. Harrison*, 2014 U.S. Dist. LEXIS 29325, pp.1-2 (S. D. Ind. 2014); *Kahn & Son, Inc. v. Mannington Mills, Inc. ,et al.*, 2012 U.S. Dist. LEXIS 116308 (S. D. Ind. 2012); *Joseph v. Elan Motorsports*, 638 F.3d. 555, 558 (7th Cir. 2011).

### 2. The proposed amended complaint states valid RICO claims.

The "Entry on Motion to Reconsider" found the original RICO counts to not pass muster because they did not sufficiently state the activities of each member of the RICO enterprise.  (Dkt. 237, pp. 8-10).  Despite the protests of the defendants, that is no longer true. Each and every element required for pleading RICO claims is

in the proposed amended complaint. To state a claim for relief under *§ 1962(c)*, the plaintiffs must allege "(1) conduct (2) of an enterprise (3) through a pattern of racketeering activity." *See DeGuelle v. Camilli*, 664 F.3d 192, 199 (7th Cir. 2011). The 77 page complaint hits each of these elements. Count III from pages 63 to 71 describes in detail all elements required for a RICO claim. Count IV on pages 71 and 72 incorporates Count III and states the elements for a RICO conspiracy claim.

The activities of each defendant are described in detail from pages 11 to 24 of the proposed amended complaint. Grouping the "defendants" together to allege the "Mail & Wire Fraud" criminal activity in the complaint does not undo the specificity previously pleaded or the specific allegations that follow. From pages 46 through 52 is a detailed table of exact communications that constituted mail and/or wire fraud. Allegations of "Interstate Transportation of Stolen Property" and "Extortion" necessarily involve pleading with respect to the entire RICO enterprise. That is what their activities collectively did to the class of plaintiffs in this case.

**3.    The proposed amended complaint states a valid claim for common law fraud.**

In Dkt. 237, pp. 10-11, this Court dismissed the fraud count without prejudice. The proposed amended complaint adequately pleads common law fraud in accordance with the Entry. Under Indiana law, the five elements of fraud are: (i) material misrepresentation of past or existing facts by the party to be charged; (ii) which was false; (iii) which was made with knowledge or reckless ignorance of the falseness; (iv) was relied upon by the complaining party and (v) proximately caused

5

the complaining party injury. *See Rice v. Strunk*, 670 N.E.2d 1280, 1289 (Ind. 1996).

Count V of the proposed amended complaint specifically pleads every element.

**4. The court should allow an FDCPA claim for failure to register as a debt collector to proceed against the largest debt buyer in the country.**

The defendants criticize the plaintiffs for asking the Court to reconsider the failure to register as a debt collector but fail to distinguish *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010); *Wade v. Regional Credit Association*, 87 F.3d 1098, 1100 (9th Cir. 1996); *Bradshaw v. Hilco Receivables LLC*, 765 F.Supp. 2d 719, 729 (D. Md. 2011). These on point cases from two federal circuits and from the District of Maryland demonstrate that Count II of the proposed amended complaint should go forward.

In Dkt. 237, this Court overstated the magistrate opinion in *Fausset v. Mortgage First, LLC*, 2010 U.S. Dist. LEXIS 24315 (N.D. Ind. 2010). While Magistrate Judge Cherry quoted with approval *Radaj v. ARS Nat. Servs. Inc.,* an unpublished district court opinion analyzing Section 1692e of the FDCPA, that same opinion did not dismiss the plaintiff's claims under 1692f. Instead, because the defendant submitted an affidavit contesting the undisputed facts, summary judgment was not entered because issues of fact existed that prevented entry of summary judgment under 1692f. When weighed against *LeBlanc*, *Wade*, and

*Bradshaw* -- all published opinions – the unpublished magistrate opinion in *Faussett* is not persuasive authority.

The defendant syndicate here is the largest "debt buyer" in the United States, with tens of thousands of lawsuits pending against Indiana citizens and collection activities against a significant percentage of the Hoosier population. This is not "incidental contact" exempted by Ind. Code 25-11-1-5(d). Defendant LVNV in fact has registered as a collection agency. It is a manifest error of law to have dismissed Count I of the original complaint under such circumstances. The plaintiffs respectfully request that the Court reconsider its prior opinion.

**5. This Court has personal jurisdiction over all the defendants named in the proposed amended complaint.**

The proposed amended complaint asserts RICO claims against all the defendants named. RICO provides for nationwide service of process. 18 U.S.C. § 1965(b); *Lisak v. Mercantile Bancorp, Inc.* 834 F.2d 668, 671 (7th Cir. 1987). Thus, all the defendants against whom RICO is pleaded are subject to the personal jurisdiction of Indiana. Second, the FDCPA, specifically 15 U.S.C. § 1692a(6), makes all who "directly or indirectly" attempt to collect a debt on a regular basis subject to the FDCPA. Here, all defendants named in the proposed amended complaint fit the definition and have engaged in violations of the FDCPA in the State of Indiana, as alleged in the proposed amended complaint. Finally, all the defendants in the proposed amended complaint have participated in the common

law fraud alleged. Therefore, this Court has personal jurisdiction over all the defendants in the proposed amended complaint, including those who were dismissed with prejudice in the Entry.

**6.     The desire to file a summary judgment motion on ownership of the debt is not grounds for denying leave to amend.**

In the "Entry on Motion to Reconsider" at pages 15 and 16, this Court reviewed the allegations of Count III of the original complaint and determined that the plaintiffs did state a cause of action based on lack of ownership of the debt by LVNV and others. For purposes of a motion to dismiss, this issue already has been ruled on in favor of the Plaintiffs. Contrary to the claims of the Defendants, there has been no discovery into these allegations. The Defendants' request to file a summary judgment motion should never negate the right to include in a proposed amended complaint a count already approved in denying a motion to dismiss.

The plaintiffs are confident that they can show lack of ownership in two different ways. First the issuing banks here sold the receivables to trusts in true sales. The issuing bank did not have the receivables to sell to debt buyers after they had been "charged off." Second, the defendant enterprise itself sold the information it purchased from the banks to synthetic collateralized debt obligations. All these allegations are stated plainly in the proposed amended complaint. If the defendants move for summary judgment, the plaintiffs will seek discovery to prove what is alleged in the original complaint and in the proposed amended complaint.

The defendants cite a single case, *Scott v. Bank of America*, No. 13-CV-987, 2013 WL 6164276 (E.D. Pa. 2013). In that case, the plaintiff sued both the bank and the debt buyer. While securitization is discussed in the opinion, there was no discovery into securitization. The District Court determined that the debt was "automatically ejected from the trust"" – a term that is not found in the accounting standards cited in the proposed amended complaint. In fact, the accounting standards promulgated in 2010 prohibit what the District Court found. *Scott* is currently on appeal.

The issue here is not that the debt has disappeared through securitization, but that neither the issuer banks, which are not defendants in this case, nor the defendant "debt buyers" have title to the debt allegedly owed. That title was transferred to a trust as part of a securitization process. Moreover, the defendant debt buyers themselves also securitized what they purchased.

These issues undoubtedly will be the subject of a summary judgment motion, and the plaintiffs should be entitled to discovery from the issuer banks, and the defendants, as well as the right to present expert testimony and other evidence as to the meaning of the change in the accounting standards. But again, a proposed filing of a summary judgment motion should not be grounds to reject leave to amend. This Court should allow the proposed amended complaint to go forward and then consider summary judgment motions later.

## III.
## Conclusion

For the above, reasons, the plaintiffs respectfully request that the motion for leave to amend the complaint be granted.

Respectfully submitted,

*s/Frederick D. Emhardt*
*Attorneys for Plaintiffs, Andrew Cox,*
*Lucinda Cox, and Stephanie Snyder,*
*individually and on behalf of others similarly*
*situated*

George M. Plews, Attorney No. 6274-49
Peter M. Racher, Attorney No. 11293-53
Frederick D. Emhardt, Attorney No. 10952-49
Jeffrey A. Townsend, Atty. No. 14082-49
PLEWS SHADLEY RACHER & BRAUN LLP
1346 North Delaware Street
Indianapolis, IN 46202
Telephone: (317) 637-0700
Facsimile: (317) 637-0710
Email: gplews@psrb.com
  pracher@psrb.com
  femhardt@psrb.com
  jtownsend@psrb.com

Robert D. Cheesebourough
Matthew D. Boruta
CHEESEBOUROUGH & BORUTA L.P.A.
543 E. Market Street
Indianapolis, IN 46204
Telephone: (317) 708-3925
Facsimile: (317) 638-2707
Email: rdc@home-saver.org
  boruta17@hotmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of June 2014, a copy of the foregoing was filed electronically and that all parties of record who have appeared should receive this document via the Court's electronic filing system.

*s/ Frederick D. Emhardt*
