UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANDREW  COX, | ) | |
| LUCINDA  COX, | ) | |
| STEPHANIE  SNYDER, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 1:12-cv-01654-TWP-MJD |
| | ) | |
| vs. | ) | |
| | ) | |
| SHERMAN CAPITAL LLC, | ) | |
| MEETING STREET PARTNERS II INC., | ) | |
| SHERMAN FINANCIAL GROUP LLC, | ) | |
| SHERMAN CAPITAL MARKETS LLC, | ) | |
| LVNV FUNDING LLC, | ) | |
| RESURGENT CAPITAL SERVICES, LP, | ) | |
| SHERMAN ORIGINATOR III LLC, | ) | |
| SHERMAN ACQUISITION LLC, | ) | |
| BENJAMIN W. NAVARRO, | ) | |
| LESLIE G. GUTIERREZ, | ) | |
| SCOTT E. SILVER, | ) | |
| KEVIN P. BRANIGAN, | ) | |
| ROBERT A. RODERICK, | ) | |
| KENNETT  KENDALL, | ) | |
| JOHN DOES 1-50, | ) | |
| SHERMAN ORIGINATOR LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO AMEND**

This matter comes before the Court on Andrew Cox, Lucinda Cox, and Stephanie

Snyder's ("Plaintiffs") Motion for Leave to Amend the Complaint.  [Dkt. 272.]  For the

following reasons, the Court **GRANTS IN PART and DENIES IN PART** Plaintiffs' motion.

**I.   Background**

In November of 2012, Plaintiffs, on behalf of themselves and others similarly situated,

filed claims alleging fraud, unjust enrichment, violations of the Racketeer Influenced and

1

Corrupt Organizations (RICO) Act, and violations of the Fair Debt Collection Practices Act

(FDCPA) against Sherman Capital LLC, Meeting Street Partners II Inc., Sherman Financial

Group LLC, Sherman Capital Markets LLC, LVNV Funding LLC, Resurgent Capital Services

LP, Sherman Originator III LLC, Sherman Acquisition LLC, and Sherman Originator LLC's

("Entity Defendants") and Benjamin W. Navarro, Leslie G. Gutierrez, Scott E. Silver, Kevin P.

Branigan, Robert A. Roderick, and Kennett Kendall's ("Individual Defendants") (collectively

"Defendants").  [*See* Dkt. 1.]  However, on March 30, 2014, the District Judge issued an order

dismissing *with prejudice* the Individual Defendants, Defendant Sherman Capital Markets LLC,

Defendant Sherman Originator III LLC, Defendant Sherman Acquisition LLC, and two of

Plaintiffs' three FDCPA claims against all Defendants.  [Dkt. 237 at 20.]  Additionally, the

District Judge dismissed *without prejudice* all three of Plaintiffs' RICO claims, as well as

Plaintiffs' common law fraud claim, for failure to meet the heightened pleading requirements of

Rule 9(b).  [*Id.* at 7-11.]

Because the District Judge's order was issued only fifteen days before the April 14, 2014

deadline for the filing of motions for leave to amend, Plaintiffs filed an Agreed Motion to Extend

Deadline for the Filing of Motions for Leave to Amend the Pleadings and/or to Join Additional

Parties [Dkt. 259, 267], which the Court granted [Dkt. 262, 268].  On May 6, 2014, Plaintiffs

timely filed their Motion for Leave to Amend the Complaint, which proposed amended

complaint adds three named plaintiffs and fourteen entity defendants, re-alleges RICO, common

law fraud, and FDCPA claims, and re-alleges all claims against the Individual Defendants,

Sherman Capital Markets LLC, and Sherman Originator III LLC.  [Dkt. 272.]  The remaining

Defendants strongly oppose Plaintiffs' proposed amendments [Dkt. 285], and Defendants'

arguments in opposition are addressed herein.

## II. Discussion

Rule 15 of the Federal Rules of Civil Procedure states that the Court should freely grant leave to amend the pleadings "when justice so requires." Fed. R. Civ. P. 15(a). The default procedure is to grant such motions to amend, unless one of the few exceptions applies. *See Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). The Supreme Court determined that these exceptions are limited to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). When a party opposes an amendment to the pleadings under Rule 15, it is the opposing party's burden to prove that one of these exceptions applies. *See Short v. N. Pointe Ins. Co.*, 1:11-cv-00545-SEB-MJD, 2013 WL 1828024 at *13 (S.D. Ind. Apr. 29, 2013).

### A. Determination of Debt Ownership

Defendants first argue that the Court should stay a ruling on Plaintiffs' motion to amend in order to first determine "the dispositive issue of whether Defendant LVNV owns the named Plaintiffs' credit card debt." [Dkt. 285 at 5.] Specifically, because Plaintiffs' claims are widely predicated on the allegation that Defendant LVNV Funding LLC ("LVNV") falsely represented that it owned Plaintiffs' debt when it and its agents attempted to collect on such debt, Defendants, in their brief in opposition to Plaintiffs' motion for leave to amend, present "evidence showing that LVNV **did own** the Plaintiffs' credit card debt" so that the Court may make such a finding. [*Id.* at 5-9 (emphasis added).] Thus, Defendants conclude that, 'as a matter of sound case management, the Court should defer ruling on the motion to amend the Complaint

3

pending consideration of whether Plaintiffs can survive a motion for summary judgment on the issue of whether LVNV owns Plaintiffs' credit card debt." [*Id.* at 9.]  In response, Plaintiffs assert that Defendants' desire to file a motion for summary judgment is an improper basis for the denial of a motion to amend, and Plaintiffs are confident that, after discovery is complete, they will be able to prove the alleged lack of ownership.  [Dkt. 291.]

In short, the Court refuses to turn this motion to amend into a factfinding expedition that would better be suited for a jury.  Defendants' argument is not only procedurally improper, but nonsensical—regardless of how confident Defendants are in the strength of their case, Plaintiffs are afforded the right to pursue their claims pursuant to the protections afforded them by the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Indiana.  First, although Rule 56(b) permits Defendants to file a motion for summary judgment at any time until thirty days after the close of discovery, Defendants have filed no such motion.  Instead, and in violation of the Local Rules, Defendants have seemingly asked for summary judgment within an opposition brief to a motion to amend, when Local Rule 7-1(a) clearly instructs that "motions must be filed separately."  Further, Federal Rule of Civil Procedure 15 declares, in no uncertain terms, that "the Court should freely grant leave" to amend the pleadings when justice so requires, and binding precedent reiterates that only in certain exceptional circumstances should the Court deny a motion to amend.  *See Bethany Pharmacal*, 241 F.3d at 861.  A preemptory, procedurally improper request for summary judgment that precludes the Plaintiffs from their rights to discovery is not one of the enumerated exceptions to the Court's duty to freely grant leave to amend pleadings.  Therefore, the Court refuses to comment further on Defendants' request for premature factfinding on the issue of whether LVNV owned the debts upon which it attempted to collect, and any objection to Plaintiffs' motion to amend on such ground is overruled.

4

### B.  Claims and Parties Dismissed with Prejudice

Defendants then assert that Plaintiffs, by including claims and Defendants in their proposed amended complaint that the District Judge dismissed with prejudice, have improperly moved for reconsideration of the District Judge's order.  [Dkt. 285 at 9-12.]  In response, Plaintiffs admit that they are requesting reconsideration, but claim that "the requests to reconsider two issues ruled upon in [the District Judge's order] are not inappropriate."  [Dkt. 291 at 3-4.]  Whether or not the requests are appropriate is not for the Court to decide in this motion. Again, the Court reiterates that "motions must be filed separately."  S.D. Ind. R. 7-1(a).  If Plaintiffs wish for the Court to reconsider any aspect of the District Judge's order, then they must file a separate motion for reconsideration.  Thus, Plaintiffs' motion to amend is **DENIED** with regard to its inclusion of the Individual Defendants, Defendant Sherman Capital Markets LLC, Defendant Sherman Originator III LLC, and any iteration of Claims I or II of Plaintiffs' original Complaint, without prejudice to Plaintiffs' proper filing of a motion for reconsideration of the District Judge's order dismissing those claims and defendants with prejudice.

### C.  Additional Entity Defendants

Although Defendants acknowledge that Plaintiffs have added over a dozen new defendants to their proposed amended complaint, they make no specific argument against their addition to the case.  [*See* Dkt. 285 at 2, 12-16.]  In general, Plaintiffs assert that the Court has personal jurisdiction over all of the defendants named in the proposed amended complaint, both through RICO's nationwide service of process and as they have made direct or indirect attempts to collect Plaintiffs' debt.  [Dkt. 291 at 7.]  With regard to the new entity defendants specifically, Plaintiffs allege that the additional entity defendants were "created after this litigation was filed

by the defendants specifically to own the existing defendants" and that it is thus appropriate, after Plaintiffs learned of their existence during discovery, to add them as defendants. [*Id.* at 2.]

Giving deference to the order of the District Judge on this issue, "the jurisdictional contacts of LVNV may only be imputed to its parent companies." [Dkt. 237 at 6.] By this reasoning, the District Judge dismissed, with prejudice, any entity defendant that did not have "any ownership interest" in Defendant LVNV, retaining Defendant Sherman Capital LLC, Defendant Sherman Financial Group LLC, and Defendant Sherman Originator LLC as defendants in this matter because of their ownership interest in Defendant LVNV. [*Id.*] Here, Plaintiffs assert that the additional entity defendants were created for the very purpose of owning "the existing defendants." [Dkt. 291 at 2.] Specifically, Plaintiffs' proposed amended complaint alleges that the so-called "New Shell Companies" own and control Sherman Capital LLC and are "parent companies and alter egos of LVNV." [Dkt. 274-1 at 9, 17; *see also* Dkt. 274-1 at 2-3.] Thus, Plaintiffs have specifically alleged that each of the fourteen additional entity defendants has ownership interest in Defendant LVNV, and Plaintiffs' motion to amend is **GRANTED** with regard to the addition of Huger Street LLC, Moultrie Street LLC, Woolfe Street LLC, Fulton Street LLC, Jasper Street LLC, Concord Street LLC, Hagood Street LLC, Charlotte Street LLC, Archdale Street LLC, Jacobs Alley LLC, Peachtree Street LLC, Greenhill Street LLC, Chalmers Street LLC, and Princess Street LLC as defendants.

**D. Additional Named Plaintiffs**

In opposition to the proposed amended complaint's inclusion of additional plaintiffs, Defendants first argue that the addition of the three named plaintiffs would "further complicate" the matter because, although the claims arise from the "same core premise," the new plaintiffs' debt was owned by different banks, which requires the Defendants to examine "additional

account purchase agreements and related transactional documents." [Dkt. 285 at 15.]  In response, Plaintiffs assert that the addition of three new plaintiffs in a purported class action is no reason to deny a motion for leave to amend.  [Dkt. 291 at 3.]  In order to properly assert a defense against a motion to amend, it is the Defendants' burden to assert either undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility of amendment.  *Ferguson v. Roberts*, 11 F.3d at 706.  Defendants' argument here is entirely baseless, as a wider scope of discovery is no exception to the Rule 15 mandate to freely grant leave to amend.

However, Defendants also assert that two of the three new plaintiffs may not have standing to bring their claims, as they have filed bankruptcy schedules that did not list their purported claims against Defendant LVNV, and such a claim would otherwise remain the property of the bankruptcy estate.  [Dkt. 285 at 15.]  In response, Plaintiffs acknowledge that "Mr. Cottey and Ms. Edison have bankruptcy cases that are not closed," but in defense of their standing to sue Plaintiffs merely state that "any issues as to prosecution will be worked out with their bankruptcy trustees," further asserting that such a question reaches the merits of the case and is not proper in a motion for leave to amend.  [Dkt. 291 at 3.]

Although Defendants argue that the applicable exception here is that the delay caused by first determining the new plaintiffs' standing would unduly prejudice Defendants, there is a valid futility argument.  "District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss."  *Gandhi v. Sitara Capital Mgmt.*, LLC, 721 F.3d 865, 869 (7th Cir. 2013).  Within the Seventh Circuit, a motion to dismiss for lack of standing can only be granted when the plaintiff presents "no set of facts consistent with the complaint's allegations that could establish standing."  *Lac Du Flambeau*

*Band of Lake Superior Chippewa Indians v. Norton*, 422 F.3d 490, 498 (7th Cir. 2005).  While this is a high standard, Plaintiffs all but admit that, at the present time, Mr. Cottey and Ms. Edison's bankruptcy estates own their respective claims against Defendant LVNV, relying on the bald assertion that any issues "**will be** worked out with their bankruptcy trustees."  [Dkt. 291 at 3 (emphasis added).]  Further, "as a jurisdictional requirement, the plaintiff bears the burden of establishing standing."  *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009).  In response to Defendants' opposition, Plaintiffs have failed to provide evidence establishing that either Mr. Cottey or Ms. Edison currently has standing to bring the claims asserted in the proposed amended complaint, and thus their claims would not survive a motion to dismiss and are, therefore, futile.  Accordingly, Plaintiffs' motion to amend is **DENIED** with regard to the addition of Eric Cottey and Giche Edison and **GRANTED** with regard to the addition of Robert Goodall as plaintiffs in the matter.

### E.  Common Law Fraud Claims

Defendants first assert that Plaintiffs' common law fraud claim still improperly lumps the Defendants together as responsible for Defendant LVNV's actions, which the District Judge found insufficient to meet Rule 9(b)'s heightened pleading standard for claims of fraud.  [Dkt. 285 at 13-14.]  Specifically, the District Judge found that Plaintiffs' claims did not specify "which Defendant made what representation, to whom, and when," and, even where alter ego theory is alleged, "the heightened pleading standard of Rule 9(b) still applies."  [Dkt. 237 at 10-11.]  Plaintiffs, in turn, argue that the proposed amended complaint pleads each of the five elements of fraud required by Indiana law and in accordance with the District Judge's order. [Dkt. 291 at 5-6.]

In response to the District Judge's order, Plaintiffs' proposed amended complaint now alleges that "Defendants, through their agents (e.g. Resurgent, members of the Law Firm Enterprise, members of the Collection Agency Enterprise)," were involved in "each and every" furnishing of an alleged debt, communication to agency subcontractors, dunning letter, and lawsuit filed in Indiana, and "with Defendants' knowledge, made the material misrepresentation that a valid debt existed and that the debt was ultimately owned by, and owed to LVNV." [Dkt. 274-1 at 73.]  Count V of Plaintiffs' proposed amended complaint then makes an internal reference to the "Plaintiffs' interactions with Defendants" section of the proposed amended complaint, which details each transmission and communication between each named plaintiff and a defendant or an agent of a defendant.  [*Id.* at 26-39.]  In matters where there are multiple defendants, "the complaint should inform each defendant of the nature of his alleged participation in the fraud" in order for the pleading requirements of Rule 9(b) to be met.  *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994)  Thus, the purpose of Rule 9(b) has been met, as Plaintiffs have put each defendant on notice that they are accused of having knowledge of, and being liable for, each false representation that Defendant LVNV owned, and was owed, Plaintiffs' debt.  Additionally, Plaintiffs included in their proposed amended complaint a chart detailing dozens of communications made by Defendants and their agents in furtherance of their allegedly fraudulent scheme.  [Dkt. 274-1 at 46-52.]  Through such efforts, Plaintiffs have specified "which Defendant made what representation, to whom, and when," in satisfaction of the District Judge's order and meeting Rule 9(b)'s pleading requirement.  [Dkt. 237 at 10.]

Additionally, Defendants argue that the Plaintiffs' "new count of Constructive Fraud [is] based on a wholly new theory" and thus is untimely.  [Dkt. 285 at 14.]  However, as Defendants

themselves indicate, the Seventh Circuit has long held that "[d]elay, standing alone, may prove an insufficient ground to warrant denial of leave to amend the complaint; rather, 'the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar filing.'" *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004); *Park v. City of Chicago*, 297 F.3d 606, 613 (7th Cir. 2002) (quoting *Doherty v. Davy Songer, Inc.*, 195 F.3d 919, 927 (7th Cir.1999)). The Defendants claim that the fact that Plaintiffs moved to amend their complaint on the "last day" is an indication of delay and dilatory motive, but the fact remains that Plaintiffs met the extended deadline for filing their motion to amend, which Defendants agreed could be extended in light of the timing of the District Judge's order. [*See* Dkts. 285 at 14; 259 (agreed motion to extend); 267 (unopposed motion to extend).] While it may be possible that Plaintiffs were aware of their constructive fraud claim before the District Judge's order was issued, this is mere speculation, and the Court will not disregard its obligation to freely grant a timely motion for leave to amend. Thus, Plaintiffs' motion to amend is **GRANTED** with regard to their claims of common law fraud.

### F.  RICO Claims

Finally, Defendants argue that Plaintiffs' RICO claims still do not specify "how each Defendant participated in the alleged RICO violation," which ambiguity the District Judge found insufficient to meet Rule 9(b)'s heightened pleading standard for RICO claims. [Dkt. 285 at 12-13.] In response, Plaintiffs assert that a prior section of their proposed amended complaint includes a "detailed table of exact communications that constituted mail and/or wire fraud" that meets the heightened pleading requirements of Rule 9(b) as outlined in the District Judge's order. [Dkt. 291 at 4-5.]

Indeed, Plaintiffs have taken several steps to clarify which Defendants are accused of what RICO violations in their proposed amended complaint.  First, Plaintiffs have narrowed the scope of the "RICO Defendants," which, until a proper motion to reconsider is filed, is limited to Defendant LVNV Funding LLC, Defendant Resurgent Capital Services LLC, and their parent companies, Defendant Sherman Originator LLC, Defendant Sherman Financial Group LLC, and Defendant Sherman Capital LLC, all of which are alleged to have common ownership and management.  [Dkt. 274-1 at 63.]  Next, Plaintiffs plead that "Defendants knowingly devised or knowingly participated in a scheme or artifice to defraud the Plaintiffs," and go on to allege fifteen general actions agreed to be taken in furtherance of the scheme.  [*Id.* at 40-41.]  Plaintiffs then allege that "each and every Defendant has specific knowledge that the mails and wires are being utilized in furtherance of the overall purpose of executing the scheme to defraud," adding that the Defendants, "acting singly and in concert, personally or through their agents," took specific actions in furtherance of the alleged scheme.  [*Id.* at 45.]  Finally, in accordance with the District Judge's order, specific examples of dozens of Defendants' communications and collection activities in furtherance of the alleged scheme are no longer plead generally or "upon information and belief," but instead are detailed in the chart described by Plaintiffs.  [*Id.* at 46-52.]  Although Plaintiffs do not purport to include all possible actions taken by each defendant, those currently plead in Plaintiffs' proposed amended complaint satisfy the District Judge's order calling for a detailed description of which specific defendants committed which particular acts. [Dkt. 237 at 8-10.]  Accordingly, Plaintiffs' motion to amend is **GRANTED** with regard to their RICO claims.

### III.   Conclusion

For the aforementioned reasons, the Court hereby **GRANTS IN PART and DENIES IN PART** Plaintiffs' Motion for Leave to Amend the Complaint.  [Dkt. 272.]  The Court grants Plaintiffs fourteen (14) days from the date of this order to file an amended complaint that is consistent with this decision.

Dated:  09/03/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Robert D. Cheesebourough
ruaneagle@aol.com

Matthew D. Boruta
CHEESEBOUROUGH & BORUTA
boruta17@hotmail.com

Amy E. Romig
PLEWS SHADLEY RACHER & BRAUN
aromig@psrb.com

Frederick D. Emhardt
PLEWS SHADLEY RACHER & BRAUN
emhardt@psrb.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Jeffrey A. Townsend
PLEWS SHADLEY RACHER & BRAUN
jtownsend@psrb.com

Peter M. Racher
PLEWS SHADLEY RACHER & BRAUN
pracher@psrb.com

David A. Maas
REED SMITH LLP
dmaas@reedsmith.com

Gary S. Caplan
REED SMITH LLP
gcaplan@reedsmith.com

James A. Rolfes
REED SMITH LLP
jrolfes@reedsmith.com

Michael L. DeMarino
REED SMITH LLP
mdemarino@reedsmith.com

Thomas L. Allen
REED SMITH LLP
tallen@reedsmith.com

James W. Riley, Jr.
RILEY BENNETT & EGLOFF LLP
jriley@rbelaw.com