UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX, <br> LUCINDA COX, <br> STEPHANIE SNYDER Individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> SHERMAN CAPITAL LLC, <br> MEETING STREET PARTNERS II INC., <br> SHERMAN FINANCIAL GROUP LLC, <br> SHERMAN CAPITAL MARKETS LLC, <br> LVNV FUNDING LLC, <br> RESURGENT CAPITAL SERVICES LP, <br> SHERMAN ORIGINATOR III LLC, <br> SHERMAN ACQUISITION LLC, <br> BENJAMIN W. NAVARRO, <br> LESLIE G. GUTIERREZ, <br> SCOTT E. SILVER, <br> KEVIN P. BRANIGAN, <br> ROBERT A. RODERICK, <br> KENNETT KENDALL, <br> JOHN DOES 1-50, <br> SHERMAN ORIGINATOR LLC, <br><br> Defendants. | No. 1:12-cv-01654-TWP-MJD |

**ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION**

This matter comes before the Court on Sherman Capital LLC, Meeting Street Partners II Inc., Sherman Financial Group LLC, Sherman Capital Markets LLC, LVNV Funding LLC, Resurgent Capital Services LP, Sherman Originator III LLC, Sherman Acquisition LLC, and Sherman Originator LLC's ("Entity Defendants") and Benjamin W. Navarro, Leslie G. Gutierrez, Scott E. Silver, Kevin P. Branigan, Robert A. Roderick, and Kennett Kendall's

1

("Individual Defendants") (collectively "Defendants")[1] Motion for Reconsideration of the Magistrate's Order, or in the Alternative to Stay. [Dkt. 218.] For the following reasons, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for reconsideration.

## I. Background

Andrew Cox, Lucinda Cox, and Stephanie Snyder ("Plaintiffs"), on behalf of themselves and others similarly situated, filed a complaint alleging claims of fraud, unjust enrichment, violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), and violations of the Fair Debt Collection Practices Act (FDCPA) against the Defendants. [Dkt. 1.] After making a "good faith" effort to obtain written discovery from the Defendants, Plaintiffs were unable to resolve their issues with Defendants' responses, and Plaintiffs filed a Motion to Compel Regarding Written Discovery. [Dkt. 172.] On February 24, 2014, the Court granted in part and denied in part Plaintiff's motion to compel [Dkt. 210], and on March 10, 2014 Defendants moved for the Court to reconsider its decision and, in the alternative, to stay discovery pending a ruling on Defendants' Objection to the Magistrate Judge's Order on Plaintiffs' Motion to Compel [Dkt. 216]. [Dkt. 218.]

Later that month, however, the District Judge issued an order dismissing *with prejudice* the Individual Defendants, Defendant Sherman Capital Markets LLC, Defendant Sherman Originator III LLC, Defendant Sherman Acquisition LLC, and two of Plaintiffs' three FDCPA claims against all Defendants. [Dkt. 237 at 20.] Additionally, the District Judge dismissed

---

[1] Since Defendants' filing of this motion, the Court has dismissed Plaintiffs' claims against the Individual Defendants, Sherman Capital Markets LLC, Sherman Originator III LLC, and Sherman Acquisition LLC have been dismissed for lack of personal jurisdiction. [Dkt. 237 at 4-7.] Thus, the defendants remaining are Sherman Capital LLC, Meeting Street Partners II Inc., Sherman Financial Group LLC, LVNV Funding LLC, Resurgent Capital Services LP, and Sherman Originator LLC. [*Id.*]

*without prejudice* all three of Plaintiffs' RICO claims, as well as Plaintiffs' common law fraud claim, for failure to meet the heightened pleading requirements of Rule 9(b).  [*Id.* at 7-11.] Accordingly, a status conference was held in April of 2014, and it was agreed that, in light of the District Judge's order, the parties would file a supplemental briefs with regard to Defendants' motion to reconsider [Dkt. 218].  [Dkt. 264.]  Meanwhile, Plaintiffs moved to amend their Complaint [Dkt. 272], which motion the Court granted in part, permitting Plaintiffs to file an amended complaint re-alleging their RICO and common law fraud claims [Dkt. 297].  The Court now considers Defendants' motion for reconsideration of the Court's order granting Plaintiffs' motion to compel.

## II.  Discussion

Pursuant to Rule 60, the Court may relieve a party from an order, upon motion and just terms, for reasons such as "mistake, inadvertence, surprise, or excusable neglect" and "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1), (6).  Relief pursuant to the "catch-all category," however, is strictly limited to "extraordinary circumstances."  Mendez v. Republic Bank, 725 F.3d 651, 657 (7th Cir. 2013) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988)).  Due to the close relationship between the decision to grant relief and the equities of the matter in question, district courts are given broad discretion in their review of motions to reconsider.  *See id.*

In its Order on Plaintiffs' Motion to Compel Regarding Written Discovery ("the Order"), the Court first emphasized the Rule 26 standard that "the court may order discovery of any matter **relevant** to the issues of the case."  [Dkt. 210 at 3 (emphasis in original) (quoting Fed. R. Civ. P. 26(b)(1)).]  In Subsection II.B of its Order, the Court further established that objections to discovery requests "must be raised in timely fashion," and any objection not raised in

3

Defendants' initial response to Plaintiffs' discovery requests, absent good cause, constitutes a waiver of such an untimely objection. [*Id.* at 5 (quoting *Charter House Ins. Brokers, Ltd. v. New Hampshire Ins. Co.*, 667 F.2d 600, 605 (7th Cir. 1981)).] Further, the Court explained that, even when an objection is timely raised, the objecting party cannot rely on conclusory statements—it is the objecting party's burden to make a "specific showing" as to why the request is inappropriate. [*Id.* at 7 (quoting *Perry v. City of Gary, Ind.*, 2:08CV280JVB-PRC, 2009 WL 2253157, at *4 (N.D. Ind. July 27, 2009)).] At the hearing on this matter, the Court referenced Defendants' "blunderbuss of general objections . . . about ninety percent of which don't apply to each specific request" and limited oral argument to Defendants' specific and applicable objections. [Dkt. 202 at 18-19.]

The Court now reiterates that it was Defendants' burden to *timely* and *with specificity* raise any objections to Plaintiffs' requests for written discovery. *See, e.g.*, *Romary Associates, Inc. v. Kibbi LLC*, 1:10-CV-376, 2011 WL 4005346 (N.D. Ind. Sept. 8, 2011) ("any ground not stated in a timely objection to an interrogatory is waived"); *1221122 Ontario Ltd. v. TCP Water Solutions, Inc.*, 10 C 4942, 2011 WL 2516531 (N.D. Ill. June 23, 2011) ("The burden rests upon the objecting party to show why a particular discovery request is improper"); *Sajda v. Brewton*, 265 F.R.D. 334, 338 (N.D. Ind. 2009) ("The objecting party must show with specificity that the request is improper").

At issue here are Plaintiffs' document requests to Defendant LVNV numbered 51 and 52, which solicit: [51] "All financial reports and statements to investors of the Defendant for the past two years" and [52] "All income tax returns of the Defendant for the past two years." [Dkt. 173-2 at 28.] In response to these requests, Defendants answered as follows:

> [51] Defendant incorporates by reference its Preliminary Statement and **General Objections** as though fully set forth herein. Defendant further objects on the

4

>grounds that Plaintiffs' request seeks information that is **not relevant** in that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent this request goes beyond the scope of the matters alleged. Defendant further objects on the grounds that this request is **vague and confusing** and fails to define or identify the terms "financial reports and statements" and fails to identify the alleged "investors" to which this request refers.
>
>[52] Defendant incorporates by reference its Preliminary Statement and **General Objections** as though fully set forth herein. Defendant further objects on the grounds that Plaintiffs' request seeks information that is **not relevant** in that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent this request goes beyond the scope of the matters alleged.

[*Id.* (emphasis added).] Defendants made no other timely objections than those emboldened, and no further explanations regarding these timely objections were provided. Thus, the Court limited its analysis in the Order to the emboldened issues. [*See* Dkt. 210 at 10-11.] Pursuant to Rule 60 and in light of Defendants' motion [Dkt. 218], the Court now reconsiders the Order with regard to Plaintiffs' document requests 51 and 52 to Defendant LVNV and all such parallel requests to the other defendants.

The first timely objection raised by Defendants is the invocation of their general objections. As the Court indicated at the hearing on this matter, "general objections made without elaboration, whether placed in a separate section or repeated by rote in response to each requested category, are not objections at all—and will not be considered." *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 375 (S.D. Ind. 2009). Even so, the Court gave the Defendants the opportunity to elaborate upon their general objections at oral argument, and no such argument was made. [*See* Dkt. 202 at 41-46 (discussing only Defendants' relevance argument).] Thus, the Court considers Defendants' general objections to be waived.

The second timely objection raised by Defendants is the objection that the financial information and tax returns are not relevant, going beyond the scope of the matters alleged. Rule

5

26 clearly establishes that information is relevant when "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). At the discovery stage, "[r]elevance is to be liberally construed . . . and given a broader scope than evidentiary relevance." *Union Carbide Corp. v. State Bd. of Tax Comm'rs of State of Ind.*, 161 F.R.D. 359, 365 (S.D. Ind. 1993) (citations omitted). After spending all of oral argument on the issue of relevance, Defendants now concede that whether "the Entity Defendants' ownership and affiliation were relevant [is] not in dispute." [Dkt. 219 at 6.] Further, although Defendants write that "the financial information does not contain such information [regarding the Entity Defendants' ownership and affiliation]," there is a footnote, over one hundred fifty words long, that points to at least four examples of such references to ownership and affiliation contained in the requested materials. [*Id.* at 7, n.5.] Thus, the Court once again finds that the requested financial information and tax returns appear, at the very least, to be reasonably calculated to lead to the discovery of admissible evidence.

    Defendants' final objection that was timely raised asserts that the terms "financial reports and statements" and "investors" are vague. Without further elaboration from Defendants on this argument, the Court overruled their vagueness objection. However, as Defendants correctly point out, the Plaintiffs "agreed in [their] reply to limit [the] initial request to only audited financial reports that the company has prepared in the last two years." [Dkt. 202 at 42; Dkt. 219 at 6.] Thus, the Court **grants** Defendants' motion for reconsideration and so limits the scope of Plaintiffs' request number 51 to Defendant LVNV, and all such parallel requests to other defendants, to "audited financial reports."

    It appears to the Court that Defendants intend to use their motion for reconsideration as a vehicle through which to attempt to raise new objections to these document requests.

6

Specifically, the Defendants assert that the Court should reconsider the Order because "the compelled disclosure of such documents will irreversibly breach Defendants' privacy rights and irreparably harm Defendants' competitive position, and fails to recognize that Defendants have produced the corporate organization information that Plaintiffs cite to support their requests." [Dkt. 219 at 1.] These two objections, that the production of private business information would be harmful to Defendants and that further information regarding the Entity Defendants' organization and affiliation would be cumulative, were not timely raised in Defendants' response to Plaintiffs' requests. [*See* Dkt. 173-2 at 28.] It is well established that an untimely objection to a discovery response is deemed waived. *See, e.g.*, *Buonauro v. City of Berwyn*, 08 C 6687, 2011 WL 116870, at *4 (N.D. Ill. Jan. 10, 2011) (finding that the defendant waived the objections it omitted from its initial response to the plaintiffs' discovery requests). Thus, the Defendants waived these objections by omitting them from their initial responses, and the Court will not consider them.

That does not mean, however, that the Court orders the production of private information lightly. But the Court has already addressed Defendants' concern by issuing the parties' proposed Stipulated Protective Order. [Dkt. 73.] The Protective Order was entered for the very purpose of preserving the confidentiality of "documents containing proprietary business information or personal financial, or other confidential information [that] will cause Plaintiffs, Defendants and their account holders great harm or competitive disadvantage if produced." [*Id.* at 2.] If the Defendants feel that the terms of their protective order no longer satisfy their needs, then they may move to amend the Protective Order pursuant to Federal Rule of Civil Procedure 26(c). Until such time, the parties' Stipulated Protective Order remains in effect to ensure the confidentiality of any such private business information produced pursuant to the Order.

Additionally and in light of recent developments, the Court clarifies that the scope of the discovery responses must be altered. First, and perhaps obviously, only the remaining Defendants are required to respond to Plaintiffs' written discovery requests. Thus, no additional discovery need be produced with regard to the requests that were served upon former Defendants Sherman Capital Markets LLC, Sherman Originator III LLC, Sherman Acquisition LLC, or the Individual Defendants. In Defendants' Supplemental Brief in Support of their Motion for Reconsideration, much of the discussion regarding the relevance of the requested discovery was based on the premise that Plaintiffs' RICO claims had been dismissed. [*See* Dkt. 271 at 3.] However, the Court has granted Plaintiffs' motion to amend their Complaint with regard to their RICO and common law fraud claims, so "the relevance of the ownership and affiliation of the remaining Defendants" is no longer so "diminished" as Defendants assert. [*Id.*] Also, because it has been nearly one year since Plaintiffs initially served their interrogatories and requests for production, Defendants should have prepared the requested audited financial reports and tax returns for the 2013 fiscal year by now. Thus, Plaintiffs request that the Defendants be ordered to produce the qualifying documents for fiscal year 2013 along with those for the 2011 and 2012 fiscal years originally requested. [*See* Dkt. 233-1 at 15-16.] Given their relevance, the Court **GRANTS** Plaintiffs' request to broaden the scope of their document requests to the remaining Defendants' audited financial reports and tax returns to include the 2013 fiscal year.

### III.  Conclusion

For the aforementioned reasons, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for reconsideration of the Magistrate Judge's order. [Dkt. 218.] Because this order on Defendants' Motion to Reconsider now amends the Order on Plaintiffs' motion to compel [Dkt. 210], Defendants' Objection to the Magistrate Judge's Order on

Plaintiffs' Motion to Compel [Dkt. 216] shall be **DENIED AS MOOT**. The Defendants have fourteen (14) days from the date of this Order to appeal this decision to the District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). The Court further grants the Defendants an additional twenty-one (21) days from the date of this order to respond Plaintiffs' requests for written discovery pursuant to this order and the Court's Order dated February 24, 2014 [Dkt. 210]. In light of this twenty-one day enlargement of the relevant discovery response deadline, Defendants' Motion in the Alternative to Stay [Dkt. 218] and Defendants' Emergency Motion for Stay until the Court considers Defendants' motion for reconsideration [Dkt. 225] are **DENIED AS MOOT**.

Date: 09/05/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Robert D. Cheesebourough
ruaneagle@aol.com

Matthew D. Boruta
CHEESEBOUROUGH & BORUTA
boruta17@hotmail.com

Frederick D. Emhardt
PLEWS SHADLEY RACHER & BRAUN
emhardt@psrb.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Jeffrey A. Townsend
PLEWS SHADLEY RACHER & BRAUN
jtownsend@psrb.com

Peter M. Racher
PLEWS SHADLEY RACHER & BRAUN
pracher@psrb.com

David A. Maas
REED SMITH LLP
dmaas@reedsmith.com

Gary S. Caplan
REED SMITH LLP
gcaplan@reedsmith.com

James A. Rolfes
REED SMITH LLP
jrolfes@reedsmith.com

Michael L. DeMarino
REED SMITH LLP
mdemarino@reedsmith.com

Thomas L. Allen
REED SMITH LLP
tallen@reedsmith.com

James W. Riley, Jr.
RILEY BENNETT & EGLOFF LLP
jriley@rbelaw.com