IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX, LUCINDA COX, and STEPHANIE SNYDER, individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiffs, | ) Civil Action No. 1:12-cv-1654-TWP-MJD ) CLASS ACTION |
| v. | ) |
| SHERMAN CAPITAL LLC, *et al.*, | ) ) |
| Defendants. | ) |

**EMERGENCY MOTION TO SEAL**
**DEPOSITION TRANSCRIPTS PREVIOUSLY FILED IN DOCKET 130**

Defendants, by their counsel and pursuant to Federal Rule of Civil Procedure 26(c), and the Stipulated Protective Order [Dkt. 73], respectfully request leave to seal deposition transcripts listed as exhibits to Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss Plaintiffs' Complaint [Dkt. 130]. In support of this motion, Defendants state:

1.  On May 17, 2013, the Court entered the Stipulated Protective Order [Dkt. 73]. In that Order, the Court noted that, given the nature of Plaintiffs' allegation in the Complaint, discovery would likely involve "personal and private information about Plaintiffs, individual Defendants, potentially customers of Defendants, including but not limited to the identification and production of contracts, correspondence, and account information, as well as proprietary information and trade secrets relating to Defendants." The Court further observed that because disclosure of "proprietary business information about the inner-workings of Defendants" would benefit Defendants' competitors, "Defendants have an interest in ensuring the security and confidentiality of this information." Thus, the Court ruled that the Defendants could designate as

"Confidential Information," and protect from public disclosure, "contracts, correspondence, data, account information and internal operations documents, including various policies and procedures that are non-public proprietary business information and any documents that contain non-public personal, private information."

2.     On July 1, 2013, Defendants filed an Agreed Motion for Leave to File Under Seal [Dkt. 92] in which the parties agreed that "Defendants further seek leave for the parties to file under seal any exhibits that contain confidential information from the depositions of the individual defendants, including the deposition transcripts."

3.     On July 3, 2013, the Court granted in part and denied in part the Parties' Agreed Motion [Dkt. 92] and in its order provided a mechanism for the parties to file and seal documents [Dkt. 119].

4.     On July 15, 2013, Plaintiffs' filed their Memorandum in Opposition to Defendants' Motion to Dismiss Plaintiffs' Complaint. [Dkt. 130].  Although ordered to do so, Plaintiffs did not file the individual deposition transcripts under seal.

5.     Defendants did not realize until recently that Plaintiffs did not file those individual deposition transcripts under seal.  These deposition transcripts contain confidential, sensitive and personal information.

6.     Subsequent to the July 15, 2013 filing of Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss Plaintiffs' Complaint [Dkt. 130], the parties have filed excerpts of the transcripts as exhibits to various other motions, responses and replies.  The Court has permitted filing of such transcripts under seal.

7. The Clerk was contacted on September 11, 2014 and placed a temporary seal on those individual deposition transcript exhibits.

8. The Defendants request that these individual deposition transcript exhibits be placed under seal for 14 days to allow Defendants an opportunity to review the exhibits and submit a motion to maintain the transcripts under seal consistent with procedure set forth in the Court's July 3 Order [Dkt. 119.].

9. Defendants' counsel attempted, but was unable, to contact Plaintiffs' counsel prior to the filing of this emergency motion.

WHEREFORE, Defendants respectfully request that the Court grants this Emergency Motion to seal deposition transcripts listed as exhibits to Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss Plaintiffs' Complaint [Dkt. 130] and grant Defendants a further 14 days to submit a motion for the permanent seal of such materials in accordance with the Court's July 3, 2013 Order.

Dated: September 11, 2014

Respectfully submitted,

  /s/ James A. Rolfes.
James A. Rolfes  *pro hac vice*
jrolfes@reedsmith.com
Michael DeMarino *pro hac vice*
mdemarino@reedsmith.com
David A. Maas *pro hac vice*
dmaas@reedsmith.com
REED SMITH LLP
10 South Wacker Drive
Chicago, IL  60606-7507
(312) 207-1000
(312) 207-6400 (Facsimile)

James W. Riley, Jr.
Atty. No. 6073-49

        RILEY BENNETT & EGLOFF LLP
        141 East Washington Street
        Fourth Floor
        Indianapolis, IN  46204
        (317) 636-8000
        (317) 636-8027 (Facsimile)
        jriley@rbelaw.com

        Thomas Allen *pro hac vice*
        REED SMITH LLP
        225 Fifth Avenue
        Pittsburgh, PA 15222
        (412) 288-3131
        (412) 288-3063 (Facsimile)
        tallen@reedsmith.com
        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2014 a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing to all counsel of record.

/s/____*James A. Rolfes*_____