# **EXHIBIT B**

Case 1:12-cv-01654-TWP-MJD   Document 305-2   Filed 09/19/14   Page 1 of 6 PageID #: 4332

# PLEWS SHADLEY RACHER & BRAUN LLP
## ATTORNEYS AT LAW

GEORGE M. PLEWS [1]
SUE A. SHADLEY
PETER M. RACHER
CHRISTOPHER J. BRAUN [1,2]
JEFFREY D. CLAFLIN
FREDERICK D. EMHARDT
S. CURTIS DEVOE
JOHN B. BRIDGE [3]
JEFFREY A. TOWNSEND
JEFFREY D. FEATHERSTUN
JOHN M. KETCHAM [4]
ALEXANDRA S. SYLVIA [5]
BRETT E. NELSON [6]
JOHN D. MORIARTY
AMY E. ROMIG [5]
TODD J. JANZEN
GREGORY M. GOTWALD
JONATHAN P. EMENHISER
THAO T. NGUYEN
TONYA J. BOND [1]

OF COUNSEL:
CHRISTINE C.H. PLEWS
MARY ANN F. SAGGESE [7]
F. RONALDS WALKER [4,8]

THERESA M. WILLARD
ANGELA M. GREEN [2]
TODD G. RELUE [5]
STEPHANIE T. ECKERLE
SHELLEY M. JACKSON
DANIEL P. CORY
JOSH S. TATUM
COLIN E. CONNOR
BRIANNA J. SCHROEDER
JONATHAN A.L. PENN
SEAN M. HIRSCHTEN
KATHERINE K. SCHUMAN
AIZA H. SIDDIQI [10]

[1] REGISTERED MEDIATOR
[2] ALSO ADMITTED IN THE DISTRICT OF COLUMBIA
[3] ALSO ADMITTED IN NEW YORK
[4] ALSO ADMITTED IN MICHIGAN
[5] ALSO ADMITTED IN KENTUCKY
[6] REGISTERED TO PRACTICE BEFORE THE U.S. PATENT AND TRADEMARK OFFICE
[7] ALSO ADMITTED IN VIRGINIA
[8] ALSO ADMITTED IN ILLINOIS
[9] ALSO ADMITTED IN NORTH CAROLINA
[10] ONLY ADMITTED IN CALIFORNIA

1346 NORTH DELAWARE STREET
INDIANAPOLIS, INDIANA 46202-2415
TELEPHONE (317) 637-0700
FACSIMILE (317) 637-0710

53732 GENERATIONS DRIVE
SOUTH BEND, INDIANA 46635-1539
TELEPHONE (574) 273-1010
FACSIMILE (574) 271-2050

www.psrb.com

SENDER'S E-MAIL: femhardt@PSRB.COM

OCTOBER 22, 2013

*VIA EMAIL*

Gary S. Caplan, Esq.
REED SMITH LLP
10 South Wacker Drive
40th Floor
Chicago, IL 60606-7507

James W. Riley, Jr.
RILEY BENNETT & EGLOFF LLP
141 East Washington Street
Indianapolis, IN 46204

    Re:  *Cox, et al. v. Sherman Capital LLC, et al.*
          In United States District Court, Southern District of Indiana
          Case No. 1:12-cv-1654 TWP-MJD

Counselors:

    I write this letter to state the plaintiffs' position as to outstanding discovery and to attempt to set up discovery conference pursuant to Fed. Rules Civ. P. 37(a)(1) and Local Rule 37-1(a).

    On October 11, 2013, the defendants served objections and responses to requests for production and interrogatories. Before service of those responses, the

defendants provided heavily redacted copies of certain agreements relating to the alleged purchase by one or more of the defendants of credit card accounts. In June 2013, defendant Benjamin Navarro refused to provide information as to the ownership of the Sherman entities, even after entry of an order compelling discovery. On Tuesday, October 15, 2013, the Court conducted a status conference and during the conference stated it was premature to issue any rulings as to discovery before the parties conducts a "meet and confer" session. On Thursday, October 17, 2013, in an attempt to avoid a discovery dispute, Mr. Riley telephoned me and stated that he would providing a letter to me describing relevant ownership issues and would provide the documents that the defendants would voluntarily produce in response to the requests for production. The letter, a copy of which is attached, was delivered and some documents were provided on a CD. The documents provided consist of: (a) documents relating to collection efforts against Mr. Cox; (b) documents relating to collection efforts against Ms. Snyder; (c) a certificate of liability insurance; and (d) a redacted ownership chart for the defendant entities. No other documents were provided.

This letter addresses discovery issues to be resolved before the settlement conference now set for December 11, 2013.

First, as you are aware the Court has entered two orders on motions to compel relating to deposition discovery of the defendants in South Carolina. The second order to compel ("Order on Motion to Compel Deposition Answers" Dkt. 88) ordered as follows:

> Therefore, the Court invokes its broad discretion and GRANTS Plaintiffs' Motion to Compel Deposition Answers (Dkt. 77], lifting all prior limitations as to the scope of this discovery, save those imposed by the Federal Rules of Civil procedure. This order specifically vacates the portion of the Court's prior order limiting the scope of discovery to personal jurisdiction. [Dkt. 55, at 3.] The lifting of that limitation is necessary to prevent any further improper avoidance by Defendants of this necessary discovery and is without prejudice to plaintiffs' ability to conduct more complete depositions of the relevant individuals at a later date.

Mr. Cheeseborough then traveled back to South Carolina to continue the depositions. During the second deposition of Mr. Navarro, he testified that he had an indirect ownership interest in different defendant entities through an S-Corp that was created three to six months before the deposition. While Mr. Navarro professed to not remember the name of the entity at different times in the deposition, at the end of the deposition, after taking a break to confer with counsel,

Gary S. Caplan, Esq.
October 22, 2103
Page 3

he stated, "I don't know why that is material to you, but I am not going to name that entity." We again request that Mr. Navarro immediately provide the name of that entity, and the names of its officers and shareholders. This information is relevant to issues of individual liability for violations of the FDCPA and to issues of the RICO claims set forth in the complaint. When we requested this information, on October 2, 2013, Mr. Caplan declined to provide the information "informally." We request that this information be provided immediately, as an amended response to the deposition questions already posed to Mr. Navarro.

Second, we request immediate production of unredacted copies of the alleged purchase agreements relating to Chase and Citibank. This information is relevant to liability under the FDCPA, the common law counts, and the RICO counts of the complaint. We are not able to analyze the use of this document at trial with the redactions in place.

Third, the responses to the discovery provided were evasive and incomplete. Almost no information about the defendant entities is provided. There are several production requests for documents that provide specific information about the business entity defendants that the defendants simply refuse to provide. The letter explanation provided by Mr. Riley in the letter of October 18, 2013, provides no more information than what already has was known and disclosed in the depositions. And no information whatsoever is provided to identify the size and scope of the class being recommended for certification by Magistrate Dinsmore. There is no information as to accounts allegedly purchased by Indiana residents, lawsuits filed against Indiana residents, alleged outstanding debt of Indiana residents, notwithstanding specific discovery requests seeking this exact information.

We need complete responses to the discovery requests in order to develop an appropriate strategy for settlement of this class action lawsuit. We will save our objections to each of the specific discovery requests for the "meet and confer" session to be scheduled later this week. Suffice it to say that, for discovery preliminary to the settlement conference scheduled for December 11, 2013, we must receive immediately the following:

1. Names, addresses, and complete account information regarding Indiana consumer accounts any of the defendants or their agents held or transferred during the six years before the filing of this action;
2. Identification of all law suits filed in Indiana in which any of the defendants or their agents is named as a plaintiff in the six years before the filing of this action;
3. Identification of the sale of information or other accounts of Indiana residents to third parties, including affiliates of any of the defendants in the six years before the filing of this action;

Gary S. Caplan, Esq.
October 22, 2103
Page 4

4. Identification of all collection activities undertaken in Indiana by any of the defendants or their agents within the six years prior to the filing of the complaint, with each consumer targeted identified by name, address, and phone number;
5. Identification by consumer of all funds collected by any of the defendant or their agents from any Indiana resident over the six years before the filing of the action;
6. Identification of all law firms utilized by any of the defendants or their agents for collection activities against Indiana residents;
7. Identification of all "servicers" or collection agencies utilized by any of the defendants or their agents for collection activities relating to Indiana residents;
8. Unredacted purchase agreements from Chase and Citifinancial;
9. Elimination of all redactions from all documents tendered by any of the defendants for any purpose in this action;
10. Complete delineation of Ownership of and history of all the transfers of ownership, changes of ownership interest, beneficial ownerships within the last six years of Sherman Capital, LLC;
11. Complete delineation of Ownership of and history of all the transfers of ownership, changes of ownership interest, beneficial ownerships within the last six years of Sherman Capital Markets, LLC;
12. Complete delineation of Ownership of and history of all the transfers of ownership, changes of ownership interest, beneficial ownerships within the last six years of Sherman Originator III, LLC.

The above 12 requests are not intended to alter or amend the outstanding discovery. The plaintiffs preserve all rights to complete and full responses to that discovery. Instead, the 12 requests are intended to provide the plaintiffs with sufficient information to form a settlement position at the upcoming settlement conference.

Furthermore, with respect to all requests for production, we must have a date by which the documents agreed to be produced will be produced. That date must be no later than fifteen (15) days from the date of this letter.

Finally, with respect to any specific document request seeking a single specifically identified document, we demand that those documents be produced in their entireties no later than twenty (22) days from the date of this letter. For example, the following is requested from LVNV Funding LLC:

(a) LVNV's prospectus to Moody's for Moody's Org. No. 400039347;
(b) LVNV's prospectus to Moody's for Moody's Org. No. 720407008;
(c) LVNV's Collateral Management Agreement for Moody's Org. No. 720407008;

C

Gary S. Caplan, Esq.
October 22, 2103
Page 5

      (d) LVNV's Collateral Management Agreement for Moody's Org. No. 400039347;
      (e) LVNV's Servicer Agreement between LVNV and Resurgent Capital Services LP for Moody's Org. No. 720407008;
      (f) LVNV's Servicer Agreement between LVNV and Resurgent Capital Services LP for Moody's Org. No. 400039347;
      (g) LVNV's Trustee Agreement for Moody's Org. No. 400039347;
      (h) LVNV's Trustee Agreement for Moody's Org. No. 720407008;
      (i) LVNV's Investment Advisor Agreement for Moody's Org. No. 400039347;
      (j) LVNV's Investment Advisor Agreement for Moody's Org. No. 720407008.

Every specific document requested in every request is made to lead to the discovery of admissible evidence at trial. There are several different claims and theories that the specific requests touch on.

As discussed with Mr. Riley, we are available Thursday or Friday afternoon to discuss the discovery more thoroughly.

Very truly yours,

*Frederick Emhardt*

Frederick D. Emhardt

FDE/atk
Enclosures
cc:   Matthew D. Boruta
       Robert D. Cheeseborough