IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX, LUCINDA COX, and STEPHANIE SNYDER, individually and on behalf of others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SHERMAN CAPITAL LLC, *et al.*,<br><br>　　　　　Defendants. | **DENIED.**<br>Dated: September 23, 2014<br><br>Civil Action No. 1:12-cv-1654-TWP-MJD<br>CLASS ACTION<br><br>/s/ Mark J. Dinsmore<br>Mark J. Dinsmore<br>United States Magistrate Judge<br>Southern District of Indiana |

**EMERGENCY MOTION FOR STAY PENDING
OBJECTION TO MAGISTRATE'S RULING REGARDING
PRODUCTION OF FINANCIAL STATEMENTS AND TAX RETURNS**

　　　　Defendants Sherman Capital, LLC, Sherman Financial Group, LLC, LVNV Funding, LLC, Resurgent Capital Services LP, and Sherman Originator, LLC (the "Entity Defendants"), by and through their counsel, hereby move for an order staying execution of the order granting in part and denying in part Defendants' motion for reconsideration of the Magistrate's ruling on Plaintiffs' motion to compel (the "Reconsideration Order") [Dkt. 300] to the extent that the Reconsideration Order requires the Entity Defendants, or any of them, to produce financial statements and income tax returns prior to the Court's determination on the Entity Defendants' concurrently filed objection to the Reconsideration Order.  In support of this motion, the Entity Defendants state:

　　　　1.　　On February 24, 2014, the Honorable Mark J. Dinsmore, United States Magistrate Judge, issued an Order on Plaintiffs' Motion to Compel [Dkt. No. 210] (hereinafter "the Magistrate Judge's Compel Order") that in relevant part and among other things, compelled the production of the Entity Defendants' financial statements and income tax returns on or before March 24, 2014.  (Mag. Judge's Compel Order at 11.)

　　　　2.　　On March 10, 2014, Defendants filed Defendants' Objection to Magistrate

Judge's Order on Plaintiffs' Motion to Compel [Dkt. 216], which sought the Court's review and reversal of this portion of the Magistrate Judge's Compel Order, as well as a Motion for Reconsideration of the Magistrate's Order or in the Alternative to Stay [Dkt. 218] (the "Reconsideration/Stay Motion"), which sought in the first instance, the Magistrate's reconsideration of his order, or alternatively, a stay of its effect until the District Court had an opportunity to hear the defendants' initial objection.

3.      On September 5, 2014, the Magistrate Judge granted in part and denied in part the Reconsideration/Stay Motion, and found the Entity Defendants' initial objection to the Magistrate Judge's Compel Order moot. In the Reconsideration Order, the Magistrate Judge ordered the Entity Defendants to produce certain highly sensitive financial statements and income tax returns that were the subject of the Reconsideration/Stay Motion within 21 days. Absent a stay, the Reconsideration Order would most likely require the Entity Defendants produce the financial statements and income tax returns before the District Court has the opportunity to consider the Entity Defendants' objection.

4.      The Entity Defendants request that the District Court issue a stay of the Reconsideration Order on an emergency basis so that the status quo is maintained while the Court evaluates the Entity Defendants' objection to the Reconsideration Order in accordance with the Federal Rules of Civil Procedure and the Local Rules. As set forth in the concurrently filed objection to the Reconsideration Order, the Federal Rules of Civil Procedure contemplate that a party who objects to a magistrate's decision on a non-dispositive motion under FRCP 72(a) can seek a stay of that decision pending determination of the objection. However, the Reconsideration Order compels production within 21 days, which does not allow for briefing on a non-emergency motion to stay because the Local Rules allow Plaintiffs 14 days to respond to this motion. *See* L.R. 7.1(c)(2)(A). FRCP 72 recognizes that a stay pending determination of an objection does not automatically attach,

2

but to deny a party the opportunity to seek a stay due to the local briefing schedule rules would, in effect, unfairly eviscerate the right to ask for a stay. *See* Fed. R. Civ. P. 72. The Magistrate Judge expressly acknowledged that the Defendants have "fourteen (14) days from the date of this [Reconsideration] Order to appeal this decision to the District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a)." [Dkt. 300 at p. 9] For that pronouncement to have any consequence, the Entity Defendants need a stay of execution pending the Court's consideration of their objection.

5. Further, Plaintiffs here cannot identify any harm that will come to them from a stay pending the Court's determination of the objection to the Reconsideration Order. Discovery remains open in the case, and, in fact, Plaintiffs only two ago filed an amended complaint asserting new claims. Moreover, as set forth in the Entity Defendants' objection to the Reconsideration Order, the Plaintiffs already have received discovery from alternative sources that provide them with the information they purportedly sought when they propounded the requests for these documents. Under such circumstances, Plaintiffs will suffer no prejudice by adjourning the production date for the financial statements and income tax returns.

6. Because granting a stay to consider the Entity Defendants' objection to the Reconsideration Order avoids unfairly eliminating the Entity Defendants' right to object to the order, and will not prejudice Plaintiffs, the Court should grant the stay.

**WHEREFORE**, the Entity Defendants respectfully request that the Court stay execution of the Reconsideration Order to the extent it requires production of financial statements and income tax returns until the Court can consider the Entity Defendants' objection to the Reconsideration Order.

Dated: September 19, 2014                                 Respectfully submitted,


                                                          s/     *James A. Rolfes*


| | | |
|---|---|---|
| Thomas Allen *pro hac vice* | James A. Rolfes  *pro hac vice* | James W. Riley, Jr. |
| REED SMITH LLP | jrolfes@reedsmith.com | Atty. No. 6073-49 |
| 225 Fifth Avenue | Michael DeMarino *pro hac vice* | RILEY BENNETT & |
| Pittsburgh, PA 15222 | mdemarino@reedsmith.com | EGLOFF LLP |
| (412) 288-3131 | David A. Maas *pro hac vice* | 141 East Washington Street |
| (412) 288-3086 (Facsimile) | dmaas@reedsmith.com | Fourth Floor |
| tallen@reedsmith.com | REED SMITH LLP | Indianapolis, IN  46204 |
| | 10 South Wacker Drive |  (317) 636-8000 |
| | Chicago, IL  60606-7507 |  (317) 636-8027 (Facsimile) |
| | (312) 207-1000 | jriley@rbelaw.com |
| | (312) 207-6400 (Facsimile) | |

                      *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2014, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of Court's electronic filing to all counsel of record.

      /s/ James A. Rolfes