# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX, *et al.*, Individually and on behalf of others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | Civil Action No. 1:12-cv-1654-TWP-MJD |
| v. ) ) | CLASS ACTION |
| SHERMAN CAPITAL LLC, *et al.*, ) ) | |
| Defendants. ) | |

## OBJECTION TO MAGISTRATE'S ORDER DENYING
## EMERGENCY MOTION TO STAY

Defendants Sherman Capital, LLC, Sherman Financial Group, LLC, LVNV Funding, LLC, Resurgent Capital Services LP and Sherman Originator, LLC (the "Entity Defendants"), by and through their counsel, pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), ask that the Court set aside the Magistrate Judge's denial [Dkt. 308] of the Entity Defendants' Emergency Motion to Stay Pending Objection to Magistrate's Ruling Regarding Production of Financial Statements and Tax Returns ("Motion to Stay") [Dkt. 304]. The Entity Defendants further request that the Court stay the execution of the Magistrate Judge's order granting in part and denying in part Defendants' Motion for Reconsideration of the Magistrate's Ruling on Plaintiffs' Motion to Compel (the "Reconsideration Order") [Dkt. 300] to the extent that the Reconsideration Order requires the Entity Defendants, or any of them, to produce financial statements and income tax returns prior to the Court's determination on the Entity Defendants' Defendants' Objection to Magistrate Judge's September 5, 2014 Order on Defendants' Motion for Reconsideration ("Defendants' Objection") [Dkt. 305]. In support of this motion, the Entity Defendants state:

## INTRODUCTION

In his September 5, 2014 Order on Plaintiffs' Motion for Reconsideration [Dkt. 300] (the "September 5 Order"), the Honorable Mark J. Dinsmore, United States Magistrate Judge, fails to provide either a factual or legal basis for ordering the production of the financial information contained in the audited financial statements of Defendants Sherman Financial Group, LLC and Resurgent Capital Services LP, or the income tax returns filed by Defendant Sherman Capital LLC. As a result, and for the reasons set forth in Defendants' Objection to Magistrate Judge's September 5, 2014 Order on Defendants' Motion for Reconsideration ("Defendants' Objection") [Dkt. 305], the Entity Defendants objected to the September 5 Order pursuant to Federal Rule of Civil Procedure 72(a).

Simultaneous with the filing of the Objection, the Entity Defendants filed the Motion to Stay. In that motion the Entity Defendants sought to maintain the status quo beyond the ordered September 26, 2014 production date pending this Court's determination of the Objection – an objection that the Magistrate Judge expressly recognized they could bring in his September 5 Order. (*See* Sept. 5 Order at 9 ("The Defendants have fourteen (14) days from the date of this Order to appeal this decision to the District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a).").) Even so, on September 23, 2014, the Magistrate Judge summarily denied, without explanation, the Entity Defendants' request for a stay, (Order Denying Motion to Stay [Dkt. 308]), in effect denying the Entity Defendants any viable right to object.

The Entity Defendants, therefore, respectfully object to the Magistrate Judge's denial of the stay, and ask that this Court stay the execution of the September 5, Order. The Magistrate Judge committed clear error in issuing the September 5 Order without addressing either the

actual basis upon which the Plaintiffs sought the financial statements and income tax returns, the recognized sensitivity of such documents or the alternative means by which the Entity Defendants provided the information Plaintiffs requested. Further, the compelled disclosure of the financial statements and income tax returns that are the subject of the September 5 Order will irreversibly breach the privacy rights both the Entity Defendants as well as individuals this Court dismissed, with prejudice, on personal jurisdiction grounds, and will irreparably harm the Entity Defendants' competitive position.  The Magistrate Judge's denial also fails to recognize that the Plaintiffs will not suffer any harm from the requested stay pending this Court's determination of the Objection because the Entity Defendants have produced the corporate organization information that Plaintiffs cite to support their requests. The Court, therefore, should stay the September 5 Order compelling the production of financial statements and income tax returns, pending the resolution of the Defendants' Objection to that order by the District Court.

## FACTUAL AND PROCEDURAL HISTORY

In the September 5 Order, the Magistrate Judge, acting pursuant to Federal Rule of Civil Procedure 72(a), ruled on a Defendants' Motion to Reconsider an earlier order, the February 24, 2014 Order on Plaintiffs' Motion to Compel [Dkt. 210] (the "February 24 Order").  In the February 24 Order, the Magistrate Judge directed the Defendants "to respond to Defendant LVNV [Funding, LLC]'s document requests numbered 51 and 52," (*id.* at 11), two requests that sought "All financial reports and statements to investors of the Defendant for the past two years" and "All income tax returns of the Defendant for the past two years," respectively.  (*See* Defs.' Obj. at 2.) Entity Defendants timely filed a motion to reconsider or stay this portion of the Magistrate Judge's Order, arguing that in compelling the production of these documents, the Magistrate had failed to provide either a factual or legal basis for ordering the production of

private financial statements or income tax returns. (*Id.* at 5.) The Magistrate Judge, however, in large part denied this request for reconsideration, and once again ordered that, by September 26, 2014, the Entity Defendants produce the requested financial statements and income tax returns, and then provide an additional year of such documents even though not the subject of a document request. (Sept. 5 Order at 9.) In doing so, the Magistrate Judge once again erred by not considering the actual information Plaintiffs requested, the private and sensitive nature of the financial information and income tax returns at issue, or the alternative production of information made by the Entity Defendants. (Def.'s Obj. at 6-7.)

The Entity Defendants then filed an objection to the September 5 Order with this Court, asking the Court to conduct a *de novo* review pursuant to Rule 72(a). (*See generally* Defs.' Obj.) Simultaneous with that filing, the Entity Defendants further asked for a stay of the September 5 Order's September 26, 2014 production date, to allow sufficient time for the briefing and consideration of this Objection. (*See* Motion to Stay) As the Magistrate Judge summarily denied this stay motion without comment or explanation, ([Dkt. 308]), the Entity Defendants now object to that denial, and respectfully request that this Court enter a stay pending a decision on the Objection.

**ARGUMENT**

**I.     THE COURT SHOULD STAY THE ORDER TO COMPEL PRODUCTION OF ENTITY DEFENDANTS' FINANCIAL STATEMENTS AND INCOME TAX RETURNS.**

   **A.     The Standards for Issuing a Stay.**

While FRCP 72(a) provides that a party may file with the district court an objection to a magistrate's order on a non-dispositive motion, it does not impose an automatic stay of the matters the magistrate orders pending resolution of the objection. *Lineback v. Nat. Labor Rel.*

*Bd.*, Cause No. 1:12-CV-85-RLM-RBC, 2012 WL 2504909 at *2 (N.D. Ind. June 28, 2012). Instead, the "stay of [a] magistrate judge's order must be sought and obtained separately by motion filed initially with the magistrate judge, and if denied, then with the assigned district court judge. *Id.* at * 2 n.1; *see also Collidge v. Consolidated City of Indianapolis*, No. 1:04-CV-1240-SEB-VSS, 2006 WL 1072995 at *2 (S.D. Ind. April 20, 2006).

Various courts have held that a court should grant a stay of a magistrate judge's discovery order sparingly as "[a]llowing such stays as a matter of course would encourage the filing of frivolous objections and grind the magistrate judge system to a halt." *Granato v. City and County of Denver*, 2011 WL 1335854 (D.Colo. April 7, 2011). That said, "[a] stay of a magistrate judge's discovery order may be appropriate where there is a serious issue about the propriety of the ruling **and** where a failure to render a stay could result in serious, irreversible injury to the party seeking the stay." *Adams v. Gateway, Inc.,* 2004 WL 733990 *2 (D.Utah Jan. 5, 2004); *see also Dayco Prod., Inc. v. Walker*, 142 F.R.D. 450,454 (S.D. Ohio 1992) (a stay can issue to "preserve critical rights from being lost irretrievably pending objections or to maintain the status quo when a close question of law is involved in the nondispositive matter."). For example, where a "discovery order would require disclosure of arguably privileged information, trade secrets to a competitor or the like," a court may impose such a stay pending resolution of the objection. *Copic Ins. Co. v. Wells Fargo Bk.*, Civ. Action No. 09-cv-00041-WDM-BNB, 2010 WL 935464 at *1 (D. Colo. March 11, 2010). To make that decision, several courts have applied the four-part test appellate courts have used to determine whether to stay a district court's order pending appeal, namely:

> (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest.

*Id.*; *see also HEI Resources East OMG Joint Venture v. Evans*, Civ. Action No. 09-cv-00028-MSK-BNB, 2009 WL 250364 at *2 (D. Colo. Feb. 3, 2009).

    **B.    The District Court Will Likely Reverse the Magistrate Judge's Order as it Lacks Either A Factual or Legal Basis, and Appears Based on Matters Outside the Adversarial Issues Presented.**

Ruling on a motion to compel without considering the arguments made, or addressing the relevance challenge asserted, represents clear error that the District Court will likely reverse on Defendants' objection. As noted in the Defendants' Objection, the September 5 Order compels the production of financial statements and income tax returns without ever addressing whether such sensitive and confidential documents even contain the "Defendants' ownership and affiliation" information sought by Plaintiffs. Also absent from the Magistrate's brief analysis is any discussion of alternative means of providing this information, or the fact that the Plaintiffs acknowledge they received the ownership and affiliation information from at least three different sources. Instead, the September 5 Order speaks only to the relevance of such ownership information generally. Faced with a decision that does not address the questions presented, as well as the evidence that shows the Plaintiffs were wrong in their "belief" that the financial statements and income tax returns sought contained the corporate structure, officer identification or securitization information at odds with prior disclosures, the District Court will likely reverse the Magistrate Judge's Order as it now stands.

    **C.    The Irreparable Harm Caused by the Production of the Entity Defendants' Financial Statements and Income Tax Returns More Than Outweighs Any Harm to Plaintiffs or the Public Interest.**

Forcing the Entity Defendants to reveal their confidential financial statements and income tax returns will result in serious, irreversible injury. The Entity Defendants operate as private companies and take precautions to assure that their financial results remain private.

Disclosure of these documents will reveal information that competitors and other participants in the credit card debt collection industry and the other business areas in which the Entity Defendants compete, could use to undercut Entity Defendants' positions or pricing. Revealing financial results may also encourage others to bring yet more frivolous claims. Moreover, production of this information will reveal the private financial information of individuals dismissed from, or never party to, this litigation. Simply put, the forced production of private financial results and income tax return information will result in a serious breach of the privacy rights of the entity Defendants and other individuals who are not party to this lawsuit, and could put Entity Defendants at a competitive disadvantage. And once that information is released, it is not easily retrieved. Thus, the irreparable harm to Entity Defendants and the other non-party individuals is real and significant.

In contrast, staying the production of the financial statements and income tax returns until the Court has the opportunity to rule on Defendants' Objection to the Magistrate Judge's Order will not cause the Plaintiffs harm. Defendants have already produced the ownership information to the Plaintiffs, and as articulated above, Plaintiffs have not put forth a valid reason for the production of the confidential and highly sensitive information they request. And even were this Court to determine that Plaintiffs could receive production of some or all of the information, Plaintiffs will be delayed in obtaining the requested financial information only for the expected short time period needed for the Court to rule on the Objection. Further, there is no risk of harm to the public in staying the production of private financial information and income tax returns for the short time period needed for the Court to consider Defendants' Objection. The financial information of private companies is not information in which the public has a legitimate general interest in obtaining.

Because (i) the District Court will likely reverse the Magistrate's order requiring the disclosure of the Entity Defendants' financial statements and income tax returns, and (ii) the irreparable harm Defendants will suffer from the disclosure of this information outweighs any benefit of immediate disclosure, the Court should stay the September 5 Order until the District Court rules on the Defendants' Objection.

## CONCLUSION

For all of the reasons stated above, the Court should stay the September 5 Order compelling the production of the Entity Defendants' financial statements and income tax returns until the District Court has the opportunity to rule on Defendants' Objection to the Magistrate's Order on Defendants' Motion for Reconsideration.

Dated:  September 24, 2014               Respectfully submitted,

                                         s/ *James A. Rolfes*

| | | |
|---|---|---|
| Thomas Allen *pro hac vice* | James A. Rolfes *pro hac vice* | James W. Riley, Jr. |
| REED SMITH LLP | jrolfes@reedsmith.com | Atty. No. 6073-49 |
| 225 Fifth Avenue | Michael DeMarino *pro hac vice* | RILEY BENNETT & |
| Pittsburgh, PA 15222 | mdemarino@reedsmith.com | EGLOFF LLP |
| (412) 288-3131 | David A. Maas *pro hac vice* | 141 East Washington Street |
| (412) 288-3086 (Facsimile) | dmaas@reedsmith.com | Fourth Floor |
| tallen@reedsmith.com | REED SMITH LLP | Indianapolis, IN  46204 |
| | 10 South Wacker Drive | (317) 636-8000 |
| | Chicago, IL  60606-7507 | (317) 636-8027 (Facsimile) |
| | (312) 207-1000 | jriley@rbelaw.com |
| | (312) 207-6400 (Facsimile) | |

*Attorneys for Defendants*

- 9 -

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2014, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of Court's electronic filing to all counsel of record.

      */s/ James A. Rolfes*