UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ANDREW COX, et al.,

Plaintiffs,

vs.

SHERMAN CAPITAL LLC, et al.

Defendants.

No. 1:12-cv-01654-TWP-MJD

**ORDER ON DEFENDANTS' MOTION TO SEAL**

This matter comes before the Court on Defendants' "Motion to Seal Portions of Exhibit A to Plaintiffs' Motion for Leave to File Amended Complaint [Dkt. 272] and [Dkt. 274]." [Dkt. 279.] For the following reasons, the Court **DENIES** the motion.

## I. Background

Andrew Cox, Lucinda Cox, and Stephanie Snyder ("Plaintiffs") filed suit in 2012 against numerous individuals and business entities ("Defendants"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and Racketeer Influence Corrupt Organizations ("RICO") Act. [Dkt. 237 at 3.] Plaintiffs also brought claims for common-law fraud, unjust enrichment, and restitution. [*Id.*] The Court dismissed the individual Defendants and certain claims, leaving one FDCPA claim, the unjust enrichment claim, and the restitution claim against Sherman Capital LLC, Sherman Financial Group LLC, Sherman Originator LLC, LVNV Funding LLC, and Resurgent Capital Services LP. [Dkt. 237 at 20.]

On May 17, 2013, the Court entered a Stipulated Protective Order, [Dkt. 73], stating that the parties could designate as confidential "contracts, correspondence, data, account information,

and internal operations documents . . . or any documents that contain non-public personal, private information." [*Id.* at 2.] The Order contemplated filing under seal, but provided that no document could be sealed absent a motion showing "good cause" and stating the reasons for sealing the document. [*Id.* at 4.] The Order also stated that "the mere fact that information has been designated as confidential by a party is insufficient to permit under-seal filing." [*Id.*]

On May 6, 2014, Plaintiffs filed a motion to amend their complaint, [Dkt. 272], and submitted with their motion a Proposed Amended Complaint as Exhibit A. [Dkt. 274.] The Proposed Amended Complaint incorporated information Defendants had produced during discovery and which had been designated as confidential at that time. [Dkt. 279 at 2.] Plaintiffs moved to file Exhibit A under seal, and the Court granted leave to do so. [Dkt. 276 at 2.] At the same time, however, the Court required Defendants to file contemporaneous motions to 1) keep under seal those portions of Exhibit A that Defendants believed should remain sealed; and 2) unseal those portions of Exhibit A that Defendants did not believe needed to remain sealed. [*Id.*] The Order further required the former motion to "cite to and comply with the relevant Rules and case law governing such motions." [*Id.*] On May 14, 2014, Defendants filed the current motion to maintain portions of Exhibit A under seal. [Dkt. 279.] They included a redacted version of Exhibit A indicating the portions of the Amended Complaint they believed should remain sealed. [Dkt. 278.]

## II.    Legal Standard

This Court's Order, [Dkt. 73], and Rule 26 contemplate filing under seal for "good cause." Fed. R. Civ. P. 26. "The determination of good cause cannot be elided by allowing the parties to seal whatever they want." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The public "at large pays for the courts and therefore has an

interest in what goes on at all stages of a judicial proceeding." *Id.* Hence, the judge is "duty-bound" to "review any request to seal the record." *Id.*

When information is filed with a court, it may "influence or underpin the judicial decision" and is therefore "open to public inspection unless" the information "meets the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). A motion asking to seal such information has "no prospect of success" unless it analyzes "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 548. General assertions that the information is "commercial" or otherwise sensitive will not suffice. *Id.* at 546.

Similar considerations govern requests to proceed anonymously. "The public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is conducted in secret." *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005). Thus, a district court may allow a party to proceed anonymously only "in exceptional cases where the party has a privacy right so substantial as to outweigh the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996) (citations omitted).

## III. Discussion

Defendants ask the Court to maintain under seal three types of information: 1) the identities of several entities named as defendants in Plaintiffs' Proposed Amended Complaint [Dkt. 278 at 1; Dkt 279 at 4]; 2) various "ownership," "management," and "proprietary" relationships between Defendants and private companies associated with Defendants [Dkt. 279 at 3]; and 3) information on the "inner workings" of the Defendants and details of "private financial transactions" with entities such as law firms and collection agencies. [*Id.*] They also ask

to keep one of the Proposed Amended Complaint's exhibits under seal. [Dkt. 279 at 5.] As explained below, the Court finds numerous shortcomings in Defendants' requests.

First, Defendants did not cite a single case or rule of procedure in their motion, [*see* Dkt. 279], despite the Court's explicit instruction to "*cite to* and comply with the relevant Rules and case law governing" motions to seal. [Dkt. 276 at 2 (emphasis added).] This alone is likely sufficient to deny Defendants' motion. *See Baxter*, 297 F.3d at 546, 548 (denying motion that "did not analyze the applicable legal criteria" and criticizing motions that do not "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations").

Second, Defendants' face a heavy burden in showing that they should be allowed to redact the names of several of the Defendants in the Amended Complaint. By doing so, Defendants essentially ask to proceed anonymously, and must therefore establish a privacy right so substantial as to outweigh the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Indiana Black Expo*, 923 F. Supp. at 139. This Court has previously analyzed such requests under a multi-factor test that considers:

> (1) whether the party is challenging governmental activity; (2) whether the party's action requires disclosure of information of the utmost intimacy; (3) whether the action requires disclosure of the party's intention to engage in illegal conduct; (4) whether identification would put the party at risk of suffering physical or mental injury; (5) whether the opposing party would be prejudiced by allowing the party to proceed anonymously; and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

*Malibu Media, LLC v. Doe*, 1:13-CV-00669-WTL-MJD, 2013 WL 5321598, at *1 (S.D. Ind. Sept. 20, 2013) (citing *Indiana Black Expo*, 923 F. Supp. at 140).

The first factor suggests that a request to proceed anonymously is more likely to be granted when the government opposes the requesting party. *Indiana Black Expo*, 923 F. Supp. at 139. Here, Defendants face a private lawsuit, and this factor thus weighs against granting their

request. The second factor involves "intimate" information, such as that involving abortion, mental illness, homosexuality, transsexuality, and children. *Id.* Defendants raise no such concerns in their motion, [*see* Dkt. 279], and the Court sees little potential for disclosure of such information in this FDCPA and RICO action. The third factor considers exposure of illegal conduct. Defendants in their motion understandably do not explain that they are engaged in illegal conduct, but their general contentions that Plaintiffs seek to expose "internal business practices" and "proprietary relationships," [Dkt. 279 at 3], hardly raises a specter of imminent prosecution if the information is unsealed.

The fourth factor turns to the risk of physical or mental injury, and here, Defendants argue that "account holders often react emotionally" to collection efforts, and have "responded to collection efforts with personal threats." [Dkt. 279 at 4.] Defendants might have come closer to meeting their burden had they described specific threats from debtors, submitted documentary evidence of threats, or cited any case law in which FDCPA defendants had received threats or been targets of violence. As it is, however, their vague allegations fall short. *See, e.g.*, *Doe v. Stegall*, 653 F.2d 180, 182 n.6 (5th Cir. 1981) (allowing anonymous proceedings where parties submitted "documentary exhibits to bolster their assertions that they might be subjected to retaliatory harassment or violence"); *Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996) (denying anonymous proceedings when party did not provide "any details" of threats).

The fifth factor considers the prejudice to the non-movant. Plaintiffs did not oppose the current motion, but the burden is on Defendants to show good cause for sealing the filings. *In re Bank One Sec. Litig.*, 222 F.R.D. 582, 586 (N.D. Ill. 2004). Defendants briefly argue that details about the entities they want redacted from the complaint are "of little value" to Plaintiffs' claims, but Defendants do not elaborate on this contention. [Dkt. 279 at 3.] Plaintiffs, meanwhile, allege

that the entities are part of Defendants' corporate restructuring efforts to avoid liability in this litigation. [Dkt. 274 at 6; Dkt. 303 at 6].

Finally, the sixth factor involves the public interest in an open judiciary. As already noted, this interest is substantial. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d at 545; *Cincinnati Ins.*, 178 F.3d at 945. The Court therefore finds that this interest outweighs the Defendants' minimally articulated reasons for redacting the Complaint and **DENIES** Defendants' motion insofar as it seeks to allow certain entities to proceed anonymously.

Next, Defendants want to keep under seal various "ownership," "management," and "proprietary" relationships between themselves and other entities. [Dkt. 279 at 3.] Most of this information consists of allegations that Defendants Sherman Capital, Sherman Financial Group, and Sherman Capital Management own and operate various entities that they use as purchasing and holding vehicles. [Dkt. 274 at 11, 12-13, 15-18, 23.] The information also includes allegations related to the ownership interests and management responsibilities of individuals who were formerly defendants. [*Id.* at 18-21, 24.] Defendants ask to maintain this information under seal because it relates to individuals who are no longer parties to the lawsuit and because it is "of little value" to the FDCPA, unjust enrichment and restitution claims before the Court. [Dkt. 279 at 3.] They also suggest that revealing their ownership structure would place them at a "competitive disadvantage." [*Id.* at 4.]

This argument is unavailing. First, Defendants' motion lacks explanation or analysis describing *why* the information would place them at a "competitive disadvantage." [Dkt. 279 at 4.] The Court does not know what harm would occur or the reasons for that harm, and thus is not inclined to grant the motion. *See Baxter Int'l*, F.3d at 547 (faulting motion to seal that did not explain how disclosure "could . . . harm [the company's] competitive position").

Second, in the time since Defendants filed this motion, the Court has ruled on Plaintiffs' motion to amend their complaint, [Dkt. 297], and Plaintiffs have filed their Amended Complaint. [Dkt. 303.] The Amended Complaint includes not only the FDCPA, unjust enrichment, and restitution claims, but also two RICO claims. [*Id.* at 59-68.] The RICO claims include various allegations that the individuals who were formerly defendants assisted the remaining defendants in the conduct that allegedly constitutes RICO violations. [*Id.* at 59-60.] The Amended Complaint also explains the roles that the former defendants played in managing the entities that remain defendants. [*Id.* at 17-21.] Thus, even though Defendants correctly point out that the individuals have been dismissed with prejudice, [Dkt. 279 at 3], the individuals' ownership and management relationships with the remaining defendant entities remain relevant, and the Court **DENIES** the portion of the motion asking to redact this information.

Defendants next seek to keep sealed information on their "inner workings" and their "private financial transactions" with entities such as law firms and collection agencies. [Dkt. 279 at 3.] This information consists mainly of agreements in which Defendants purchased debt from banks and other entities [Dkt. 274 at 26, 29, 32, 37, 39]; agreements with collection agencies [*id.* at 42]; and agreements with law firms to employ litigation-related collection activities. [*Id.* at 43.] The information also includes data on the number and value of consumer accounts on which Defendants collected. [*Id.* at 57.]

Again, Defendants fail to explain *why* revealing these transactions or data would harm them, [Dkt. at 279], and the Court is therefore disinclined to grant the motion. *See Baxter Int'l*, F.3d at 547. Defendants *do* cite the Court's Protective Order, in which the Court acknowledged that Defendants had "an interest in ensuring the security" of their confidential information [Dkt. 73 at 2]; they *fail* to cite the portion of the Order stating "the mere fact that information has been

designated as confidential by a party is insufficient to permit under-seal filing." [*Id.* at 4]. Thus, their reliance on the confidentiality of the information will not suffice to keep it under seal, and the Court **DENIES** this portion of the motion.

Defendants finally ask that the Court leave Appendix 6 to the Proposed Amended Complaint under seal. [Dkt. 279 at 5.] They note that it "purport[s]" to contain confidential information, but say they do not know enough about the exhibit to explain why it should remain sealed. [*Id.*] This does not amount to the sort of "detail[ed]" analysis, *Baxter*, 297 F.3d at 548, necessary to support their motion, and the Court therefore **DENIES** this portion of the motion.

## IV. Conclusion

For the reasons stated above, the Court **DENIES** Defendants' "Motion to Seal Portions of Exhibit A to Plaintiffs' Motion for Leave to File Amended Complaint [Dkt. 272] and [Dkt. 274]." [Dkt. 279]. The Clerk is directed to unseal Plaintiffs' Proposed Amended Class Action Complaint. [Dkt. 274.]

Date: 10/10/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Robert D. Cheesebourough
ruaneagle@aol.com

Matthew D. Boruta
CHEESEBOUROUGH & BORUTA
boruta17@hotmail.com

Amy E. Romig
PLEWS SHADLEY RACHER & BRAUN
aromig@psrb.com

Frederick D. Emhardt
PLEWS SHADLEY RACHER & BRAUN
emhardt@psrb.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Jeffrey A. Townsend
PLEWS SHADLEY RACHER & BRAUN
jtownsend@psrb.com

Peter M. Racher
PLEWS SHADLEY RACHER & BRAUN
pracher@psrb.com

David A. Maas
REED SMITH LLP
dmaas@reedsmith.com

Gary S. Caplan
REED SMITH LLP
gcaplan@reedsmith.com

James A. Rolfes
REED SMITH LLP
jrolfes@reedsmith.com

Michael L. DeMarino
REED SMITH LLP
mdemarino@reedsmith.com

Thomas L. Allen
REED SMITH LLP
tallen@reedsmith.com

James W. Riley, Jr.
RILEY BENNETT & EGLOFF LLP
jriley@rbelaw.com