UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANDREW COX, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 1:12-cv-01654-TWP-MJD |
| | ) | |
| SHERMAN CAPITAL LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER ON DEFENDANTS' MOTION TO SEAL**

This matter comes before the Court on Defendants' Motion for Leave to File Under Seal Exhibits A and B to Defendants' Opposition to Plaintiff's Motion for Leave to File Amended Complaint. [Dkt. 286.] For the following reasons, the Court **DENIES** the motion.

**I.  Background**

Andrew Cox, Lucinda Cox, and Stephanie Snyder ("Plaintiffs") filed suit in 2012 against numerous individuals and business entities ("Defendants"), alleging violations of the Federal Debt Collection Practices Act ("FDCPA") and Racketeer Influence Corrupt Organizations ("RICO") Act. [Dkt. 237 at 3.] Plaintiffs also brought claims for common-law fraud, unjust enrichment, and restitution. [*Id.*] The Court dismissed the individual Defendants and certain claims, leaving one FDCPA claim, the unjust enrichment claim, and the restitution claim against Sherman Capital LLC, Sherman Financial Group LLC, Sherman Originator LLC, LVNV Funding LLC, and Resurgent Capital Services LP. [Dkt. 237 at 20.]

On May 17, 2013, the Court entered a Stipulated Protective Order, [Dkt. 73], stating that the parties could designate as confidential "contracts, correspondence, data, account information,

1

and internal operations documents . . . or any documents that contain non-public personal, private information." [*Id.* at 2.] The order contemplated filing under seal, but provided that no document could be sealed absent a motion showing "good cause" and stating the reasons for sealing the document. [*Id.* at 4.] The order also stated that "the mere fact that information has been designated as confidential by a party is insufficient to permit under-seal filing." [*Id.*]

On May 6, 2014, Plaintiffs filed a motion to amend their complaint. [Dkt. 272.] Defendants filed a response in opposition on May 30, 2014. [Dkt. 285.] With their opposition, they filed Exhibits A and B under seal, [Dkts. 287 & 288], and filed the current motion, [Dkt. 286], asking the Court to leave Exhibits A and B sealed.

## II.     Legal Standard

This Court's order, [Dkt. 73], and Rule 26 contemplate filing under seal for "good cause." Fed. R. Civ. P. 26. "The determination of good cause cannot be elided by allowing the parties to seal whatever they want." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The public "at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* Hence, the judge is "duty-bound" to "review any request to seal the record." *Id.*

When information is filed with a court, it may "influence or underpin the judicial decision" and is therefore "open to public inspection unless" the information "meets the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). A motion asking to seal such information has "no prospect of success" unless it analyzes "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 548. General assertions that the information is "commercial" or otherwise sensitive will not suffice. *Id.* at 546.

### III.     Discussion

Defendants' motion reiterates that the Court entered a protective order in this case and claims that the documents in Exhibits A and B are "expressly the type of information the Protective Order was designed to shield from public disclosure." [Dkt. 286 at 1-2.] Defendants identify the documents as agreements entered into with CitiBank and Chase Bank. [*Id.* at 2.] They allege that the "form and content of the agreements are proprietary" and contain "highly sensitive, competitive information." [*Id.*]

Defendants' motion is deficient. Although they quote at length from the Protective Order, they omit the portion stating the "mere fact that information has been designated as confidential by a party is insufficient to permit under-seal filing." [Dkt. 73 at 4.] Thus, their contention that the exhibits at issue are the sort of confidential information described in the Protective Order will not suffice to seal the exhibits.

Defendants should have instead explained the reasons for sealing the documents. [*Id.*] They briefly tried to do so in stating that the "form and content" of the agreements are "sensitive" and "proprietary," [Dkt. 286 at 2], but these generalized allegations are insufficient. *Baxter*, 297 F.3d at 546. As noted above, Defendants needed to explain "in *detail*, document by document, the propriety of secrecy, providing *reasons and legal citations*." *Id.* at 548 (emphasis added). Without this detailed analysis, Defendants have not overcome the presumption that the judicial process should be open to the public.

Further, Defendants in their opposition relied on the terms of the contracts they seek to keep sealed. [*See, e.g.*, Dkt. 285 at 7 & n.2 (describing representations in contract and how the "Purchase and Sales Agreement defines the term 'accounts'"); *id.* at 8 & n.3 (describing contractual promises and how "Chase Account Purchase Agreement defines 'account'").] Thus,

although Defendants may prefer to keep the contracts' contents proprietary, their reliance on the terms means the contracts are now part of the information on which this Court has based its decisions. [*See* Dkt. 297 (ruling on Plaintiffs' Motion for Leave to Amend the Complaint).] Absent the detailed analysis required to keep the documents under seal, they must therefore be revealed, *Baxter*, 297 F.3d at 547, and the Court thus **DENIES** Defendants' motion.

## IV.    Conclusion

For the reasons stated above, the Court **DENIES** Defendants' Motion for Leave to File Under Seal Exhibits A and B to Defendants' Opposition to Plaintiff's Motion for Leave to File Amended Complaint. [Dkt. 286.] The Clerk is directed to unseal Exhibits A and B to Defendants' Opposition to Plaintiffs' Motion for Leave to File Amended Complaint. [Dkts. 287 & 288.]

Date:  10/10/2014

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Robert D. Cheesebourough
ruaneagle@aol.com

Matthew D. Boruta
CHEESEBOUROUGH & BORUTA
boruta17@hotmail.com

Amy E. Romig
PLEWS SHADLEY RACHER & BRAUN
aromig@psrb.com

Frederick D. Emhardt
PLEWS SHADLEY RACHER & BRAUN
emhardt@psrb.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Jeffrey A. Townsend
PLEWS SHADLEY RACHER & BRAUN
jtownsend@psrb.com

Peter M. Racher
PLEWS SHADLEY RACHER & BRAUN
pracher@psrb.com

David A. Maas
REED SMITH LLP
dmaas@reedsmith.com

Gary S. Caplan
REED SMITH LLP
gcaplan@reedsmith.com

James A. Rolfes
REED SMITH LLP
jrolfes@reedsmith.com

Michael L. DeMarino
REED SMITH LLP
mdemarino@reedsmith.com

Thomas L. Allen
REED SMITH LLP
tallen@reedsmith.com

James W. Riley, Jr.
RILEY BENNETT & EGLOFF LLP
jriley@rbelaw.com