UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ANDREW COX, et al.          )
                            )
        Plaintiffs,          )
                            )
    vs.                     )   No. 1:12-cv-01654-TWP-MJD
                            )
SHERMAN CAPITAL LLC, et al. )
                            )
        Defendants.          )
                            )

**ORDER ON DEFENDANTS' MOTION TO SEAL**

This matter comes before the Court on Defendants' Motion for Leave to File Material Under Seal Pursuant to Stipulated Protective Order. [Dkt. 307.] For the following reasons, the Court **DENIES** the motion.

### I.     Background

Andrew Cox, Lucinda Cox, and Stephanie Snyder ("Plaintiffs") filed suit in 2012 against numerous individuals and business entities ("Defendants"), alleging violations of the Federal Debt Collection Practices Act ("FDCPA") and Racketeer Influence Corrupt Organizations ("RICO") Act. [Dkt. 237 at 3.] Plaintiffs also brought claims for common-law fraud, unjust enrichment, and restitution. [*Id.*] The Court dismissed the individual Defendants and certain claims, leaving one FDCPA claim, the unjust enrichment claim, and the restitution claim against Sherman Capital LLC, Sherman Financial Group LLC, Sherman Originator LLC, LVNV Funding LLC, and Resurgent Capital Services LP. [Dkt. 237 at 20.]

On May 17, 2013, the Court entered a Stipulated Protective Order, [Dkt. 73], stating that the parties could designate as confidential "contracts, correspondence, data, account information,

1

and internal operations documents . . . or any documents that contain non-public personal, private information." [*Id.* at 2.] The order contemplated filing under seal, but provided that no document could be sealed absent a motion showing "good cause" and stating the reasons for sealing the document. [*Id.* at 4.] The order also stated that "the mere fact that information has been designated as confidential by a party is insufficient to permit under-seal filing." [*Id.*]

A dispute arose during discovery and Plaintiffs filed a Motion to Compel Regarding Written Discovery. [Dkt. 172.] The Court granted in part and denied in part this motion. [Dkt. 210.] Defendants moved the Court to reconsider this ruling, [Dkt. 218], and on September 5, 2014, the Court granted in part and denied in part this motion. [Dkt. 300.] Defendants then objected to the Magistrate Judge's September 5 ruling insofar as it denied the motion to reconsider. [Dkt. 305.] With that objection, they filed the current motion, [Dkt. 307], asking the Court to keep under seal Exhibits C, D, E, G, H, I, K, L, and M accompanying that objection. [Dkt. 306.]

## II. Legal Standard

This Court's order, [Dkt. 73], and Rule 26 contemplate filing under seal for "good cause." Fed. R. Civ. P. 26. "The determination of good cause cannot be elided by allowing the parties to seal whatever they want." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The public "at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* Hence, the judge is "duty-bound" to "review any request to seal the record." *Id.*

When information is filed with a court, it may "influence or underpin the judicial decision" and is therefore "open to public inspection unless" the information "meets the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter*

2

*Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). A motion asking to seal such information has "no prospect of success" unless it analyzes "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 548. General assertions that the information is "commercial" or otherwise sensitive will not suffice. *Id.* at 546.

### III. Discussion

Defendants claim that their objection and accompanying exhibits contain "sensitive and confidential" information related to the ownership of various entity defendants. [Dkt. 307 at 1.] Exhibits C, D, E, G, and K contain an organizational chart, letters, and deposition testimony describing Defendants' ownership structure. [*Id.* at 2.] Exhibits H and I contain the audited financial statements of two of the defendant private companies. [*Id.*] Exhibits L, M, and N contain the net worth disclosures of various entity defendants. [*Id.*] Defendants claim the information in these documents is "not necessary to inform the public as to the issues in this action" and is "highly sensitive and confidential." [*Id.* at 3.]

Defendants' motion does not meet the strict requirements for filing under seal in the Seventh Circuit. First, although the Defendants repeatedly claim that the information is confidential, this sort of "bald assertion" will not suffice to permit sealing the information. *Baxter*, F.3d at 547. Defendants must *explain* why the disclosure of this information will harm them, and the lack of any citation to case law, statutes, or procedural rules in Defendants' motion, [*see* Dkt. 307], is a telling indication that Defendants have not provided such an explanation. *See Baxter*, 297 F.3d at 547 (faulting joint motion for protective order that did "not cite a single statute, rule, or opinion").

Defendants note, [Dkt. 307 at 2], that the Court has previously allowed Defendants to file under seal information related to Defendants' business activities. [*See* Dkts. 180 & 205.] The

Court's past order sealing different documents does not establish "good cause" to grant Defendants' current request to seal additional documents. Further, Defendants' previous motion, [Dkt. 180], was both more detailed than the current motion and encompassed information different in kind than the current motion. *Compare* [Dkt. 180 at 2] (explaining how information about the "nature, extent, and success" of Defendants' debt purchases could prejudice Defendant), *with* [Dkt. 307 at 2] (tautologically stating Defendants' "highly confidential information" is "not publicly available").

Because Defendants have not provided the sort of detailed analysis required to justify sealing the information in question, the Court **DENIES** Defendants' motion.

### IV. Conclusion

For the reasons stated above, the Court **DENIES** Defendants' Motion for Leave to File Material Under Seal Pursuant to Stipulated Protective Order. [Dkt. 307.] The Clerk is directed to unseal Exhibits C, D, E, G, H, I, K, L, and M [Dkt. 306] accompanying Defendants' Objection to the Magistrate Judge's Order on Defendants' Motion for Reconsideration.

Date:  10/10/2014

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Robert D. Cheesebourough
ruaneagle@aol.com

Matthew D. Boruta
CHEESEBOUROUGH & BORUTA
boruta17@hotmail.com

Amy E. Romig
PLEWS SHADLEY RACHER & BRAUN
aromig@psrb.com

Frederick D. Emhardt
PLEWS SHADLEY RACHER & BRAUN
emhardt@psrb.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Jeffrey A. Townsend
PLEWS SHADLEY RACHER & BRAUN
jtownsend@psrb.com

Peter M. Racher
PLEWS SHADLEY RACHER & BRAUN
pracher@psrb.com

David A. Maas
REED SMITH LLP
dmaas@reedsmith.com

Gary S. Caplan
REED SMITH LLP
gcaplan@reedsmith.com

James A. Rolfes
REED SMITH LLP
jrolfes@reedsmith.com

Michael L. DeMarino
REED SMITH LLP
mdemarino@reedsmith.com

Thomas L. Allen
REED SMITH LLP
tallen@reedsmith.com

James W. Riley, Jr.
RILEY BENNETT & EGLOFF LLP
jriley@rbelaw.com