UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 1:12-cv-01654-TWP-MJD |
| | ) |
| SHERMAN CAPITAL LLC, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**ORDER ON DEFENDANTS' MOTION TO UNSEAL**

This matter comes before the Court on Defendants' "Motion to Unseal Portions of Amended Complaint." [Dkt. 311.] For the reasons stated below, the Court **DENIES** the motion.

## I. Background

Andrew Cox, Lucinda Cox, and Stephanie Snyder ("Plaintiffs") filed suit in 2012 against numerous individuals and business entities ("Defendants"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and Racketeer Influence Corrupt Organizations ("RICO") Act. [Dkt. 237 at 3.] Plaintiffs also brought claims for common-law fraud, unjust enrichment, and restitution. [*Id.*] The Court dismissed the individual Defendants and certain claims, leaving one FDCPA claim, the unjust enrichment claim, and the restitution claim against Sherman Capital LLC, Sherman Financial Group LLC, Sherman Originator LLC, LVNV Funding LLC, and Resurgent Capital Services LP. [Dkt. 237 at 20.]

On May 17, 2013, the Court entered a Stipulated Protective Order, [Dkt. 73], stating that the parties could designate as confidential "contracts, correspondence, data, account information, and internal operations documents . . . or any documents that contain non-public personal,

1

private information." [*Id.* at 2.] The Order contemplated filing under seal, but provided that no document could be sealed absent a motion showing "good cause" and stating the reasons for sealing the document. [*Id.* at 4.] The Order also stated that "the mere fact that information has been designated as confidential by a party is insufficient to permit under-seal filing." [*Id.*]

On May 6, 2014, Plaintiffs filed a motion to amend their complaint, [Dkt. 272], and included a Proposed Amended Complaint. [Dkt. 274.] Defendants filed a motion asking to seal portions of Plaintiffs' Proposed Amended Complaint, [Dkt. 279], but the Court denied that motion.

The Court granted in part and denied in part Plaintiffs' motion to file an amended complaint, [Dkt. 297], and Plaintiffs filed their amended complaint (under seal) on September 17, 2014. [Dkt. 303.] Defendants then filed the current Motion to Unseal Portions of Amended Complaint. [Dkt. 311.] They ask the Court to maintain the original amended complaint under seal and seek to file an unsealed but redacted version of the amended complaint. [*Id.* at 5.] With their motion, they included a proposed copy of the redacted amended complaint as Exhibit A.

## II.     Legal Standard

This Court's Order, [Dkt. 73], and Rule 26 contemplate filing under seal for "good cause." Fed. R. Civ. P. 26. "The determination of good cause cannot be elided by allowing the parties to seal whatever they want." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The public "at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* Hence, the judge is "duty-bound" to "review any request to seal the record." *Id.*

When information is filed with a court, it may "influence or underpin the judicial decision" and is therefore "open to public inspection unless" the information "meets the

definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). A motion asking to seal such information has "no prospect of success" unless it analyzes "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 548. General assertions that the information is "commercial" or otherwise sensitive will not suffice. *Id.* at 546.

### III. Discussion

Defendants' current motion, [Dkt. 311], is similar to their earlier motion to seal portions of Plaintiffs' Proposed Amended Complaint. [Dkt. 279.] Thus, Defendants still ask the Court to keep under seal various "ownership," "management," and "proprietary" relationships between Defendants and companies associated with the Defendants [Dkt. 311 at 3]; to keep under seal information on the "inner workings" of Defendant companies and their transactions with entities such as law firms and collection agencies [*id.*]; and to keep sealed portions of the exhibits attached to Plaintiffs' complaint. [*Id.* at 5]. The main difference is that Defendants' current motion does not attempt to redact the names of and information about several entity defendants identified as "New Shell Companies" in Plaintiffs' Amended Complaint. [*See* Dkt. 311-1 at 1-2.]

This difference, however, will not save Defendants' current motion, as this motion suffers from the same deficiencies as Defendants' prior motion to seal plaintiffs' Proposed Amended Complaint. [Dkt. 279.] This is not surprising, as Defendants' current motion copies much of their earlier motion verbatim.

Thus, just as the earlier motion alleged that revealing Defendants' ownership structure would place them at a "competitive disadvantage," [Dkt. 279 at 4], the current motion makes the same allegation. [Dkt. 311 at 4.] And just as the earlier motion lacked any explanation or analysis describing *why* the revelation would disadvantage the Defendants, the current motion

3

similarly lacks such any such explanation. [*See* Dkt. 311 at 3-5.] This does not comply with the Seventh Circuit's requirements to support filing under seal, *Baxter Int'l*, F.3d at 547-48, and the Court therefore **DENIES** this portion of the motion.

Defendants have also failed once again to explain why revealing the "inner workings" of their companies, why revealing their transactions with law firms or collection agencies, or why revealing the exhibits attached the Plaintiffs' complaint would harm them. [*See* Dkt. 311.] Their motion rests on vague allegations that the information is "confidential" and "sensitive," [Dkt. 311 at 2, 5], despite clear direction from the Seventh Circuit that such allegations will not suffice. *Baxter Int'l*, F.3d at 546. The Court therefore **DENIES** the portion of the motion asking to seal this information.

## IV. Conclusion

For the reasons stated above, the Court **DENIES** Defendants' "Motion to Unseal Portions of Amended Complaint." [Dkt. 311.] The Clerk is directed to unseal the entirety of Plaintiffs' Amended Complaint. [Dkt. 303.]

Date: 10/10/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

4

Distribution:

Robert D. Cheesebourough
ruaneagle@aol.com

Matthew D. Boruta
CHEESEBOUROUGH & BORUTA
boruta17@hotmail.com

Amy E. Romig
PLEWS SHADLEY RACHER & BRAUN
aromig@psrb.com

Frederick D. Emhardt
PLEWS SHADLEY RACHER & BRAUN
emhardt@psrb.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Jeffrey A. Townsend
PLEWS SHADLEY RACHER & BRAUN
jtownsend@psrb.com

Peter M. Racher
PLEWS SHADLEY RACHER & BRAUN
pracher@psrb.com

David A. Maas
REED SMITH LLP
dmaas@reedsmith.com

Gary S. Caplan
REED SMITH LLP
gcaplan@reedsmith.com

James A. Rolfes
REED SMITH LLP
jrolfes@reedsmith.com

Michael L. DeMarino
REED SMITH LLP
mdemarino@reedsmith.com

Thomas L. Allen
REED SMITH LLP
tallen@reedsmith.com

James W. Riley, Jr.
RILEY BENNETT & EGLOFF LLP
jriley@rbelaw.com