**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| ANDREW COX, et al., individually ) and on behalf of others similarly ) situated, ) )      Plaintiffs, ) )      v. ) ) SHERMAN CAPITAL LLC, et al. ) )      Defendants. ) | Civil Action No. 1:12-cv-1654-TWP-MJD  CLASS ACTION |

**ANSWER AND DEFENSES OF DEFENDANT SHERMAN FINANCIAL GROUP LLC**
**TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**

Defendant Sherman Financial Group LLC (hereinafter "Defendant") hereby submits the following Answer and Defenses to Plaintiffs' Amended Class Action Complaint (Dkt. No. 303) in this action.

**<u>ANSWER</u>**

Defendant is filing a motion to dismiss Counts II, III, IV and V of Plaintiffs' Amended Complaint. Accordingly, Defendant is not required to respond to allegations relating specifically to those Counts.

Each numbered paragraph of this Answer constitutes Defendant's answer to the same numbered paragraph of Plaintiffs' Amended Complaint.

Defendant denies the allegations of the unnumbered paragraphs preceding paragraph 1 of the Amended Complaint.

1-8.    Denied.

9.    Defendant is moving to dismiss Plaintiffs' RICO Counts and hence no answer to these allegations is required.  To the extent an answer is deemed required, Defendant denies the allegations of paragraph 9 of the Amended Complaint.

10–21. Denied.

22-23.  Defendant is moving to dismiss Plaintiffs' RICO Counts and hence no answer to these allegations is required.  To the extent an answer is deemed required, Defendant denies the allegations of paragraphs 22-23 of the Amended Complaint.

24.    Denied.

25-26.  Paragraphs 25-26 of the Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, Defendant denies the allegations of paragraphs 25-26 of the Amended Complaint.

27-28.  Denied.

29.    Defendant admits only that the Court has dismissed with prejudice the individuals named in paragraph 29 of the Amended Complaint.  Defendant denies the remaining allegations of paragraph 29 of the Amended Complaint.

30.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, third and sixth sentences of paragraph 30 of the Amended Complaint, and accordingly Defendant denies said allegations.  Defendant denies the remaining allegations of paragraph 30 of the Amended Complaint.

31.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, and fourth sentences of paragraph 31 of the Amended Complaint, and accordingly Defendant denies said allegations.  Defendant denies the remaining allegations of paragraph 31 of the Amended Complaint.

32.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first and fourth sentences of paragraph 32 of the Amended Complaint, and accordingly Defendant denies said allegations.  Defendant denies the remaining allegations of paragraph 32 of the Amended Complaint.

33.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first and fourth sentences of paragraph 33 of the Amended Complaint, and accordingly Defendant denies said allegations.  Defendant denies the remaining allegations of paragraph 33 of the Amended Complaint.

34.     Defendant admits only that Sherman Capital LLC is a Delaware limited liability company with offices at 200 Meeting St., Suite 206, Charleston, South Carolina.  Defendant denies the remaining allegations of paragraph 34 of the Amended Complaint.

35.     Defendant admits that it is a Delaware limited liability company with offices at 335 Madison Ave., Floor 19, New York, New York, and that it is owned by Sherman Capital LLC.  Defendant further admits that it owns 100% of Alegis Group LLC and 99% of Resurgent Capital Services L.P.  Defendant denies the remaining allegations of paragraph 35 of the Amended Complaint.

36.     Defendant admits only that Sherman Capital Markets LLC is not a defendant in this action, and that Sherman Capital Markets LLC is a Delaware limited liability company with a business address at 200 Meeting St., Charleston, South Carolina.  Defendant further admits that Sherman Capital Markets LLC is wholly owned by Sherman Capital Group, Inc.  Defendant denies the remaining allegations of paragraph 36 of the Amended Complaint.

37.     Defendant admits that Defendant Resurgent Capital Services LP ("Resurgent") is a Delaware limited partnership.  Defendant further admits that Resurgent is 99% owned by Defendant (limited partner) and 1% owned by Alexis Group LLC (general partner).  Defendant further admits that Alexis Group LLC is a subsidiary of Defendant.  Defendant further admits that Resurgent at all relevant times has been licensed as a "collection agency" under Indiana law.  Defendant further admits that Resurgent has offices in Greenville, South Carolina, and Cincinnati, Ohio.  Some of the allegations of paragraph 37 of the Amended Complaint purport to characterize the contents of documents that speak for themselves.  For that reason Defendant denies said allegations.  Furthermore, the allegations of paragraph 37 of the Amended Complaint include legal conclusions to which no responsive pleading is required.  To the extent a response to these allegations is deemed required, Defendant denies said allegations.  Defendant denies the remaining allegations of paragraph 37 of the Amended Complaint.

38.     Defendant admits that LVNV Funding LLC ("LVNV") is a Delaware limited liability company.  Defendant further admits that LVNV is 100% owned by Sherman Originator LLC.  Defendant further admits that LVNV's officers include Kevin Branigan, President; Scott Silver, Corporate Secretary; and Kenneth Kendall, Chief Financial Officer.  Defendant further admits that LVNV's business address is 625 Pilot Rd., Las Vegas, Nevada 89119.  Many of the allegations of paragraph 38 of the Amended Complaint purport to characterize the contents of

documents that speak for themselves.  For that reason Defendant denies said allegations. Defendant denies the remaining allegations of Paragraph 38 of the Complaint.

39.     Defendant admits that Defendant Sherman Originator LLC is a Delaware limited liability company.  Defendant further admits that Sherman Originator LLC is 100% owned by Defendant and that Sherman Originator LLC owns 100% of LVNV.  Defendant further admits that the business address of Defendant Sherman Originator LLC is c/o Sherman Capital Markets LLC, 200 Meeting St., Charleston, South Carolina. Defendant denies the remaining allegations of Paragraph 39 of the Complaint.

40.     Defendant admits that Sherman Originator III LLC is not a defendant in this action, and that Sherman Originator III LLC is a Delaware limited liability company with a business address at c/o Sherman Capital Markets LLC, 200 Meeting St., Charleston, South Carolina.  Defendant further admits that Sherman Originator III is 100% owned by Defendant. Defendant denies the remaining allegations of paragraph 40 of the Amended Complaint.

41-43.  Denied.

44.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 44 of the Amended Complaint, and accordingly Defendant denies said allegations.

45.     Defendant admits that Benjamin Navarro is not a defendant in this action. Defendant denies the remaining allegations of paragraph 45 of the Amended Complaint.

46.     Defendant admits that Leslie Gutierrez is not a defendant in this action. Defendant denies the remaining allegations of paragraph 46 of the Amended Complaint.

47.     Defendant admits that Scott Silver is not a defendant in this action.  Defendant denies the remaining allegations of paragraph 47 of the Amended Complaint.

48.     Defendant admits that Kevin Branigan is not a defendant in this action. Defendant denies the remaining allegations of paragraph 48 of the Amended Complaint.

49.     Defendant admits that Robert Roderick is not a defendant in this action. Defendant denies the remaining allegations of paragraph 49 of the Amended Complaint.

50.     Defendant admits that Kenneth Kendall is not a defendant in this action. Defendant denies the remaining allegations of paragraph 50 of the Amended Complaint.

51.     Defendant denies the allegations of the first and second sentences of paragraph 51 of the Amended Complaint.  The third sentence of paragraph 51 of the Amended Complaint purports to characterize the contents of a document that speaks for itself.  Accordingly, Defendant denies said allegations.

52-56.  Denied.

57-59.  The allegations of paragraphs 57-59 of the Amended Complaint contain vague generalizations relating to securitization.  Defendant denies these allegations as incomplete and inaccurate.

60-63.  Denied.

64-65.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 64-65 of the Amended Complaint, and accordingly Defendant denies said allegations.

66.     Defendant admits that Sherman Originator III LLC purchased Plaintiff Andrew H. and Lucinda Cox' credit card account from Chase Bank USA, N.A. pursuant to an agreement dated December 10, 2010.  Defendant further admits that Sherman Originator III subsequently transferred the account to Sherman Originator LLC, which subsequently transferred the account to LVNV by a document dated April 8, 2011.  Defendant denies the remaining allegations of paragraph 66 of the Amended Complaint.

67.     Denied.  Defendant admits that Resurgent periodically makes reports to credit reporting agencies, but Defendant denies that Resurgent transmitted any false information about Plaintiffs to any credit reporting agencies.

68.     Defendant denies the allegations of the first sentence of paragraph 68 of the Amended Complaint. Defendant admits that Resurgent engaged Weltman, Weinberg & Reis from April 13, 2011, through to August 11, 2011, to undertake collection efforts related to the Andrew H. and Lucinda Cox account.  Defendant further admits that Resurgent engaged The Brachman Law Group, PC,  from August 29, 2011, to November 19, 2012, to undertake collection efforts related to the Andrew H. and Lucinda Cox account.  Defendant denies the remaining allegations of paragraph 68 of the Amended Complaint.

69-70.  Denied.

71.     The allegations of paragraph 71 of the Amended Complaint purport to characterize the contents of a document that speaks for itself.  Accordingly, Defendant denies said allegations.

72.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 72 of the Amended Complaint, and accordingly Defendant denies said allegations.  The remaining allegations of paragraph 72 of the Amended Complaint purport to characterize the contents of a document that speaks for itself. Accordingly, Defendant denies said remaining allegations.

73.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 73  of the Amended Complaint, and accordingly Defendant denies said allegations.  Defendant denies the remaining allegations of paragraph 73 of the Amended Complaint.

74.      Denied.

75.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 75 of the Amended Complaint, and accordingly Defendant denies said allegations.

76.     Denied.

77.     Defendant admits that Sherman Originator III LLC purchased Plaintiff Andrew H. Cox' credit card account from Chase Bank USA, N.A. pursuant to an agreement dated December 10, 2010.  Defendant further admits that Sherman Originator III subsequently transferred the account to Sherman Originator LLC, which subsequently transferred the account to LVNV by a document dated April 8, 2011.  Defendant denies the remaining allegations of paragraph 77 of the Amended Complaint.

78.     Denied.  Defendant admits that Resurgent periodically makes reports to credit reporting agencies, but Defendant denies that Resurgent transmitted any false information about Plaintiffs to any credit reporting agencies.

79.     Defendant denies the allegations of the first sentence of paragraph 79 of the Amended Complaint.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 79 of the Amended Complaint, and accordingly Defendant denies said allegations.

80-81.  Denied.

82.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 82 of the Amended Complaint, and accordingly Defendant denies said allegations.

83.     Defendant denies the allegations of the first sentence of paragraph 83 of the Amended Complaint.  Defendant admits that Sherman Originator LLC purchased Plaintiff Stephanie D. Snyder's credit card account from Citibank (South Dakota), N.A.  Defendant further admits that Sherman Originator LLC assigned Snyder's account to LVNV by document dated April 4, 2007.  The allegations of the last sentence of paragraph 83 of the Amended Complaint purport to characterize the contents of a document that speaks for itself.  For that reason, Defendant denies those allegations.  Defendant denies the remaining allegations of paragraph 83 of the Amended Complaint.

84.     Denied.  Defendant admits that Resurgent periodically makes reports to credit reporting agencies, but Defendant denies that Resurgent transmitted any false information about Plaintiffs to any credit reporting agencies.

85.     Defendant denies the allegations of the first sentence of paragraph 85 of the Amended Complaint.  Defendant admits that Resurgent engaged the following collection agencies to collect the amount due on Snyder's account:  NES (National Enterprise Systems) from April 13, 2007, through October 9, 2007; Northland Group from October 11, 2007, through July 9, 2008; Allied Interstate from December 11, 2008, through September 4, 2009; Nelson Wastson & Associates LLC from September 4, 2009, through March 6, 2010; and Weltman, Weinberg & Reis from March 16, 2010 through September 13, 2010. Defendant denies the remaining allegations of paragraph 85 of the Amended Complaint.

86-87.  Denied.

88.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 88 of the Amended Complaint, and accordingly Defendant denies said allegations.

89-93.  Denied.

94.     Defendant admits that Resurgent engaged Wright & Lerch on September 29, 2010, to undertake collection efforts related to Snyder's account.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of paragraph 94 of the Amended Complaint, and accordingly Defendant denies said allegations. The allegations of the third sentence of paragraph 94 of the Amended Complaint purport to

10

characterize the contents of a document that speaks for itself.  Accordingly, Defendant denies said allegations.  Defendant denies the remaining allegations of paragraph 94 of the Amended Complaint.

95.     With respect to the allegations of the first sentence of paragraph 95 of the Complaint, Defendant admits only that a lawsuit was filed by Wright & Lerch on behalf of LVNV against Plaintiff Stephanie Snyder on or about April 15, 2011, in the Hamilton County Superior Court.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in the second and third sentences of paragraph 95 of the Amended Complaint, and accordingly Defendant denies said allegations.  With respect to the allegations of the fourth sentence of paragraph 95 of the Complaint, Defendant admits only that Wright & Lerch did request a default judgment against Plaintiff Stephanie Snyder.  Defendant denies the remaining allegations of paragraph 95 of the Amended Complaint.

96.     Denied.

97.     Denied.  Defendant admits that a default judgment was entered against Plaintiff Snyder but otherwise denies the allegations of paragraph 97 of the Amended Complaint.

98-99.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 98-99 of the Amended Complaint, and accordingly Defendant denies said allegations.

100.    Denied.

101.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences of paragraph 101 of the Amended

Complaint, and accordingly Defendant denies those allegations. The allegations in the third, fourth and sixth sentences of paragraph 101 of the Amended Complaint purport to characterize the contents of documents which speak for themselves. For that reason Defendant denies those allegations. Defendant denies the remaining allegations of paragraph 101 of the Amended Complaint.

102-103.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 102 and 103 of the Amended Complaint, and accordingly Defendant denies said allegations.

104.     Defendant admits that Sherman Originator III, LLC purchased Plaintiff Robert Goodall's credit card account from Chase Bank, N.A. on or about September 9, 2010, that Sherman Originator III, LLC assigned Goodall's account to Sherman Originator, LLC, and that Sherman Originator, LLC subsequently assigned Goodall's account to LVNV. Defendant denies the remaining allegations of paragraph 104 of the Amended Complaint.

105.     The first three sentences of paragraph 105 of the Amended Complaint purport to characterize the contents of documents that speak for themselves. For that reason, Defendant denies those allegations. Defendant denies the allegations in the last sentence of paragraph 105 of the Amended Complaint.

106.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the first two sentences of paragraph 106 of the Amended Complaint. Accordingly, Defendant denies said allegations. The allegations of the third sentence of paragraph 106 of the Amended Complaint purport to characterize the contents of documents that speak for

themselves.  For that reason, Defendant denies those allegations.  Defendant denies the remaining allegations of paragraph 106 of the Amended Complaint.

107-132.  The allegations of paragraphs 107-132 of the Amended Complaint appear to relate solely to Plaintiff's claims for RICO violations, common law fraud and constructive fraud. Defendant is moving to dismiss each of these claims, and hence no answer to these allegations is required.  To the extent an answer is deemed required, Defendant denies the allegations of paragraphs 107-132 of the Amended Complaint.

133.    Defendant admits only that Plaintiffs purport to bring this action as a class action on behalf of certain groups of persons.  Defendant denies that any class should be certified in this action under Rule 23 of the Federal Rules of Civil Procedure.

134-139.  Denied.

140-142.  The allegations of paragraphs 140-142 of the Amended Complaint state conclusions of law to which no responsive pleading is required.  To the extent a response to these allegations is required, Defendant denies the allegations of paragraphs 140-142 of the Amended Complaint.

143-145.  Denied.

146.    Defendant incorporates by reference as if fully set forth herein paragraphs 1-145 of this Answer.

147.    Paragraph 147 of the Amended Complaint states a conclusion of law to which no responsive pleading is required.  To the extent a response to these allegations is required, Defendant denies the allegations of Paragraph 147 of the Amended Complaint.

148-149.  Denied.

150.    Paragraph 150 of the Amended Complaint states a conclusion of law to which no responsive pleading is required.  To the extent a response to these allegations is required, Defendant denies the allegations of Paragraph 150 of the Amended Complaint.

151.    Denied.

152.    Paragraph 152 of the Amended Complaint states a conclusion of law to which no responsive pleading is required.  To the extent a response to these allegations is required, Defendant denies the allegations of Paragraph 152 of the Amended Complaint.

153-161.  Denied.

In response to the "Wherefore" clause following paragraph 161 of the Amended Complaint, Defendant denies that Plaintiffs are entitled to any of the relief requested in said clause.

162-203.  Defendant is moving to dismiss Counts II, III, IV and V of the Amended Complaint, and hence Defendant is not required to respond to the allegations of paragraphs 162-203 of the Amended Complaint.  To the extent a response to these allegations is deemed required, Defendant denies the allegations of paragraphs 162-203 of the Amended Complaint

and denies that Plaintiffs are entitled to the relief sought in Counts II, III, IV and V of the Amended Complaint.

204.   Defendant incorporates by reference as if fully set forth herein paragraphs 1-203 of this Answer.

205-210.  Denied.

In response to the "Wherefore" clause following paragraph 210 of the Amended Complaint, Defendant denies that Plaintiffs are entitled to any of the relief requested in said clause.

211.   Defendant incorporates by reference as if fully set forth herein paragraphs 1-210 of this Answer.

212-219.  Denied.

In response to the "Wherefore" clause following paragraph 219 of the Amended Complaint, Defendant denies that Plaintiffs are entitled to any of the relief requested in said clause.

Defendant denies each and every allegation in the Amended Complaint unless expressly admitted herein.

**DEFENSES**

Defendant is filing a motion to dismiss Counts II, III, IV and V of Plaintiffs' Amended Complaint.  Accordingly, Defendant is not required to assert defenses relating specifically to those Counts.  Defendant asserts the following defenses to Counts I, VI and VII.

15

## FIRST DEFENSE

This Court lacks personal jurisdiction over Defendant.

## SECOND DEFENSE

The jurisdictional contacts of other named defendants may not be imputed to Defendant for purposes of determining personal jurisdiction over Defendant.

## THIRD DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## FOURTH DEFENSE

To the extent Plaintiffs are bringing any claim based on an alleged failure of Defendant to be licensed as a "collection agency" under Indiana law, Plaintiffs' claims are barred because Defendant was not required to be licensed as a "collection agency" under Indiana law, Ind. Code 25-11-1-1(b).

## FIFTH DEFENSE

To the extent Plaintiffs are bringing any claim based on an alleged failure of Defendant to be registered under the Indiana Foreign Corporation Registration Statute, Ind. Code 23-1-49-1, Plaintiffs' claims are barred because Defendant was not required to be registered under that statute.

## SIXTH DEFENSE

To the extent Plaintiffs seek to hold Defendant vicariously liable for LVNV's alleged failure to be licensed as a "collection agency" under Indiana law, Plaintiffs' claims are barred because LVNV was not required to be licensed as a "collection agency" under Indiana law, Ind. Code 25-11-1-1(b).

## SEVENTH DEFENSE

To the extent Plaintiffs seek to hold Defendant vicariously liable for LVNV's alleged failure to register under the Indiana Foreign Corporation Statute, Ind. Code 23-1-49-1, Plaintiffs' claims are barred because LVNV was not required to be registered under the Indiana Foreign Corporation Registration Statute.

## EIGHTH DEFENSE

Plaintiffs' claims are barred because Defendant never represented that it owned debts incurred by Plaintiffs or any putative class members.

## NINTH DEFENSE

Plaintiffs' claims are barred because at all relevant times LVNV owned the debts that Resurgent and/or LVNV sought to collect from Indiana citizens.

## TENTH DEFENSE

Plaintiffs' claim under the Fair Debt Collection Practices Act ("FDCPA") in Count I of the Complaint is barred because Defendant did not engage in any conduct in violation of the FDCPA.

## ELEVENTH DEFENSE

Plaintiffs' FDCPA claim is barred because Defendant did not directly or indirectly engage in collection activities, and hence Defendant did not act as a "debt collector" as that term is defined under the FDCPA.

## TWELFTH DEFENSE

Plaintiffs' claim under the FDCPA is barred because Defendant cannot be held liable under any vicarious liability theory for any alleged FDCPA violations by any other named defendant.

## THIRTEENTH DEFENSE

Plaintiffs' claim under the FDCPA is barred because Defendant and the other named defendants at all times maintained a proper separation among themselves as independent business entities and thus did not act as a single economic enterprise such that Defendant could be held liable for the alleged FDCPA violations of any other named defendant.

## FOURTEENTH DEFENSE

Plaintiffs' claim under the FDCPA is barred because any violation of the FDCPA by Defendant was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**FIFTEENTH DEFENSE**

To the extent Plaintiffs seek to hold Defendant vicariously liable for the alleged FDCPA violations of any other named defendant, Plaintiffs' claim is barred because no named defendant engaged in any conduct in violation of the FDCPA.

**SIXTEENTH DEFENSE**

To the extent Plaintiffs seek to hold Defendant vicariously liable for the alleged FDCPA violations of any other named defendant, Plaintiffs' claim is barred because any violation of the FDCPA by any named defendant was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**SEVENTEENTH DEFENSE**

Plaintiffs' claim for statutory damages under the FDCPA on behalf of the alleged putative class is barred and/or limited by the cap on statutory damages set forth in 15 U.S.C. § 1692k(a)(2)(B).

**EIGHTEENTH DEFENSE**

Plaintiffs' claim for statutory damages under the FDCPA is barred or should be reduced by application of the factors set forth in 15 U.S.C. § 1692k(b).

**NINETEENTH DEFENSE**

Plaintiffs' claim for statutory damages under the FDCPA is barred or should be reduced by applicable law or statute or, in the alternative, is unconstitutional insofar as it violates the due

process protections afforded by the United States Constitution, the excessive fines clause of the

Eighth Amendment of the United States Constitution, the Commerce Clause of the United States

Constitution and the Full Faith and Credit Clause of the United States Constitution.   Any law,

statute or other authority purporting to permit the recovery of statutory, penal damages in this

case is unconstitutional, facially and as applied, to the extent that, without limitation, it:  (1) lacks

constitutionally sufficient standards to guide and restrain the Court's or jury's discretion in

determining whether to award statutory damages and/or the amount, if any; (2) is void for

vagueness in that it failed to provide adequate advance notice as to what conduct will result in

statutory damages; (3) unconstitutionally may permit recovery of statutory damages based on

conduct that complied with applicable law, or conduct that was not directed, or did not

proximately cause harm, to Plaintiffs; (4) unconstitutionally may permit recovery of statutory

damages in an amount that is not both reasonable and proportionate to the amount of harm, if

any, to Plaintiffs and to the amount of compensatory damages, if any; (5) unconstitutionally may

permit jury consideration of the resources, net worth or other financial information relating to

defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-

verdict review of any statutory damages award; (7) lacks constitutionally sufficient standards for

appellate review of statutory damages awards; and (8) otherwise fails to satisfy U.S. Supreme

Court precedent, including, without limitation, *State Farm Ins. Co. v. Campbell*, 538 U.S. 408,

123 S.Ct. 1513 (2003), *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589

(1996), and *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 S.Ct. 1032 (1991).  Plaintiffs'

claim for statutory damages is, and any award of statutory damages in this case would be

unconstitutional insofar as such damages are sought to punish Defendant for the conduct of or

injuries to non-parties or otherwise on behalf of absent class members who are not called to

testify in this action and who seek to punish Defendant for others' conduct related to transactions on which the named Plaintiffs were not directly involved.  *See Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

## TWENTIETH DEFENSE

Plaintiffs' FDCPA claim is barred by the applicable statute of limitations (15 U.S.C. § 1692k(d)) to the extent Plaintiffs are attempting to assert FDCPA claims on behalf of themselves or putative class members based on alleged FDCPA violations that occurred more than one year prior to the filing of the Complaint in this action.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims for restitution and unjust enrichment are barred to the extent that Defendant did not receive or retain any benefit from Plaintiffs.  Similarly, the restitution and unjust enrichment claims of any putative class members are barred to the extent those persons did not confer any benefit on Defendant.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims for restitution and unjust enrichment are barred because Plaintiffs and members of the putative class owed, and were obligated to pay, any monies paid to LVNV, and hence the receipt or retention of such monies by Defendant or LVNV was entirely just and legitimate.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims for restitution and unjust enrichment are barred because Defendant at all relevant times believed in good faith that LVNV owned the credit card accounts of the named Plaintiffs and the putative class members and that the seller of those accounts had full right, title and authority to sell those accounts.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims for restitution and unjust enrichment are barred because LVNV purchased the credit card accounts of the named Plaintiffs and the putative class members based on a good faith belief that the seller of those accounts had full right, title and authority to sell those accounts.

## TWENTY-FIFTH DEFENSE

The restitution and unjust enrichment claims of Plaintiffs and members of the putative class are barred because the underlying credit card debts involved in this case are governed by written contracts.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims for restitution and unjust enrichment are barred because Defendant cannot be held liable under any vicarious liability theory for any alleged restitution and unjust enrichment claims asserted against any other named defendant.

## TWENTY-SEVENTH DEFENSE

Plaintiffs may not recover actual damages or "litigation expenses" as remedies for their restitution and unjust enrichment claims.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

## THIRTIETH DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

## THIRTY-FIRST DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## THIRTY-SECOND DEFENSE

Pursuant to the Rooker-Feldman doctrine, this Court lacks subject matter jurisdiction to the extent that the claims of Plaintiffs or any putative class member seek to recover for alleged injuries caused by the entry of a judgment in state court.

## THIRTY-THIRD DEFENSE

Plaintiffs' claims are barred by the doctrines of res judicata and/or collateral estoppel to the extent that the claims of Plaintiffs or any putative class member seek to re-litigate matters addressed in prior legal proceedings.

## THIRTY-FOURTH DEFENSE

Plaintiffs' claim under the FDCPA is barred to the extent that the FDCPA claims of Plaintiffs or any putative class members are based on debt incurred for business purposes or otherwise not incurred for personal, family or household purposes.

## THIRTY-FIFTH DEFENSE

Plaintiffs' claims for restitution and unjust enrichment are barred by the applicable statute of limitations to the extent Plaintiffs are attempting to assert restitution and unjust enrichment claims based on monies that were allegedly paid to Defendant or any other named defendant outside the time period provided by the applicable statute of limitations.

## THIRTY-SIXTH DEFENSE

The claims of Plaintiffs and any putative class members are barred to the extent that, as a result of a bankruptcy filing, any Plaintiff or putative class member lacks standing to bring any such claims.

WHEREFORE, Defendant requests that the Court dismiss Plaintiffs' claims and enter judgment in favor of Defendant.

Dated: October 20, 2014                          Respectfully submitted,


                                                 _/s/ James A. Rolfes_____


Thomas Allen *pro hac vice*    James A. Rolfes  *pro hac vice*    James W. Riley, Jr.
REED SMITH LLP                 jrolfes@reedsmith.com              Atty. No. 6073-49
225 Fifth Avenue               Michael DeMarino *pro hac vice*    RILEY BENNETT & EGLOFF
Pittsburgh, PA 15222           mdemarino@reedsmith.com            LLP
(412) 288-3131                 David A. Maas *pro hac vice*       141 East Washington Street
(412) 288-3086 (Facsimile)     dmaas@reedsmith.com                Fourth Floor
tallen@reedsmith.com           REED SMITH LLP                     Indianapolis, IN  46204
                               10 South Wacker Drive               (317) 636-8000
                               Chicago, IL  60606-7507             (317) 636-8027 (Facsimile)
                               (312) 207-1000                     jriley@rbelaw.com
                               (312) 207-6400 (Facsimile)


*Attorneys for Defendants Sherman Capital, LLC, Sherman Financial Group, LLC,
LVNV Funding, LLC, Resurgent Capital Services LP, and Sherman Originator, LLC*


25

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2014, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent by operation of Court's electronic filing to all counsel of record.


_/s/ James A. Rolfes_____