IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX, *et al.*, individually and on behalf of others similarly situated, ) ) ) ) Plaintiffs, ) ) v. ) ) SHERMAN CAPITAL LLC, *et al.*, ) ) Defendants. ) ) ) | Civil Action No.: 1:12-cv-1654-TWP-MJD CLASS ACTION |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' REPLY IN SUPPORT OF OBJECTION TO MAGISTRATE'S SEPTEMBER 5, 2014 ORDER**

Defendants Sherman Capital LLC, Sherman Financial Group LLC, LVNV Funding LLC, Resurgent Capital Services LP, and Sherman Originator LLC (the "Entity Defendants") hereby submit this Response in Opposition to Plaintiffs' Motion to Strike Defendants' Reply in Support of Objection to Magistrate's September 5, 2014 Order (the "Motion to Strike"). [Dkt. 340.]

**I.     BACKGROUND**

On September 5, 2014, the Magistrate Judge entered an Order granting in part and denying in part Defendants' Motion for Reconsideration [Dkt. 300] which had challenged the Magistrate Judge's February 24, 2014 Order on Plaintiffs' Motion to Compel (the "February 24 Order"). [Dkt. 210.]  As he had in the February 24 Order, the Magistrate Judge required the production of the Entity Defendants' highly sensitive and private financial statements and income tax returns.

On September 19, 2014, the Entity Defendants filed Defendants' Objection to Magistrate Judge's September 5, 2014 Order on Defendants' Motion for Reconsideration pursuant to Fed. R. Civ. P. 72(a) (the "Objection").  [Dkt. 305.]  On October 3, 2014, Plaintiffs moved for leave

to file a response [Dkt. 319], which was granted on October 8, 2014. [Dkt. 320.] Plaintiffs subsequently filed their Response to the Objection on October 10, 2014 (the "Response"). [Dkt. 328.] On October 17, 2014, the Entity Defendants filed a Reply in Support of the Objection (the "Reply") [Dkt. 331], but did not seek leave prior to filing the Reply. On October 24, 2014, Plaintiffs filed the Motion to Strike, arguing that Fed. R. Civ. P. 72(a) "does not expressly provide an opportunity to reply to objections for non-dispositive . . . orders," and requesting that the Court strike the Reply. [Dkt. 340 at 2.]

While Rule 72(a) does not expressly provide for an opportunity to reply in support of objections to a Magistrate's non-dispositive order, the Rule does not prohibit replies either. What is also true is that courts routinely consider replies in connection with Rule 72 objections. Moreover, as the Reply the Entity Defendants filed responds to issues raised by Plaintiffs in their Response, and otherwise will assist the Court in assessing the merits of the Objection, a reasonable basis exists to allow a Reply brief here. Further, to the extent deemed necessary, the Entity Defendants concurrently move for leave to file the Reply *nunc pro tunc*, and respectfully ask that the Court consider their brief.

## II.     ARGUMENT

Fed. R. Civ. P. 72(a) provides in pertinent part:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. . . .

Although Rule 72(a) does not expressly provide for an opportunity either to respond or reply to objections to a Magistrate's non-dispositive order, the Advisory Committee Notes contemplate responses and provide that "a party who is successful before the magistrate will be afforded an opportunity to respond to objections raised to the magistrate's ruling." With regard

to replies, however, Rule 72(a) is silent, neither providing for or prohibiting such replies.

Despite this silence, courts routinely consider replies in support of objections filed pursuant to Rule 72(a). *See, e.g.*, *Snyder v. Tiller*, No. 3:08-cv-470 JD, 2011 WL 4736294, at *1 (N.D. Ind. Oct. 5, 2011); *United States v. Lake Cnty. Bd. Of Comm'rs*, No. 2:04-cv-415, 2006 WL 2051729, at *1 (N.D. Ind. July 20, 2006). Similarly, courts consider replies in support of objections filed pursuant to Rule 72(b), which like Rule 72(a), also does not expressly permit replies in connection with objections to Magistrate orders. *See Gagan v. United Consumers Club, Inc.*, No. 2:10-cv-026 JD, 2012 WL 729943, at *1–*2 (N.D. Ind. Mar. 6, 2012) (denying motion to strike reply brief filed without leave, reasoning that while 72(b) does not expressly permit replies, district courts routinely consider them, and concluding that while leave was not sought, it would have been granted had it been sought); *see also Artuk, Inc. v. AKT Corp.*, No. 13 C 3811, 2014 WL 3895920, at *1 (N.D. Ill. Aug. 7, 2014) (considering a reply brief filed in support of Rule 72(b) objections); *Bostic v. City of Chi.*, No. 86 C 5482, 1991 WL 96430, at *1 (N.D. Ill. May 23, 1991) (same).

What is also true is that the Reply will assist the Court in assessing the merits of the Objection. In the Response, Plaintiffs raise arguments that the Entity Defendants could not have anticipated in the Objection—namely, misleadingly claiming: that the Entity Defendants failed to raise their objections to producing the financial information contained in the financial statements and income tax returns; that the redaction of the produced financial statements renders the financial statements meaningless; that the Entity Defendants provided conflicting and incomplete disclosures and testimony concerning the Entity Defendants' structure and ownership; that the redacted organizational chart the Entity Defendants produced does not sufficiently disclose the ownership of Sherman Capital; and that the protective order should address the Entity

Defendants' concerns. [Dkt. 328 at 7–12.] The Reply specifically addresses each of these meritless assertions, and does not unnecessarily repeat arguments made in the Objection. Accordingly, the Reply will assist the Court in its consideration of the Objection and ensure that the Court is fully informed of both the facts and the law. *See Gen. Motors Corp. v. Johnson Matthey, Inc.*, 887 F. Supp. 1240, 1243 (E.D. Wis. 1995) (declining to strike a party's response—filed without leave—to objections to a Magistrate's non-dispositive order after determining that the response would assist the court in assessing the merits of the objections). It is of additional note that Plaintiffs do not identify any prejudice they will suffer as a result of the Court considering this brief.

To address Plaintiffs' concern that replies can only be considered after seeking leave of Court to file same, the Entity Defendants additionally move *nunc pro tunc* for the Court to grant such leave. As noted above, there is good cause to permit this filing as it replies directly to arguments raised in Plaintiffs' Response. Further, Plaintiffs have not identified any prejudice they will suffer due to the filing of this brief.

### III.   CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion to Strike Defendants' Reply in Support of Objection to Magistrate's September 5, 2014 Order, or in the alternative, grant the Entity Defendants' motion to file such brief *nunc pro tunc*.

Dated: October 27, 2014                                      Respectfully submitted,

                                                              /s/ James A. Rolfes

| | | |
|---|---|---|
| Thomas Allen *pro hac vice* | James A. Rolfes *pro hac vice* | James W. Riley, Jr. |
| REED SMITH LLP | jrolfes@reedsmith.com | Atty. No. 6073-49 |
| 225 Fifth Avenue | Michael DeMarino *pro hac vice* | RILEY BENNETT & EGLOFF |
| Pittsburgh, PA 15222 | mdemarino@reedsmith.com | LLP |
| (412) 288-3131 | David A. Maas *pro hac vice* | 141 East Washington Street |
| (412) 288-3086 (Facsimile) | dmaas@reedsmith.com | Fourth Floor |

- 5 -

| | | |
|---|---|---|
| tallen@reedsmith.com | REED SMITH LLP<br>10 South Wacker Drive<br>Chicago, IL  60606-7507<br>(312) 207-1000<br>(312) 207-6400 (Facsimile) | Indianapolis, IN  46204<br>(317) 636-8000<br>(317) 636-8027 (Facsimile)<br>jriley@rbelaw.com |

*Attorneys for Defendants Sherman Capital, LLC, Sherman Financial Group, LLC, LVNV Funding, LLC, Resurgent Capital Services LP, and Sherman Originator, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2014, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of Court's electronic filing to all counsel of record.

    */s/ James A. Rolfes*