UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX, LUCINDA COX, STEPHANIE SNYDER, individually and on behalf of others similarly situated, and ROBERT GOODALL,<br><br>                Plaintiffs,<br><br>    v.<br><br>SHERMAN CAPITAL LLC, SHERMAN FINANCIAL GROUP LLC, LVNV FUNDING LLC, RESURGENT CAPITAL SERVICES LP, JOHN DOES 1-50, SHERMAN ORIGINATOR LLC, HUGER STREET LLC, MOULTRIE STREET LLC, WOOLFE STREET LLC, JASPER STREET LLC, CONCORD STREET LLC, HAGOOD STREET LLC, CHARLOTTE STREET LLC, ARCHDALE STREET LLC, JACOBS ALLEY LLC, PEACHTREE STREET LLC, GREENHILL STREET LLC, CHALMERS STREET LLC, PRINCESS STREET LLC, and UNKNOWN S CORPORATION,<br><br>                Defendants. | Case No. 1:12-cv-01654-TWP-MJD |

**ENTRY ON OBJECTION TO MAGISTRATE JUDGE'S ORDER**

This matter is before the Court on an objection to the Magistrate Judge's Order on a motion to reconsider (Filing No. 300) filed by Defendants LVNV Funding, LLC, Resurgent Capital Services, LP, Sherman Capital LLC, Sherman Financial Group LLC, and Sherman Originator LLC (collectively, the "Defendants") (Filing No. 305). Defendants object to the Magistrate Judge's Order on their Motion to Reconsider, which granted in part and denied in part the Motion to Reconsider his order on the Plaintiffs' Motion to Compel (Filing No. 210). A hearing was held on the objection on Monday, December 22, 2014. Plaintiffs Andrew Cox, Lucinda Cox, Stephanie

Snyder, and Robert Goodall were represented by counsel Amy E. Romig, Frederick D. Emhardt, and Matthew D. Boruta. Defendants were represented by counsel Thomas L. Allen, James A. Rolfes, and Stephanie Snell Chaudhary. The Court Reporter was David Moxley. For the reasons set forth below, Defendants' objection is **OVERRULED**.

## I. BACKGROUND

Andrew Cox, Lucinda Cox, and Stephanie Snyder (collectively, the "Plaintiffs"), purported to represent similarly situated plaintiffs consisting of three subclasses, alleging common law fraud, unjust enrichment, and restitution claims; three counts of Fair Debt Collection Practices Act ("FDCPA") violations; and three counts of Racketeer Influenced Corrupt Organizations Act ("RICO") violations against all Defendants. Plaintiffs allege that Defendants unlawfully sought collection on consumer debts that they did not own. In an order entered on March 31, 2014, the Court dismissed the individual defendants, Benjamin W. Navarro, Leslie G. Gutierrez, Scott E. Silver, Kevin P. Branigan, Robert A. Roderick, and Kennett Kendall, as well as entity defendants Sherman Capital Markets LLC; Sherman Acquisition, LLC; and Sherman Originator III, LLC (Filing No. 237). Additionally, the Court dismissed Plaintiffs' RICO and common law fraud claims without prejudice, and dismissed with prejudice Plaintiffs' FDCPA claims under Counts I and II against all Defendants (Filing No. 237). The only remaining claims from the original Complaint are the FDCPA claim under Count III and the common law unjust enrichment and restitution claims under Counts V and VI asserted against Sherman Capital, Sherman Financial Group, Sherman Originator, LVNV Funding LLC, and Resurgent Capital Services LP. Plaintiffs were granted leave to re-plead their RICO and fraud claims, which they did on September 17, 2014 (Filing No. 303).

2

Following the inability to resolve a discovery dispute over the production of the Defendants' financial statements and income tax returns, Plaintiffs filed a Motion to Compel Regarding Written Discovery on December 20, 2013 (Filing No. 172), which was granted in part and denied in part by the Magistrate Judge following a hearing on the motion (Filing No. 210). Defendants then timely filed an Objection to the Magistrate Judge's Order on Plaintiffs' Motion to Compel (Filing No. 216), as well as a Motion for Reconsideration of the Magistrate's Order, or in the Alternative to Stay (Filing No. 218). The documents at issue related to Plaintiffs' document requests to Defendant LVNV Funding LLC numbered 51 and 52, which solicit, "[a]ll financial reports and statements to investors of the Defendant for the past two years" (No. 51), and "[a]ll income tax returns of the Defendant for the past two years." (No. 52). (Filing No. 173-2, at ECF p. 28). The dispute also involved all such parallel requests to the other defendants.

On September 5, 2014, the Magistrate Judge issued an order granting in part and denying in part the Motion for Reconsideration (Filing No. 218), and denying as moot the Defendants' Objection to the Magistrate Judge's Order on Plaintiffs' Motion to Compel (Filing No. 216). (Filing No. 300.) In addition, the Motion in the Alternative to Stay (Filing No. 218) and Emergency Motion for Stay until the Court considered Defendants' motion for reconsideration (Filing No. 225) were denied as moot (Filing No. 300, at ECF p. 9). In the September 5, 2014 Entry, the Magistrate Judge granted the motion to reconsider to the extent that the scope of Plaintiffs' request number 51 was limited to "audited financial reports," and also clarified that the discovery order was limited only to the remaining defendants. In addition, due to the nearly one year delay since Plaintiffs initially served their interrogatories and requests for production, the Magistrate Judge granted Plaintiffs' request to broaden the scope of their document request for the remaining Defendants' audited financial reports and tax returns to include the 2013, 2012, and

2011 fiscal years. Because Defendants' original objection to the Magistrate Judge's order on the motion to compel (Filing No. 216) was denied as moot, the Defendants once again filed an objection to the Magistrate Judge's Order on their Motion to Reconsider the Motion to Compel, arguing that the Magistrate Judge's order on the motion to compel, and the order on the motion to reconsider, were clearly erroneous and/or contrary to law.

## II.  LEGAL STANDARD

The Court's review of the Magistrate Judge's discovery-related decision is governed by Rule 72(a) of the Federal Rules of Civil Procedure. That rule provides that a district court may modify or set aside any part of a non-dispositive order referred to a magistrate judge that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of [the magistrate judge's nondispositive] order that is clearly erroneous or contrary to law."); *see also* 28 U.S.C. § 636(b)(1)(A) (providing that the district court can reconsider any pretrial matter decided by the magistrate judge where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law). The clear error standard is highly differential, permitting reversal only when the district court "is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). Magistrate judges have a great deal of discretion in supervising discovery. *Adams v. Ameritech Servs., Inc.*, 231 F.3d 414, 432 (7th Cir. 2000).

## III.  DISCUSSION

Defendants object to the Magistrate Judge's ruling on their motion to reconsider his order on the motion to compel. In his Order, the Magistrate Judge stated that (1) the Defendants' general objections to Plaintiffs' discovery request, made without elaboration at the hearing on the motion to compel, were not valid objections and would not be considered; (2) the financial information

and tax returns are relevant, as they appear, at the least, to be reasonably calculated to lead to the discovery of admissible evidence related to the issue of the Defendants' ownership and affiliation; (3) in response to Defendants' objection that the Plaintiffs' request was vague, Plaintiffs agreed to limit their request to only audited financial reports; and (4) concerns regarding privacy are already addressed by the parties' Stipulated Protective Order at Filing No. 73.  (Filing No. 300.)  With respect to other objections raised by Defendants, the Magistrate Judge found they were not timely raised, and that Defendants were attempting to use their motion for reconsideration as "a vehicle through which to attempt to raise new objections to these document requests."  (Filing No. 300, at ECF p. 6.)  These additional objections included the argument that the compelled disclosure of these documents would irreversibly breach Defendants' privacy rights and irreparably harm Defendants' competitive position, and that Defendants have produced the corporate organization information in other documents, and thus the production of the financial reports and tax returns would be cumulative.

Defendants again raise these issues in the objection presently before this Court, arguing that the Magistrate Judge committed clear error by failing to properly consider their objections in granting the motion to compel.  In addition, Defendants argue that the Magistrate Judge committed error by failing to provide a factual or legal basis for ordering production of the documents; by relying upon the refiling of Plaintiffs' RICO claim as a basis for relevancy; failure to consider that the requested financial information does not contain information regarding ownership or corporate structure; ordering Defendants to produce documents of a sensitive nature and not permitting them to produce alternative evidence of corporate structure; and finally, that the Court should apply a special discovery standard for the production of income tax returns.

Defendants have not demonstrated that the Magistrate Judge committed clear error of law or fact, and the Court is not left with a "definite and firm conviction" that a mistake has been made. Defendants are merely restating the arguments made in opposition to the motion to compel, and in support of their motion to reconsider, that have already been ruled upon by the Magistrate Judge twice. Rule 26(b) permits the discovery of any relevant materials or information that is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The Magistrate Judge thoroughly addressed the issue of the relevancy of the requested documents in his order on the motion to reconsider, finding that these documents, at the least, are reasonably calculated to lead to the discovery of admissible evidence. ([Filing No. 300, at ECF pp. 5-6](#).) Defendants do not argue that the documents sought are irrelevant, only that this information is available from other sources. However, they have not cited to any authority that states that a Magistrate Judge is required to permit a party to produce what it deems to be alternative sources of the information sought through discovery. Plaintiffs stated that there is conflicting evidence in the materials that have been produced regarding the ownership of the various entities, thus Defendants' explanation and provided documentation of the corporate structure is insufficient, particularly in light of the changes in corporate structure that occurred after the case was filed. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 75 (7th Cir. 1992) (plaintiff's offer to provide the information about his income contained in tax returns by way of affidavit does not count as an alternative source because defendant needed to dispute plaintiff's personal accounting). Defendants do not have the unilateral ability to determine what constitutes an adequate substitution for the discovery sought, and must comply with the order of the Court compelling them to produce the documents requested.

Next, Defendants argue that the Court should apply a heightened standard for the discovery of tax returns. However, Defendants acknowledged that the Seventh Circuit has not adopted a special discovery standard for the production of income tax returns, and the cases cited by the Defendant in which discovery of income tax returns was not permitted related to individual or third-party tax returns, not the tax returns of a company that is party to the action. *Finch v. City of Indianapolis*, No. 1:08-CV-0432-DML-RLY, 2011 WL 2516242 at *4 (S.D. Ind. June 23, 2011) (recognizing the sensitivity of *personal* financial information and stating "[d]iscovery aimed at an opponent's *personal* finances is a quick route to the underside of the opponent's skin.") (emphasis added); *Charles v. Quality Carriers, Inc.*, No. 1:08-CV-00428-RLY-JMS, 2010 WL 396356 at *2 (S.D. Ind. Jan. 28, 2010) (recognizing that a *third party's* finances constitute "private and highly sensitive information").

Defendants argue that *Crissen v. Gupta*, No. 2:12-cv-00355, 2014 WL 1414562 (S.D. Ind. April 14, 2014), supports their position that a party may be permitted to produce alternative sources of the information sought in lieu of producing sensitive and confidential tax returns. However, in *Crissen* the court ruled that the defendant's individual tax returns did not have to be produced because they were not relevant to the litigation, not because there were alternative sources available. *Id.* at *4-5. The "other means" by which the plaintiff was able to obtain the pertinent information mentioned by the court was by the defendant's response that he did not have any documents that were responsive to the plaintiff's request, which demonstrated the information plaintiff sought to find from the request—that defendant had not reported certain information on his tax return. *Id.* at *5. *Crissen* may be distinguished from the present case, as the tax returns in that case were not discoverable on the basis of relevance, not, as Defendants argue, on the basis that the information had already been obtained through another avenue. Defendants have admitted

both in briefing and during oral argument that the requested financial statements and tax returns do contain relevant information regarding the ownership and affiliations of the various defendants, thus *Crissen* does not support their position.

The sensitive and confidential nature of the requested documents also does not justify their non-disclosure. The Magistrate Judge acknowledged the sensitive nature of the financial documents, and addressed this issue by stating that such production would be protected by the Stipulated Protective Order (Filing No. 73). Defendants argue that the current protective order is insufficient to protect the documents from public disclosure based upon the Magistrate Judge's prior rulings unsealing documents. *See, e.g.*, Filing No. 208; Filing No. 209; Filing No. 239; Filing No. 240; Filing No. 241; Filing No. 242; Filing No. 266; Filing No. 325. However, Defendants fail to acknowledge that the Seventh Circuit has expressed a strong presumption of public disclosure of documents filed with the court. *Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). The Seventh Circuit has held that "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010); *United States v. Foster*, 564 F.3d 852, 854 (7th Cir. 2009) (holding that "those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality"). In *Baxter*, the Seventh Circuit explained the requirements for sealing a document submitted to that court for an appeal, holding that a motion to seal should "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." 297 F.3d at 548; *See also In re Razo*, 446 B.R. 918, 920 (Bankr. N.D. Ind. 2011) ("[S]imply assert[ing], without any analysis, that certain things are confidential and cannot be

revealed . . . is clearly not enough."). While *Baxter* involved an appellate record, the same principles apply at the District Court level.

The Defendants' criticism of the Magistrate Judge's prior decisions to unseal documents that he determined did not meet the stringent requirements set forth by the Seventh Circuit is not a sufficient basis for the Court to find that the protective order is inadequate to protect documents to be produced to the opposing party. Those decisions are not before this Court for review, and the Court cannot fault the Magistrate Judge for applying the strict standards set forth by the Seventh Circuit for the sealing of filed documents. Plaintiffs agreed at oral argument to modify the existing protective order to the extent necessary to prevent disclosure of the Defendants' financial information and tax returns.

With respect to the objections that were deemed waived because they were untimely, Defendants do not cite to any applicable case law to contradict the Magistrate Judge's decision. Defendants merely argue that the Magistrate Judge failed to consider the meet and confer sessions between the parties prior to the motion to compel, and the oral argument on the motion to compel at which Defendants attempted to explain various ways in which they had provided ownership information to the Plaintiffs. Neither one of these arguments demonstrate clear error. Defendants attempted to raise additional arguments on the motion to reconsider, which is not the purpose of such a motion. *Granite St. Ins. Co. v. Degerlia*, 925 F.2d 189, 192 n.7 (7th Cir. 1991) (a motion to reconsider is not an occasion to make new arguments). Defendants should not be permitted a third bite at the apple and raise the same arguments already addressed by the Magistrate Judge, or present new arguments to this Court.

Finally, Defendants provide no authority to support their argument that the Magistrate Judge abused his discretion by ordering the production of an additional year of financial

information. The original request for production that was made back in 2012 requested documents from the prior two years, and the 2013 financial statements and tax returns were not available at that time. Due to the delay of over a year and the changes in the corporate structure, the Magistrate Judge ordered an additional year of documents to be produced. As the Seventh Circuit has stated, "magistrate and district courts enjoy extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). There is no contrary evidence or legal authority cited by the Defendants to conclude that the modification of the discovery requests was an abuse of discretion by the Magistrate Judge.

At the conclusion of her oral argument, Plaintiff's counsel argued that since we are already in December 2014, the Court should order production of additional tax returns, "to the extent those are updated in 2015 for the 2014 year". That request is denied as such a request is not properly made during oral argument. *See* Local Rule 7-5.

## IV. **CONCLUSION**

Because the Magistrate Judge has broad discretion in supervising discovery, and because Defendants have not presented any arguments that support a definite and clear conviction that an error has been made, the objection to the Magistrate Judge's Order on the Motion to Reconsider is **OVERRULED**.

Accordingly, Defendants must provide the financial statements and tax returns from 2011 and 2012 as ordered by the Magistrate Judge and those statements and returns shall be updated with respect to 2013. Further, the parties are ordered to confer regarding appropriate modifications to the protective order to apply to the documents to be produced. If parties are unable to agree on appropriate modifications, they should then confer with the Magistrate Judge.

The **STAY** imposed on September 25, 2014 (Filing No. 313) is lifted effective the date of this Order.

**SO ORDERED.**

Date: 12/31/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Robert D. Cheesebourough
ruaneagle@aol.com

Matthew D. Boruta
CHEESEBOUROUGH & BORUTA
boruta17@hotmail.com

Amy E. Romig
PLEWS SHADLEY RACHER & BRAUN
aromig@psrb.com

Frederick D. Emhardt
PLEWS SHADLEY RACHER & BRAUN
emhardt@psrb.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Peter M. Racher
PLEWS SHADLEY RACHER & BRAUN
pracher@psrb.com

David A. Maas
REED SMITH LLP
dmaas@reedsmith.com

James A. Rolfes
REED SMITH LLP
jrolfes@reedsmith.com

Michael L. DeMarino
REED SMITH LLP
mdemarino@reedsmith.com

Thomas L. Allen
REED SMITH LLP
tallen@reedsmith.com

Stephanie Snell Chaudhary
RILEY BENNETT & EGLOFF LLP
schaudhary@rbelaw.com

James W. Riley, Jr.
RILEY BENNETT & EGLOFF LLP
jriley@rbelaw.com