IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX, *et al.*, individually and on behalf of others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>SHERMAN CAPITAL LLC, *et al.*,<br><br>　　　　Defendants. | Civil Action No.: 1:12-cv-1654-TWP-MJD<br><br>CLASS ACTION |

**ORDER REGARDING MODIFICATION TO STIPULATED PROTECTIVE ORDER**

　　　　The Court hereby enters the following as a Modification to the Stipulated Protective Order entered on May 17, 2013, at Dkt. No. 73 ("the Stipulated Protective Order").

　　　　1.　　The purpose of this Modification is to adopt additional protections for the production of tax returns and audited financial statements from 2011, 2012, and 2013 produced pursuant to the December 31, 2014 "Entry on Objection to Magistrate Judge's Order" ("Highly Protected Material").

　　　　2.　　In order to obtain the protections of this Modification for information produced to Plaintiffs' Counsel of Record, Defendants may designate tax returns and audited financial statements from 2011, 2012, and 2013 produced pursuant to the December 31, 2014 "Entry on Objection to Magistrate Judge's Order" as "Confidential – Highly Protected Material." For purposes of this Modification, the tax returns and audited financial statements designated in this fashion shall be referred to as "the Highly Protected Version". Prior to producing the Highly Protected Version to Plaintiffs' counsel of record, Defendants may redact social security

numbers (except for the last four digits) from the tax returns and audited financial statements. Plaintiffs reserve the right to object to any redactions made by Defendants pursuant to this paragraph and to request that Defendants provide the redacted information.

3. In addition to producing the Highly Protected Version, Defendants shall produce a second version of the tax returns and audited financial statements marked Confidential under the Stipulated Protective Order ("the Confidential Version"). Prior to producing the Confidential Version to Plaintiffs' counsel of record, Defendants may redact all personally identifying information and financial information. To the extent reasonably possible, Plaintiffs will disclose only the Confidential Version in Court filings. The Confidential Version shall be subject to the terms of the Stipulated Protective Order governing Confidential information.

4. The Highly Protected Version (and the Highly Protected Material therein) shall be subject to the terms of the Stipulated Protective Order governing Confidential information and shall be subject to the additional measures provided in this Order.

5. The Highly Protected Version (and the Highly Protected Material therein) shall be disclosed only to Plaintiffs' counsel of record except as provided in this Order.

6. Plaintiffs' counsel of record may disclose the Highly Protected Version (and the Highly Protected Material therein) to persons identified in sub-paragraphs 2(a), (b) and (d) of the Stipulated Protective Order in accordance with all the provisions of the Stipulated Protective Order governing Confidential material, including but not limited to the requirement that certain persons execute a document substantially similar to Exhibit A of the Stipulated Protective Order.

7. Plaintiffs' counsel of record may disclose the Highly Protected Version (and the Highly Protected Material therein) to Andrew Cox, Lucinda Cox, Stephanie Snyder and Robert Goodall ("the Named Plaintiffs") in the following manner. The Named Plaintiffs may inspect a

hard copy of the Highly Protected Version only at the office of Plaintiffs' counsel of record, and may not make or receive copies of the Highly Protected Version. Any notes made by the Named Plaintiffs related to the Highly Protected Version shall be considered Highly Protected Material. Named Plaintiffs may remove any such notes from the office of Named Plaintiffs' counsel of record for Named Plaintiffs' own use, but Named Plaintiffs may not disclose such Highly Protected Material except as permitted by this Modification. Furthermore, the Named Plaintiffs must execute a document substantially similar to Exhibit A to the Stipulated Protective Order acknowledging their obligation to keep the Highly Protected Version and the Highly Protected Material therein confidential.

      8.      If Plaintiffs believe that filing of the Highly Protected Version (or any Highly Protected Material therein) in Court is warranted, or that disclosure of such material under sub-paragraph 2(c) of the Stipulated Protective Order ("sub-paragraph 2(c)") is warranted, Plaintiffs' counsel of record must first notify Defendants' counsel of record about the disclosure. The notification must be in writing (email is sufficient) and must describe the specific pages of the Highly Protected Version (or the specific Highly Protected Material) that Plaintiffs' counsel of record seek to disclose in the Court filing or that Plaintiffs' counsel seeks to disclose under sub-paragraph 2(c). In addition, with respect to disclosures under sub-paragraph 2(c), Plaintiffs' counsel in the notification must identify the person to whom the disclosure is proposed to be made. The notification must be made five (5) business days before Plaintiffs make any such disclosure and must be delivered to Defendants' counsel of record in this case.

      9.      Defendants' counsel of record will respond to Plaintiffs' notification under paragraph 8 above within three business days of the date of the notification.

10. If Defendants agree to stipulate to the facts in the Highly Protected Material that Plaintiffs seek to disclose in the Court filing or under sub-paragraph 2(c): (a) Plaintiffs will not disclose the requested part(s) of the Highly Protected Version (i.e., the actual tax return and financial statement documents) in the Court filing or under sub-paragraph 2(c); (b) the stipulated facts shall be considered Confidential information under the Stipulated Protective Order; and (3) Plaintiffs may disclose the stipulated facts in a Court filing filed under seal in accordance with the Court's procedures for filing documents under seal.

11. If Defendants' counsel of record objects to the filing or disclosure requested under paragraph 8 above, Defendants' counsel of record may request that the court prohibit the disclosure or filing requested. In such instance, within three (3) business days of Plaintiffs' notification under paragraph 8 above, counsel for Defendants shall seek a telephonic conference with the Magistrate Judge to address the dispute.  If the dispute thereafter remains unresolved, then within three (3) business days following the conference with the Magistrate Judge, Defendants may file a motion seeking appropriate relief and Plaintiffs' may respond to any such filing by the Defendants within seven (7) days of the service thereof. Upon the filing of such a request by Defendants, Plaintiffs' counsel will not disclose or file the information in order to allow the Court an opportunity to rule upon Defendants' request.  Defendants shall agree to an extension as necessary to allow the Plaintiffs to meet any filing or other deadlines while Plaintiffs are waiting for the Court's decision on Defendants' request. Defendants bear the burden of demonstrating that disclosure of the Highly Protected Material is not necessary because: (a) in the case of material to be filed with the Court, the Highly Protected Material is not relevant to any material issues before the Court; or, (b) in the case of material to be disclosed under sub-paragraph 2(c), the person to whom the disclosure is proposed to be made does not need to have access to the material.

12. In the event that the Court denies Defendants' request to prevent the filing or other disclosure of Highly Protected Material, Plaintiffs' counsel of record shall: (a) disclose in the Court filing or under sub-paragraph 2(c) only the specific Highly Protected Material described in its notice under paragraph 8; and (b) take appropriate measures, including redaction, to ensure that no other Highly Protected Material is disclosed. Furthermore, any such disclosure shall be subject to all the requirements of the Stipulated Protective Order to the extent not inconsistent with this Modification.

13. To the extent that Plaintiffs' counsel of record shall file such Highly Protected Material with the Court, Plaintiffs shall file such Highly Protected Material under seal in accordance with the procedures established by the Court for the filing of materials under seal. Pursuant to those procedures, Defendants shall then have an opportunity to show that the seal on such Highly Protected Material shall be made permanent.

14. <u>Filing Documents Under Seal:</u>  For further clarification, the parties shall hereafter comply with the following procedure when filing under seal material designated as protected information pursuant to this order, the Stipulated Protective Order [Dkt. 73], and/or any other orders of the Court relating thereto:

> If protected information is sought to be filed by the Receiving Party, the protected information may be filed under seal with reference to this order. Within seven (7) days thereafter, the Designating Party shall file a separate motion seeking leave to maintain the information under seal in compliance with the local rules of this Court and relevant Seventh Circuit authority and shall simultaneously file for public view a copy of all documents sought to be maintained under seal from which only the information properly subject to being sealed has been redacted.
>
> If protected information is sought to be filed under seal by the Designating Party, then

contemporaneous with the filing of such information, the Designating Party shall file a separate motion seeking leave to maintain the information under seal in compliance with the local rules of this Court and relevant Seventh Circuit authority and shall simultaneously file for public view a copy of all documents sought to be maintained under seal from which only the information properly subject to being sealed has been redacted.

Over-redaction may result in the denial of a motion to seal.

So ordered as amended.

Dated: 02/02/2015

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All Electronically
Registered Counsel