IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX, *et al.*, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHERMAN CAPITAL LLC, *et al.*,<br><br>Defendants. | Civil Action No.: 1:12-cv-1654-TWP-MJD<br><br>CLASS ACTION |

# JOINT REPORT ON THE STATUS OF DISCOVERY

Pursuant to the Court's January 26, 2015 Order, the Parties provide the following Joint Report of the Status of Discovery:

### I.     Discovery Completed to Date

**A.  Depositions**

Plaintiffs deposed Kennett Kendall, Robert Roderick, Kevin Branigan, Scott Silver, Leslie Gutierrez and Benjamin Navarro in the summer of 2013. The scope of these depositions was limited to jurisdiction. Defendants have deposed named Plaintiffs Andrew Cox, Lucinda Cox, and Stephanie Snyder.

**B.  Written Discovery**

Defendants served interrogatories and document requests upon Plaintiffs Andrew Cox, Lucinda Cox, and Stephanie Snyder on November 19, 2013. Plaintiffs Andrew Cox, Lucinda Cox and Stephanie Snyder responded on January 30, 2014.

Plaintiffs served interrogatories and document requests upon the following on August 8, 2013: Sherman Capital Markets, LLC, Sherman Capital LLC, Sherman Originator, LLC, Sherman Originator III, LLC, Sherman Financial Group, LLC, Sherman Acquisition, LLC, Resurgent Capital Services, LP and LVNV Funding LLC.  These entities provided initial responses on October 11, 2013, and amended responses on March 24, 2014.  Defendants have made multiple rounds of voluminous document productions in response to Plaintiffs' discovery requests.

### II.     Pending Discovery

Defendants have noticed the videotaped deposition of Robert Goodall on Tuesday, March 17, 2015.  Plaintiffs' counsel is unavailable on that date, and is in the process of providing alternative dates to Defendants' counsel.

On January 28, 2015 Defendant LVNV Funding LLC served:

1. Defendant LVNV Funding LLC's Second Set of Interrogatories to Plaintiff Lucinda Cox;

2. Defendants LVNV Funding LLC's Second Set of Interrogatories to Plaintiff Stephanie Snyder;

3. Defendant LVNV Funding LLC's Second Set of Interrogatories to Plaintiff Andrew Cox;

4. Defendant LVNV Funding LLC's First Set of Interrogatories to Plaintiff Robert Goodall;

5. Defendant LVNV Funding, LLC's Second Set of Requests for Production of Documents to Plaintiff Lucinda Cox;

6. Defendant LVNV Funding, LLC's Second Set of Requests for Production of Documents to Plaintiff Stephanie Snyder;

7. Defendant LVNV Funding, LLC's Second Set of Requests for Production of Documents to Plaintiff Andrew Cox;

8. Defendant LVNV Funding, LLC's First Set of Requests for Production of Documents to Plaintiff Robert Goodall.

The responses to these discovery requests are due on March 2, 2015. At this time Plaintiffs believe that they are able to meet this discovery deadline, but working with individual Plaintiffs may require additional time. Plaintiffs' counsel Amy E. Romig and Matthew Boruta are primarily responsible for responding to these discovery requests and they will communicate with Defendants should any additional response time be necessary.

### III. Pending Discovery Disputes

On December 20, 2013, Plaintiffs filed a motion to compel related to various discovery disputes arising from Defendants' October 11, 2013 responses to Plaintiffs' written discovery requests. (*See* Dkts. 172-73.) The parties resolved a number of these issues themselves, and the Court ruled on the remainder, including ordering Defendants to produce tax returns and financial statements for 2011, 2012, and 2013. On January 30, 2015 the parties agreed to a Stipulated Modified Protective Order to cover these documents in addition to the Stipulated Protective Order previously entered by this Court. The Court entered an order regarding the Stipulated Modified Protective Order on February 2, 2015. As of the date of this Joint Report Defendants have not produced the tax returns and financial statements but will do so by February 10, 2015.

Plaintiffs and Defendants have resolved several discovery disputes related to Defendants' October 11, 2013 responses to Plaintiffs' written discovery requests. In preparation for the filing of this status report, Plaintiffs identified issues that they believe may still be outstanding, including:

1. **Funds Collected by Defendants**. Plaintiffs requested identification by consumer of all funds collected by any of the defendants or their agents from any Indiana resident over the six years before the filing of the action. In response Defendants

provided a letter from counsel indicating all amounts collected since 2008 as a lump sum. Plaintiffs are still requesting identification by consumer, and any supporting documentation. Furthermore, the letter from counsel only includes amounts since 2008. Plaintiffs are still requesting complete information and documentation for the entire six years prior to the filing of suit (filed November 9, 2012).

2. **Unredacted Bills of Sale**. Plaintiffs requested Purchase Agreements and Bills of Sales related to the transfer of Named Plaintiffs' accounts. Defendants produced redacted Purchase Agreements and Bills of Sales. During subsequent meet and confers, Plaintiffs agreed that Defendants could redact the purchase price from the Purchase Agreements. However, Plaintiffs and Defendants did not reach an agreement with respect to the redaction of the Bills of Sale. No unredacted versions of the Bills of Sale have been produced to date.

3. **Moody's Information**. Plaintiffs previously moved to compel production of information submitted to Moody's for Org. Nos. 400039347 and 720407008. The Court held that this information was not relevant and therefore not discoverable under the Complaint at issue at the time of that order. [Dkt.210, p. 12]. Plaintiffs have filed an amended complaint alleging that Defendants' operation and management of a collateralized debit obligation is one of multiple schemes evidencing the existence of a pattern of racketeering activity that caused Plaintiffs' damages. This information is therefore now relevant and Plaintiffs contend that Defendants should produce this information in light of the filing of the Amended Complaint.

Defendants first learned that Plaintiffs believed there were still pending discovery disputes when Plaintiffs' counsel provided a draft of this joint status report on February 5, 2015. Based on Defendants' initial investigation, Defendants believe that all of the information in item number 1 has already been produced to Plaintiffs. Defendants believe they have complied with their obligations with respect to item number 2 as well. Furthermore, Defendants do not believe Plaintiffs' amended complaint should change the Court's prior ruling that the documents at issue in item number 3 are irrelevant. Defendants' counsel will work with Plaintiffs' counsel to determine whether there is, in fact, any pending discovery dispute, and if so, will work to resolve it.

Defendants contend that the following issues are still outstanding:

1. **Document Requests**. After the depositions of Plaintiffs Andrew Cox, Stephanie Synder, Lucinda Cox, Defendants requested documents. In addition, on February 5, 2015, Defendants requested additional documents after their review of the transcripts of Andrew Cox, Stephanie Snyder, and Lucinda Cox. Defendants contend that Plaintiffs must either produce these documents or indicate that the Plaintiffs do not have such documents. The documents at issue include:

   - Executed affirmations for their responses to the Requests for Production and Interrogatories
   - The "Chase Bank NA SEC filings showing that Chase Secutirized"
   - All documents Andrew Cox collected as part of his "research concerning corporate defendants, securitizations and CDOs."
   - Documents showing that the insurance premiums paid by Andrew Cox, Lucinda Cox and/or Stephanie Snyder increased as a result of the Defendants' conduct
   - Documents that constitute or relate to in any reports concerning Andrew Cox, Stephanie Snyder or Lucinda Cox that Chase, Citibank or any of the Defendants submitted to a credit rating agency.
   - Loan applications, approvals and rejections associated with Andrew and Lucinda Cox's attempt to obtain education loans for their daughters.
   - Documents showing the educational expenses that Andrew and Lucinda Cox intend to present as part of their proof of damages in this matter.

- Documents related to any job application submitted by Andrew Cox after April 2009, including any correspondence with a prospective employer, and any communication that included a statement that Andrew Cox had been denied a job.
- Any documents Andrew Cox, Stephanie Snyder and/or Lucinda Cox have that they believe shows that Chase, Citibank or any of the Defendants or their affiliates sold their credit card accounts as part of a securitization.
- All documents that support Andrew Cox's believe that a credit account owner's, or servicer's, right to collect on a credit card account end when the owner of the account charges off the account.
- Documents related to and showing fees Stephanie Snyder paid as a result of her bank freezing her account.
- Documents supporting Stephanie Snyder's claim that she paid attorney's fees in bankruptcy.
- Phone records indicating collection calls from defendants to A. Cox. (A. Cox deposition p. 80).
- Signed credit card agreement for Chase credit card opened in 1990 or 1991, account ending in 8290, that was the subject of consumer complaint form dated 1/26/10. (A. Cox deposition p. 132).
- Written request to Chase for no more collection calls. (A. Cox deposition p. 133).
- Privacy notice received from Boudreau & Associates. (A. Cox deposition p. 170).

Amy Romig and Matt Boruta will be working on behalf of the Plaintiffs to resolve these disputes. Jim Rolfes, Tom Allen, and David Maas will be working on behalf of Defendants to resolve these disputes.

### IV. Discovery Planned for the Next 28 Days

In addition to the discovery listed in section II above (Pending Discovery). Plaintiffs have served discovery requests upon Defendants requesting information related to collection activity and ownership of three of the named Plaintiffs' accounts, all of which have been responded to by Defendants. Within the next 28 days, Plaintiffs will serve similar requests covering the fourth named Plaintiff, Robert Goodall, who was added in the Amended Complaint. Plaintiffs' counsel Amy E. Romig and Matthew Boruta will be preparing these discovery requests.

## V. Discovery Remaining to be Completed

Future discovery needs may change depending upon possible dispositive motions as well as information that may arise during the litigation. However, Plaintiffs are currently aware that they anticipate serving R. 30(B)(6) deposition requests upon all entity defendants. Plaintiffs are also in the process of preparing nonparty discovery to confirm information previously provided by Defendants. Plaintiffs' counsel Amy E. Romig and Matthew Boruta will be preparing these discovery requests. Depending on whether and what discovery Plaintiffs seek from nonparties, Defendants may need to seek third party discovery as well.

## VI. Any Other Discovery Issues

Defendants' counsel has agreed to the filing of this Report on the Status of Discovery as a Joint Report.

Respectfully submitted

*s/Amy E. Romig*
*Attorneys for Plaintiffs, Andrew Cox, Lucinda Cox, Stephanie Snyder, and Robert Goodall, individually and on behalf of others similarly situated*

George M. Plews, Attorney No. 6274-49
Peter M. Racher, Attorney No. 11293-53
Frederick D. Emhart, Attorney No. 10952-49
Amy E. Romig, Attorney No. 22523-49
PLEWS SHADLEY RACHER & BRAUN LLP
1346 North Delaware Street
Indianapolis, IN 46202
Telephone: (317) 637-0700
Facsimile: (317) 637-0710
Email: gplews@psrb.com
      pracher@psrb.com
      femhardt@psrb.com
      aromig@psrb.com

Robert D. Cheesebourough
Matthew D. Boruta
CHEESEBOUROUGH & BORUTA, L.P.A.
543 E. Market Street
Indianapolis, IN 46204
Telephone: (317) 708-3925
Facsimile: (317) 638-2707
Email: rdc@home-saver.org
      boruta17@hotmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of February 2015, a copy of the foregoing was filed electronically and that all parties of record who have appeared should receive this document via the Court's electronic filing system.

                                                *s/Amy E. Romig*