IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX, *et al.*, individually and on behalf of others similarly situated, ) ) ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No.: 1:12-cv-1654-TWP-MJD |
| ) | CLASS ACTION |
| SHERMAN CAPITAL LLC, *et al.*, ) ) | |
| Defendants. ) ) ) | |

## SUPPLEMENTAL JOINT REPORT ON THE STATUS OF DISCOVERY

Pursuant to the Court's January 26, 2015 Order, the Parties provide the following Joint Report of the Status of Discovery:

**I.  Discovery Completed from February 6, 2015 to Date**

On February 9, 2015, the Entity Defendants produced highly-protected versions of tax returns and financial statements pursuant to the protective order.

**II.  Pending Discovery**

Plaintiffs and Defendants have scheduled the videotaped deposition of Plaintiff Robert Goodall for Thursday, March 19, 2015.

On January 28, 2015, Defendant LVNV Funding LLC served written discovery on the Plaintiffs who were to serve their responses on March 2, 2015.  Plaintiffs, however, have not yet served responses to these requests, nor produced any documents in response to the requests, and have requested an extension until March 10, 2015 to respond, to which Defendants have agreed. The unanswered discovery are as follows:

1. Defendant LVNV Funding LLC's Second Set of Interrogatories to Plaintiff Lucinda Cox;

2. Defendant LVNV Funding LLC's Second Set of Interrogatories to Plaintiff Andrew Cox;

3. Defendant LVNV Funding LLC's First Set of Interrogatories to Plaintiff Robert Goodall;

4. Defendant LVNV Funding, LLC's Second Set of Requests for Production of Documents to Plaintiff Lucinda Cox;

5. Defendant LVNV Funding, LLC's Second Set of Requests for Production of Documents to Plaintiff Lucinda Cox;

6. Defendant LVNV Funding, LLC's Second Set of Requests for Production of Documents to Plaintiff Stephanie Snyder;

7. Defendant LVNV Funding, LLC's Second Set of Requests for Production of Documents to Plaintiff Andrew Cox; and

8. Defendant LVNV Funding, LLC's First Set of Requests for Production of Documents to Plaintiff Robert Goodall.

Defendants requested clarification about the following discovery:

- Executed affirmations for their responses to the Requests for Production and Interrogatories
- The "Chase Bank NA SEC filings showing that Chase Secutirized"
- All documents Andrew Cox collected as part of his "research concerning corporate defendants, securitizations and CDOs."
- Documents showing that the insurance premiums paid by Andrew Cox, Lucinda Cox and/or Stephanie Snyder increased as a result of the Defendants' conduct
- Documents that constitute or relate to in any reports concerning Andrew Cox, Stephanie Snyder or Lucinda Cox that Chase, Citibank or any of the Defendants submitted to a credit rating agency.
- Loan applications, approvals and rejections associated with Andrew and Lucinda Cox's attempt to obtain education loans for their daughters.
- Documents showing the educational expenses that Andrew and Lucinda Cox intend to present as part of their proof of damages in this matter.
- Documents related to any job application submitted by Andrew Cox after April 2009, including any correspondence with a prospective employer, and any communication that included a statement that Andrew Cox had been denied a job.

- Any documents Andrew Cox, Stephanie Snyder and/or Lucinda Cox have that they believe shows that Chase, Citibank or any of the Defendants or their affiliates sold their credit card accounts as part of a securitization.
- All documents that support Andrew Cox's believe that a credit account owner's, or servicer's, right to collect on a credit card account end when the owner of the account charges off the account.
- Documents related to and showing fees Stephanie Snyder paid as a result of her bank freezing her account.
- Documents supporting Stephanie Snyder's claim that she paid attorney's fees in bankruptcy.
- Phone records indicating collection calls from defendants to A. Cox.  (A. Cox deposition p. 80).
- Signed credit card agreement for Chase credit card opened in 1990 or 1991, account ending in 8290, that was the subject of consumer complaint form dated 1/26/10.  (A. Cox deposition p. 132).
- Written request to Chase for no more collection calls.  (A. Cox deposition p. 133).
- Privacy notice received from Boudreau & Associates.  (A. Cox deposition p. 170).

Plaintiffs' have provided  a written indication as to what documents do not exist on March 5, 2015.  Defendants will review the information to determine whether Plaintiffs have responded to information that has been requested.

### III.    Pending Discovery Disputes

The parties conducted two telephonic discovery conferences since the submission of the last discovery status report.  Plaintiffs have raised some questions regarding the redaction of the Highly Confidential Documents as well as some information previously produced related to accounts owned by LVNV Funding, LLC for Indiana residents.  Amy Romig and Matt Boruta will be working on behalf of the Plaintiffs to resolve these questions.  Jim Rolfes, Tom Allen, and David Maas will be working on behalf of Defendants to resolve these questions and will report to the Court by next month if there remains any dispute.

### IV.    Discovery Planned for the Next 28 Days

The deposition of Robert Goodall is scheduled for March 19, 2015.

Plaintiffs' responses to and production of documents in response to Defendants' discovery requests.

### V.     Discovery Remaining to be Completed

Future discovery needs may change depending upon possible dispositive motions as well as information that may arise during the litigation. However, Plaintiffs are currently aware that they anticipate serving R. 30(B)(6) deposition requests upon all entity defendants.  Plaintiffs are also in the process of preparing nonparty discovery to confirm information previously provided by Defendants.  Plaintiffs' counsel Amy E. Romig and Matthew Boruta will be preparing these discovery requests.  Depending on whether and what discovery Plaintiffs seek from nonparties, Defendants may need to seek third party discovery as well.

### VI.     Any Other Discovery Issues

Plaintiffs' counsel has agreed to the filing of this Supplemental Report on the Status of Discovery as a Joint Report.

Dated: March 6, 2015                              Respectfully submitted,


                                                 s/ James A. Rolfes


Thomas Allen *pro hac vice*      James A. Rolfes  *pro hac vice*      James W. Riley, Jr.
REED SMITH LLP                   jrolfes@reedsmith.com               Atty. No. 6073-49
225 Fifth Avenue                 David A. Maas *pro hac vice*        RILEY BENNETT &
Pittsburgh, PA 15222             dmaas@reedsmith.com                 EGLOFF LLP
(412) 288-3131                   REED SMITH LLP                      141 East Washington Street
(412) 288-3086 (Facsimile)       10 South Wacker Drive               Fourth Floor
tallen@reedsmith.com             Chicago, IL  60606-7507             Indianapolis, IN  46204
                                 (312) 207-1000                       (317) 636-8000
                                 (312) 207-6400 (Facsimile)           (317) 636-8027 (Facsimile)
                                                                     jriley@rbelaw.com


*Attorneys for Defendants Sherman Capital LLC, Sherman Financial Group LLC, Resurgent Capital Services LP, LVNV Funding LLC, and Sherman Originator LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 6th day of March, 2015, a copy of the foregoing was filed electronically and that all parties of record who have appeared should receive this document via the Court's electronic filing system.


s/     *James A. Rolfes*