# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX, LUCINDA COX, and STEPHANIE SNYDER, individually and on behalf of others similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) Civil Action No. 1:12-cv-1654-TWP-MJD<br>) CLASS ACTION |
| v. | )<br>) |
| SHERMAN CAPITAL LLC, *et al.*, | )<br>) |
| Defendants. | ) |

## DEFENDANT LVNV FUNDING LLC'S AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendant LVNV Funding, LLC ("Defendant") amends its initial Objections and Responses to Plaintiffs Andrew Cox, Lucinda Cox, and Stephanie Snyder ("Plaintiffs") First Set of Interrogatories ("Interrogatories"), and responds, as follows:

### PRELIMINARY STATEMENT

Defendant's Responses to Plaintiffs' Interrogatories have been made in good faith and after diligent inquiry into the facts and information now known. Defendant is engaged in a continuing investigation into the subject matter sought by this discovery, and as such, cannot exclude the possibility that its continued investigation may at some time reveal more complete information or even information that indicates a response now supplied is incorrect. For these reasons, the information being provided in these Responses is or may be incomplete.

Information of this nature is supplied because it may lead to the discovery of admissible evidence. Without in any way obligating itself to do so, Defendant reserves the rights: (a) to make subsequent revision, supplementation or amendment to these Responses based upon any

5. Describe and list the chain of possession by purchase or assignment or otherwise of each Plaintiff's account from the originating bank (Chase Bank NA and Citibank) and any of its affiliates to purchaser to collection.

ANSWER:

Defendant objects to this Interrogatory on the ground that the term "chain of possession" as used in this Interrogatory is vague. Defendant assumes that in using this term, Plaintiffs seek information regarding the ownership of their credit card accounts and any placements of those debts with collection agencies or law firms for collection. Defendant further objects on the ground that the Interrogatory purports to require Defendant to provide the entire historical ownership or collection information for Plaintiffs' credit card accounts. The Federal Rules of Civil Procedure do not require Defendant to undertake an investigation as to ownership of, or collection efforts related to, Plaintiffs' credit card accounts prior to the purchase of those accounts by one of Defendant's affiliated companies. Defendant's response, therefore, is limited to information Defendant or its affiliated companies have regarding the Plaintiffs' accounts. Subject to and without waiving the foregoing objections, Defendant responds as follows:

Plaintiff Stephanie D. Snyder

Defendant Sherman Originator, LLC purchased Plaintiff Stephanie D. Snyder's credit card account ("Snyder's Account") from Citibank (South Dakota), N.A ("Citibank") pursuant to the Sherman Originator, LLC Purchase and Sale Agreement, made as of April 4, 2007, between the Citibank and Sherman Originator LLC as "Buyer." (*See* SO-0001-00018.) Pursuant to that agreement, Citibank sold, assigned and transferred to Sherman Originator LLC all its right,



- 6 -

title and interest in Snyder's Account. In that agreement, Citibank further represented, among other things, that at time of sale:

    (i)    Citibank "had good and marketable title" to Snyder's Account, and was the "sole owner thereof and [had] full right to transfer and sell" Snyder's Account "free and clear of any encumbrance, equity, lien, pledge, charge, claim, security interest, obligation to third party collection agencies or attorneys previously retained by the [Citibank] or Sears;"

    (ii)    the information concerning Snyder's Account that Citibank provided to Sherman Originator LLC on tape was "materially true and correct;" and

    (iii)    Snyder's Account was not securitized, and that to the extent it had previously been included in the Standard Credit Card Master Trust, all conditions precedent for removal of Snyder's Account from that trust had been satisfied.

Pursuant to the Bill of Sale, Assignment and Assumption Agreement, dated as of April 4, 2007, between Citibank and Sherman Originator LLC, Citibank transferred, sold, assigned, conveyed, granted, bargained, set over, and delivered Snyder's Account to Sherman Originator LLC, and to Sherman Originator LLC's successors and assigns. (*See* SO-00019.)

On April 4, 2007, Sherman Originator LLC, pursuant to a Declaration of Account Transfer, transferred, sold, assigned, conveyed, granted and delivered to LVNV Funding, LLC all of Sherman Originator LLC's right, title and interest in and to Snyder's Account, including electronically stored business records related to Snyder's Account. (*See* SO-00029.)



Plaintiff Andrew H. Cox

Defendant Sherman Originator III, LLC purchased Plaintiff Andrew H. Cox' credit card account ("Cox 1 Account") from Chase Bank USA, N.A ("Chase") pursuant to the Forward Flow Account Purchase Agreement, made as of December 10, 2010, between Chase as "Seller" and Sherman Originator III LLC as "Buyer." (*See* SOIII-0001-00019.) Pursuant to that agreement, Chase sold, assigned and transferred to Sherman Originator III LLC all Chase's rights, title and interest in Cox 1 Account on April 7, 2011. In that agreement, Chase further represented, among other things, that at time of sale:

> (i) Chase "had good and marketable title" to Cox 1 Account, and would transfer Cox 1 Account "free and clear of any lien or encumbrance;" and
>
> (ii) the account level data Chase provided with regard to Cox 1 Account, was "materially true and accurate to the best of [Chase's] books and records."

Pursuant to the Bill of Sale dated as of April 7, 2011, Chase assigned all its rights, title and interest in and to Cox 1 Account, to Sherman Originator III LLC, and to Sherman Originator III LLC's successors and assigns. (*See* SO -0020.)

Pursuant to a Transfer and Assignment dated April 8, 2011, Sherman Originator III LLC transferred, sold, assigned, conveyed, granted and delivered to Sherman Originator LLC all of its right, title and interest in Cox 1 Account including the electronically stored business records associated with Cox 1 Account. (*See* SO -0021.) Pursuant to that same Transfer and Assignment, and subsequent to



- 9 -

this transfer, Sherman Originator LLC transferred, sold, assigned, conveyed, granted and delivered Cox 1 Account to LVNV Funding, LLC. (*Id.*)

On April 8, 2011, LVNV Funding, LLC appointed Resurgent Capital Services, LP as its agent for the purpose of collecting amounts due on Cox 1 Account. (*See* LVNV 2132-2133).

On April 13, 2011 Resurgent Capital Services LP engaged Boudreau & Associates, a law firm licensed under the Indiana Collection Agency Act, to undertake collection efforts related to Cox 1 Account. On May 2, 2012, Boudreau & Associates returned the Cox 1 account data to Resurgent. The account is currently recorded as legal hold status. Resurgent's records do not reflect any payments made on this account while LVNV Funding LLC has owned the credit card account.

<u>Plaintiffs Andrew H. Cox and Lucinda Cox</u>

Defendant Sherman Originator III, LLC purchased Plaintiff Andrew H and Lucinda Cox' credit card account ("Cox 2 Account") from Chase Bank USA, N.A ("Chase") pursuant to the Forward Flow Account Purchase Agreement, made as of December 10, 2010, between Chase as "Seller" and Sherman Originator III LLC as "Buyer." (*See* SOIII-0001-00019.) Pursuant to that agreement, Chase sold, assigned and transferred to Sherman Originator III LLC all Chase's rights, title and interest in Cox 2 Account. In that agreement, Chase further represented, among other things, that at time of sale:

    (i)    Chase "had good and marketable title" to Cox 2 Account, and would transfer Cox 2 Account "free and clear of any lien or encumbrance;" and



| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | |
| ) | **VERIFICATION** |
| COUNTY OF GREENVILLE ) | |

Before me, the undersigned authority, a Notary Public in and for said South Carolina and Greenville, personally appeared Meghan Emmerich, authorized representative of LVNV Funding LLC, who, being duly sworn, deposes and says: that she signs this verification to the Responses to the Interrogatories contained in Plaintiffs' First Set Of Interrogatories to LVNV Funding LLC in *Cox v. Sherman Capital LLC, et al.*, Civil Action No. 1:12-cv-1654-TWP-MJD (S.D. Ind.) on behalf of Defendant LVNV Funding LLC, and is duly authorized to do so; that the matters inquired about in the foregoing Interrogatories are not necessarily within the personal knowledge of affiant but that to the extent such matters are not within affiant's personal knowledge, they are based on information assembled by authorized agents and counsel for, or from the business records of, LVNV Funding LLC or its affiliated companies; and, subject to the objections and qualifications set forth in LVNV Funding LLC's responses, affiant, either based on personal knowledge, the information provided by authorized agents and counsel, or business records, verifies that the facts stated in the Interrogatory responses are true.

By: _____
Meghan Emmerich
Authorized Representative
LVNV Funding LLC

SUBSCRIBED AND SWORN
before me this 24th day of March 2014.

_____
Notary Public

My Commission Expires



- 26 -

- 26 -

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2014, a copy of the foregoing document was served on all counsel of record by email as well as Overnight UPS delivery for Tuesday, March 25, 2014.

                                              s/ James A. Rolfes