# **EXHIBIT F**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX, LUCINDA COX, STEPHANIE, SNYDER, and ROBERT GOODALL on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHERMAN CAPITAL LLC, *et al.*,<br><br>Defendants. | Civil Action No.: 1:12-cv-1654-TWP-MJD<br><br>CLASS ACTION |

## ROBERT GOODALL'S AMENDED RESPONSES TO DEFENDANT LVNV FUNDING LLC'S FIRST SET OF INTERROGATORIES

Plaintiff Robert Goodall provides the following amended responses to LVNV Funding LLC'S First Set of Interrogatories of which Defendants raised issues pursuant to Fed. R. Civ. P. 26(f).

### GENERAL OBJECTIONS

1. Goodall generally objects to each request to the extent that it seeks any information not relevant to the subject matter of this action, information not reasonably calculated to lead to the discovery of admissible evidence, privileged and/or confidential information, materials prepared in anticipation of litigation or within the scope of the work product doctrine or attorney-client privilege.

2. Goodall further generally objects to each request to the extent it requests any information otherwise outside the scope and limits of discovery as set forth in the Federal Rules of Civil Procedure.

Discovery and Plaintiffs' investigation of the claims are continuing in this case. Consequently, Cox expressly reserves the right to amend, alter, or supplement his answers to these requests and all other discovery requests served in this case. Subject to and without waiving these general objections, Cox answers as follows:

## INTERROGATORIES

**INTERROGATORY NO. 8**: Identify all facts relating to Your contention that LVNV did not own Your debt.

**ANSWER:**

Plaintiff objects that this interrogatory is premature as the deadline to disclose expert opinions has not passed, and therefore this answer is subject to and will be supplemented. Without waiving this objection, Plaintiff states that Chase Annual Statements indicate that it securitizes a majority of its originated receivables. When the receivables are transferred from the originating bank, the originating bank (Chase, etc.) represents and warrants that its transfer of receivables constitutes a valid sale and assignment of all of its right, title and interest in and to the receivables to the issuing entity. Furthermore, SEC Forms ABS-15G filed by Chase indicate no activity to report for the specified periods, indicating that Chase did not repurchase the right and title to these receivables. Since Chase did not have the right and title to the accounts (including Goodall's), it could not sell such rights to Defendants, including LVNV. Furthermore, Moody's identifies LVNV as a structured financial product which coincides with the

2

Sherman Investor Day Presentation. As a structured financial product, LVNV securitized any "receivable" that it *did* buy, as indicated below, it transferred right and title and thus no longer owned the alleged debt.

**INTERROGATORY NO. 9**: Identify all facts relating to Your contention that Defendants purchase data about Indiana charged-off consumer credit card accounts and then securitize this pool of information into a synthetic collateralized debt obligation (see Amended Complaint, ¶ 4).

**ANSWER:**

Plaintiff objects that this interrogatory is premature as the deadline to disclose expert opinions has not passed, and therefore this answer is subject to and will be supplemented. Without waiving this objection, Plaintiff states that Exhibit 4 to the amended complaint includes a credit rating from Moody's that LVNV is an asset based security. Further, at deposition, Kevin Branigan defined Sherman Capital Markets as an investment bank. Exhibit 4 also includes a presentation for Radian's Investor Day discussing how the accounts are handled.

**INTERROGATORY NO. 10**: Identify all facts relating to Your contention that Resurgent collects money from borrowers, which flows through Defendants and then is used to purchase more data and pay the certificate holders of the LVNV collateralized debt obligation (see Amended Complaint, ¶ 5).

**ANSWER:** Plaintiff objects that this interrogatory is premature as the deadline to disclose expert opinions has not passed, and therefore this answer is

3

subject to and will be supplemented. Without waiving this objection, Plaintiff states that Exhibit 4 to the amended complaint includes a presentation for Radian's Investor Day discussing how the accounts are handled and discusses Resurgent's operations. Resurgent's own Financial Statements describes Resurgent as a servicer. (Resurgent 000000725). Additionally, redacted financial statements produced by Defendants note that variable interest entities were analyzed or included in the financial statement (*see e.g.* Doc. 249-5). Further, a structured financial product, such as an LVNV, must replenish its short-term assets and pay certificate holders as Moody's indicates payments to investors for a period of 20 years.

**INTERROGATORY NO. 11**: Identify all facts or laws relating to Your contention that one of the "results of securitization" is that "the originating bank cannot get the receivables back without violating IRS, SEC and U.S. Generally Accepted Accounting Principles (GAAP) Accounting Standards Update (ASU) 2009-16, which amended Financial Accounting Standards Board (FASB) Accounting Standards Classification (ASC) 860 (formerly FASB 140), Transfers and Servicing." (*see* Amended Complaint, ¶ 60). Include in Your answer citations to any specific statutes, regulations, policies or standards (including but not limited to specific provisions of ASU 2009-16) that relate to Your contention.

**ANSWER:** Plaintiff objects that this interrogatory is premature as the deadline to disclose expert opinions has not passed, and therefore this answer is subject to and will be supplemented. Without waiving this objection Plaintiff states

4

that securitization is the process whereby loans or other receivables are packaged, underwritten, and sold to investors. In a typical transaction, assets are sold to a special purpose entity, which purchases the assets with cash raised through issuance of beneficial interests (usually debt instruments) to third-party investors. Per U.S. Generally Accepted Accounting Principles (GAAP) Accounting Standards Update (ASU) 2009-16, which amended Financial Accounting Standards Board (FASB) Accounting Standards Codification (ASC) 860 (formerly FASB 140), Transfers and Servicing, a transfer of an entire financial asset, a group of entire financial assets, or a participating interest in an entire financial asset in which the transferor surrenders control over those financial assets shall be accounted for as a sale if and only if all of the following conditions are met:

> a. The transferred financial assets have been isolated from the transferor;
>
> b. Each transferee has the right to pledge or exchange the assets it received;
>
> c. The transferor, its consolidated affiliates included in the financial statements being presented, or its agents do not maintain effective control over the transferred financial assets or third-party beneficial interests related to those transferred assets.

When the receivables are transferred from the originating bank, the originating bank (Chase, etc.) represents and warrants that its transfer of receivables constitutes a valid sale and assignment of all of its right, title and interest in and to the receivables. Credit Card Securitizations are identified in both the Chase Annual Statement and Citi Annual Statement as well as "Securitizations and

5

Variable interest Entities" under Note 16 for Chase and Note 22 for Citi. These transferor representations and warranties are included in SEC filings such as Form 424b3 and 424b2. Adoption of these accounting standards by the IRS is covered in part by IRS Interpretation No. 48. Furthermore, SEC Form ABS-15G Asset-Backed Securitizer Report is filed pursuant to section 15G of the Securities Exchange Act of 1934 and provides disclosure regarding the repurchase and replacements of receivables related to asset-backed securities. If the originating bank has transferred the assets, it must repurchase those assets in order to then sell them to a debt buyer, and any such repurchase must be reported.

Furthermore, *see* proof of claim #9 filed by LVNV (previously produced) which does not attach any contract executed by me, nor show proof that LVNV owns the alleged debt.

I affirm under the penalties for perjury that the foregoing responses contained herein are complete, true, and accurate to the best of my knowledge at this time.

Date: April ___, 2015

_____
Robert Goodall

Date: <u>April 24, 2015</u>

As to Objections:

PLEWS SHADLEY RACHER & BRAUN LLP

_____
*Attorneys for Plaintiffs, Andrew Cox, Lucinda Cox, Stephanie Snyder, and Robert Goodall individually and on behalf of others similarly situated*

George M. Plews, Attorney No. 6274-49
Peter M. Racher, Attorney No. 11293-53
Frederick D. Emhart, Attorney No. 10952-49
Amy E. Romig, Attorney No. 22523-49
PLEWS SHADLEY RACHER & BRAUN LLP
1346 North Delaware Street
Indianapolis, IN 46202
Telephone: (317) 637-0700
Facsimile: (317) 637-0710
Email: gplews@psrb.com
       pracher@psrb.com
       femhardt@psrb.com
       aromig@psrb.com


Robert D. Cheesebourough
Matthew D. Boruta
CHEESEBOUROUGH & BORUTA, L.P.A.
543 E. Market Street
Indianapolis, IN 46204
Telephone: (317) 708-3925
Facsimile: (317) 638-2707
Email: rdc@home-saver.org
       boruta17@hotmail.com

8

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via electronic mail and United States mail postage pre-paid on the following counsel of record this 24th day of April, 2015:

Thomas L. Allen
REED SMITH LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222

James Rolfes
Michael L. DeMarino
David A. Maas
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606-7507

Stephanie S. Chaudhary
RILEY BENNETT & EGLOFF, LLP
141 East Washington Street, Fourth Floor
Indianapolis, IN 46204

_____