# **EXHIBIT L**

```
                                                                1
 1              UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF INDIANA
 2                 INDIANAPOLIS DIVISION

 3

 4    ANDREW COX, LUCINDA COX, and      )
      STEPHANIE SNYDER, Individually    )
 5    and on behalf of others           )
      similarly situated,               )
 6                                      )
              Plaintiffs,               )
 7                                      )
                  -vs-                  ) CIVIL ACTION NO.
 8                                      ) 1:12-cv-1654-TWP-MJD
      SHERMAN CAPITAL LLC; SHERMAN      )
 9    FINANCIAL GROUP, LLC; LVNV        )
      FUNDING, LLC; RESURGENT CAPITAL   )
10    SERVICES, LP; SHERMAN ORIGINATOR  )
      III, LLC,                         )
11                                      )
              Defendants.               )
12

13

14                      VIDEOTAPED

15              DEPOSITION OF ANDREW COX

16        The deposition upon oral examination of ANDREW
      COX, a witness produced and sworn before me, Tamara
17    J. Brown, CSR, RMR, CRR, Notary Public in and for
      the County of Marion, State of Indiana, taken on
18    behalf of the Defendants, at the offices of Riley
      Bennett & Egloff, Suite 400, 141 East Washington,
19    Indianapolis, Marion County, Indiana, on the 17th
      day of June, 2014, pursuant to the Federal Rules of
20    Civil Procedure with written notice as to time and
      place thereof.
21

22

23

24

25
```



1    THE VIDEOGRAPHER:  This ends disk 2.  We
2    are off the record.  The time is 12:27 p.m.
3        (A lunch recess was taken.)
4    A F T E R N O O N   S E S S I O N
5    EXAMINATION, (CONTINUING),
6    QUESTIONS BY MR. JAMES A. ROLFES:
7        THE VIDEOGRAPHER:  This begins disk 3.  We
8    are on the record.  The time is 1:31 p.m.
9  Q  Good afternoon, Mr. Cox.  You understand you're
10   still under oath?
11 A  I do.
12       MR. ROLFES:  I'd like to have the court
13   reporter mark what we'll mark as Defendant's
14   Deposition Exhibit No. 4, and hand that to the
15   witness, if you could.
16       (Deposition Exhibit 4 was marked for
17   identification.)
18 Q  Mr. Cox, the court reporter has handed to you
19   what we've marked as Defendant's Deposition
20   Exhibit No. 4, if you could take a moment to
21   familiarize yourself with that exhibit.
22 A  Okay.
23 Q  You've had a quick opportunity to look at what
24   we've marked as Defendant's Deposition
25   Exhibit No. 4?

1  A   Yes.

2  Q   Do you recognize this document?

3  A   Vaguely.

4  Q   Do you -- does -- it appears to me to be a Chase
5      statement addressed to Andrew Cox, Tanga
6      Aviation, LLC.  Is that right?

7  A   That's correct.

8  Q   Do you recall getting statements of this nature,
9      or similar, related to your credit card account?

10 A   Yes, Chase did comply with regulations of the
11     TILA.

12 Q   Okay.  This particular document says that it's
13     for the period 11-29-08 to 12-28-08.  Do you see
14     that?

15 A   I do.

16 Q   It indicates in this document that there was a
17     97-dollar payment.  Do you see that?  It's maybe
18     about a third of the way down on the first page
19     of Exhibit 4.

20 A   Okay.

21 Q   Do you see there's a 97-dollar payment?

22 A   I do, yes.

23 Q   Do you recall that you were still making
24     payments on your Chase credit card account in
25     this time period, November 2008?

| | | |
|---|---|---|
| 1 | A | Yes. |
| 2 | Q | It indicates that the -- |
| 3 | A | Are you sure you've got the right date.  You |
| 4 | | said November. |
| 5 | Q | It's for the period opening in November through |
| 6 | | December.  Is that right? |
| 7 | A | Yes. |
| 8 | Q | Okay.  And it looks like the payment, if we look |
| 9 | | a little bit further down under the |
| 10 | | transactions, it indicates 12-15 the payment was |
| 11 | | received by Chase.  Is that right? |
| 12 | A | Yes. |
| 13 | Q | Okay.  You have no reason to believe otherwise |
| 14 | | that you weren't paying your credit card account |
| 15 | | at that point? |
| 16 | A | No. |
| 17 | Q | This indicates that this is, has Tanga Aviation, |
| 18 | | LLC on it.  Is that right? |
| 19 | A | Yes. |
| 20 | Q | And that was the business that you said you |
| 21 | | owned? |
| 22 | A | I was one of the owners, yes. |
| 23 | Q | Okay.  And so this credit card statement also |
| 24 | | indicates that this is a business card |
| 25 | | statement.  Is that right? |

1  A  It does say that.

2  Q  Okay. And do you recall that this was a credit

3     card that you did open up in reference to your

4     business, Tanga Aviation, LLC?

5  A  Yes.

6  Q  Do you recall when you first -- and this

7     account -- and I'll just for simplicity sake

8     refer to the account by its last four digits.

9     Is that all right? In other words, this

10    account, I'll refer to as 4512.

11 A  Can I write on this?

12 Q  You can, you can write on it. It will become

13    part of the record.

14 A  All right. Say again.

15 Q  It becomes part of the record.

16 A  No, the number.

17 Q  It's 4512.

18 A  All right.

19 Q  And just for your reference, if you look at the

20    top and it says the account number and it has a

21    16-digit number at the top. Do you see that?

22 A  I do.

23 Q  And you see the last four digits of that account

24    number is 4512?

25 A  I see it.

1  Q  Okay. Do you recall when you opened up account
2     4512?
3  A  No.
4  Q  Do you recall that it was in or about late
5     November 2007?
6  A  That seems about right.
7  Q  That was the time period you were starting up
8     the, your business, Tanga Aviation?
9  A  Yes.
10 Q  The account statement says, itself, says that
11    your account is closed. Do you see that, about
12    halfway down on Exhibit 4?
13 A  Yes.
14 Q  And you recall about this time period that this
15    account had been closed?
16 A  I don't recall that, but it's probably true.
17    MR. ROLFES: I'd like to have the court
18    reporter mark what we're going to call
19    Defendant's Deposition Exhibit No. 5, and please
20    hand that to the witness.
21    (Deposition Exhibit 5 was marked for
22    identification.)
23 Q  Mr. Cox, the court reporter just handed to you
24    what we've marked as Defendant's Exhibit No. 5.
25    It's a document, two-page document, that bears

```
 1        the sale happened.  Or I was informed by Chase
 2        after the sale happened.
 3    Q   But you had, as we've seen this afternoon, had
 4        received a number of letters indicating that
 5        there -- that the account was now owned by
 6        somebody else.  Is that right?
 7    A   There were a number of things that people say,
 8        that LVNV owned the account.
 9    Q   You didn't indicate that in your letter to
10        Mr. Dimon, did you?
11    A   I was -- okay -- I was trying to get
12        information.  I wasn't trying to write a
13        dissertation.  I was -- one thing that I have
14        learnt is you try to keep a letter to under two
15        pages.  There was a lot of things left out,
16        where I was trying to ask how, how this could
17        be.
18    Q   Okay.  So in any event, you would agree with me
19        that you did incur debts with Chase through your
20        two credit card accounts.  Right?
21    A   I did.
22    Q   That you have not attempted to pay Chase on
23        those credit card accounts since 2009?
24    A   I would agree with that.
25    Q   You have not attempted to pay anyone else
```

```
                                                                  214
 1         related to those credit cards since 2009?
 2    A    I don't think I would agree with that.
 3    Q    Who else did you pay with regard to those credit
 4         cards?
 5    A    Well, I think the one letter that I had sent to
 6         your client said that there could be some
 7         discussion of some discount of the amount that
 8         was owed, that needed to reflect some series of
 9         questions, and I would like some answers as to
10         what really was going on here.
11    Q    Did that result in a payment?
12    A    Didn't result in anything, any information, or
13         didn't result in any discussion.  It resulted in
14         nothing.
15    Q    So it didn't result in any payment.
16    A    It did not result in any payment.  It also did
17         not result in your client producing things that
18         they should have produced under the law.
19    Q    And prior to the filing of this lawsuit, you
20         were told that your account had been sold to
21         Sherman Financial or Sherman -- I'm sorry --
22         Sherman Financial?
23    A    Well, that's another thing.  I was told -- the
24         Chase letter says it was sold to Sherman
25         Financial, yet the statements and so forth were
```

258                       Andrew Cox
                         June 17, 2014
                                                                    258

 1              I do further certify that I am a
 2     disinterested person in this cause of action;
 3     that I am not a relative or attorney of either
 4     party, or otherwise interested in the event of
 5     this action, and am not in the employ of the
 6     attorneys for either party.
 7              IN WITNESS WHEREOF, I have hereunto
 8     set my hand and affixed my notarial seal this
 9     _____ day of _____, 2014.
10
11     _____
12              N O T A R Y    P U B L I C
13
14     My Commission Expires:
15     November 3, 2017
16     County of Residence:
17     Marion
18
19
20
21
22
23
24
25