IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |
|---|---|
| ANDREW COX, *et al.*, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHERMAN CAPITAL LLC, *et al.*,<br><br>Defendants. | Civil Action No.: 1:12-cv-1654-TWP-MJD<br><br>CLASS ACTION |

## SHAREHOLDER LLC DEFENDANTS' MOTION TO DISMISS

Defendants Huger Street LLC, Moultrie Street LLC, Wolfe Street LLC, Fulton Street LLC, Jasper Street LLC, Concord Street LLC, Hagood Street LLC, Charlotte Street LLC, Archdale Street LLC, Jacobs Alley LLC, Peachtree Street LLC, Greenhill Street LLC, Chalmers Street LLC, and Princess Street LLC (collectively the "**Shareholder LLC Defendants**"), through their undersigned counsel and pursuant to Federal Rule of Civil Procedure ("**FRCP**") 12(b)(2), move this Court to enter an order dismissing all counts made against them in the Amended Class Action Complaint and Jury Demand (the "**Amended Complaint**")(Dkt. 303) as this Court lacks personal jurisdiction over the Shareholder LLC Defendants. In the alternative, and pursuant to FRCP 12(b)(6), the Shareholder LLC Defendants move to dismiss Count IV (Indiana Common Law Actual Fraud) and Count V (Constructive Fraud) of the Amended Complaint for failure to state a claim upon which the Court can grant relief. Support of this motion, the Shareholder LLC Defendants submit their Memorandum of Law in Support of Motion to Dismiss, the Declarations of Scott Silver and Dan Picciano, the briefs previously

- 1 -

submitted seeking dismissal of certain counts of the Amended Complaint (Kdts. 338, 339, 359), and state:

1. On November 9, 2012, Plaintiffs Andrew Cox, Lucinda Cox and Stephanie Snyder filed the Class Action Complaint Seeking Declaratory and Equitable Relief as well as Actual and Statutory Damages and Disgorgement of Funds (the "**Complaint**") against LVNV Funding, LLC ("**LVNV**"), Resurgent Capital Services LP ("**Resurgent**"), Sherman Capital LLC ("**Sherman Capital**"), Sherman Financial Group LLC and Sherman Originator LLC (collectively the "**Entity Defendants**"), four additional corporate entities affiliated with the Entity Defendants, and six individuals who served as officers of various Entity Defendants and were also shareholders of Sherman Capital. In that Complaint, Mr. and Mrs. Cox and Ms. Snyder brought nine claims: three claims for violations of the Fair Debt Collection Practices Act ("**FDCPA**"), 15 U.S.C. § 1692 *et seq*.; one claim each for common law fraud, a restitution, and unjust enrichment: and three claims for violations of Racketeer Influence and Corrupt Organizations Act ("**RICO**"), 18 U.S.C. §§ 1961, 1962(b), (c) and (d), and 1964(a) and (c).

2. On March 31, 2014, the Court granted, in part, and denied in part, the motion to dismiss all counts in the original Complaint filed on behalf of all defendants. (Dkt. 237.)[1] In particular, the Court dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(2) the claims made against the six individual defendants and the four corporate affiliates of the Entity Defendants, finding Mr. and Mrs. Cox and Ms. Snyder had failed to put forth evidence from

---

[1] The defendants named in the original Complaint filed Defs.' Mot. to Dismiss (Dkt. 21) on January 22, 2013. On September 11, 2013, the Court referred this motion to the Magistrate Judge for issuance of a Report and Recommendation (Dkt. 150). September 30, 2013, the Magistrate Judge recommended the Court deny the Motion to Dismiss. (Dkt. 151) The defendants filed Defs.' Objections to the 09/30/2013 Report And Recommendation Regarding Defs.' Mot. to Dismiss (Dkt. 154) on October 15, 2013. In its March 31, 2014 Entry on Motion to Reconsider (Dkt. 237), sustained parts of the Magistrate Judge's Report and Recommendation while overruling other parts, thereby granting the defendants Mot. to Dismiss in part.

which the Court could determine if any of these parties had sufficient contacts with the State of Indiana such that the Court could exercise personal jurisdiction over them. With regard to the Entity Defendants, the Court found that Mr. and Mrs. Cox and Ms. Snyder had stated a *prima facie* case for personal jurisdiction over them, but dismissed two of the three FDCPA counts(with prejudice), the RICO counts and the fraud count pursuant to FRCP 9(b) and 12(b)(6), finding either that these plaintiffs had failed to adequately plead the claims or to state a claims upon which the Court could grant relief.

3. On September 17, 2014, Plaintiffs Andrew Cox, Lucinda Cox, Stephanie Snyder and an additional plaintiff, Robert Goodall (collectively, "**Plaintiffs**"), filed the Amended Complaint in which they: reasserted the FDCPA restitution and unjust enrichment counts that survived the motion to dismiss; realleged fraud and RICO violations; and added a new constructive fraud count (Am. Complt. ¶¶ 146-219) against the Entity Defendants. They further added the Shareholder LLC Defendants as parties to this lawsuit, asserting against these newly added defendants all of the counts except for the RICO counts.

4. On October 20, 2014, the Entity Defendants moved pursuant to FRCP 12(b)(6) to dismiss the Plaintiffs' RICO, fraud and constructive fraud counts (Dkt. 338), and answered the Amended Complaints' remaining counts (Dkts. 333 to 337). By January 14, 2015, the Entity Defendants and the Plaintiffs fully submitted the Motion to Dismiss to the Court. (*See* Dkt. 339, 348, 359).

5. Pursuant to FRCP 4, on February 26, 2015, Plaintiffs mailed Waiver of the Service of Summons forms to the Shareholder LLC Defendants which their counsel executed and returned to Plaintiffs on March 10, 2015.

6. All of the Shareholder LLC Defendants are incorporated in Delaware and conduct their limited operations in South Carolina. None has any offices, property, bank accounts, operations, or members in Indiana. None are registered to do business in Indiana, nor do any of them solicit or conduct business in Indiana.

7. None of the Shareholder LLC Defendants is a parent company to, a majority shareholder in, or exercises dominant or complete control over, any of the Entity Defendants, including LVNV and Resurgent, the only two parties Plaintiffs allege have contacts with Indiana.

8. Plaintiffs also cannot establish personal jurisdiction over the Shareholder LLC Defendants based on conclusory allegations that either LVNV or Resurgent is a "shell" company. LVNV and Resurgent are duly formed and adequately capitalized entities that observe corporate formalities and rely on independent management to perform significant operations.

9. As none of the Shareholder LLC Defendants has either general or specific contacts with the State of Indiana, this Court lacks personal jurisdiction over them. The court, therefore should dismiss all claims against the Shareholder LLC Defendants with prejudice pursuant to FRCP 12(b)(2).

10. In the alternative, for the reasons set forth in the Entity Defendants' Motion To Dismiss Plaintiffs' RICO, Fraud And Constructive Fraud Claims (Dkt. 338), the Entity Defendants' Memorandum Of Law In Support Of Defendants' Motion To Dismiss Plaintiffs' RICO Fraud And Constructive Fraud Claims (Dkt. 339) and the Entity Defendants' Reply In Support Of Motion To Dismiss Plaintiffs' RICO, Fraud And Constructive Fraud Claims (Dkt. 359), the Shareholder LLC Defendants respectfully ask that the Court dismiss Plaintiffs' fraud

and constructive fraud claims with prejudice pursuant FRCP 12(b)(6) for their failure to state clams upon which the Court can grant relief.

WHEREFORE, the Shareholder LLC Defendants respectfully request that the Court enter an order:

(i) dismissing all counts made in the Amended Complaint against the Shareholder LLC Defendants with prejudice pursuant to FRCP 12(b)(2) for lack of personal jurisdiction over the Shareholder LLC Defendants;

(ii) In the alternative, dismissing the fraud and constructive fraud counts against the Shareholder LLC Defendants with prejudice pursuant to FRCP 12(b)(6) for failure to state a claim upon which the Court can grant relief; and

(iii) Granting such other relief as the Court deems appropriate.

Dated: May 11, 2015                                Respectfully submitted,


                                                   _/s/_____James A. Rolfes___

| | | |
|---|---|---|
| Thomas Allen *pro hac vice* | James A. Rolfes *pro hac vice* | James W. Riley, Jr. |
| REED SMITH LLP | jrolfes@reedsmith.com | Atty. No. 6073-49 |
| 225 Fifth Avenue | David A. Maas *pro hac vice* | RILEY BENNETT EGLOFF LLP |
| Pittsburgh, PA 15222 | dmaas@reedsmith.com | 141 East Washington Street |
| (412) 288-3131 | REED SMITH LLP | Fourth Floor |
| (412) 288-3086 (Facsimile) | 10 South Wacker Drive | Indianapolis, IN 46204 |
| tallen@reedsmith.com | Chicago, IL 60606-7507 | (317) 636-8000 |
| | (312) 207-1000 | (317) 636-8027 (Facsimile) |
| | (312) 207-6400 (Facsimile) | jriley@rbelaw.com |

*Attorneys for Defendants Huger Street LLC, Moultrie Street LLC, Wolfe Street LLC, Fulton Street LLC, Jasper Street LLC, Concord Street LLC, Hagood Street LLC, Charlotte Street LLC, Archdale Street LLC, Jacobs Alley LLC, Peachtree Street LLC, Greenhill Street LLC, Chalmers Street LLC, and Princess Street LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2015, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of Court's electronic filing to all counsel of record.

                                                     /s/ James A. Rolfes