IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| ANDREW COX, *et al.*, individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.: 1:12-cv-1654-TWP-MJD |
| v. | ) ) | CLASS ACTION |
| SHERMAN CAPITAL LLC, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

**SHAREHOLDER LLC DEFENDANTS' MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................1

BACKGROUND ................................................................................................................2

    A.    The Original Complaint. ....................................................................................2

    B.    The Amended Complaint. ..................................................................................5

    C.    The Shareholder LLC Defendants Are All Delaware Entities That Have
        No Contacts With Indiana. .................................................................................8

LEGAL STANDARD .......................................................................................................10

ARGUMENT .....................................................................................................................11

    A.    The Court Lacks Personal Jurisdiction Over The Shareholder LLC
        Defendants. .......................................................................................................11

        1.    There Is No Basis For General Jurisdiction Over The Shareholder
                LLC Defendants. ....................................................................................... 12

        2.    There Is No Basis For Specific Jurisdiction Over The Shareholder
                LLC Defendants. ....................................................................................... 13

        3.    The Court Cannot Impute LVNV Or Resurgent Contacts To The
                Shareholder LLC Defendants. .................................................................. 15

        4.    The Court Cannot Impute LVNV's Or Resurgent's Contacts With
                Indiana To The Shareholder LLC Defendants Because Neither
                LVNV Nor Resurgent Is A Shell Company Or An Agent Of The
                Shareholder LLC Defendants. .................................................................. 17

    B.    The Court Should Dismiss The Plaintiffs' Fraud And Constructive Fraud
        Counts For Failure To State A Claim Upon Which Relief Can Be Granted. ........19

CONCLUSION ..................................................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abelesz v. OTP Bank*,
    692 F.3d 638 (7th Cir. 2012) ...........................................................................16, 17

*ABN AMRO, Inc. v. Capital Intl Ltd.*,
    595 F. Supp. 2d 805 (N.D. Ill. 2008) ...........................................................11

*Am. Fuel Corp. v. Utah Energy Dev. Co.*,
    122 F.3d 130 (2d Cir. 1997)...........................................................................18

*Annie Oakley Enters. v. Sunset Tan Corporate & Consulting, LLC*,
    703 F. Supp. 2d 881 (N.D. Ind. 2010) .....................................................11

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985)...........................................................................13, 14

*Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*,
    230 F.3d 934 (7th Cir. 2000) .................................................................4, 14, 15, 16

*Elayyan v. Sol Melia, SA*,
    571 F. Supp. 2d 886 (N.D. Ind. 2008) .....................................................13

*Felland v. Clifton*,
    682 F.3d 665 (7th Cir. 2012) .......................................................................14

*GCIU-Employer Retirement Fund v. Goldfarb Corp.*,
    565 F.3d 1018 (7th Cir. 2009) .................................................................11, 14

*Hanson v. Denckla*,
    357 U.S. 235 (1958)...........................................................................14

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984)...........................................................................14

*IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*,
    136 F.3d 537 (7th Cir. 1998) .......................................................................15

*Ill. Bell Tel. Co. v. Global Naps Ill., Inc.*,
    551 F.3d 587 (7th Cir. 2008) .................................................................18-19

*Int'l Medical Group, Inc. v. American Arbitration Ass'n*,
    149 F. Supp. 2d 615 (S.D. Ind. 2001) .....................................................11

*International Shoe Co. v. State of Washington, Office of Unemployment*
  *Compensation and Placement,,*
  326 U.S. 310 (1945) .........................................................................................12

*Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*,
  529 F.3d 371 (7th Cir. 2008) .........................................................................17

*Keeton v. Hustler Magazine, Inc.*,
  465 U.S. 770 (1984) .......................................................................................15

*KnowledgeAZ, Inc. v. Jim Walters Resources, Inc.*,
  452 F. Supp. 2d 882 (S.D. Ind. 2006) ...........................................................12

*L.H. Carbide Corp. v. Piece Maker Co.*,
  852 F. Supp. 1425 (N.D. Ind. 1994) ..............................................................13

*Laborers' Pension Fund v. Lay-Com, Inc.*,
  580 F.3d 602 (7th Cir. 2009) .........................................................................17

*LinkAmerica Corp. v. Cox*,
  857 N.E.2d 961 (Ind. 2006) ...........................................................................12

*Milliken v. Meyer*,
  311 U.S. 457, 61 S. Ct. 339, 85 L. Ed. 278 (1940) .......................................12

*Nathan v. Morgan Stanley Renewable Dev. Fund, LLC*,
  No. 11 C 2231, 2012 WL 1886440 (N.D. Ill. May 22, 2012) ........................18

*Purdue Research Found. V. Sanofi-Synthelabo, S.A.*,
  338 F.3d 773 (7th Cir. 2003) .............................................................10, 11, 12, 15

*RAR, Inc. v. Turner Diesel, Ltd.*,
  107 F. 3d 1272 (7th Cir. 1997) ......................................................................10

*Steel Warehouse of Wisconsin, Inc. v. Leach*,
  154 F.3d 712 (7th Cir.1998) ..........................................................................14

*Tamburo v. Dwokin*,
  601 F.3d 693 (7th Cir. 2010) .........................................................................10

*United States v. Golden Acres, Inc.*,
  702 F. Supp. 1097 (D.Del.1988) ....................................................................17

*Wesleyan Pension Fund, Inc. v. First Albany Corp.*,
  964 F. Supp. 1255 (S.D. Ind. 1997) ..............................................................16

*Wilson v. Humphreys (Cayman) Ltd.*,
  916 F.2d 1239 (7th Cir. 1990) .......................................................................12

**Statutes**

15 U.S.C. § 1681 *et seq.*............................................................................................5

15 U.S.C. § 1692 *et seq.*............................................................................................1

15 U.S.C. § 6801 *et seq.*............................................................................................5

18 U.S.C. 1962 *et seq.*............................................................................................2

**Rules**

Fed. R. Civ. P. 9............................................................................................3

Fed. R. Civ. P. 12(b)............................................................................................11

Fed. R. Civ. P. 12(b)(2)............................................................................................2, 3, 10

Fed. R. Civ. P. 12(b)(6)............................................................................................2, 3, 19

Indiana Trial Rule 4.4(A)............................................................................................11

<u>**INTRODUCTION**</u>

Defendants Huger Street LLC, Moultrie Street LLC, Wolfe Street LLC, Fulton Street LLC, Jasper Street LLC, Concord Street LLC, Hagood Street LLC, Charlotte Street LLC, Archdale Street LLC, Jacobs Alley LLC, Peachtree Street LLC, Greenhill Street LLC, Chalmers Street LLC, and Princess Street LLC (collectively the "**Shareholder LLC Defendants**") – all South Carolina-based, Delaware incorporated limited liability companies – do not have any offices, property, bank accounts, operations or members in Indiana. Neither did any of them participate in the alleged conduct upon which Plaintiffs Andrew and Lucinda Cox, Stephanie Snyder and Robert Goodall ("**Plaintiffs**") base their actual and constructive fraud, Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* violations, unjust enrichment or restitution counts against these Shareholder LLC Defendants in the Amended Complaint (Dkt. 303). Instead, their minority membership shares in co-Defendant Sherman Capital LLC ("**Sherman Capital**") represent their only connection to this litigation.

But such shareholder status in a co-Defendant does not create a contact with the State of Indiana such that this Court can exercise personal jurisdiction over the Shareholder LLC Defendants. Further, any attempt Plaintiffs make to use Sherman Capital's alleged contacts (or the alleged contacts of any of its subsidiaries) as a basis to assert jurisdiction over the Shareholder LLC Defendants also fails. As this Court previously held, a court cannot impute a corporation's contacts with the forum to its shareholder simply because of shareholder status. (*See* Dkt. 237 at 7). Additionally, none of the Shareholder LLC Defendants is either a parent corporation of, or exercises complete dominion or control over, any of the other corporate Defendants (*i.e.*, Sherman Capital, LVNV Funding, LLC ("**LVNV**"), Resurgent Capital Services LP ("**Resurgent**"), Sherman Financial Group LLC or Sherman Originator LLC (collectively the "**Entity Defendants**")). And even if that were not true, Plaintiffs cannot show, as they must to

succeed on such a corporate veil piercing theory, that the Entity Defendants with Indiana contacts (namely, LVNV and Resurgent) lack the adherence to corporate formalities, adequate capitalization, independent management and substantive operations such that the Court could find them to be "sham" corporations as Plaintiffs vaguely assert. Simply put, the Court has no basis on which to exercise personal jurisdiction over the Shareholder LLC Defendants and thus must dismiss the claims Plaintiffs make against them in the Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(2).

In the alternative, the Shareholder LLC Defendants also join in the Entity Defendants' Motion to Dismiss the fraud and constructive fraud counts of the Amended Complaint as such claims to not state claims upon which the Court can grant relief. (*See* the Entity Defendants' Motion to Dismiss the Amended Complaint and supporting briefs (Dkts. 338, 339, 359)).[1] The Court, therefore, pursuant to FRCP 12(b)(6), should dismiss the fraud and constructive fraud counts as stated against the Shareholder LLC Defendants with prejudice.

## BACKGROUND

### A.    The Original Complaint.

On November 9, 2012, Plaintiffs Andrew Cox, Lucinda Cox and Stephanie Snyder filed their original putative class action complaint against: the Entity Defendants; several other entities affiliated with Sherman Capital;[2] and six individuals who owned membership shares in Sherman Capital and served as officers of the Entity Defendants and the other affiliated Defendants (the

---

[1] The Amended Complaint does not name the Shareholder LLC Defendants in the counts for purported violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, *et seq.* ("**RICO**") (see Am. Compl. ¶ 163).

[2] The other affiliated entities named in the original Complaint were Meeting Street Partners III, Sherman Capital Markets LLC, Sherman Originator III, LLC, and Sherman Acquisition LLC. (*See* Dkt. 1).

"**Individual Defendants**").[3] (Dkt. 1). In that Complaint, the Coxes and Snyder further alleged two factual theories related to Resurgent's efforts to collect the amounts due on credit card accounts LVNV purchased from the banks that had originated their credit card accounts, namely, that: (1) LVNV did not comply with Indiana's debt collector licensure and registration requirements; and (2) LVNV did not own Coxes' or Snyder's credit card accounts. (*See, e.g.*, *id.* ¶¶ 58, 64, 74-79). Based on these allegations, Plaintiffs brought nine claims: three claims for violations of the FDCPA, a claim each for common law fraud, restitution, and unjust enrichment, and three RICO violation claims. (*See generally id.*).

While the original Complaint contained allegations of LVNV's and Resurgent's contacts with Indiana, absent were any such allegations concerning the other defendants. (*See* Dkt. 22 at pp. 25-27). Accordingly, all defendants other than LVNV and Resurgent moved to dismiss the Complaint for lack of personal jurisdiction pursuant to FRCP 12(b)(2). (*Id.*) Additionally all defendants further moved to dismiss the Complaint pursuant to FRCP 12(b)(6), asserting that the Complaint's allegations, which did not comply with FRCP 9 pleading requirements, also failed to set forth claims upon which the Court could grant relief. In response to this motion, the Coxes and Snyder argued both that the Court should impute LVNV's Indiana contacts to all the other defendants based on a veil-piercing theory, (Dkt. 78 at pp. 4-9), and otherwise had sufficiently pled and stated the FDCPA, RICO, and the other common law counts.

On March 31, 2014, the Court granted in part, and denied in part, the motion to dismiss. (Dkt. 237 at pp. 5-7).[4] In that opinion, the Court recognized that neither the Coxes nor Snyder

---

[3] The named individuals were Benjamin W. Navarro, Leslie G. Gutierrez, Scott E. Silver, Kevin P. Branigan, Robert A. Roderick and Kennett Kendall.

[4] The defendants named in the original Complaint filed Defs.' Mot. to Dismiss (Dkt. 21) and related memorandum of law (Dkt. 22) on January 22, 2013. On September 11, 2013, the Court referred this motion to the Magistrate Judge for issuance of a Report and Recommendation (Dkt. 150), which the Magistrate Judge issued on September 30, 2013 (Dkt. 151), recommending the Court deny the Motion to Dismiss. On October 15, 2013, the defendants

had "alleged any facts supporting a finding of general or specific jurisdiction over any of the Defendants independently, other than LVNV and Resurgent." (*Id.* at p. 5). The Court found, however, that these plaintiffs had alleged that LVNV was "merely an asset-holding vehicle that is essentially a shell company with no employees," and thus that they "made a *prima facie* showing that LVNV's jurisdictional contacts may be imputed to other Defendants." (*Id.* at 6). Even so, the Court further stated that it would impute LVNV's contacts with Indiana only to LVNV's parent companies, and not to entities related to, or persons having ownership in, LVNV, as mere "ownership in a company is not a sufficient basis to impute jurisdictional contacts from the company to the owner." (*Id.* at 5-6) (citing *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000)). As a result, the Court dismissed on personal jurisdiction grounds all the Individual Defendants and the four Sherman Capital affiliates that were not the parent of LVNV, or the parent of LVNV's parent. (Dkt. 237 at pp. 6-7).[5]

In its March 31, 2014 opinion, the Court also dismissed the two FDCPA claims premised on allegations that LVNV failed to comply with Indiana's licensing and registration requirements with prejudice, as well as the RICO and fraud claims without prejudice. (*Id.*) It left in place one FDCPA count arising from the purported misstatement of LVNV's ownership of the Cox and Snyder credit card accounts, as well as the unjust enrichment and restitution claims as stated against the remaining Entity Defendants. On September 3, 2014, the Court granted the plaintiffs'

---

filed Defs.' Objections to the 09/30/2013 Report And Recommendation Regarding Defs.' Mot. to Dismiss (Dkt. 154). In its March 31, 2014 Entry on Motion to Reconsider (Dkt. 237), the Court sustained parts of the Magistrate Judge's Report and Recommendation while overruling other parts, thereby granting the defendants Mot. to Dismiss in part.

[5] The Court found that LVNV's jurisdictional contacts could be imputed Sherman Originator, Sherman Financial Group, and Sherman Capital as a parent or parent of a parent of LVNV.

motion for leave to file an amended complaint except on those counts, or against those parties, the Court previously dismissed with prejudice. (Dkt. 297).

## B. The Amended Complaint.

On September 17, 2014, Plaintiffs filed the Amended Complaint. In this pleading, Robert Goodall joined the original three Plaintiffs in realleging FDCPA, RICO, fraud, unjust enrichment and restitution claims against Entity Defendants, as well as adding the Shareholder LLC Defendants to all of these counts except for the RICO counts. Like the original Complaint, Plaintiffs premised the counts realleged in the Amended Complaint on the theory that LVNV never received ownership of their accounts[6] or the right to collect the debts Plaintiffs admittedly incurred. (*Id.* ¶¶ 67, 70, 78, 84, 90, 92, 101, 106).[7] Consequently, each time Resurgent, or the debt collectors and law firms it engaged (*see, e.g.*, *id.* ¶¶ 68, 79, 95, 97), represented that LVNV owned the Plaintiffs' credit card accounts, or identified LVNV as a creditor of the Coxes, Snyder or Goodall, Plaintiffs claim LVNV and Resurgent falsely asserted ownership of their debts. (*Id.* ¶¶ 67, 70, 81, 84, 89-93, 95-96, 101, 106, 121).

In the Amended Complaint, Plaintiffs also added against all Defendants a never before asserted constructive fraud count. (*Id.* ¶¶ 195-203). Here, Plaintiffs allege that the Graham Leach Bliley Act, 15 U.S.C. § 6801, *et seq.*, and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, created two seemingly contradictory duties: (i) not to disclose Plaintiffs' nonpublic personal

---

[6] Plaintiff Lucinda Cox does not allege she was a primary accountholder for a debt acquired by LVNV but she alleges she co-signed one her husband, Andrew Cox's accounts. (Am. Compl. ¶¶ 30-31).

[7] In particular, Plaintiffs allege that, because the original creditors of their accounts had previously surrendered all control over, and ownership of, their accounts to trusts in securitization transactions, Plaintiffs' debt obligations ended when the original creditors (presumably acting as servicers for the trusts) charged-off their accounts 180 days after default. (Id. ¶¶ 58-62). As a result, in the purchase and transfer transactions noted above, LVNV purportedly did not obtain ownership of Plaintiffs' debts, but instead, received "leftover data" related to their now extinguished accounts. (Id. ¶ 62).

information; and (ii) to give notice prior to any such disclosure.[8] (*Id.*, ¶ 197). According to Plaintiffs, they relied on the Defendants to fulfill these duties, and when that did not occur, the Defendants denied the Plaintiffs the ability to opt out of the transfer of their nonpublic personal information to "purchasing vehicles," LVNV, "LVNV investors" and "other third party 'debt buyers.'" (*Id.* ¶ 200). Apparently, Plaintiffs also believe that had they received that option, LVNV would not have received their nonpublic personal information and would not have had a way to obtain the Plaintiffs' payment of money through the Defendants' debt collection activities. (*Id.* ¶ 202).

All of the communications upon which the Coxes, Goodall and Synder base their individual claims emanate from, or on behalf of, LVNV, Resurgent or various non-party collection agents or attorneys Resurgent engaged on LVNV's behalf. (*See e.g., id.* ¶¶ 8, 16, 65-75, 78-81, 84-98, 105-106, 109-114, 121). Further, to the extent any of their allegations regarding the purchase and transfer of their credit card accounts or related account information refers to a specific entity, it refers to either one of the Entity Defendants or a previously dismissed affiliated company. (*See e.g., id.* ¶¶ 34-36, 39). Allegations in remainder of the Amended Complaint in large part refer generically to "Sherman" or "Defendants"– both of which terms refer to 18 entities allegedly affiliated in various ways with LVNV and Resurgent, plus 50 unnamed "John Does." (*See id.* at 2). Plaintiffs do not allege any specific conduct by the Shareholder LLC Defendants, which they describe as "New Shell Companies," other than their

---

[8] Plaintiffs also imply that Defendants owed Plaintiffs a duty of accurately reporting credit information that they failed to fulfill by "alleging that a debt was owed to LVNV, when it was not." (Am. Compl. ¶ 199). Plaintiffs do not, however, allege the source of this duty or how if at all, the breach of the duty harmed Plaintiffs.

purported ownership, employment and control of Sherman Capital, and their adoption of "internal accounting policies." (*Id.* ¶ 12, 15, 41).[9]

Implicitly acknowledging their failure to identify the role each Shareholder LLC Defendant had in the alleged "data" acquisition and/or debt collection conduct, Plaintiffs allege, in a conclusory fashion, that "each named defendant" (presumably including the Shareholder LLC Defendants) is "jointly and severally liable for the improper acts of LVNV [and] Resurgent" on the basis of agency, and that all Defendants "are alter egos of each other" based on the alleged common ownership, control, officers and directors, and the lack of corporate formalities. (*Id.* ¶¶ 13-14, 41). Nowhere in the Amended Complaint, however, do the Plaintiffs give any definition of the nature and scope of the agencies running between any of the Shareholder LLC Defendants and the other Defendants; nor do they identify facts supporting the purported commonalities and lack of corporate formality of the Shareholder LLC Defendants.

The Amended Complaint also does not allege that any of the Shareholder LLC Defendants has any direct contacts with Indiana. Instead, Plaintiffs' seek to impute to the Shareholder LLC Defendants the jurisdictional contacts of LVNV or Resurgent "under theories of alter ego, agency and veil piercing." (Am. Compl. ¶ 24).[10] Even so, Plaintiffs do not allege that any of the Shareholder LLC Defendants is a parent company of LVNV, Resurgent or any

---

[9] Plaintiffs also alleged that "Sherman" and former Defendant Benjamin Navarro created the Shareholder LLC Defendants "on December 19, 2012 for the purposes of hiding the true ownership and control of Sherman Capital and avoiding liability for the Sherman activities." (Am. Compl. ¶¶ 41, 45).

[10] While Plaintiffs assert that there is "nationwide jurisdiction over Defendants under RICO," the Amended Complaint does not name the Shareholder LLC Defendants in the RICO claims. (Am. Compl. ¶ 163) ("Defendants Sherman Capital, SFG, SO, LVNV, and Resurgent are hereinafter referred to as the "RICO Defendants.").

other Defendant,[11] and state only that the Shareholder LLC Defendants, along with fourteen other alleged Sherman Capital owners, "own and control" Sherman Capital. (*Id.* ¶ 41).

### C. The Shareholder LLC Defendants Are All Delaware Entities That Have No Contacts With Indiana.

The simply reason Plaintiffs cannot allege the Shareholder LLC Defendants have Indiana contacts is that the Shareholder LLC Defendants do not have such contacts. The Shareholder LLC Defendants are all Delaware limited liability companies registered with the State of Delaware (05/11/15 Declaration of Scott Silver (attached hereto as Exhibit A) ("Silver Dec.") ¶ 6). In 2012, various owners of Sherman Capital membership shares, including (four of the six) the Individual Defendants, created these entities for personal financial and tax purposes, and transferred to these LLCs their Sherman Capital membership units. (Silver Dec. ¶¶ 8-9). The Shareholder LLC Defendants operations all relate to holding the transferred Sherman Capital membership clients and engaging in activities incidental to the ownership of such merits. (Silver Dec. ¶ 12). Each made the required public filings related to their formation and operations with Delaware, prepared and filed tax returns, and otherwise observed all the requirements for remaining in good standing. (Silver Dec. ¶ 10). The principal locations of the shareholder LLC Defendants (i.e., the locations at which they receive correspondence and where their managers principally conduct the affairs of the LLC's) are in states other than Indiana. (Silver Dec. ¶ 7).

None of the Shareholder LLC Defendants is a majority owner of Sherman Capital LLC or any other Defendant in this action. (Silver Dec. ¶ 14). None of the members of any of the Shareholder LLC Defendants is a citizen of Indiana. (Silver Dec. ¶ 19). None of the Shareholder LLC Defendants has maintained an office in Indiana at any time; owns any real property located

---

[11] *See cf.* Am. Compl. ¶ 27 (indicating the "Court has jurisdiction over Sherman Capital, SFG, SO which are parent companies and alter egos of LVNV" but *not* similarly alleging that any of the Shareholder LLC Defendants has such a parent corporation relationship with LVNV).

in Indiana; or maintains any bank accounts in Indiana. (Silver Dec. ¶¶ 20, 22-23). None of the Shareholder LLC Defendants registered to do business in Indiana, and none solicits or conducts business in Indiana. (Silver Dec. ¶¶ 21,24). Further, the Shareholder LLC Defendants have not appointed agents for service of process in Indiana, initiated a lawsuit in Indiana or otherwise purposefully availed themselves of Indiana's judicial system. (Silver Dec. ¶¶ 25-26). In short, none of the Shareholder LLC Defendants has any contacts with the State of Indiana.

What is also true is that neither LVNV nor Resurgent – the two Defendants with the only alleged contacts with Indiana – is a shell company. LVNV, a Delaware limited liability company, and Resurgent, a Delaware limited partnership, have real operations and assets. LVNV purchases and holds credit accounts, and attempts to recover amounts owed on those accounts through the contracted collection efforts of Resurgent. (05/11/2015 Declaration of Dan Picciano (attached hereto as Exhibit B) ("Picciano Dec.") ¶5). LVNV is an adequately capitalized entity that has operated with solvency for 10 years, and is able to meet its debts in the normal course of business. (Silver Dec. ¶ 30). Indeed, LVNV is not, and has never been, insolvent. (Silver Dec. ¶ 31). LVNV maintains assets sufficient to meet its obligations as they become due. (Silver Dec. ¶ 32). At all times, LVNV generates sufficient profits to sustain operations. (Silver Dec. ¶ 31).

LVNV provides distributions of profits to its members, but only when there is a net profit, and always leaving LVNV with sufficient assets to meet its obligations as they become due. (Silver Dec. ¶ 32). LVNV observes corporate formalities: it holds regular manager meetings and keeps formal minutes of these meetings; and it maintains separate accounting books, records, financial statements, and bank accounts. (Silver Dec. ¶ 33). No parent company of LVNV or of LVNV's parent exercises complete dominion or control over LVNV; LVNV's directors and operators make decisions for LVNV independently. (Silver Dec. ¶ 29). LVNV does not operate

exclusively as an agent of its parent company, or of any parent of its parent company; LVNV makes decisions independently of its parent and its parent's parents with regard to the collection of accounts it purchases at issue in this case. (Silver Dec. ¶ 34).

Resurgent similarly adheres to all corporate formalities, has adequate capital, and conducts ongoing operations through its employees. (Piccano Dec. ¶ 10). As Plaintiffs concede, Resurgent has registered and obtained licenses to do business and collect debts in Indiana, and since at least 1999, has performed ongoing and extensive collections activities and operations. (Am. Compl. ¶ 3, 38). Thus, Plaintiffs do not allege that Resurgent is a "sham" entity.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss a complaint where the court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). "[O]nce the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003); *see also RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997) ("The plaintiff, moreover, has the burden of demonstrating the existence of personal jurisdiction."); *accord Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). To meet this burden, the plaintiff must present at least a *prima facie* basis for the personal jurisdiction of each defendant. *Purdue Research*, 338 F.3d at 782.[12]

---

[12] The level of a plaintiff's burden to show personal jurisdiction depends on whether an evidentiary hearing has been held. *Purdue Research*, 338 F.3d at 782. Where a hearing has been conducted, the plaintiff must show by a preponderance of the evidence that personal jurisdiction exists. *Id.* Where no hearing is conducted and the motion to dismiss is decided solely on written materials, the plaintiff must establish a *prima facie* case that personal jurisdiction exists. *Id.*

Where a complaint consists of conclusory allegations related to personal jurisdiction unsupported by factual assertions, the complaint fails to state a *prima facie* case for jurisdiction even under the liberal standard of Rule 12(b). *Int'l Medical Group, Inc. v. American Arbitration Ass'n*, 149 F. Supp. 2d 615, 623 (S.D. Ind. 2001). In deciding whether a plaintiff has stated a *prima facie* case for personal jurisdiction as to each defendant, a court initially accepts the factual allegations in the complaint and draws reasonable inferences in favor of the plaintiff, but "if the defendant submits affidavits or other evidence in opposition, 'the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction.'" *ABN AMRO, Inc. v. Capital Intl Ltd.*, 595 F. Supp. 2d 805, 818 (N.D. Ill. 2008) (citations omitted) (quoting *Purdue Research*, 338 F.3d at 783). The court must "accept as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff." *GCIU-Employer Retirement Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 at n.1 (7th Cir. 2009).

## ARGUMENT

### A.     The Court Lacks Personal Jurisdiction Over The Shareholder LLC Defendants.

When a plaintiff asserts claims in federal court against an out-of-state defendant, "the law requires a federal district court to determine if a court of the state in which it sits would have personal jurisdiction." *Annie Oakley Enters. v. Sunset Tan Corporate & Consulting, LLC*, 703 F. Supp. 2d 881, 886 (N.D. Ind. 2010). Indiana Trial Rule 4.4(A), Indiana's long-arm statute, governs personal jurisdiction in Indiana. "Although Rule 4.4(A) enumerates eight bases for the assertion of jurisdiction on the basis of a defendant's actions, the rule also includes a provision that 'a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States.'" *Id.* (internal citation omitted). Thus, a court has

personal jurisdiction to the limit allowed by the Federal Due Process Clause of the Fourteenth Amendment. *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 966-67 (Ind. 2006).

To haul an out-of-state defendant into court in a foreign state, the Due Process Clause requires that the defendant have "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Washington, Office of Unemployment Comp. and Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339, 85 L. Ed. 278 (1940)). To satisfy Due Process, personal jurisdiction can be either specific or general. *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1244 (7th Cir. 1990). As detailed below, the Shareholder LLC Defendants do *not* have any such contacts with the State of Indiana.

### 1. There Is No Basis For General Jurisdiction Over The Shareholder LLC Defendants.

General jurisdiction is only available when a "defendant's contacts with the state are so 'continuous and systematic' that the defendant should reasonably anticipate being haled into the courts of that state for any matter…." *LinkAmerica*, 857 N.E.2d at 967. When a non-resident defendant has few or no business contacts in Indiana, there are no grounds for asserting general jurisdiction over the defendant. *See id.* at 970 (defendant not subject to general jurisdiction in Indiana where it had no office, registered agent, employees, bank accounts, or real property in Indiana). A defendant is subject to general jurisdiction only where its contacts with the forum state are so substantial that it can be considered "constructively present in the state." *Purdue Research*, 338 F.3d at 787; *see also KnowledgeAZ, Inc. v. Jim Walters Resources, Inc.*, 452 F. Supp. 2d 882, 894-895 (S.D. Ind. 2006) (finding defendant had no "constructive presence," and as such, there was no general jurisdiction, where defendant had no property, offices, bank accounts, employees, government licenses or customers in Indiana). Indeed, even regular

business activity within Indiana is not sufficient to confer general jurisdiction. *See, e.g.*, *Elayyan v. Sol Melia, SA*, 571 F. Supp. 2d 886, 895 (N.D. Ind. 2008) (foreign defendant's multi-year business relationship with Indiana corporation, communications with Indiana corporation, provision of services to Indiana residents, and maintenance of website available to Indiana residents were "obviously far too modest to support general jurisdiction"); *L.H. Carbide Corp. v. Piece Maker Co.*, 852 F. Supp. 1425, 1435 (N.D. Ind. 1994) (defendant's contacts were not of the quantity or quality necessary to exercise general jurisdiction over the non-resident defendant despite sales to Indiana customers amounting to 8% of total annual sales and one employee's visits to Indiana every two to three months and his various calls to Indiana customers). This continuous and substantial contact requirement ensures that a defendant has a "fair warning that a particular activity may subject them to the jurisdiction of a foreign sovereign." *Elayyan*, 571 F. Supp. 2d at 896 (citing *Burger King Corp.*, 471 U.S. at 472).

The Shareholder LLC Defendants are plainly not subject to general jurisdiction in Indiana. None of the Shareholder LLC Defendants conducts any business in Indiana, let alone the kind of substantial and continuous business necessary to support general jurisdiction. (Silver Aff. Dec. ¶ 24). None of the Shareholder LLC Defendants has maintained an office in Indiana at any time; none owns any real property located in Indiana; and none maintains any bank accounts in Indiana. (Silver Dec. ¶¶ 20, 22-23). There is no conceivable basis for this Court to have general jurisdiction over the Shareholder LLC Defendants.

**2. There Is No Basis For Specific Jurisdiction Over The Shareholder LLC Defendants.**

The Amended Complaint also fails to allege any conduct by the Shareholder LLC Defendants that could give rise to specific jurisdiction over them in Indiana. A defendant is subject to specific personal jurisdiction when its contacts with the forum state relate to the

conduct at issue. *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012). For a court to exercise specific jurisdiction, the defendant must have purposefully availed itself of the privilege of conducting activities within the forum so that the defendant may reasonably anticipate being haled into court there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75 (1985). A plaintiff, in short, must show "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Specific jurisdiction further requires that the suit "arise out of" or "be related to" defendant's minimum contacts with the forum state. *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998) *citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). In sum, to determine whether a specific contact will provide a basis for personal jurisdiction, a court must engage in a three step analysis, namely to:

> (1) identify the contacts the defendant has with the forum; (2) analyze whether these contacts meet constitutional minimums and whether exercising jurisdiction on the basis of these minimum contacts sufficiently comports with fairness and justice; (3) determine whether the sufficient minimum contacts, if any, arise out of or are related to the causes of action involved in the suit.

*GCIU*, 565 F.3d at 1023 (quoting *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 944 (7th Cir. 2000)). Plaintiffs' allegations do not meet this test.

Specifically, Plaintiffs have not identified *any* direct contacts the Shareholder LLC Defendants have with Indiana, let alone a contact related to the debt collection related claims they make in the Amended Complaint. The Shareholder LLC Defendants did not participate in the alleged purchase of the Plaintiffs' accounts, the transfers of those accounts to LVNV or the collection efforts on these accounts. These Defendants further have not made any representation about the ownership of the Cox, Snyder and Goodall accounts or in any way disclosed their non-public information. In fact, the only conduct Plaintiffs allege any of the Shareholder LLC

- 14 -

Defendants participated in was to own Sherman Capital membership units, "control" Sherman Capital (with the other such unit owners) and maintain internal accounting records, none of which activities do Plaintiffs claim to have occurred in Indiana. Plaintiffs, therefore, have not presented a *prima facie* case that any of the Shareholder LLC Defendants had a contact with Indiana, let alone a contact that met jurisdictional minimum contacts, from which the Plaintiffs' claims arise.

### 3. The Court Cannot Impute LVNV Or Resurgent Contacts To The Shareholder LLC Defendants.

That Plaintiffs cannot show the Shareholder LLC Defendants have either general or specific Indiana contacts leads to Plaintiffs' final plea that this Court to impute the LVNV or Resurgent contacts with Indiana to the Shareholder LLC Defendants. (Am. Compl. ¶¶ 19-29). But that effort also fails.

In deciding whether a court possesses personal jurisdiction over multiple defendants, "[e]ach defendant's contacts with the forum State must be assessed individually." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984). As a general rule, an entity is distinct from its parents and owners for purposes of personal jurisdiction. *Central States*, 230 F.3d at 943-44; *see also IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir. 1998) ("Parents of wholly owned subsidiaries necessarily control, direct, and supervise the subsidiaries to some extent," so that parent-subsidiary relationship alone is insufficient to impute jurisdictional contacts of the subsidiary to the parent). This presumption of institutional independence may be overcome in limited circumstances if there is "clear evidence" that the parent utilized the subsidiary as an agent, exercised an unusually high degree of control over the subsidiary, or operated the subsidiary as an empty shell. *Purdue*, 338 F.3d at 788 (rejecting imputing contacts where parent did not exert "an unusually high degree of control."); *see also*

*Abelesz v. OTP Bank*, 692 F.3d 638, 658 (7th Cir. 2012) (to impute a subsidiary's jurisdictional contacts based on an alter ego theory, a plaintiff must show by clear evidence that the parent exercised an unusually high degree of control over the subsidiary, or that the subsidiary was the controlled agent of its parent with respect to the conduct at issue in the case). "[S]tock ownership in or affiliation with a corporation, without more, is not a sufficient minimum contact." *Central States*, 230 F.3d at 943.

This Court has already ruled that it lacks jurisdiction over out-of-state defendants that are not parents of LVNV or Resurgent or parents of their parents. (Dkt. 237 at pp. 5-7). None of the Shareholder LLC Defendants is a parent of LVNV or Resurgent or any parent of their parents. (Silver Dec. ¶ 16). None of the Shareholder LLC Defendants otherwise exerts exclusive or dominant control over LVNV, Resurgent, any parent of LVNV or Resurgent, or any parent of a parent. (Silver Dec. ¶ 17). Neither LVNV nor Resurgent was acting as a controlled agent of any of the Shareholder LLC Defendants with respect to the conduct in the Amended Complaint.

Thus this case differs markedly from *Wesleyan Pension Fund, Inc. v. First Albany Corp.*, 964 F. Supp. 1255, 1262 (S.D. Ind. 1997). In *Wesleyan*, the three controlling shareholders of a parent company to a subsidiary with Indiana contacts served as the subsidiary's operating personnel and communicated with the plaintiffs with respect to the conduct at issue in the complaint. Significantly, the *Wesleyan* court found that the controlling shareholders acted indiscriminately for both parent and subsidiary, without any differentiation between the parent and subsidiary at the operating level. *Id.* at 1262-64. Here, however, none of the Shareholder LLC Defendants conducted any of the activities at issue in the Amended Complaint, either themselves or through any other entity. The Shareholder LLC Defendants are instead in an identical position to the Individual Defendants and entities that the Court previously dismissed

for lack of personal jurisdiction. The Court, therefore, should similarly dismiss the Shareholder LLC Defendants for lack of personal jurisdiction.

### 4. The Court Cannot Impute LVNV's Or Resurgent's Contacts With Indiana To The Shareholder LLC Defendants Because Neither LVNV Nor Resurgent Is A Shell Company Or An Agent Of The Shareholder LLC Defendants.

What is also true is that Plaintiffs' cannot impute LVNV and Resurgent contacts because neither LVNV nor Resurgent is a shell company.

To impute jurisdictional contacts of a subsidiary based on a veil-piercing theory, a plaintiff must show that the "subsidiary's corporate existence is simply a formality." *Abelesz*, 692 F.3d at 658. Under Delaware law,[13] the party seeking to pierce a corporate veil must show the corporate entity is a "shell" company based on the following factors: whether the company was adequately capitalized for the corporate undertaking; whether it was solvent; whether dividends were paid, corporate records kept, officers and directors functioned properly, and other corporate formalities were observed; whether the dominant shareholder siphoned corporate funds; and whether, in general, the corporation simply functioned as a facade for the dominant shareholder. *United States v. Golden Acres, Inc.*, 702 F. Supp. 1097, 1104 (D. Del. 1988). Moreover, "[p]iercing the corporate veil is not favored and in general, courts are reluctant to do so." *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 379 (7th Cir. 2008).

Here, Plaintiffs do not allege that Resurgent is shell, nor could they, as even their pleadings recognize that Resurgent is a sophisticated independent company with its own employees and offices. (¶¶ 3, 8, 16 ,18, 37, 51, 68, 85, 109, 110, 113, 122). As noted earlier,

---

[13] Because LVNV is a Delaware company, determination of whether the Court must look to Delaware law to determine if it can pierce LVNV's corporate veil. *See Laborers' Pension Fund v. Lay-Com, Inc.*, 580 F.3d 602, 610 (7th Cir. 2009) ("Veil-piercing is an equitable remedy governed by state law, here the law of Illinois because that is where all of the corporations at issue were incorporated.").

Resurgent is a well-capitalized entity with ongoing operations that follows all corporate formalities. (Picciano Dec. ¶ 10).

Moreover, Plaintiffs cannot offer any support to their vague allegation that LVNV is a shell the Court should pierce to impute contacts to the Shareholder LLC Defendants. (*See* Am. Compl. ¶ 53). Contrary to this allegation, LVNV is an adequately capitalized entity that has operated with solvency for 10 years, and is able to meet its debts in the normal course of business. (Silver Dec. ¶ 30). LVNV maintains assets more than sufficient to meet its financial obligations as they become due in the ordinary course of business. (Silver Dec. ¶ 32). LVNV observes corporate formalities: it holds regular manager meetings and keeps formal minutes of these meetings; and it maintains separate accounting books, records, financial statements, and bank accounts.. (Silver Dec. ¶ 33). No parent company of LVNV or of LVNV's parent exercises complete dominion or control over LVNV; LVNV's managers make decisions for LVNV independently. (Silver Dec. ¶ 29). LVNV does not operate exclusively as an agent of its parent company, or of any parent of its parent company; LVNV makes decisions independently of its parent and its parent's parents with regard to the collection of accounts it purchases at issue in this case. (Silver Dec. ¶ 34).

Further, the fact that LVNV is an asset-holding company with no employees does not make it a *shell* company subject to veil-piercing. *See Am. Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir. 1997) (refusing to pierce corporate veil even though corporation had no contracts, employees, capital or assets, was run out of its president's home. ); *Nathan v. Morgan Stanley Renewable Dev. Fund, LLC*, No. 11 C 2231, 2012 WL 1886440, at *8-9 (N.D. Ill. May 22, 2012) (refusing to pierce corporate veil where Plaintiff alleged corporations had "no employees of their own"). Indeed, it is the *absence* of assets that is paradigmatic of a shell

company.  *See Ill. Bell Tel. Co. v. Global Naps Ill., Inc.*, 551 F.3d 587, 597-598 (7th Cir. 2008) (describing the paradigmatic case for piercing the corporate veil as a situation where the owner of a company *misrepresents* that the company has assets to obtain credit when in reality the company has no assets).  An asset-holding company that is well capitalized, such as LVNV, is by its very nature *not* a shell company.  Plaintiffs, therefore, cannot impute LVNV's contacts.[14]

### B.  The Court Should Dismiss The Plaintiffs' Fraud And Constructive Fraud Counts For Failure To State A Claim Upon Which Relief Can Be Granted.

In the alternative to their Motion to Dismiss due to lack of personal jurisdiction, and for the reasons set forth in the Entity Defendants' Motion To Dismiss Plaintiffs' Rico, Fraud And Constructive Fraud Claims (Dkt. 338), the Entity Defendants' Memorandum Of Law In Support Of Defendants' Motion To Dismiss Plaintiffs' Rico Fraud And Constructive Fraud Claims (Dkt. 339) and the Entity Defendants' Reply In Support Of Motion To Dismiss Plaintiffs' Rico, Fraud And Constructive Fraud Claims (Dkt. 359), the Shareholder LLC Defendants respectfully ask that the Court dismiss Plaintiffs' fraud and constructive fraud claims with prejudice pursuant FRCP 12(b)(6) for their failure to state clams upon which the Court can grant relief.

### CONCLUSION

For the reasons stated above, the Court should dismiss the Amended Complaint as to the Shareholder LLC Defendants for lack of personal jurisdiction.  In the alternative, for the reasons stated in the Entity Defendants' Motion To Dismiss and supporting briefs, the Court should dismiss the fraud and constructive fraud claims against the Shareholder LLC Defendants.

---

[14] While the Court treated LVNV as a shell company for purposes of the prior personal jurisdiction dispute, there was no evidence before the Court at that time to controvert this inaccurate characterization of LVNV. (See Dkt. 237 at pp. 6-7). Accordingly, the Court accepted Plaintiffs' allegations regarding LVNV and made inferences in Plaintiffs' favor. (*Id.*). In contrast, the Shareholder LLC Defendants here have provided proof of LVNV's separate corporate character that Plaintiffs can only dispute if they also put in documentary proof to the contrary.

Dated: May 11, 2015                    Respectfully submitted,

_/s/ James A. Rolfes_____

Thomas Allen *pro hac vice*      James A. Rolfes  *pro hac vice*     James W. Riley, Jr.
REED SMITH LLP                   jrolfes@reedsmith.com              Atty. No. 6073-49
225 Fifth Avenue                 David A. Maas *pro hac vice*        RILEY BENNETT & EGLOFF
Pittsburgh, PA 15222             dmaas@reedsmith.com                LLP
(412) 288-3131                   REED SMITH LLP                     141 East Washington Street
(412) 288-3086 (Facsimile)       10 South Wacker Drive              Fourth Floor
tallen@reedsmith.com             Chicago, IL  60606-7507            Indianapolis, IN  46204
                                 (312) 207-1000                     (317) 636-8000
                                 (312) 207-6400 (Facsimile)         (317) 636-8027 (Facsimile)
                                                                    jriley@rbelaw.com

*Attorneys for Defendants Huger Street LLC, Moultrie Street LLC, Wolfe Street LLC, Fulton Street LLC, Jasper Street LLC, Concord Street LLC, Hagood Street LLC, Charlotte Street LLC, Archdale Street LLC, Jacobs Alley LLC, Peachtree Street LLC, Greenhill Street LLC, Chalmers Street LLC, and Princess Street LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2015 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing to all counsel of record.

/s/ *James A. Rolfes*