UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANDREW COX, LUCINDA COX, STEPHANIE SNYDER Individually and on behalf of others similarly situated, and ROBERT GOODALL, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:12-cv-01654-TWP-MJD |
| SHERMAN CAPITAL LLC, SHERMAN FINANCIAL GROUP LLC, LVNV FUNDING LLC, RESURGENT CAPITAL SERVICES LP, JOHN DOES 1-50, SHERMAN ORIGINATOR LLC, HUGER STREET LLC, MOULTRIE STREET LLC, WOOLFE STREET LLC, FULTON STREET LLC, JASPER STREET LLC, CONCORD STREET LLC, HAGOOD STREET LLC, CHARLOTTE STREET LLC, ARCHDALE STREET LLC, JACOBS ALLEY LLC, PEACHTREE STREET LLC, GREENHILL STREET LLC, CHALMERS STREET LLC, PRINCESS STREET LLC, and UNKNOWN S CORPORATION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON PARTIAL MOTION TO DISMISS**

This matter is before the Court on a Partial Motion to Dismiss filed by Defendants (Filing No. 338) seeking to dismiss three counts of the Amended Complaint filed by Plaintiffs, Andrew Cox, Lucinda Cox, Stephanie Snyder (on behalf of herself and others similarly situated), and Robert Goodall (Filing No. 303). Defendants seek to dismiss Plaintiffs' claims brought under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 *et seq.* ("RICO") (Counts II and III), and common law fraud (Count IV) that the Court previously dismissed due to pleading defects and which Plaintiffs were granted leave to re-file. (Filing No. 237.) Defendants also seek

to dismiss an additional claim in the Amended Complaint for constructive fraud (Count V). For the reasons set forth below, Defendants' motion is **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND

The facts of this case are set forth in detail in the Magistrate Judge's Report and Recommendation on Defendants' first motion to dismiss (Filing No. 151) and will thus only be summarized in this Entry. Plaintiffs allege violations of the Fair Debt Collection Practices Act ("FDCPA"), unjust enrichment, restitution, common law fraud, constructive fraud, and violations of RICO. Specifically, Plaintiffs allege the Defendants unlawfully sought to collect on consumer debts that they did not own by utilizing a group of banks, collection agencies, and law firms to pursue debts that had already been "charged off" by the original creditors.

Defendants filed a motion to dismiss the Plaintiffs' original complaint, which the Court granted in part and denied in part, and Plaintiffs were granted leave to file an amended complaint. (Filing No. 237; Filing No. 297.) The Court dismissed Plaintiffs' FDCPA claims with prejudice, and dismissed the RICO and common law fraud claims without prejudice, finding that they did not meet the heightened pleading standards required by Federal Rule of Civil Procedure 9(b). Plaintiffs filed an Amended Complaint, adding additional defendants and re-alleging the claims under RICO and common law fraud, as well as claims for constructive fraud, restitution, unjust enrichment and the remaining FDCPA claim. (Filing No. 303.) Defendants once again seek to dismiss Plaintiffs' RICO, common law fraud, and constructive fraud claims for failure to state a claim upon which relief may be granted.

## II. STANDARD OF REVIEW

When reviewing a 12(b)(6) motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. Cnty. of Kane*, 550

F.3d 632, 633 (7th Cir. 2008) (citations omitted). However, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

### III. <u>DISCUSSION</u>

Defendants argue that Plaintiffs' Amended Complaint does not cure the defects identified by the Court in its previous entry on Defendants' objection to the Magistrate Judge's Report and Recommendation with respect to their RICO and common law fraud claims. Additionally, Defendants argue that the newly added claim for constructive fraud does not meet the heightened pleading requirements as well. Specifically, Defendants argue that the Amended Complaint does not meet the requirements under Federal Rule of Civil Procedure 9(b) for pleading fraud and RICO claims with particularity. The Magistrate Judge, in his order on the Plaintiffs' Motion for Leave to Amend the Complaint (Filing No. 297), found in a separate, but similar, inquiry that the proposed amended complaint met the heightened pleading standard of Rule 9(b) in his analysis determining whether the amendment to the RICO and fraud claims would be futile and thus should not be allowed. The determination as to whether an amendment to a complaint would be futile utilizes the same standard as that of a 12(b)(6) motion to dismiss. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) ("The opportunity to amend a

complaint is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted.") (internal quotations omitted). For the reasons discussed below, the Court agrees with the Magistrate Judge's analysis and finds that the Amended Complaint sufficiently alleges the RICO and actual fraud claims Defendants again seek to dismiss.

**A.     RICO Claims**

Count II of Plaintiffs' Amended Complaint asserts a civil RICO claim, alleging that Defendants Sherman Capital LLC ("Sherman"), Sherman Financial Group LLC ("SFG"), Sherman Originator LLC ("SO"), LVNV Funding LLC ("LVNV"), and Resurgent Capital Services LP ("Resurgent") (collectively, the "RICO Defendants") engaged in a pattern of racketeering activity within the meaning of 18 U.S.C. § 1962(c) for the purpose of defrauding the plaintiff class members of money and property. In the alternative, Count III asserts a RICO conspiracy claim, alleging that the RICO Defendants are liable as conspirators under 18 U.S.C. 1962(d).

In order to state a claim under RICO, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1019 (7th Cir. 1992) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)).

> A pattern of racketeering activity consists of at least two predicate acts of racketeering committed within a ten-year period. . . . . Predicate acts are acts indictable under a specified list of criminal laws . . . including mail fraud under 18 U.S.C. § 1341, and wire fraud under 18 U.S.C. § 1343.

*Id.* (citing 18 U.S.C. § 1961).

Defendants argue that Plaintiffs have not met the heightened pleading requirements under Federal Rule of Civil Procedure 9(b) in alleging a pattern of wire or mail fraud, interstate transportation of stolen property, and extortion. To state a claim for mail and wire fraud, the plaintiff must plead (1) that the defendant participated in a "scheme to defraud;" (2) with the intent

4

to defraud; and (3) that the defendant used a wire communication or the mails to further the scheme. *See* 18 U.S.C. §§ 1341, 1343; *United States v. Briscoe*, 65 F.3d 576, 583 (7th Cir. 1995). The heightened pleading standard in Rule 9(b) also applies to allegations of mail and wire fraud, "including where those offenses are alleged to comprise predicate acts of a RICO pattern." *Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1050 (7th Cir. 1998). "To satisfy the particularity requirement, we have required a RICO plaintiff to allege the time, place, and content of an allegedly fraudulent communication, as well as the parties to that communication." *Id.* Count II of Plaintiffs' Amended Complaint explicitly incorporates paragraphs 64 through 124, which recount with specificity the type of communication alleged to have been made, the date, and who the communication was to and from, including a table detailing all of this information at paragraph 121. ([Filing No. 303, at ECF pp. 26-51](#).) Plaintiffs do not "lump together" all of the Defendants as argued in the brief in support of the motion to dismiss. The Court finds that this level of detail contained in 26 pages of the Amended Complaint meets the heightened pleading requirements of Rule 9(b).

The same is true for Plaintiffs' allegations that Defendants engaged in the interstate transport of stolen property and extortion. In RICO cases, "the complaint must, at a minimum, describe [fraud-based] predicate acts with some specificity and 'state the time, place, and content of the alleged communications perpetuating the fraud.'" *Perlman v. Zell*, 938 F. Supp. 1327, 1348 (N.D. Ill. 1996) *aff'd,* 185 F.3d 850 (7th Cir. 1999) (quoting *Midwest Grinding Co., Inc.*, 976 F.2d at 1020). As discussed above, Plaintiffs have alleged the time, place and content of the communications giving rise to the alleged interstate transport of stolen property and the alleged extortion. In addition, paragraphs 125 through 132 set forth the relevant facts regarding these two predicate acts specifically. Paragraph 126 states where each Plaintiffs' money is alleged to have

5

been transferred, specifically to Resurgent in South Carolina, and the manner by which the funds are alleged to have been transferred. (Filing No. 303, at ECF p. 52.) Likewise, Plaintiffs adequately stated facts relevant to their extortion claims in paragraphs 128 through 132, setting forth the specific facts underlying their claim. While plaintiffs are required to satisfy the requirements of Rules 8 and 9, they are not also required to plead facts that would prove their entire case in the Complaint. *Emery v. Am. Gen. Fin.*, 134 F.3d 1321, 1323 (7th Cir. 1997). The Court concludes that Plaintiffs have adequately pled the predicate acts underlying their RICO claims against Defendants.

Defendants also assert that Plaintiffs have failed to plead a RICO enterprise under § 1962(c). Defendants argue that Plaintiffs do not identify an enterprise distinct from the named Defendants, and do not allege that Defendants did anything more than conduct its own affairs. "A RICO enterprise 'includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.'" *Browning v. Flexsteel Indus., Inc.*, 955 F. Supp. 2d 900, 908 (N.D. Ind. 2013) (quoting 18 U.S.C. § 1961(4)). An association-in-fact enterprise must also have some sort of "structure," consisting of "at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States,* 556 U.S. 938, 946 (2009). Plaintiffs have pleaded, in the alternative, both enterprises and association-in-fact enterprises in Paragraphs 164 through 173. (Filing No. 303, at ECF pp. 59-65.) For each alleged association-in-fact enterprise, Plaintiffs assert that the members acted for a common purpose, that they are related in a way that they are all involved in the operation and management of collections on behalf of Resurgent, and that they possessed sufficient longevity

for the members to carry out the purpose. Thus the Court finds that Plaintiffs have adequately pleaded the existence of an enterprise in their Amended Complaint.

Contrary to Defendants' argument that Plaintiffs "lump together" all Defendants and only generally refer to "schemes to defraud," thus failing to satisfy the requirements of Rule 9(b), the Court finds that Plaintiffs have pled the remaining requirements of their RICO claims with sufficient specificity. Plaintiffs factually allege the conduct of each Defendant and what role each played in the alleged scheme. ([Filing No. 303, at ECF pp. 59-65](#).) Plaintiffs also include factual allegations of a pattern of racketeering activity, including mail and wire fraud, interstate transportation of stolen property, and extortion. The Amended Complaint contains a chart showing which Defendant and/or its agent engaged in what conduct in furtherance of the alleged scheme to defraud Plaintiffs. ([Filing No. 303, at ECF pp. 44-50](#).) The Court finds that this is more than just a general reference to a "scheme to defraud" and that it adequately states a claim under RICO.

Finally, Defendants argue that Plaintiffs failed to properly plead allegations of agency under Rule 9(b) because Plaintiffs rely upon the same circumstances to establish both the alleged fraud and the agency relationship of the Defendants. Plaintiffs assert that the RICO claims are not premised on agency or veil piercing legal theories; rather, they allege that the Defendants participated directly or indirectly in the conduct of the enterprise's affairs. As previously discussed, the Court has found that the Plaintiffs have included sufficient factual allegations as to each required element of their RICO claims, and the level of detail expected by Defendants goes well beyond what is required under Rule 9(b). The motion to dismiss Plaintiffs' RICO claims is therefore **DENIED**.

**B. Actual and Constructive Fraud**

Counts IV and V of the Amended Complaint assert claims for fraud and constructive fraud. Defendants argue that Plaintiffs failed to plead these claims with specificity as required by Rule 9(b). Defendants also argue that Plaintiffs' constructive fraud claim fails because they failed to plead sufficient facts showing that Defendants owed Plaintiffs a special duty.

**1. Actual Fraud**

To state a claim for actual fraud under Indiana law, Plaintiffs must plead (1) a material misrepresentation of past or existing facts by a particular defendant; (2) which was false; (3) which was made with knowledge or reckless ignorance of the falseness; (4) which was relied upon by plaintiffs; and (5) which proximately caused the plaintiff's injury. *Rice v. Strunk*, 670 N.E.2d 1280, 1289 (Ind. 1996). As discussed in the context of the Plaintiffs' RICO claims, Plaintiffs have adequately pled which Defendants made the alleged misrepresentations, as well as when, where and how. ([Filing No. 303, at ECF pp. 26-51](#).) This satisfies the "who, what, when, where, and how" requirement of Rule 9(b). *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). Therefore, the motion to dismiss Plaintiffs' actual fraud claim is **DENIED**.

**2. Constructive Fraud**

With respect to the constructive fraud claim, Plaintiffs must plead (1) a duty existing by virtue of the relationship between the parties; (2) representations or omissions made in violation of that duty; (3) reliance thereon by the complaining party; (4) injury to the complaining party as a proximate result thereof; and (5) the gaining of an advantage by the defendant at the expense of the plaintiff. *Biberstine v. New York Blower Co.*, 625 N.E.2d 1308, 1315-16 (Ind. Ct. App. 1993). Defendants argue that Plaintiffs have failed to allege that Defendants owed them a special duty. Plaintiffs rely upon the Graham Leach Bliley Act, 15 U.S.C. § 6801, *et seq*. ("GLBA") and the

Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA") to establish that Defendants owed Plaintiffs a duty as Indiana consumers. However, the duties under the GLBA are enforced by federal regulators, state insurance authorities, and the Federal Trade Commission, and courts have consistently held that "there is no private right of action created by Congress under the GLBA." *In re Matthys*, No. 09-16585-AJM-13, 2010 WL 2176086, at *2 (Bankr. S.D. Ind. May 26, 2010). There is no implied right to sue under the GLBA. *Id*. Likewise, there is also no private right of action under the FCRA for violations of the disclosure requirements alleged by Plaintiffs. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 619 (7th Cir. 2007) ("The unambiguous language of § 1681m(h)(8) demonstrates that Congress intended to preempt private causes of action to enforce § 1681m.") (additional citations omitted). As such, there is no duty owed to Plaintiffs by Defendants on the basis of the obligations set forth in these two statutes, and Plaintiffs have not pled any other basis for the existence of a duty owed to them by Defendants. Because Plaintiffs' Amended Complaint fails to show any circumstances under which the Plaintiffs can satisfy the first element of a constructive fraud case, the motion to dismiss this claim is **GRANTED**.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Plaintiffs' Amended Complaint satisfies the heightened pleading requirements under Rule 9(b) for the claims brought under RICO and for actual fraud, but that Plaintiffs have failed to state a claim for constructive fraud. Therefore, Defendants' Partial Motion to Dismiss ([Filing No. 338](Filing No. 338)) is **DENIED in part** with respect to Plaintiffs' RICO and actual fraud claims, and **GRANTED in part** with respect to the constructive fraud claim, which is therefore **DISMISSED** with prejudice.

**SO ORDERED.**

Date: 6/3/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Robert D. Cheesebourough
ruaneagle@aol.com

Matthew D. Boruta
CHEESEBOUROUGH & BORUTA
boruta17@hotmail.com

Amy E. Romig
PLEWS SHADLEY RACHER & BRAUN
aromig@psrb.com

Frederick D. Emhardt
PLEWS SHADLEY RACHER & BRAUN
emhardt@psrb.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Peter M. Racher
PLEWS SHADLEY RACHER & BRAUN
pracher@psrb.com

David A. Maas
REED SMITH LLP
dmaas@reedsmith.com

James A. Rolfes
REED SMITH LLP
jrolfes@reedsmith.com

Michael L. DeMarino
REED SMITH LLP
mdemarino@reedsmith.com

Thomas L. Allen
REED SMITH LLP
tallen@reedsmith.com

Stephanie Snell Chaudhary
RILEY BENNETT & EGLOFF LLP
schaudhary@rbelaw.com

James W. Riley, Jr.
RILEY BENNETT & EGLOFF LLP
jriley@rbelaw.com