UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX, et al., individually and on behalf of others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No.: 1:12-cv-1654-TWP-MJD ) CLASS ACTION ) JURY TRIAL DEMANDED |
| SHERMAN CAPITAL LLC, et al. | ) ) |
| Defendants. | ) |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS**

Defendants have filed a Motion to dismiss for lack of personal jurisdiction and failure to state a claim. Based on this Court's Order on Entry of Partial Motion to Dismiss, the failure to state a claim has been mooted. [Dkt. 437]. Further, this Motion is another attempt by the Defendants to denominate a motion to dismiss what is in reality a motion for summary judgment.

## A. Standard of Review

While a Complaint is not required to have "detailed factual allegations," the factual allegations of the complaint must at least "raise a right to relief above the speculative level" in order to survive a 12(b)(6) motion to dismiss; mere recitation of the elements of a claim is not sufficient. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The alleged factual allegations must state a claim that "is plausible on its face," though the court is allowed to draw "reasonable inference[s]" that lead to a

1

conclusion that "the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Even so, "the bar to survive a motion to dismiss is not high." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (taking into account *Iqbal* and *Twombly*).

When reviewing a motion to dismiss, the Court must accept as true "all well-pleaded factual allegations and drawing all reasonable inferences in favor the plaintiff." *Dawson v. Gen. Motors Corp.*, 977 F.2d 369, 372 (7th Cir.1992). "The plaintiff's claims should survive dismissal if relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* A 12(b)(6) motion to dismiss merely tests the sufficiency of the complaint, not the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).

With respect to a motion to dismiss based upon lack of personal jurisdiction, the Court must also draw all reasonable inferences in favor of the plaintiff. *Seward v. Alexander Props. Group, Inc.*, 2005 U.S. Dist. LEXIS 31150 at *7 (S. D. Ind. 2005). While the Court may consider affidavits, any conflicts in evidence must be construed in favor of the plaintiff. *Id.* at *8.

> As this court stated previously:
>
> When the district court rules on a defendant's motion to dismiss based on the submission of written materials, without the benefit of an evidentiary hearing, the plaintiff "need only make out a *prima facie* case of personal jurisdiction." *Id.* at 782 (quoting *Hyatt Int'l Corp. v. Coco,* 302 F.3d 707, 713 (7th Cir. 2012)). "In determining whether the plaintiff has met the *prima facie* standard, the plaintiff is entitled to a favorable resolution of all disputed relevant facts." *uBID, Inc. v. GoDaddy Group. Inc.*, 623 F.3d 421, 423-24 (7th Cir. 2010).

[Dkt 237 p. 4]

This Court has already determined that "Plaintiffs have made a *prima facie* showing that LVNV's jurisdictional contacts may be imputed to other Defendants" even *without* a RICO claim. [Dkt. 237, p.6].

This Court has already denied a similar Motion to Dismiss since the jurisdictional contacts of LVNV were imputed to its parent companies. If the New Defendants are the owners or the parents of the existing Defendants, then there is personal jurisdiction.

If Sherman Capital is <u>not</u> the parent of the existing Defendants, then Defendants are correct and there is no personal jurisdiction of the New Defendants. However, this would be an admission that the Defendants were not honest with the Plaintiffs or the Court when discussing ownership during the discovery disputes.

### B. **<u>BACKGROUND</u>**

Defendants are trying to manipulate statements they have already made to attempt to pigeonhole the "New Defendants" (referred to by Defendants in their May 11, 2015 Motion to Dismiss as "Shareholder LLC Defendants" [Dkt. 426]) into a similar form as the defendants that have already been dismissed for lack of personal jurisdiction. Defendants have not contested personal jurisdiction over LVNV Funding LLC ("LVNV"). This Court has held that "Plaintiffs have alleged and provided evidence that LVNV is merely an asset-holding vehicle that is essentially a shell company with no employees." [Dkt. 237 p 6]. Therefore, "[p]laintiffs have made a *prima facie* showing that LVNV's jurisdictional contacts may be imputed to other Defendants." *Id.*

This Court also held that "[t]he jurisdictional contacts of LVNV may only be imputed to its parent companies, which consisted of Sherman Originator LLC, Sherman Financial Group LLC, and Sherman Capital LLC . . ." *Id.* The other Corporate Defendants

were found not to have any ownership interest in and not to be parent companies. *Id.* The Individual Defendants were dismissed for failure to find another basis for personal jurisdiction other than "ownership." *Id.* at 7.

### C. Argument

Based solely on the Scott Silver[1] Declaration [Dkt. 427-1, Ex A], Defendants now argue that the New Defendants are not the *parent* of Sherman Capital [¶ 15]; they have no ownership in any of the Corporate Defendants; and likewise they have no control over the remaining Defendants.

Between November, 2008 and November 15, 2013, Defendants have directly or indirectly collected on at least 1,174,222 accounts in the State of Indiana. The total amount collected from Indiana consumers during that time was at least $79,940,415.50. Prior to filing the initial Complaint, counsel spent many months researching the corporate makeup of LVNV. Plaintiffs have alleged in the original complaint and subsequent filings with this Court that Defendants collectively constitute a clandestine corporate structure with the sole purpose of shielding most of the Defendants from liability as for LVNV's violation of the FDCPA. Plaintiffs' Amended Complaint alleges that LVNV Funding LLC ("LVNV"); Sherman Originator LLC ("SO"); Sherman Financial Group LLC ("SFG"); and Sherman Capital LLC ("Sherman Capital") are all "shell" companies. After over two years of litigation, all Plaintiffs have been able to learn about this multi-billion dollar operation is that LVNV does not file tax returns,[2] does not file financial statements[3], and that no one

---

[1] At the filing of the Initial Complaint Scott Silver was a "shareholder" of Sherman Capital as an individual, now it is as Concord Street LLC.
[2] Defendants were ordered by this Court to produce all tax returns filed by Defendants; they did not produce a tax return for LVNV.

appears to know who owns or controls it.

The Defendants have represented to the Plaintiffs and this Court that Sherman Capital is the parent of Sherman Financial Group ("SFG") which is the parent of Sherman Originator ("SO") which in turn is the parent of LVNV. The Corporate Disclosure Statement filed by Defendants explicitly states that: (1) LVNV is "wholly owned" by SO; (2) SO is "wholly owned" by SFG; (3) SFG is "wholly owned" by Sherman Capital. [Dkt. 12]. This straight line ownership of LVNV-SO-SFG-SC was also the subject of deposition testimony. Furthermore, a chart of this ownership was presented to this Court as evidence at the December 22, 2014 hearing along with a statement that this Chart explained everything, which was why Plaintiffs were not entitled to tax returns. The Magistrate made a Recommendation based on the above *evidence* defining the corporate structure "is in reality like an amoeba—a cone-celled organism with no definite shape." [Dkt. 151 at 28] and this Court relied on that statement when initially ruling upon jurisdiction. [Dkt 237 at 6].

LVNV is ultimately owned by Sherman Capital. Deposition transcript of Benjamin W. Navarro (June 21, 2013) (p. 72:9-11) [Dkt. 191]. Further, Sherman Capital does nothing other than own SFG. [Navarro Dep. 30:25, Dkt. 191]. At the depositions, as Plaintiff's counsel was attempting to treat each defendants as its own entity, corporate counsel, Michael Bahner stepped in to note: "All of these companies self-perpetuate." [Navarro Dep. 31:3-4, Dkt. 191]. *See also Report and Recommendation,* [Dkt 151 p. 27].

Furthermore, at his deposition Benjamin Navarro, the president and CEO of Sherman Capital, stated that Sherman Capital was exclusively owned by an S-corp., created in the calendar year 2013, and named after a street in Charleston, although he could not

---

[3] If there are no financial statements, how can Scott Silver know (Silver Declaration ¶30) that LVNV "as of March 31, 2015" had an exact "net worth of $10,469,584".

remember the name. When asked if he could call someone at the office and find the answer right then, his response was "Yeah." [Navarro Dep., p. 35, Dkt. 191]. Despite the Motions to Compel, the numerous meet and greets, and the assurance on a conference call with Magistrate Dinsmore during which Defendants' counsel stated that he would have the information by the end of November, Defense counsel merely sent a letter on November 14, 2013 stating that he was "compiling information related to Sherman Capital." Not until the Magistrate set a hearing did Defendants' counsel respond with a letter dated January 29, 2014.

As to the unknown S-corp named for a Charleston street and the New Shell Companies, Rule 9(b) is satisfied by the showing that further particulars of the alleged fraud cannot be obtained without discovery. Defendants' repeated refusal to comply with reasonable discovery requests alone precludes entry of dismissal at this point in the proceedings.

After many promises to reveal the information to both Plaintiffs and the Magistrate and after a hearing was set on the 3rd Motion to Compel, Defendants finally produced a January 29, 2014 letter that listed <u>some</u> of the owners of Sherman Capital. In that letter, there is no S-corp mentioned. Instead, there are listed individuals and 15 LLCs (of which 14 were created after the filing of the Complaint and the corporate disclosure statement of December 19, 2012). [Dkt 303 ¶¶ 15, 41-42].[4]

---

[4] The letter still did not disclose all of the "New" entities that "own" Sherman Capital when compared to Sherman Capital's tax returns.

The January 29, 2014 letter unequivocally states that "Sherman Capital LLC is *owned* by the following", including the New Defendants.[5] The January 29, 2014 letter was attached as Exhibit F to Defendants' Objection to Magistrate Judge's Order on Motion to Compel [Dkt. 219, Ex. F]. Despite the letter stating ownership, Silver's Declaration attached to the latest motion to dismiss states that "None of the Shareholder LLC Defendants is a *parent* of Sherman Capital LLC." [Dkt. 427-1, ¶15]. Despite assurance regarding Sherman Capital LLC ownership (Defendants insisted that Plaintiffs could rely upon the January 29, 2014 letter that the New Defendants were owners of Sherman Capital LLC), they now claim that these New Defendants aren't the parents of Sherman Capital or is a majority owner when it is time to challenge jurisdiction. Given the Court's previous rulings that owners of Defendants are under the personal jurisdiction of this Court and Defendants' previous assertions that the New Defendants are owners of Sherman Capital LLC, this court should deny Defendants' latest motion to dismiss.

Furthermore, besides the fact that Defendants have admitted that the New Defendants have some ownership of current Defendants, both the Complaint and the Amended Complaint state that LVNV and the other Corporate Defendants are mere shells and thus this Court should pierce the Corporate Veil to find jurisdiction. The facts underlying this claim were laid out in Plaintiff's previous Response to Motion to Dismiss. [Dkt. 130]. The Magistrate's Recommendation discusses the *Reed v. Reid,* 980 N.E.2d 277, 301 (Ind. 2012) case and the same analysis is equally valid here. The magistrate noted that this "precise inquiry is exceedingly fact specific." [Dkt. 151, p. 25]. The Magistrate concluded that the Defendants are not "a typical corporate family of upstream and downstream entities, sister corporations, and the normal day-

---

[5] Huger St., LLC, Moultrie St. LLC, Woolf St. LLC, Fulton St. LLC, Jssaper St. LLC, Concord St. LLC, Hagood St. LLC, Charlotte St. LLC, Archdale St. LLC, Jacobs Alley LLC, Peachtree Street, LLC, Greenhill St. LLC, Chalmers St. LLC, and Princess St. LLC.

7

to-day functions of some of the entities' executives", but is in "reality more like an amoeba—a one-celled organism with no definite shape." *Id.* p.28. Therefore, although Defendants now try to show that somehow the New Defendants are different – they cannot escape the prior findings related to LVNV, and the fact that the common ownership traces Defendants LVNV to the New Defendants as well.

At the first set of depositions, Defendants, being apparently unaware that jurisdiction could be imputed to ownership of shell companies, freely gave answers that described the Corporate Defendants as shell companies. At the second set of depositions, in an attempt to avoid Individual liability, Defendants described the individuals just casually meeting without anyone being in charge of making decisions. Now in this Motion, Defendants, to avoid Indiana jurisdiction, characterize LVNV as "not" a shell company. However, it is too late to do so.

Moody's specifically and unequivocally states that LVNV is a structured financial product or asset based security ("ABS") The Investor Presentation Day specifically and unequivocally states that "Sherman's" business model includes purchase, service, and securitization of defaulted accounts. Exhibit E to Amended Complaint [Dkt. 303-5, Page ID#4285]. Not a single word in the Moody's documents state that LVNV is nothing other than a CDO/ABS. Exhibit D to Amended Complaint [Dkt. 303-5, Page ID#4281-82]. As to the Moody's Exhibits, Defendants now claim that the rating has to do with the Defendants acquiring bank loans which require a credit rating from Moody's. While it must certainly be true that Defendants do have corporate loans that is not what Moody's is rating. Given that this Court has previously found that owners of LVNV are within the Court's jurisdiction, and the New Defendants have the same ownership connection, this Court should deny the motion to dismiss.

Conclusion

Plaintiffs have sufficiently shown the connections of the New Defendants to the existing Defendants to demonstrate that the Court has personal jurisdiction over the New Defendants.  Furthermore, Plaintiffs amended complaint has cured the errors that led to the dismissal of claims in the original complaint as found by this Court, and the same application dictates that the Court deny Defendants' Motion to Dismiss the Fraud Count.  As discussed in previous pleadings, Plaintiffs' claims have been pled with particularity pursuant to Rule 9(b) where necessary.

        Respectfully submitted

        *s/Amy E. Romig*
        *Attorneys for Plaintiffs, Andrew Cox, Lucinda Cox,*
        *Stephanie Snyder, and Robert Goodall individually*
        *and on behalf of others similarly situated*

George M. Plews, Attorney No. 6274-49
Frederick D. Emhardt, Attorney No. 10952-49
Amy E. Romig, Attorney No. 22523-49
PLEWS SHADLEY RACHER & BRAUN LLP
1346 North Delaware Street
Indianapolis, IN  46202
Telephone: (317) 637-0700
Facsimile: (317) 637-0710
Email: gplews@psrb.com
      femhardt@psrb.com
      aromig@psrb.com

Robert D. Cheesebourough
Matthew D. Boruta
CHEESEBOUROUGH & BORUTA, L.P.A.
543 E. Market Street
Indianapolis, IN 46204
Telephone: (317) 708-3925
Facsimile: (317) 638-2707

Email: rdc@home-saver.org
       boruta17@hotmail.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 11nd day of June, 2015, a copy of the foregoing was filed electronically and that all parties of record who have appeared should receive this document via the Court's electronic filing system.

<u>s/ Amy E. Romig</u>