IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX, *et al.*, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHERMAN CAPITAL LLC, *et al.*,<br><br>Defendants. | Civil Action No.: 1:12-cv-1654-TWP-MJD<br><br>CLASS ACTION |

**SHAREHOLDER LLC DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss ("Pls.' Resp." Dkt. 441) fails to identify a valid basis for personal jurisdiction over any of the Shareholder LLC Defendants. Through their silence, Plaintiffs concede that the Shareholder LLC Defendants do not have any general or specific contacts with Indiana on which the Court can base personal jurisdiction. Instead, Plaintiffs' theory of personal jurisdiction rests upon two false assertions, namely, that (i) each of the 15 Shareholder LLC Defendants is a "parent" corporation of Defendant, Sherman Capital LLC (that is in turn a "parent" of Defendant LVNV Funding LLC), and (ii) LVNV is a "shell" corporation, thus allowing the Court to pierce its corporate veil to impute LVNV's jurisdictional contacts to each of the Shareholder LLC Defendants. But the *evidence* before the Court shows the opposite: none of the Shareholder LLC Defendants has the majority or controlling interest in Sherman Capital that would make them Sherman Capital's "parent," and LVNV is an adequately capitalized corporation that follows the corporate formalities that prevent the veil piercing essential to Plaintiffs' personal jurisdiction theory.

Plaintiffs' multiple mischaracterizations and unsupported conjecture do not change these facts. As the Plaintiffs fail to make a *prima facie* case for personal jurisdiction, the Court must dismiss the Shareholder LLC Defendants for lack of personal jurisdiction.

**I.  THE COURT SHOULD REJECT PLAINTIFFS' CONFUSED ARTICULATION OF THE STANDARD OF REVIEW.**

As set forth in the Shareholder LLC Defendants' Memorandum in Support of Motion to Dismiss ("Defs.' Mem.," Dkt. 427), the plaintiff bears the burden of demonstrating a *prima facie* basis for jurisdiction when responding to a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (*Id.* at 10.) Conclusory allegations unsupported by factual assertions – such as the "shell entity" accusations and "control" references here (Am. Class Action Compl. and Jury Demand ("Am. Complt." Dkt. 303) at ¶¶ 41, 53) – never suffice to meet this burden. (Defs.' Mem., Dkt. 427, at 11.) Further, when a defendant submits affidavits and other evidence to support his Rule 12(b)(2) dismissal motion, the plaintiff must go beyond the pleadings and submit affirmative evidence. (*Id.*)

Rather than respond under these Rule 12(b)(2) standards, Plaintiffs illogically equate the Shareholder LLC Defendants' personal jurisdiction motion to a summary judgment motion, and then refer to pleading standards applicable to Rule 12(b)(6) motions to dismiss. (Pls.' Resp. at 1-2.) As an initial matter, the introduction of affidavits and other evidence does not transform a motion to dismiss for lack of personal jurisdiction into one for summary judgment. *See Contrak, Inc. v. Paramount Enterprises Int'l, Inc.*, 201 F. Supp. 2d 846, 849 (N.D. Ill. 2002) (on a motion to dismiss for lack of personal jurisdiction, a court may consider affidavits and other evidence outside the complaint). Further, unlike a Rule 12(b)(6) motion, a plaintiff responding to a Rule 12(b)(2) motion must submit affirmative evidence beyond the allegations of the complaint when the defendant submits affidavits in opposition to the plaintiff's personal jurisdiction claims. *ABN*

*AMRO, Inc. v. Capital Int'l Ltd.,* 595 F. Supp. 2d 805, 818 (N.D. Ill. 2008) (citations omitted) (quoting *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). As discussed below, Plaintiffs fail to do so.

## II. NONE OF THE SHAREHOLDER LLC DEFENDANTS IS A "PARENT."

Plaintiffs mistakenly equate having an ownership interest in a corporation with being a "parent" of that corporation. (*See* Pls.' Resp. at 7.) But "[i]t is a general principle of corporate law deeply 'ingrained in our economic and legal systems that a parent corporation (*so-called because of control through ownership of another corporation's stock*) is not liable for the acts of its subsidiaries." *U.S. v. Bestfoods*, 524 U.S. 51, 61 (1998) (quoting Douglas & Shanks, Insulation from Liability Through Subsidiary Corporations, 39 Yale L.J. 193 (1929)) (emphasis added); *Reiniche v. Martin*, No. 08 C 3093, 2010 WL 4386700, at *4 (N.D. Ill. Oct. 28, 2010) (rev'd on other grounds, 463 Fed. Appx. 589 (7th Cir. 2012)) (applying Delaware law) (minority shareholder of corporation not a parent corporation). As defined by Black's Law Dictionary, a "parent corporation" is "[a] corporation that has a *controlling interest* in another corporation (called a subsidiary corporation), usually through ownership of *more than one-half* the voting stock." Black's Law Dictionary 418 (10th ed. 2014) (emphasis added). These definitions are consistent with this Court's previous holding that a shareholder's ownership of corporate shares alone does not provide a basis to impute the corporation's forum contacts to the shareholder, and the Court's finding that only where that ownership equals that of a "parent" corporation will such imputation be possible. (*See* Entry on Motion to Reconsider (Dkt. 237) at 6-7.)

Here, the Shareholder LLC Defendants have presented affidavit evidence that, while each of them has an ownership share of Sherman Capital, none of them exercises control over Sherman Capital, or acts as a parent corporation to that entity. (Silver Decl. ¶¶ 15-17.) They

each, in fact, own only minority interests in Sherman Capital (*id.* at ¶ 14), a fact obvious from the impossibility of 15 entities, (plus 15 additional identified individuals and entities (*see* Am. Compl. at ¶ 41)), to each own more than 50% of this company.

Plaintiffs do not offer any evidence to contradict these facts. Instead, they confusingly argue that past disclosures that consistently have identified the Shareholder LLC Defendants as having ownership shares in Sherman Capital (*see e.g.*, the January 29, 2014 letter cited by Plaintiffs (Pls.' Resp. at 7)) somehow equates to an assertion that each is a "parent" of that company – a statement that no Defendant has ever made in this litigation. Plaintiffs further mislead this Court, as they have in the past, regarding the testimony given by former Defendant, Benjamin Navarro, regarding *his individual ownership* in Sherman Capital. (*See* Pls' Resp. at 5-6.) Mr. Navarro testified he had "an ownership interest in *one* of the entities that ultimately owns LVNV," an entity he previously identified as Sherman Capital. (Navarro Dep. p. 10.) Mr. Navarro further stated that six months before his deposition, he moved his personal interest in Sherman Capital to an S-corp, but that he could not remember the name of that entity. (Navarro Dep., p. 10, Dkt. 191 ("I don't recall the name of it, but it's an S corp. that sits above Sherman Capital.")) His later testimony in that deposition, however, clarified that a new LLC named after a street in Charleston held his interest in Sherman Capital. (Navarro Dep p. 34, Dkt. 191.) Plaintiffs, however, repeatedly use Mr. Navarro's inability to remember the name of the LLC as a basis to spin stories about an "unknown S-corp" and feign an inability to understand that the entity Mr. Navarro referred to is one of the Shareholder LLC Defendants – a fact made clear by

the Sherman Capital income tax returns Plaintiffs received as discovery in this case. The mysterious "S-corp," in other words, is a creation of Plaintiffs' imagination.[1]

What the Plaintiffs also fail to do is what this Court previously held must be done if the Plaintiffs hope to establish personal jurisdiction through a veil piercing theory, namely, that Plaintiffs must present evidence such that the Court can determine the personal jurisdiction as to each Defendant. (Dkt. 237 p. 6.) Directly put, "Plaintiffs may not address the jurisdiction of the Defendants collectively." (*Id.*) But that is exactly what Plaintiffs attempt to do here. Nothing in the Complaint nor their response specifically identifies facts that would allow the Court to conclude that any of the Shareholder LLC Defendants exercises the degree of control over Sherman Capital or its downstream subsidiary, LVNV, such that this Court can impute LVNV's contacts to the Shareholder LLC Defendants. Thus, the Court must accept the unrebutted factual statements the Shareholder LLC Defendants submit in the Silver Declaration that none of them is a parent of, or exercises control over, LVNV.

Because none of the Shareholder LLC Defendants is a "parent" to Sherman Capital, let alone LVNV, none can be the subject of personal jurisdiction through a "veil piercing" theory. Simply put, a "shareholder does not subject herself to litigation personally in states with which the corporation may have sufficient contacts." *Ellis v. Fortune Seas, Ltd.*, 175 F.R.D. 308, 313 (S.D. Ind. 1997).

## III.  LVNV IS NOT A SHELL COMPANY.

Plaintiffs fail to come forward with any evidence that refutes the facts regarding LVNV's financial strength and adherence to corporate formalities. Instead, Plaintiffs question the validity

---

[1] Plaintiffs' claimed confusion about the "S-Corp."—and their complaints about Defendants' alleged refusal to comply with discovery requests—are further belied by recent joint discovery reports filed by the parties in this case. *See, e.g.*, Supplemental Joint Report on the Status of Discovery filed May 29, 2015, Dkt. 436 ("There are no pending discovery disputes.").

of LVNV's corporate formation through illogical assumptions that they base on the purported absence of proof regarding four issues.

First, Plaintiffs indicate without citation to any authority, that because LVNV does not prepare a separate tax return (and instead, as Plaintiffs know well, is part of a consolidated tax return filed by Sherman Capital) somehow LVNV does not have a separate corporate existence. (Pls' Resp. at 4.) It is a common business practice for a parent corporation, like Sherman Capital, to file consolidated tax returns with its subsidiary, in this case LVNV. *See Lowell Staats Min. Co., Inc. v. Pioneer Uravan, Inc.*, 878 F.2d 1259, 1264 (10th Cir. 1989); *Albright v. Attorney's Title Ins. Fund*, 504 F. Supp. 2d 1187, 1210 (D. Utah 2007). The Internal Revenue Code permits this entirely legitimate practice, and any claim that the filing of consolidated returns can serve as a basis to pierce the corporate veil is "without merit." *Lowell Staats*, 878 F.2d at 1264.

Plaintiffs next assume LVNV must operate as a "shell" entity because LVNV purportedly does not "file financial statements," whatever that means, apparently based on their misconception that LVNV does not prepare financial statements. (*Id.*) This error likely results from Plaintiffs wrongly confusing "audited" financial statements (that Defendants Sherman Financial Group and Resurgent prepare and produced in discovery in this matter) and the unaudited financial statements that LVNV prepares (that were not asked for in discovery, but were attached to previous filings in this case). (Defs.' Objection to Magistrate Judge's Sept. 5, 2014 Order on Defs.' Mot. for Reconsideration, Ex. L, Dkt. 305-12.) Plaintiffs' feigned ignorance of LVNV's financial statements, however, does not equal evidence that rebuts the Silver Declaration identifying such documents.

Plaintiffs further illogically write in their brief that "no one appears to know" who owns LVNV when only two sentences later in that same brief they refer to disclosures identifying

Sherman Originator as the owner of LVNV. (Pls.'s Resp. at 4-5 citing Defs.' Corporate Disclosure Stmt., Dkt. 12, filed pursuant to FRCP 7.1.) Plaintiffs also have received sworn interrogatory responses that clearly identify the owners of all the Entity Defendants, including Sherman Originator as owner of LVNV, and the Sherman LLC Defendants and others as owners of Sherman Capital. (Def. LVNV Funding LLC's Am. Objections and Resp. to Plaintiff's First Set of Interr., No. 11.)

Lastly, Plaintiffs seek to support their "shell entity" allegation on their purported ignorance as to who "controls" LVNV. (Pls.' Resp. at 5.) But their Amended Complaint identifies various individuals as LVNV officers and managers who supervise LVNVs operations (Am. Complt. at ¶ 38), and further, they have repeatedly delayed taking the discovery that would clear up any supposed confusion regarding LVNV's operations and various state filings. (*See e.g.* 05/29/15 Supp. Jt. Rpt. on the Status of Disc. (Dkt. 436) ("Plaintiffs are currently aware that they anticipate serving R. 30(B)(6) deposition requests upon all entity defendants"); 05/01/15 Supp. Jt. Rpt. on the Status of Disc. (Dkt. 422) (same); 04/03/15 Supp. Jt. Rpt. on the Status of Disc. (Dkt. 415) (same); 03/06/15 Supp. Jt. Rpt. on the Status of Disc. (Dkt. 377) (same); 02/06/15 Jt. Rpt. on the Status of Disc. (Dkt. 368) (same).) Thus, any confusion Plaintiffs have regarding the "control" of LVNV is due to their failure to seek the discovery necessary to educate themselves on this point, or unwillingness to accept that none of the information they have supports a claim that any of the Shareholder LLC Defendants "control" LVNV.

Plaintiffs also fabricate words that do not exist when they assert the two undated print-offs from "Moody's Investors Service Inc., Moody' Analytics, Inc. and/or their affiliates and licensors" "specifically and unequivocally state[] that LVNV is a structured financial product or asset based security ('ABS')" or somehow support their contention that "LVNV is nothing other

than a CDO/ABS." (Resp. at 8 citing Ex. D to the Am. Compl. Dkt. 303-5.) These documents do not contain any such statements, nor have Plaintiffs provided any testimony or other evidentiary basis for such statements. Similarly, the so-called "Investor Presentation Day" document Plaintiffs refer to and attach to their Amended Complaint (Pls.' Resp. at 8, Dkt. 303-5), does not refer to LVNV at all. This document, of uncertain origin, has never been authenticated nor the subject of competent testimony that provides the foundation for, and explanation of, the information it contains. In other words, none of these three documents represents competent affirmative evidence that supports Plaintiffs' request that this Court exercise personal jurisdiction over the Shareholder LLC Defendants.

Given this inability to submit any affirmative evidence that responds to the evidence the Shareholder LLC Defendants submit, Plaintiffs harken back to the analysis the Court and the Magistrate Judge performed when addressing the personal jurisdiction motions of the Entity Defendants in 2013 and 2014. (*See* Pls' Resp. at 7.) This effort fails because those rulings are not the "law of the case" as Plaintiffs suggest. *Id.* A court is not bound by law of the case when the parties against whom the law of the case would be enforced were not parties to the case at the time of the prior decision. *Bagola v. Kindt*, 131 F.3d 632, 637 (7th Cir. 1997). The Court and Magistrate Judge made their determinations regarding LVNV prior to the Plaintiffs naming the Shareholder LLC Defendants as parties to this lawsuit; thus, those determinations do not bind these new Defendants.

Moreover, although the Court previously concluded that Plaintiffs had made a *prima facie* showing that LVNV's jurisdictional contacts could be imputed to certain defendants under a "shell entity" theory, Plaintiffs have not made such a showing in response to the pending motion filed by the Shareholder LLC Defendants. In determining whether Plaintiffs have made a

*prima facie* showing that LVNV is merely a shell entity, the Court must "accept as true any facts contained in the defendants' affidavits that remain unrefuted by plaintiff." *GCIU-Employer Retirement Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009). Plaintiffs have not offered any evidence to refute the facts in the Silver Declaration showing that LVNV is not a shell entity; e.g., that LVNV has adequate capitalization, has always been solvent, generates sufficient profits to sustain operations, distributes net profits only when there is a net profit, observes corporate formalities, and is not subject to the Shareholder LLC Defendants' dominion or control. Accepting all these facts as true, the Court should conclude that Plaintiffs have fallen well short of making a *prima facie* showing that LVNV is merely a shell entity.

Lastly, this Court rejected the Magistrate Judge's analysis in which he concluded the deposition testimony of the owners and officers of various Entity Defendants indicated a lack of corporate formalities, and specifically held instead that such "evidence [did] not amount to 'clear evidence' of an 'unusually high degree of control.'" (*See* Entry on Motion to Reconsider (Dkt. 237) at 5), citing *IDS Life Ins. Co. v. SunAmerica Life Ins. Co.,* 136 F.3d 537, 540 (7th Cir. 1998). Thus, Plaintiffs' cavalier reference to the Magistrate Judge's previous holding or the purported "facts" they previously submitted (*See* Pls.' Resp. at 5, 7) does not respond to, or undermine, the facts the Shareholder LLC Defendants have provided here. Instead, the evidence before the Court leads to only one conclusion: LVNV is not a shell entity. As a result, the Court has no basis on which to exercise personal jurisdiction over the Shareholder LLC Defendants and thus must grant their Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction.

**IV. IN THE ALTERNATIVE, THE COURT SHOULD GRANT THE SHAREHOLDER LLC DEFENDANTS' MOTION TO DISMISS THE CONSTRUCTIVE FRAUD COUNT.**

On June 3, 2015, the Court granted the Entity Defendants' motion to dismiss the Constructive Fraud Count of the Amended Complaint alleged against them. (Entry on Partial Mot. to Dimiss (Dkt. 437) at 9.) For the same reasons as articulated by the Court in that decision, the Court should dismiss the Constructive Fraud Count against the Shareholder LLC Defendants pursuant to FRCP 12(b)(6) for failure to state a claim upon which the Court can grant relief.

## **CONCLUSION**

WHEREFORE, the Shareholder LLC Defendants respectfully request that the Court enter an order:

(i) Dismissing all counts made in the Amended Complaint against the Shareholder LLC Defendants with prejudice pursuant to FRCP 12(b)(2) for lack of personal jurisdiction over the Shareholder LLC Defendants;

(ii) In the alternative, dismissing the constructive fraud count against the shareholder LLC Defendants with prejudice pursuant to FRCP 12(b)(6) for failure to state a claim upon which the Court can grant relief; and

(iii) Granting such other relief as the Court deems appropriate.

Dated: June 22, 2015　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　 /s/　　　James A. Rolfes　　

| Thomas Allen *pro hac vice* | James A. Rolfes *pro hac vice* | James W. Riley, Jr. |
|---|---|---|
| REED SMITH LLP | jrolfes@reedsmith.com | Atty. No. 6073-49 |
| 225 Fifth Avenue | David A. Maas *pro hac vice* | RILEY BENNETT EGLOFF LLP |
| Pittsburgh, PA 15222 | dmaas@reedsmith.com | 141 East Washington Street |
| (412) 288-3131 | REED SMITH LLP | Fourth Floor |
| (412) 288-3086 (Facsimile) | 10 South Wacker Drive | Indianapolis, IN 46204 |
| tallen@reedsmith.com | Chicago, IL 60606-7507 | (317) 636-8000 |
| | (312) 207-1000 | (317) 636-8027 (Facsimile) |
| | (312) 207-6400 (Facsimile) | jriley@rbelaw.com |

*Attorneys for Defendants Huger Street LLC, Moultrie Street LLC, Wolfe Street LLC, Fulton Street LLC, Jasper Street LLC, Concord Street LLC, Hagood Street LLC, Charlotte Street LLC, Archdale Street LLC, Jacobs Alley LLC, Peachtree Street LLC, Greenhill Street LLC, Chalmers Street LLC, and Princess Street LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2015, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of Court's electronic filing to all counsel of record.

                                                 /s/ James A. Rolfes