UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANDREW  COX, *et al.* | ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 1:12-cv-01654-TWP-MJD |
| SHERMAN CAPITAL LLC, *et al.* | ) ) | |
| Defendants. | ) | |

## MINUTE ENTRY
### TELEPHONE CONFERENCE OCTOBER 14, 2015
### HON. MAGISTRATE JUDGE MARK J. DINSMORE

The parties appeared by counsel to discuss certain discovery disputes that have arisen in the case. The Court and parties discussed those issues and the Court orders as follows:

1.  Plaintiffs served nonparty requests for production on Moody's Analytics, Inc. and Moody's Investors Service, Inc. on or about July 1, 2015.  To the extent that any documents produced by either Moody's entity in response to such nonparty requests are transmitted to Defendants or their counsel for production (as opposed to being provided to Plaintiffs' counsel directly by Moody's without any limitations or restrictions imposed by Defendants or their counsel), Defendants shall proceed as follows:   (a) Defendants shall sequentially Bates number **all** documents received from either Moody's entity in response to Plaintiffs' nonparty requests; (b) Defendants shall produce any such documents or other information received from either Moody's entity to counsel for Plaintiffs within three business days of its receipt; (c) to the extent Defendants seek to withhold from production **any** documents received from either Moody's entity in response to Plaintiffs' nonparty requests, then within three business days of Defendants' receipt of such documents from a Moody's entity, Defendants shall produce a log to Plaintiffs identifying by Bates number each document so withheld and identifying (i) the date of the document, (ii) a detailed description of the contents of the document; and (iii) setting forth in detail the basis(es) upon which that document has not been provided to Plaintiffs.

2.  As part of the discussion of the matters discussed in paragraph 1 above, it has come to the attention of the Court that Defendants have produced certain documents in this matter from which allegedly irrelevant information has been redacted.   The Court is not

aware of any basis upon which a party may redact, from an otherwise responsive document, certain information on the grounds the producing party deems such information to be irrelevant or not responsive to the request. Accordingly, Defendants are ordered as follows: (a) on or before **October 23, 2015**, Defendants shall file a sequentially numbered list identifying by beginning and ending Bates number **every** document produced by Defendants to Plaintiffs in this matter from which **any** information has been redacted; (b) on or before **October 23, 2015**, Defendants shall file a brief setting forth in detail any authority supporting the redaction of information from any of the documents identified on the list filed pursuant to paragraph 2(a); Plaintiffs may respond to such brief on or before **October 28, 2015** and Defendants may file any reply on or before **October 30, 2015**; (c) on or before **October 23, 2015**, Defendants shall provide to the Magistrate Judge the following for *in camera* review: (i) one binder (or set of binders as necessary) containing the redacted documents produced by Defendants to Plaintiffs, with each document tabbed to correspond to the sequential numbering of the documents identified in the list filed pursuant to paragraph 2(a); and (ii) a separate binder (or set of binders as necessary) containing unredacted copies of the documents contained in the binder(s) prepared pursuant to paragraph 2(c)(i), with each document tabbed to correspond to the sequential numbering of the documents identified in the list filed pursuant to paragraph 2(a) and the corresponding document contained in the binder(s) of redacted documents. The Court will thereafter review Defendants redactions in light of any authority Defendants may provide to support the redactions made.

3. Plaintiffs raised issues with certain limitations imposed by Defendants upon the witnesses being produced by Defendants in response to Rule 30(b)(6) deposition notices served by the Plaintiffs. Plaintiffs are hereby authorized to file one or more motions to compel such deposition testimony, which motions may be filed either prior or subsequent to the depositions being conducted.

So ordered.

Dated:  16 OCT 2015

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All electronically Registered Counsel