# EXHIBIT A

To Docket 476

# Ron Walker

| | |
|---|---|
| **From:** | Alun W. Griffiths <agriffiths@ssbb.com> |
| **Sent:** | Wednesday, October 14, 2015 5:26 PM |
| **To:** | J Riley; Amy Romig; Ron Walker |
| **Cc:** | Abigail Snow |
| **Subject:** | Archibald Cox v. Sherman Financial Group -- Moody's Production in Response to Subpoena |
| **Attachments:** | LVNV Funding 720407008 - Document Production.pdf; LVNV Funding 400039347 - Document Production.pdf |

Counsel:

As discussed with each of you, Moody's has prepared a production of records consisting of external communications responsive to the subpoena issued by plaintiffs in this litigation.

Counsel for defendant has expressed concern that certain records in Moody's production could contain highly confidential information, which may not be germane to the litigation and/or which may not be discoverable pursuant to earlier court orders in this litigation. We understand that plaintiff's counsel disputes this contention. Moody's itself, of course, is not in a position to resolve this issue. Rather, Moody's believes that the parties themselves, with the assistance of the magistrate overseeing discovery if need be, are best positioned to resolve any dispute over the discoverability of records contained in the production Moody's has prepared.

Accordingly, Moody's will shortly be providing defendant's counsel with access, via shared file, to the production Moody's has prepared. We expect that defendant's counsel will review the documents and promptly turn over to counsel for plaintiff records for which there are no genuine confidentiality concerns. To the extent defendant's counsel believes certain records should be withheld from production and plaintiff disputes this contention, this is an issue which counsel for the parties should seek to resolve themselves without need for further involvement by Moody's. Proceeding in this fashion obviates the need for costly, time-consuming and burdensome motion practice in New York.

So that plaintiffs' counsel is aware of the scope and nature of the records in Moody's production, we have prepared the attached two charts, one for each of the rated transactions identified in the subpoena, detailing each record in the production Moody's has prepared.

Thank you.

Alun W. Griffiths
Satterlee Stephens Burke & Burke
230 Park Avenue, Suite 1130
New York, N.Y. 10169
(212) 404-8747

---

The information contained in this communication and any attachment thereto is intended to be confidential and for the use of only the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any retention, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone, return the original message to us and destroy any copies. Thank you.

**From:** Amy Romig
**Sent:** Sunday, October 11, 2015 11:24 AM
**To:** 'rdc@home-saver.org'; Matthew Boruta (boruta17; Ron Walker
**Subject:** Fwd: Cox v Sherman, et al

-------- Original message --------
From: "Riley, James" <JRiley@rbelaw.com>
Date: 2015/10/11 11:23 AM (GMT-05:00)
To: Amy Romig <aromig@psrb.com>
Cc: "'Rolfes, James A.'" <JRolfes@ReedSmith.com>, "'Allen, Thomas L.'" <TAllen@ReedSmith.com>
Subject: Cox v Sherman, et al

Amy,

I am writing to follow-up on the voice message I left for you on Friday afternoon. I want to let you know that I have spoken to Alun Griffiths regarding Moody's production of documents in response to your Subpoena. He told me that they will be producing only "external" documents, meaning documents from Defendants, and not Moody's internal working documents. I informed him that we object to the production of any of the Sherman Defendants' confidential financial information or information that is not relevant to the issue of securitization of credit card accounts or receivables. I explained that while we do not want to interfere with the Subpoena process, we want to review any documents that Moody's intends to produce so that, if necessary, we can designate confidential information and/or redact irrelevant information. This is consistent with how we have handled the production of Defendants' documents in the discovery process. Feel free to call me if you want to discuss this.

James W. Riley, Jr. | Attorney - Arbitrator
**RILEY BENNETT & EGLOFF, LLP**
*Answers, Advice & Advocacy*[SM]
141 East Washington Street | Fourth Floor
Indianapolis, Indiana 46204

P: 317-636-8000
D: 317-955-7117      Bio | VCard
F: 317-955-2158
www.rbelaw.com

CONFIDENTIALITY NOTICE: This e-mail contains information that may be privileged, confidential and subject to legal restrictions and penalties regarding its unauthorized disclosure or other use. You are prohibited from copying, distributing or otherwise using this information if you are not the intended recipient. If you have received this e-mail in error, please notify us immediately by return e-mail and delete this e-mail and all attachments from your system. Thank you.