IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| ANDREW COX, *et al.*, individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.: 1:12-cv-1654-TWP-MJD |
| | ) ) | CLASS ACTION |
| SHERMAN CAPITAL LLC, *et al.*, | ) ) | |
| Defendants. | ) ) ) ) | |

PLAINTIFFS' MEMORANDUM OF LAW
REGARDING IMPROPER REDACTIONS

Plaintiffs now respond to Defendants' October 23, 2015 pleading and comply with the

Court's October 16, 2015 order.  Plaintiffs note that even the title of Defendants' pleading begs

the question:  the issue is not whether "irrelevant information" can be redacted, but whether the

information redacted by Defendants (set out in the nine pages of their Exhibit A headed

"Redaction Log of Entity Defendants' Documents") was relevant.

Defendants state what they believe Plaintiffs' claims to be – characterizing the issues and

claims narrowly.  Defendants further try to control the discovery, deciding what information they

believe Plaintiffs should have to support Defendants' already narrowed vision of the claims.

This vitiates the purpose of the federal rules of discovery whereby litigants are given broad

discretion to seek discovery "in order that the parties may gain full knowledge of the issues of

the case." *Elm Energy & Recycling v. Basic*, 1996 U.S. Dist. LEXIS 15255 (N.D. Ill. 1996) at

*28-29 (*citing Hickman v. Taylor*, 329 U.S. 495 (1947)).  In general, "relevancy for discovery

purposes should be liberally construed." *Elm Energy* at *29.

The Defendants devote at least the first eight pages of their 16 page memorandum to argument and case citations establishing a point of law which is not only correct, but is, ironically, irrelevant to this argument; that irrelevant information may properly be withheld in response to a discovery request under the Federal Rules of Civil Procedure. The appropriate questions at issue, of course, are two-fold: (1) is the information about which the parties are arguing relevant; and (2) can the producing party unilaterally assess and declare the irrelevancy or, better put, lack of relevance of its own documents as the primary reason for withholding production? The answer to the first question is factual and more difficult. The answer to the second question is clear by negative implication from the numerous cases cited by the Defendants and at least three cases decided since 2013 in this Court. The cases all indicate that where information is irrelevant, it can be withheld.[1] For example, the first case cited by Defendants, *Diak v. Dwyer, Costello & Knox, P.C.,* 33 F.3d 809, 813 (7th Cir. 1994), was an ERISA case in which the plaintiff had requested seven years of another retiree's tax returns. The court approved redacting the returns <u>except</u> for the amounts which the retiree had received as pension. "The district court inspected the full returns, *in camera*, and concluded that the redacted information was immaterial to the pensions question." (*Id.* at 813)  In *Keller v. U.S.*, No. 2:09-cv-0297-JMS-TAB, 213 U.S. Dist. LEXIS 26708, the plaintiff, a prisoner at the Marion, Illinois federal penitentiary, had requested a computer program used by the federal penitentiary and what the court described as "Other documents, such as inmate profiles and the roster of inmates do not have any bearing on the discretionary function issue, and in any event production of these documents raise legitimate safety concerns."  (At U.S. LEXIS 26708 (4)) (This was a decision by United States Magistrate Judge Tim A. Baker.)  *Abbot v. Lockheed*

---

[1] One of Defendants' cited cases is *Merkl v. Hardy*, 991 F.2d 799, 1993 WL 115212 (7th Cir. 1993), an unpublished order not citable pursuant to Seventh Circuit Rule 53.

*Martin Corp.*, No. 06-cv-0701 MJR, 2009 WL 511866 (S.D. Ill., 2009) was, again, an ERISA case.  In *In re Yasmin & Yaz (Drospirenone) Mktg. Sales Practices & Prods. Litig.*, No. 3:09-md-02100-DRH-PMF, 2010 WL 3780798 (S.D. Ill. 2010), the court found that the information requested had to do with medicines in which the chemical involved in the suit did not appear.  Unsurprisingly, it found that information irrelevant.  The cases cited by Defendants show courts "can, and often do, find information irrelevant when it has no bearing on the claims and defenses in the case."  (Defendants' Memorandum of Law in Support of Redactions of Irrelevant Information, p. 6 [Dkt. 469])

More importantly, however, this Court has often found that the party may not avoid discovery simply by declaring that the materials at issue in the discovery request are "irrelevant."  For example, in *Symons Int'l Group, Inc. v. Cont'l Cas. Co.*, 2015 U.S. Dist. LEXIS 91785, *6 (S.D. Ind. July 15, 2015), the court stated:

> "[T]he moving party [in a Rule 37 motion] may specifically seek an order compelling production of documents responsive to the movant's request for production.  The party resisting such a motion bears the burden to show 'with specificity' that the requests for production are improper.  General assertions of hardship or conclusory statements that the requested discovery is irrelevant will not suffice." (citations omitted).

Similarly, in 2013, this Court stated in *Woodruff v. Am. Family Mut. Ins. Co.*, 291 F.R.D. 239, 242 (S.D. Ind. Apr. 22, 2013):

> "[A]lthough American Family made a blanket assertion that the documents identified on its privilege log were irrelevant, it failed to explain **why** it claims these documents are not relevant.  American Family's relevant objections are not articulated on a document-by-document basis as required and . . . are clearly meritless with regard to the documents discussed.  The Seventh Circuit has repeatedly held that 'perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." (quoting *Hess v. Kanoski & Assocs.*, 668 F.3d 446, 455 (7th Cir. 2012)).

In *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am.*, 2015 U.S. Dist. LEXIS 45148, *6-*7 (S.D. Ind. Apr. 7, 2015), the court noted not only that the party opposing discovery has the

3

burden with regard to the impropriety of that discovery, but that an unsupported assertion of

irrelevancy was not persuasive:

> "Travelers carries the burden to show the discovery is improper, and the Court is
> not persuaded by Travelers' unsupported assertion that the manual is entirely
> irrelevant.  While not required, Travelers could have filed its Best Practice's
> Manual *in camera* to support its argument that no information responsive to
> IAA's discovery request exists in the manual.  Indeed, Travelers has filed other
> confidential materials *in camera* in other discovery-related disputes to support its
> argument that the information is not relevant.  This omission is not without
> significance.  Accordingly, IAA's motion to compel Travelers' Best Practice
> Manual is granted."

## IRRELEVANCY ISSUE

As Defendants point out, Fed.R.Civ.P. 26(b)(1) provides that " . . . relevant information

need not be admissible at trial if the discovery appears reasonably calculated to lead to the

discovery of admissible evidence."  [Dkt. 469, p. 6]  The Defendants note that the pending

revision of the rule on December 1, 2015, deletes the words "reasonably calculated."  Even if

that deletion applied to the present argument, it appears to strengthen Plaintiffs' argument with

regard to the discoverability of information which, even if not admissible, might assist in the

finding of or explication of admissible and probative information.  No other reasonable reading

of the words "lead to" can be made.  If one is bear hunting, one is certainly not seeking the print

of the bear's paw.  But those paw prints may assuredly "lead to" the bear himself.  Of course, if

the hunter is not allowed to see the paw print, but in fact is merely told in a redaction log that

there is "some irrelevant mark on the ground", he can hardly assume a paw print which might

lead to the bear.

Plaintiffs adopt most of the statements made by Defendants in their Memorandum of Law

under the rubric of "Background."[2]  One of the recitations Defendants correctly make is that

---

[2] With the exception of some of the more colorful language " . . . grafts a broader, more ominous
tale . . ." for example.  [Dkt. 469, p. 3]

Plaintiffs believe the bills of sale executed by the "originating financial institutions and conveying title to the receivables" [Dkt. 469, p. 3] are capable of various interpretations. Defendants characterize them as " . . . mean(ing) what they expressly say."  [Dkt. 469, p. 3] In fact, the meaning of the bills of sale and the numerous supporting documents is of great importance to this case.  Perhaps that is why the numerous items on Defendants' redaction log either specifically relating to sales or arguably "leading to" information regarding sales are deemed irrelevant and not produced.  (See Tabs 1, 2, 3, 4, 5, 6, 9, 11, 12, 19, 26, 27, 38 and 40 of the Log.)

Similarly, Defendants' characterizations of the parties providing the funds for various of the Entity Defendants to purchase what they refer to as "receivables" as "lenders", while fortuitous for their purposes in defending this action, does not alter the fact that the purchase money may be provided on a basis which may ultimately be characterized by the Court as an asset backed securitization.  Thus, the redacted information relating to the identity of "lenders"[3] is highly relevant to determining their actual characterization.  These redactions relate to Tabs 5, 7, 9, 10, 19, 20, 22, 23, 24, and 28 through 35 of the Log.  Several of the items on the redaction log simply raise questions in and of themselves.  For example, on Tab No. 38 (p. 10) of the Log, the description is "Non-Judgement [*sic*] Bulk Receivables Purchase Agreement between _____."  It has a Bates range of 32 pages and is described as redacting face value of receivables, purchase price, and various other documents.  It is not clear whether the blank identifying both parties to the agreement was simply a typographical oversight or whether the redaction log was itself redacted.  However, where the argument is related intimately to whether certain of the Entity Defendants had the right to file suits or make claims on accounts

_____

[3] While Defendants claim these redactions are limited to the identity of lenders, the sheer amount of black on most of the pages belies the assertion that only names are redacted.

5

("receivables") which the Plaintiffs allege Entity Defendants either did not own or have a right to collect, the very fact that the first two words in the description are "Non-Judgement" [*sic*] gives rise to discoverability.

### THE ISSUE OF OWNERSHIP

Defendants admit that one of Plaintiffs' primary claims is that LVNV does not own Plaintiffs' accounts.  Plaintiffs also allege that Defendants are not being honest with consumers regarding on whose behalf the collection activities are occurring.  Defendants insist that Plaintiffs cannot prove that LVNV *did not* own the accounts – yet fail to provide full sets of the documents that allow Plaintiffs to evaluate whether or not LVNV's self-serving assertions regarding ownership are true.

Title alone is not the sole indicia of ownership of personal property in Indiana.  *Womack v. State*, 738 N.E.2d 320, 324 (Ind. Ct. App. 2000) indicates that possession of title is not enough – rather, the courts will look at title, possession, and control to determine ownership.  In *Womack*, a defendant made the unopposed claim that he owned a trailer because his name was on the title, just as Defendants here claim that LVNV "has ownership of Plaintiffs accounts." The Court of Appeals, however, looked at the facts behind possession of the trailer to determine who actually had control and whether the transfer of title was enough to confer ownership on the defendant.  *Id*. at 324-325.  In that case, the court determined that the jury could look at the facts surrounding the transfer, possession, or control of the personal property.

Here, Plaintiffs have diligently sought for more than four years to obtain documents outlining how these accounts are managed, transferred, and controlled from Defendants as well as how Defendants are interrelated to see who has the real right to possession and control of the accounts.  Defendants have only begrudgingly given documents after multiple motions to compel and even then subject to protective orders (in some cases TWO protective orders) requiring

months of negotiation.  Even then the documents produced to Plaintiffs are highly redacted.
Weary of the discovery games, Plaintiffs sought relevant documents from third parties – only to
be told that Defendants again were going to be the arbiters of what Defendants considered
relevant based *only* upon "title" to the accounts as determined *by Defendants*.

For example, at Tab 16, the Defendant Entities' list a document dated April 1, 2011 with
the title above, constituting 28 pages in Bates range.  Given that the parties agree that one of the
principal issues is whether the banks originating the debt or Defendant LVNV "securitized"
certain debts (Amended Complaint at ¶58; Defendants' Memorandum of Law, p. 2), it seems
self-evident that a document described by Defendants themselves with a beginning description
"Entity Defendants – affiliated entities" and ending with the words ". . . parties to Securities
Purchase Agreement" could hardly be more relevant.  Given also that Plaintiffs believe there is a
question of whether Defendant Entities or certain of them actually "own" the credit card debts
(see discussion regarding *indicia* of ownership herein.)  Tab 16 appears not only to be relevant,
but perhaps dispositive.

## DISCOVERY GAMESMANSHIP

Trying to get full documents has been a never-ending battle for Plaintiffs, with
Defendants providing a moving target.  For example, prior to depositions scheduled on October
14-15, 2015, Defendants provided a version of a document beginning at Bates No. LVNV
003162.  This version had minor redactions on the first page, but was completely redacted
beginning at the second page, paragraph b through pages 3 and 4.  The original version provided
to Plaintiff has three quarters of page 2 redacted.  The *only* part of page 3 that was not redacted
was the page number, and the *only* parts of page 4 that were not redacted was the page number
and the notation "[Signature Pages Follow]".  After the depositions concluded (and on the very
date the Defendants were to produce copies to the Court), Defendants provided new versions of

the redacted documents, without representing to the Court that these were not the versions of the documents Plaintiffs had to work with during the depositions.  *See email* from James Rolfes, attached as Exhibit A.

This Court should order all of the above noted redacted information produced or, at a minimum, and with great reluctance, respect for and understanding of the Court's time and judicial economy, should sample the documents in some appropriate manner to decide the relevancy *vel non* of the Entity Defendants' redactions.  To do otherwise is simply, in the countryman's phrase, to leave the fox guarding the henhouse.

Dated:  October 28, 2015                    Respectfully submitted,


                                            *s/ F. Ronalds Walker*
                                            *Attorneys for Plaintiffs, Andrew Cox, Lucinda Cox,*
                                            *Stephanie Snyder, and Robert Goodall individually*
                                            *and on behalf of others similarly situated*


George M. Plews, Attorney No. 6274-49
Frederick D. Emhardt, Attorney No. 10952-49
Amy E. Romig, Attorney No. 22523-49
F. Ronalds Walker, Attorney No. 1095-98
PLEWS SHADLEY RACHER & BRAUN LLP
1346 North Delaware Street
Indianapolis, IN  46202
Telephone: (317) 637-0700
Facsimile: (317) 637-0710
Email:   gplews@psrb.com
         femhardt@psrb.com
         aromig@psrb.com
         rwalker@psrb.com

Robert D. Cheesebourough
Matthew D. Boruta
CHEESEBOUROUGH & BORUTA, L.P.A.
543 E. Market Street
Indianapolis, IN 46204
Telephone: (317) 708-3925
Facsimile: (317) 638-2707
Email:   rdc@home-saver.org
         boruta17@hotmail.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 28th day of October, 2015, a copy of the foregoing was filed

electronically and that all parties of record who have appeared should receive this document via

the Court's electronic filing system.


*s/ F. Ronalds Walker*