UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANDREW COX, LUCINDA COX, STEPHANIE SNYDER, Individually and on behalf of others similarly situated, and ROBERT GOODALL, <br><br> Plaintiffs, <br><br> v. <br><br> SHERMAN CAPITAL LLC, MEETING STREET PARTNERS II INC., SHERMAN FINANCIAL GROUP LLC, SHERMAN CAPITAL MARKETS LLC, LVNV FUNDING LLC, RESURGENT CAPITAL SERVICES, LP, SHERMAN ORIGINATOR III LLC, SHERMAN ACQUISITION LLC, BENJAMIN W. NAVARRO, LESLIE G. GUTIERREZ, SCOTT E. SILVER, KEVIN P. BRANIGAN, ROBERT A. RODERICK, KENNETT KENDALL, JOHN DOES 1-50, SHERMAN ORIGINATOR LLC, HUGER STREET LLC, MOULTRIE STREET LLC, WOOLFE STREET LLC, FULTON STREET LLC, JASPER STREET LLC, CONCORD STREET LLC, HAGOOD STREET LLC, CHARLOTTE STREET LLC, ARCHDALE STREET LLC, JACOBS ALLEY LLC, PEACHTREE STREET LLC, GREENHILL STREET LLC, CHALMERS STREET LLC, PRINCESS STREET LLC, and UNKNOWN S CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:12-cv-01654-TWP-MJD |

**ENTRY ON MOTION TO DISMISS**

This matter is before the Court on a motion to dismiss filed by certain "Shareholder Defendants". On September 17, 2014, the Plaintiffs Andrew Cox, Lucinda Cox, Stephanie Snyder,

Individually and on behalf of others similarly situated, and Robert Goodall ("Plaintiff's), filed an Amended Complaint, naming several additional defendant limited liability companies ("LLCs") who each hold ownership shares in Defendant, Sherman Capital LLC. (Filing No. 303 at 16.) These "Shareholder Defendants" include Huger Street LLC, Moultrie Street LLC, Woolfe Street LLC, Fulton Street LLC, Jasper Street LLC, Concord Street LLC, Hagood Street LLC, Charlotte Street LLC, Archdale Street LLC, Jacobs Alley LLC, Peachtree Street LLC, Greenhill Street LLC, Chalmers Street LLC, and Princess Street LLC. (Filing No. 303.) On May 11, 2015, the Shareholder Defendants filed a Motion to Dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). (Filing No. 426.) For the following reasons, the Court grants the Shareholder Defendants' Motion to Dismiss.

## I. <u>BACKGROUND</u>

According to the Defendants' corporate disclosure statement, LVNV Funding LLC ("LVNV") is owned by Sherman Originator LLC. Sherman Originator LLC is owned by Sherman Financial Group LLC. Sherman Financial Group LLC is owned by Sherman Capital LLC ("Sherman Capital"). Sherman Capital is privately held.

The litigation in this matter began in 2012. Around that time, or shortly thereafter, several individual owners of Sherman Capital created the Shareholder Defendants and transferred their ownership interest to the Shareholder Defendants, each holding a minority share in Sherman Capital. The Shareholder Defendants assert that, despite owning minority shares, they are not parent corporations of Sherman Capital and they do not exert "exclusive or dominant control" over Sherman Capital. (Filing No. 427-1 at 4.)

The Plaintiffs assert, and the Shareholder Defendants do not deny in their motion to dismiss briefs, that the full ownership and the control of Sherman Capital and LVNV are still the subject

2

of ongoing discovery. *Compare* (Filing No. No. 441 at 4-6) ("after a hearing was set on the 3rd Motion to Compel, Defendants finally produced a . . . letter that listed some of the owners of Sherman Capital. In that letter, . . . there are listed individuals and 15 LLCs (of which 14 were created after the filing of the Complaint and the corporate disclosure statement")) *with* (Filing No. 448 at 4-7) ("any confusion Plaintiffs have regarding the 'control' of LVNV is due to their failure to seek the discovery necessary to educate themselves on this point".) The Plaintiffs maintain that the Defendants' evolving corporate structure is an attempt to "hid[e] the true ownership and control of Sherman Capital" and to "avoid[] liability for the Sherman [Capital] activities." (Filing No. 303 at 16.) The Shareholder Defendants respond that they were created for "personal financial and tax reasons". (Filing No. 427 at 13, Filing No. 427-1 at 3.)

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(2) requires dismissal of a claim where personal jurisdiction is lacking. When a defendant moves to dismiss under Rule 12(b)(2), the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997); *Wine & Canvas Dev., LLC v. Weisser*, 886 F. Supp. 2d 930, 937 (S.D. Ind. 2012) (J. Pratt).

When the court determines personal jurisdiction based only on reference to submissions of written materials, rather than based on evidence submitted at a hearing, a plaintiff simply needs to make a *prima facie* case of personal jurisdiction. *Purdue Research Found.*, 338 F.3d at 782; *Wine & Canvas Dev., LLC*, 886 F. Supp. 2d at 937. In determining whether the plaintiff has met the *prima facie* standard, the plaintiff is entitled to a favorable resolution of all disputed relevant facts. *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423-24 (7th Cir. 2010); *Wine & Canvas Dev.,*

3

*LLC*, 886 F. Supp. 2d at 938. The court may consider affidavits and all other documentary evidence that have been filed, and any conflicts must be resolved in favor of the plaintiff as the non-moving party. *Int'l Med. Grp., Inc. v. Am. Arbitration Ass'n*, 149 F. Supp. 2d 615, 623 (S.D. Ind. 2001).

A federal court's personal jurisdiction over a defendant in a diversity case is established when the defendant is subject to the jurisdiction of a court of general jurisdiction in the state where the court is located. Fed. R. Civ. P. 4(k)(1)(A); *NEXTT Sols., LLC v. XOS Techs., Inc.*, 71 F. Supp. 3d 857, 860 (N.D. Ind. 2014). Therefore, a district court must undertake and satisfy a two-step analysis in order to properly exercise personal jurisdiction over a non-resident defendant. *Wine & Canvas Dev., LLC*, 886 F. Supp. 2d at 938. First, the exercise of personal jurisdiction must comport with the state's long-arm statute; second, the exercise must comport with the due process clause of the Constitution. *Purdue Research Found.*, 338 F.3d at 779. Because Indiana's long-arm statute, Indiana Trial Rule 4.4(A), reduces the analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the federal due process clause, the Court only needs to consider the second step of the analysis. *NEXTT Sols., LLC*, 71 F. Supp. 3d at 860; *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006).

Due process requires that the defendant have "certain minimum contacts with [the forum State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *RAR, Inc.*, 107 F.3d at 1276. These minimum contacts must have a basis in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Such purposeful availment is required to ensure that defendants may reasonably

4

anticipate what conduct will subject them to the jurisdiction of a foreign sovereign. *Burger King*, 471 U.S. at 474.

Personal jurisdiction may be either specific or general. *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1244 (7th Cir. 1990). Specific jurisdiction exists for controversies that arise out of or are related to the defendant's forum contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984); *RAR, Inc.*, 107 F.3d at 1277; *Wine & Canvas Dev., LLC*, 886 F. Supp. 2d at 939. In contrast, general jurisdiction exists for controversies neither arising out of nor related to the defendant's forum contacts, and it is permitted only where the defendant has "continuous and systematic" general business contacts with the forum. *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 415-16; *RAR, Inc.*, 107 F.3d at 1277.

### III. **DISCUSSION**

The Shareholder Defendants argue that dismissal is warranted because they have no independent contacts with Indiana and because they are not parent companies of Sherman Capital. Regarding the first argument, the Court notes that the Plaintiffs did not submit either evidence or argument to suggest that the Shareholder Defendants have sufficient independent contacts with Indiana to establish either general or specific personal jurisdiction. Accordingly, the Court is persuaded that personal jurisdiction cannot be established over any of the Shareholder Defendants based on their individual contacts with Indiana. Instead, the Plaintiffs argue that personal jurisdiction can be imputed to the Shareholder Defendants through a veil-piercing theory, asserting that the Shareholder Defendants are owners of Sherman Capital and, ultimately, LVNV.

As a general rule, the jurisdictional contacts of a subsidiary corporation are not imputed to the parent corporation. *Purdue Research Found.*, 338 F.3d at 788 n.17; *IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir. 1998) ("Parents of wholly owned

5

subsidiaries necessarily control, direct, and supervise the subsidiaries to some extent"). This presumption of institutional independence may be overcome in limited circumstances, including if the parent corporation utilized the subsidiary as an agent; if the parent corporation exercised an "unusually high degree of control" over the subsidiary; or if the parent corporation operated the subsidiary as an empty shell. *Purdue Research Found.*, 338 F.3d at 788 n.17; *Abelesz v. OTP Bank*, 692 F.3d 638, 658-59 (7th Cir. 2012); *IDS Life Ins. Co.*, 136 F.3d at 540 ("unless there is a basis for piercing the corporate veil and thus attributing the subsidiaries' torts to the parent, the parent is not liable for those torts and cannot be served under the tort provision of the long-arm statute"); *Wesleyan Pension Fund, Inc. v. First Albany Corp.*, 964 F. Supp. 1255, 1261-62 (S.D. Ind. 1997) ("[a] court may find jurisdiction over the parent where the parent has greater control over the subsidiary than normally associated with common ownership and directorship"). In contrast, "stock ownership in or affiliation with a corporation, without more, is not a sufficient minimum contact." *Central States, Se. and Sw. Areas Pension Fund v. Reimer Express World Corp. ("Central States")*, 230 F.3d 934, 943 (7th Cir. 2000); *see also Cox v. Sherman Capital LLC*, No. 1:12-cv-1654-TWP, 2014 WL 1328147, at *4 (S.D. Ind. Mar. 31, 2014) (Pratt, J.).

The Court dealt with this same issue but with different defendants, in another personal jurisdictional challenge in this case. *See Cox*, 2014 WL 1328147, at *2-4. In the Court's prior order, the Court concluded that Defendant LVNV was "essentially a shell company" and concluded that the Plaintiffs had "made a prima facie showing that LVNV's jurisdictional contacts may be imputed to other defendants." *Id*. at *3. Given the Defendants' corporate structure, the Court found that this included LVNV's parent corporations, Sherman Originator LLC, Sherman Financial Group LLC, and Sherman Capital. *Id*. However, the Court dismissed several individual defendants who only held an ownership interest in Sherman Capital and who had no other

6

meaningful contacts with Indiana, noting that stock ownership by itself is not sufficient to impute the minimum contacts of LVNV to another corporate defendant. *Id*. at *3-4 (citing *Central States*, 230 F.3d at 943).

The Court sees no distinction between the newly-added Shareholder Defendants and the Individual Defendants that the Court previously dismissed in its prior personal jurisdiction order. In their amended complaint and response brief, the Plaintiffs make no assertion and provide no factual allegations to suggest that the Shareholder Defendants are parents of Sherman Capital. (*See* Filing No. 303 at 5, 16-17.) The Plaintiffs also provide no facts to plausibly support their assertion (made solely in the amended complaint and not in the Plaintiffs' response brief) that the Shareholder Defendants exercised control over Sherman Capital. Nor do the Plaintiffs assert that the Shareholder Defendants used Sherman Capital as their agent. Instead, for the purposes of establishing personal jurisdiction, the Plaintiffs rely solely on the fact that each of the fifteen Shareholder Defendants own a minority share in Sherman Capital. (*See* Filing No. 441 at 7-8.) However, as this Court has previously explained, "ownership in a company is not a sufficient basis to impute jurisdictional contacts from the company to the owner." *Cox*, 2014 WL 1328147, at *4 (citing *Central States*, 230 F.3d at 943). Accordingly, and because the Plaintiffs have also provided no facts to suggest that the Shareholder Defendants have independent contacts with Indiana, the Court finds that it does not have personal jurisdiction over the Shareholder Defendants.

Consequently, the Court considers dismissal of the Shareholder Defendants to be appropriate.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** the Shareholder Defendants' Motion to Dismiss. (Filing No. 426.) Accordingly, the Court **DISMISSES** the "Shareholder Defendants", which include Huger Street LLC, Moultrie Street LLC, Woolfe Street LLC, Fulton Street LLC, Jasper Street LLC, Concord Street LLC, Hagood Street LLC, Charlotte Street LLC, Archdale Street LLC, Jacobs Alley LLC, Peachtree Street LLC, Greenhill Street LLC, Chalmers Street LLC, and Princess Street LLC.

**SO ORDERED.**

Date: 11/18/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Robert D. Cheesebourough
ruaneagle@aol.com

Matthew D. Boruta
CHEESEBOUROUGH & BORUTA
boruta17@hotmail.com

Amy E. Romig
PLEWS SHADLEY RACHER & BRAUN
aromig@psrb.com

Frederick D. Emhardt
PLEWS SHADLEY RACHER & BRAUN
emhardt@psrb.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Jeffrey A. Townsend
PLEWS SHADLEY RACHER & BRAUN
jtownsend@psrb.com

Peter M. Racher
PLEWS SHADLEY RACHER & BRAUN
pracher@psrb.com

Amy E. Romig
PLEWS SHADLEY RACHER & BRAUN LLP
aromig@psrb.com

F. Ronalds Walker
PLEWS SHADLEY RACHER & BRAUN LLP
rwalker@psrb.com

David A. Maas
REED SMITH LLP
dmaas@reedsmith.com

Gary S. Caplan
REED SMITH LLP
gcaplan@reedsmith.com

James A. Rolfes
REED SMITH LLP
jrolfes@reedsmith.com

Michael L. DeMarino
REED SMITH LLP
mdemarino@reedsmith.com

Thomas L. Allen
REED SMITH LLP
tallen@reedsmith.com

Stephanie Snell Chaudhary
RILEY BENNETT & EGLOFF LLP
schaudhary@rbelaw.com

James W. Riley, Jr.
RILEY BENNETT & EGLOFF LLP
jriley@rbelaw.com