IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX, *et al.*, individually and on behalf of others similarly situated, ) ) ) ) Plaintiffs, ) ) v. ) ) SHERMAN CAPITAL LLC, *et al.*, ) ) Defendants. ) ) ) | Civil Action No.: 1:12-cv-1654-TWP-MJD<br><br>CLASS ACTION |

## PLAINTIFFS FOURTH MOTION TO COMPEL

Plaintiffs Andrew Cox, Lucinda Cox, Stephanie Snyder, and Robert Goodall, individually and on behalf of others similarly situated, move for an order compelling production of documents from Defendants pursuant to Fed. Rule Civ. P. 37. In support of this motion, Plaintiffs state:

1.   Plaintiffs served a subpoena on non-party Moody's Analytics, Inc. ("Moody's"). Before Moody's could respond and provide documents responsive to the subpoena, Defendants requested that Moody's send all of the responsive documents to Defendants. Defendants made this request of Moody's on October 7, 2015, and then notified Plaintiff via email that they had done so on October 11, 2015. Defendants then provided less than half of the documents to Plaintiffs.

2.   Knowing that Defendants had called Moody's and made such a request, counsel for Plaintiffs, Robert Cheesebourough communicated with counsel for Defendants on or about October 13, 2015 and requested that Defendants produce all documents provided by Moody's. Mr. Cheesebourough then asked for a call with the Court, which occurred on October 14, 2015.

Despite Plaintiffs' repeated requests to provide all of the documents from Moody's, Defendants only produced about half of the documents from Moody's. Plaintiffs now request that this Court compel Defendants to turn over all documents that they received from Moody's in response to Plaintiffs' subpoena in an unredacted form.

3. Furthermore, Plaintiffs have been seeking tax and financial statement information from all Entity Defendants since 2013. After many motions to compel, etc. Defendants notified Plaintiffs in 2015 that only Sherman Capital, LLC filed tax returns and only Sherman Financial Group LLC and Resurgent Capital Services LP prepared an audited financial statement. Plaintiffs have questioned whether any additional documents are available. These issues were also addressed in the October 14, 2015 Status Conference. In light of Defendants' response at that status conference – that no such documents exist for other Defendants – Plaintiffs request that this Court require that Defendants disclose the tax returns, including any schedules, for any corporate parent or grandparent which includes Defendants LVNV Funding, LLC on its tax returns. Likewise, Plaintiffs request that the Court order Defendants to disclose any audited financial statements of any corporate parent or grandparent that includes LVNV's income on its tax returns.

4. Finally, during the October 14, 2015 and October 15, 2015 30(b)(6) Depositions of representatives of Defendants, Plaintiffs learned that Defendants had not produced some amended organization documents in response to the subpoenas accompanying the deposition notices. During the depositions, Plaintiffs requested these amended documents, and the deponent or counsel indicated that these documents would be provided. Defendants have not yet provided these amended organization documents to Plaintiffs. Furthermore, any documents provided to Plaintiffs in preparation for those documents (including a Receivables Financing

Agreement) were heavily redacted.  In response to the October 14, 2015 Status Conference, this Court requested that the parties brief whether or not Defendants could withhold and redact these documents. Although Plaintiffs have asked during the depositions and in the briefing in response to the status report that Defendants produce unredacted copies of these documents, Defendants have not done so. Plaintiffs now ask that the Court order Defendants to produce all of these documents previously produced to Plaintiffs in an unredacted form.

5. Pursuant to Local Rule 37-1, Plaintiffs have tried to work out these issues with Defendants as discussed above and in more detail in the accompanying memorandum in support of this motion.

WHEREFORE, the Plaintiffs request that the Court compel Defendants to produce the requested documents within ten days of the Court's order.  Plaintiffs further request all other just and proper relief.

Dated:  December 21, 2015            Respectfully submitted,

s/ *F. Ronalds Walker*
*Attorneys for Plaintiffs, Andrew Cox, Lucinda Cox, Stephanie Snyder, and Robert Goodall individually and on behalf of others similarly situated*

George M. Plews, Attorney No. 6274-49
Frederick D. Emhardt, Attorney No. 10952-49
Amy E. Romig, Attorney No. 22523-49
F. Ronalds Walker, Attorney No. 1095-98
PLEWS SHADLEY RACHER & BRAUN LLP
1346 North Delaware Street
Indianapolis, IN  46202
Telephone: (317) 637-0700
Facsimile: (317) 637-0710
Email:   gplews@psrb.com
         femhardt@psrb.com
         aromig@psrb.com
         rwalker@psrb.com

Robert D. Cheesebourough
Matthew D. Boruta
CHEESEBOUROUGH & BORUTA, L.P.A.
543 E. Market Street
Indianapolis, IN 46204
Telephone: (317) 708-3925
Facsimile: (317) 638-2707
Email:   rdc@home-saver.org
         boruta17@hotmail.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 21st day of December, 2015, a copy of the foregoing was filed electronically and that all parties of record who have appeared should receive this document via the Court's electronic filing system.

*s/ F. Ronalds Walker*