UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW COX, ) | |
| LUCINDA COX, ) | |
| STEPHANIE SNYDER, ) | |
| ROBERT GOODALL, ) | |
| ) | No. 1:12-cv-01654-TWP-MJD |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| SHERMAN CAPITAL LLC, ) | |
| SHERMAN FINANCIAL GROUP LLC, ) | |
| LVNV FUNDING LLC, ) | |
| RESURGENT CAPITAL SERVICES, LP, ) | |
| JOHN DOES 1-50, ) | |
| SHERMAN ORIGINATOR LLC, ) | |
| UNKNOWN S CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON FOURTH MOTION TO COMPEL**

This matter is before the Court on Plaintiffs' *Fourth Motion to Compel*. [Dkt. 501.] Based upon the following, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion.

**I.   Background**

In this action, Plaintiffs allege Defendants violated the Fair Debt Collection Practices Act ("FDCPA") and Racketeer Influenced and Corrupt Organizations Act ("RICO") when attempting to collect on Plaintiffs' credit card debts. Discovery has been an arduous process in this case punctuated by multiple conferences with the Court and discovery-related motions. This Motion to Compel stems from a non-party subpoena served by Plaintiffs upon Moody's Analytics, Inc. ("Moody's"). Rather than producing responsive documents directly to Plaintiffs, Moody's

1

produced the documents ("Moody's documents") to Defendants, prompting a telephonic discovery conference with the Court. On October 16, 2015, the Court ordered Defendants to produce the Moody documents with a log identifying any documents withheld from production and the basis for withholding. [Dkt. 466.] The Court also ordered Defendants to produce any withheld or redacted documents to the Court for *in camera* review. Plaintiff then filed this Motion seeking an order compelling Defendants to produce unredacted versions of the Moody documents, along with previously requested tax documents and corporate organizational documents.

## II.     Legal Standard

The Federal Rules of Civil Procedure allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *See* Fed. R. Civ. P. 26(b)(1). Evidence is relevant if it has any tendency to make the existence of any fact of consequence to determining the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Relevant information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The objecting party bears the burden of establishing why a particular discovery request is improper. *Kodish v. Oakbrook Terrace Fire Prot. Dist.,* 235 F.R.D. 447, 450 (N.D. Ill. 2006).

## III.     Discussion

At the heart of this dispute lies the question of whether it is appropriate for Defendants to withhold portions of documents produced by Defendants based upon Defendants' unilateral determination that the information is not relevant to the litigation. Although Defendants cite a number of cases where courts have allowed a party to redact non-relevant portions of documents, redaction of otherwise discoverable documents is the exception rather than the rule. What

constitutes relevant information is often a matter of judgment, and even "irrelevant information within a document that contains relevant information may be highly useful to providing context for the relevant information." *EEOC v. Dolgencorp*, LLC, 2015 WL 2148394 at *3 (N.D. Ill. 2015) (internal citation omitted); *see also In re State St. Bank & Trust Co. Fixed Income Funds Inv. Litig.,* Nos. 08–1945, 08–333, 2009 WL 1026013, at *1 (S.D.N.Y. Apr. 8, 2009) ("[Unilateral] redactions are generally unwise. They breed suspicions, and they may deprive the reader of context.").

Upon review of the documents, the Court finds that Defendants properly withheld certain documents. However, Defendants failed to establish much of the information it redacted is sufficiently sensitive to warrant redaction on the basis of relevance. This is especially true in light of the protective order in place in this case. Therefore, the Court orders production of the documents as outlined below.

### A. Moody's Documents Withheld

At the Court's direction, Defendants provided Plaintiffs with a log of documents produced by Moody's in response to the non-party subpoena. [Dkt. 505-4] Defendants grouped the documents withheld into three general categories:

*1. Sherman Financial Statements*

Defendants produced financial statements of Sherman Financial Group for 2011, 2012, and 2013, as this is the relevant time period for financial records addressed by the parties' protective order, and prior orders of the Court. [Dkts. 300 at 8, 356 at 9-10, 366 at 1.] The Moody's production included financial statements from prior and subsequent years. Defendants withheld these documents as "highly sensitive and confidential" and outside the scope of the protective order. The Court has previously addressed the scope of this type of information that

must be produced and agrees that documents outside the 2011, 2012, 2013 time period may be withheld from the Moody's document production.

   *2. Reporting Documents*

These are documents Defendants provided to Moody's to allow Moody's to perform detailed credit analyses for the notes issued to lenders. Defendants contend these documents contain proprietary and sensitive business information that does not relate to Plaintiffs' claims. Plaintiffs do not respond directly to Defendants' arguments, instead asserting generally that they are entitled to all of the Moody documents in unredacted form as Moody's produced them to Defendants.

Despite the fact that Plaintiffs have a detailed log of the Moody documents withheld from production, they failed to makes specific arguments as to why these "reporting documents" are relevant to the litigation. The documents largely consist of charts and graphs that Defendants refer to as "performance statistics," many of which relate to time periods outside the relevant time period in this action. In the absence of some rebuttal from Plaintiffs as to Defendants' argument in favor of withholding these documents, the Court finds it would be improper to compel production.

   *3. BMO Consulting Report*

Defendants contend this document also contains proprietary and sensitive business information not relevant to the litigation. Specifically, Defendants assert the report contains analyses of borrowing base calculations, disclosure of collection performance, servicer fee information, cash distributions, collections outsourcing, collateral testing and cash processing. [Dkt. 511 at 24.] Again, Plaintiffs fail to rebut Defendants' argument with any assertions of

relevance specific to this document. In the absence of such a showing, the Court finds it would be improper to compel production of the BMO Consulting Report as well.

### B. Moody Documents Redacted

The majority of documents produced by Defendants in redacted form relate to LVNV's financing of its purchase of charged-off credit card receivables. [Dkt. 511 at 20.] These documents include multiple versions of LVNV's Receivables Financing Agreement ("RFA") and documents that are ancillary to the RFA, such as servicing agreements, opinion letters and purchasing commitments. The document log reflects titles such as Second Amended and Restated Receivables Financing Agreement as amended by First Amendment and Third Amendment to Amended and Restated Servicing Agreement.

Defendants redacted various contract provisions from these agreements on the basis that the provisions were the product of private negotiations and their public disclosure could cause competitive harm to Defendants. However, as noted above, discovery in this matter is subject to a protective order. Unlike in the case cited by Defendants, Plaintiffs here are not seeking to publicly file these agreements. *Cf. In re NCAA Student-Athlete Name and Likeness Licensing Litigation*, 2012 WL 5395039, at *2 (N.D. Cal. 2012). Likewise, Defendants redacted the identities of lending and facilitating banks on the basis that they are "not involved in this litigation." [Dkt. 511 at 23.]  Plaintiffs assert the heart of this case is the "ownership" of the debts at issue and the identity of these lenders may lead to that information. [Dkt. 504 at 13.] Upon review of the documents, the Court finds some are redacted to such a degree as to make it difficult to understand the context of the agreement and impossible to identify the parties involved. Moreover, Defendants have not established that discovery of this information is

improper in light of the protective order. Therefore, Defendants shall produce to Plaintiffs in unredacted form each of the redacted documents from the Moody production.

C. **Tax Documents**

Of the Defendants, only Sherman Capital LLC files a federal tax return and only Sherman Financial Group LLC and Resurgent Capital Services LP prepare audited financial statements. [Dkt. 511 at 15.] On February 9, 2015, these entities produced these financial documents for 2011, 2012 and 2013. *Id.* Plaintiffs still seek clarification that they have indeed received all of the tax documents to which they are entitled. Plaintiffs request the Court require Defendants to disclose "the tax returns, including as schedules, for any corporate parent or grandparent that includes LVNV's income on its tax returns." [Dkt. 504 at 18.] Defendants maintain they have already produced all of these documents and object to Plaintiffs' request to the extent it may seek documents outside of the 2011, 2012, 2013 time period.

As noted, the Court has previously addressed the appropriate time period relating to the production of this type of financial information and has limited that time period to information regarding the years 2011, 2012 and 2013. [Dkts. 300 at 8, 356 at 9-10, 366 at 1.] Defendants represent that all responsive information has been produced. Plaintiffs cite no evidence to the contrary, aside from an undefined suspicion that they have not received all of the responsive documents. A failure by Defendants to produce all responsive documents would subject Defendants to sanctions for violations of the Court's prior orders and lead to a serious inquiry into counsels' compliance with their Rule 11 obligations. Such an inquiry can only be initiated by separate motion on the basis of some evidence of a violation; a mere suspicion is insufficient. *See Corley v. Rosewood Care Center, Inc. of Peoria*, 388 F.3d 990, 1012 (7th Cir. 2004) (a

motion for sanctions must describe the specific conduct alleged to violate Rule 11). No further inquiry in this regard will be undertaken by the Court based upon the record presently before it.

### D. Corporate Organizational Documents:

Plaintiffs seek unredacted "organizational documents," however do not define this term or specify the documents they seek. In the initial brief, Plaintiffs refer to organizational documents in relation to the documents sought by a subpoena duces tecum during the 30(b)(6) deposition. Based on this reference, Defendants believe Plaintiffs are referring to the Amended and Restated Operating Agreement of LVNV, the Seventh Amended and Restated Liability Company Agreement of Sherman Financial Group LLC and the Fourth Amended and Restated Limited Liability Company Agreement of Sherman Capital, LLC. [Dkt. 511 at 27.] These documents are included in the redacted Moody documents the Court ordered to be produced in an unredacted form.

### IV. Conclusion

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' *Fourth Motion to Compel*. [Dkt. 501.] On or before **February 5, 2016**, Defendants shall produce in unredacted form the redacted Moody's documents as listed in the document log filed at Docket No. 505-4, as well as unredacted versions of any other documents produced by Defendants with redactions in this matter. Plaintiffs may use the unredacted versions of those documents as needed for their prosecution of this matter only; however, if Plaintiffs wish to file any document produced by Moody and redacted by Defendants, or any other document produced by Defendants on a redacted basis, only the **redacted** version may be filed with the Court unless

and until Plaintiffs seek and are granted leave to file specific additional portions of the document that were originally redacted by Defendants.[1]

Defendants' *Motion for Oral Argument on Plaintiffs' Fourth Motion to Compel* [Dkt. 513] is **DENIED**; the Court determined that oral argument was unnecessary to its determination of Plaintiffs' motion.

Dated: 02 FEB 2016

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Robert D. Cheesebourough
ruaneagle@aol.com

Matthew D. Boruta
CHEESEBOUROUGH & BORUTA
boruta17@hotmail.com

Amy E. Romig
PLEWS SHADLEY RACHER & BRAUN
aromig@psrb.com

Frederick D. Emhardt
PLEWS SHADLEY RACHER & BRAUN
emhardt@psrb.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

---

[1] If Plaintiffs wish to file a document produced or provided to them with redactions and cite to the redacted portions of that document in support of their response to a motion for summary judgment or otherwise, Plaintiffs may seek leave of the Court to file specific portions of the redacted material on an unredacted basis. In the alternative, Plaintiffs may file the redacted document and cite to the redacted portion within their brief, following which Plaintiffs may seek leave of the Court to file the portion of the document cited on an unredacted basis.

Peter M. Racher
PLEWS SHADLEY RACHER & BRAUN
pracher@psrb.com

Amy E. Romig
PLEWS SHADLEY RACHER & BRAUN LLP
aromig@psrb.com

F. Ronalds Walker
PLEWS SHADLEY RACHER & BRAUN LLP
rwalker@psrb.com

James A. Rolfes
REED SMITH LLP
jrolfes@reedsmith.com

Michael L. DeMarino
REED SMITH LLP
mdemarino@reedsmith.com

Nicholas G. Whitfield
REED SMITH LLP
10 South Wacker Drive
Chicago, IL 60606-7507

Thomas L. Allen
REED SMITH LLP
tallen@reedsmith.com

Timothy R. Carraher
REED SMITH LLP
tcarraher@reedsmith.com

Stephanie Snell Chaudhary
RILEY BENNETT & EGLOFF LLP
schaudhary@rbelaw.com

James W. Riley, Jr.
RILEY BENNETT & EGLOFF LLP
jriley@rbelaw.com