UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

ANDREW COX, LUCINDA COX, STEPHANIE
SNYDER, and ROBERT GOODALL, individually
and on behalf of all others similarly situated,

                           Plaintiff,

    v.

SHERMAN CAPITAL LLC, SHERMAN
FINANCIAL GROUP, LLC, SHERMAN
ORIGINATOR LLC, LVNV FUNDING LLC,
and RESURGENT CAPITAL SERVICES, LP,

                           Defendants.

_____

No. 1:12-cv-1654-TWP-MJD

### Declaration of Attorney Brian L. Bromberg in Support of Intervenor Christopher Godson and Intervenor Jovana Moukengeschaie's Motion to Intervene to Modify Protective Order and Unseal Docket Entries

Brian L. Bromberg, under penalties of perjury, deposes and says that the following is true and correct:

1.    I am an attorney at law licensed to practice before this Court.

2.    I am an attorney of record for Prospective Intervenor Christopher Godson ("Mr. Godson") in the Western District of New York case of *Godson v. Eltman, Eltman & Cooper, P.C., et al.*, 1:11-cv-0764-EAW-HKS. That case – like the *Cox* case – is brought as a class action under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* One of the defendants in *Godson* – LVNV Funding, LLC ("LVNV") – is also a Defendant in *Cox*.

3.    I am also an attorney of record in the related miscellaneous Southern District of Indiana case of *Godson v. Eltman, Eltman & Cooper, P.C., et al.*, 1:15-mc-00097-TWP-DML. As explained below, that miscellaneous case was opened when LVNV moved to quash Mr.

1

Godson's subpoena on the law firm of Plews Shadley Racher & Braun, LLP ("Plews Shadley"), which is attorney of record for Plaintiffs in the *Cox* case.

4. I am also attorney of record for Prospective Intervenor Jovana Moukengeschaie in the Eastern District of New York case of *Moukengeschaie v. Eltman, Eltman & Cooper, P.C., et al.*, 1:14-cv-7539-MKB-CLP. That case – like the *Cox* and *Godson* cases – is brought as a class action under the FDCPA. Two defendants in *Moukengeschaie* – LVNV and Resurgent Capital Services, LP ("Resurgent") – are also Defendants in *Cox*.

5. I have personal knowledge of the facts set forth in this Declaration.

6. This Declaration is being submitted in Support of Prospective Intervenors' Motion to Intervene to Modify the Protective Order and Unseal Docket Entries.

7. I am attaching a copy of the *Godson* Complaint to this Declaration as **Exhibit A**.

8. I am also attaching several discovery orders from *Godson* to this Declaration. **Exhibit B** is an order issued by the Hon. H. Kenneth Schroeder, United States Magistrate Judge, on September 11, 2013. **Exhibit C** is an order issued by Magistrate Judge Schroeder on September 15, 2014. **Exhibit D** is an order issued by Magistrate Judge Schroeder on September 30, 2015.

9. I am attaching the stipulated confidentiality order that governs all discovery in *Godson* as **Exhibit E**.

10. I am attaching print-out of the *Godson* electronic docket that is current as of April 7, 2016 as **Exhibit F**.

11. On October 12, 2015, Jonathan R. Miller, an attorney in my office, issued a subpoena to Plews Shadley seeking all depositions of *Cox* Defendants or their representatives,

employees or agents in the *Cox* case. I am attaching a copy of the subpoena to this Declaration as **Exhibit G.**

12. Next, I am going to attach a number of deposition notices served in the *Cox* case that resulted in the depositions responsive to the *Godson* subpoena. The *Cox* plaintiffs' Rule 30(B)(6) Notice sent to LVNV is attached as **Exhibit H**.

13. The *Cox* plaintiffs' Rule 30(B)(6) Notice sent to Resurgent Capital Services LP is attached as **Exhibit I**.

14. The *Cox* plaintiffs' Rule 30(B)(6) Notice sent to Sherman Financial Group LLC is attached as **Exhibit J**.

15. The *Cox* plaintiffs' Rule 30(B)(6) Notice sent to Sherman Originator LLC is attached as **Exhibit K**.

16. The *Cox* plaintiffs' Rule 30(B)(6) Notice sent to Sherman Capital LLC is attached as **Exhibit L**.

17. On November 6, 2015, LVNV moved to quash Mr. Godson's subpoena on Plews Shadley, resulting in the Southern District of Indiana miscellaneous *Godson* case referenced above. A copy of the electronic docket of the miscellaneous *Godson* case, current as of April 7, 2016, is attached to this Declaration as **Exhibit M**.

18. A complete copy of Mr. Godson's papers filed in opposition to LVNV's Motion to Quash – Memorandum, Declaration, and Exhibits – is attached to this Declaration as **Exhibit N**. While Prospective Intervenors intend to file a separate Memorandum of Law in support of this Motion to Intervene, Prospective Intervenors also respectfully request that all of the evidence and legal arguments appearing in **Exhibit N** be incorporated into this Motion to Intervene.

19. On March 4, 2016, the Honorable Debra McVicker Lynch, United States Magistrate Judge, granted LVNV's Motion to Quash in full. A copy of Magistrate Judge Lynch's Order is attached to this Declaration as **Exhibit O**.

20. On March 18, 2016, Mr. Godson filed objections to Magistrate Judge Lynch's Order addressed to the Honorable Tanya Walton Pratt, United States District Judge, under Fed. R. Civ. P. 72(a). A copy of Mr. Godson's objections is attached to this Declaration as **Exhibit P**. While Prospective Intervenors intend to file a separate Memorandum of Law in support of this Motion to Intervene, Prospective Intervenors also respectfully request that all of the legal arguments appearing in **Exhibit P** be incorporated into this Motion to Intervene.

21. On April 4, 2016, Mr. Godson filed a Motion for Reconsideration of Magistrate Judge Lynch's Order addressed to Magistrate Judge Lynch. A copy of Mr. Godson's Memorandum of Law in support of his Motion for Reconsideration is attached to this Declaration as **Exhibit Q**. While Prospective Intervenors intend to file a separate Memorandum of Law in support of this Motion to Intervene, Prospective Intervenors also respectfully request that all of the legal arguments appearing in **Exhibit Q** be incorporated into this Motion to Intervene.

22. I am attaching a copy of the *Moukengeschaie* Complaint to this Declaration as **Exhibit R**.

23. LVNV moved to dismiss the claims in the *Moukengeschaie* Complaint. Recently, the Honorable Margo K. Brodie, United States District Judge, issued an order partially granting and partially denying that motion. That order is available on Westlaw. *See Moukengeschaie v. Eltman, Eltman & Cooper, P.C.*, 14-cv-7539(MKB), 2016 WL 1274541 (E.D.N.Y. Mar. 31, 2016).

24. Finally, I am attaching as **Exhibit S** to this Declaration a copy of the *Moukengeschaie* electronic docket that is current as of April 7, 2016.

25. When the *Cox* deposition notices are laid alongside the *Moukengeschaie* Complaint, it is easy to see how much of the material in the *Cox* depositions will be relevant to *Moukengeschaie*. Specifically: Ms. Moukengeschaie anticipates that LVNV, when it files its *Moukengeschaie* Answer, will deny that it is a "debt collector," as defined in 15 U.S.C. § 1692a(6). This is an important issue because the FDCPA's substantive rules only apply to debt collectors. As the Court can see from the *Moukengeschaie* Complaint, one of Ms. Moukengeschaie's theories is that LVNV is a "debt collector" because it is an integral part of the Sherman Companies' overarching debt-collection operation. The *Cox* depositions contain information about the various Sherman Companies' daily operations and corporate formalities, which will be relevant to this theory.

26. Another example: *Moukengeschaie* is a class action. Under 15 U.S.C. § 1692k(a)(2)(B), the measure of statutory damages to which the successful class would be entitled is connected to LVNV's net worth. As this Court is well aware, from previous filings in *Cox*, all of LVNV's assets, liabilities, and income ultimately appear on Sherman Financial Group's audited balance sheets. The *Cox* depositions contain information about the finances of LVNV, Sherman Financial Group, and other companies whose assets, liabilities, and income appear on Sherman Financial Group's audited balance sheet. Therefore, the *Cox* depositions are relevant to the determination of damages in *Moukengeschaie*.

27.     Ms. Moukengeschaie intends to address the relevance of the *Cox* depositions to her own case more fully in Prospective Intervenors' forthcoming Memorandum of Law, which they intend to file tomorrow, April 8, 2016.


Dated: New York, New York           /s/ Brian L. Bromberg
       April 7, 2016                Brian L. Bromberg
                                    One of Plaintiff's Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of April 2016, a copy of the foregoing was filed electronically and that all parties of record who have appeared should receive this document via the Court's electronic filing system.

/s/ Brian L. Bromberg