# Exhibit C

# HINSHAW
& CULBERTSON LLP

**ATTORNEYS AT LAW**
800 Third Avenue
13th Floor
New York, NY 10022

212-471-6200
212-935-1166 (fax)
www.hinshawlaw.com

April 27, 2016

**BY EMAIL**

Brian L. Bromberg, Esq.
Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, New York 10004

      Re:    *Moukengeschaie v. Eltman, Eltman & Cooper, PC, et al.*
             *Docket No: 14-CV-07539-MKB-CLP*

Dear Mr. Bromberg:

    We represent Defendant Eltman, Eltman & Cooper, P.C. n/k/a Eltman Law, P.C. ("Eltman") and write on behalf of all defendants (together with Eltman ("Defendants")).

    The issues in this case have only recently been joined and there has been no Rule 26(f) meeting to discuss discovery. Therefore, Plaintiff's intervention attempt to obtain confidential discovery and documents from the unrelated case of *Cox v. Sherman Capital,* in the Southern District of Indiana is premature and improper.

    First, Plaintiff's actions contravene Rule 26 which states that "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)..." Second the Southern District of Indiana District Court has already ruled that a subpoena for the production of the exact discovery that Plaintiff now seeks, is improper and in violation of the general principle that discovery in a case is for the purpose of advancing the resolution of issues in **that case only**. Pointedly, the Southern District of Indiana held that seeking discovery in another jurisdiction on another case "erodes a general principle underlying liberal discovery standards—and stated expressly in the Cox protective orders—that the products of the discovery process are for use in the litigation in which the information is produced." (Order on Motion to Quash Subpoena or, in the Alternative, for Protective Order, dated March 4, 2016, at 11). Third, the Southern District of Indiana has already held "[W]hen the purpose of a discovery request is to gather information for use in proceedings **other than the pending suit, discovery is properly denied**." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 353 n.17 (1978) (emphasis added).

Brian L. Bromberg, Esq.
April 27, 2016
Page 2

      Thus, Plaintiff's attempt to obtain pre-Rule 26, collateral discovery is improper and sanctionable. For the reasons cited above, we demand that Plaintiff immediately withdraw its motion to intervene in the Southern District of Indiana. Otherwise, Defendants will seek the appropriate judicial relief in this Court.

      Very truly yours,

      HINSHAW & CULBERTSON LLP
*Attorneys for Defendant*
*Eltman, Eltman & Cooper, P.C. n/k/a Eltman Law, P.C.*

By:    /s/ Concepcion A. Montoya
        Concepcion A. Montoya

BLANK ROME LLP
*Attorneys for Defendants LVNV Funding LLC and Resurgent Capital Services, L.P.*

By:    /s/ Jonathan M. Robbin
        Jonathan M. Robbin

cc:    Jonathan R. Miller (via email)